**GREGORY A. CHAIMOV,** OSB #822180
gregorychaimov@dwt.com
**PAUL C. SOUTHWICK**, OSB #095141
paulsouthwick@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201
Tel: (503) 241-2300

Attorneys for Plaintiffs

Other Counsel Listed Below Signature

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| WYATT B. and NOAH F. by their next friend Michelle McAllister; KYLIE R. and ALEC R. by their next friend Kathleen Megill Strek; UNIQUE L. by her next friend Annette Smith; SIMON S. by his next friend Paul Aubry; RUTH T. by her next friend Michelle Bartov; BERNARD C. by his next friend Ksen Murry; NAOMI B. by her next friend Kathleen Megill Strek; and NORMAN N. by his next friend Tracy Gregg, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>KATE BROWN, Governor of Oregon in her official capacity; FAIRBORZ PAKSERESHT, Director, Oregon Department of Human Services in his official capacity; JANA MCLELLAN, Interim Director, Child Welfare in her official capacity, and OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>                Defendants. | Case No. 6:19-cv-00556-AA<br><br>**PLAINTIFFS' MOTION TO STRIKE**<br><br>**Oral Argument Requested** |

Page 1 – PLAINTIFFS' MOTION TO STRIKE

4829-6071-9263v.1 0201450-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## CERTIFICATE OF COMPLIANCE

In compliance with Local Rule 7-1, the parties made a good faith effort through a telephone conference to resolve the disputes that are the subject of this motion but have been unable to do so.

## MOTION

Plaintiffs move for an order striking Exhibits 2 and 3 (Dkt. 32-2 & 32-3) from the Declaration of Anna M. Joyce in support of Defendants' Motion to Dismiss or, in the alternative, to Make More Definite and Certain, as well as all references to such exhibits in Defendants' Motion.

Defendants identify Exhibit 2 as the Oregon Secretary of State, Department of Human Services Recommendation Follow-up Report: DHS Has Made Important Improvements, but Extensive Work Remains to Ensure Child Safety, Report 2019-24 (June 2019).

Defendants identify Exhibit 3 as Office of the Governor, State of Oregon, Executive Order No. 19-03 (April 18, 2019).

## ARGUMENT

Defendants argue that Exhibits 2 and 3 are properly before the court because "[o]n a motion to dismiss, a court may take judicial notice of matters of public record outside the pleadings. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)." Dkt. 31, p. 6, n. 2. However, Defendants' request for judicial notice goes beyond what the Federal Rules of Civil Procedure and Federal Rules of Evidence permit. As this court recognizes:

> Generally, a court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). There are three exceptions to this rule: 1) a court may consider documents properly submitted as part of the complaint on a motion to dismiss; 2) if documents are not physically attached to the complaint, incorporation by reference is proper if the document's authenticity ... is not contested" and "the plaintiff's complaint necessarily relies" on them; and 3) a court may take judicial notice of "matters of public record." *See Lee v. Los Angeles*, 250 F.3d 668, 688–89 (9th Cir.2001) (internal citations omitted). As such, a court may

Page 2 – PLAINTIFFS' MOTION TO STRIKE

4829-6071-9263v.1 0201450-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

>treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." Ritchie, 342 F.3d at 908.

*Lonberg v. Freddie Mac*, 776 F. Supp. 2d 1202 (D. Or. 2011). Here, Defendants ask this Court to assume that the contents of Exhibits 2 and 3 are true because they are matters of public record. The Court should reject Defendants request because courts may only "take judicial notice of adjudicative facts that are not 'subject to reasonable dispute.' *See Ritchie*, 342 F.3d at 909 (citing Fed.R.Evid. 201(b)). Facts are indisputable if they are 'generally known' or 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.' *Id*. (citing Fed.R.Evid. 201(b)(1)-(2))." *Lonberg*, 776 F. Supp 2d at 1207.

Plaintiffs do not dispute the existence of Exhibits 2 and 3. However, Plaintiffs dispute the accuracy of at least some of the contents of the exhibits, as well as the significance of the exhibits. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (district court could not rely on disputed extrinsic evidence); *Lonberg*, 776 F. Supp. 2d at 1206 (D. Or. 2011) (same); *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 1001 (9th Cir. 2018) (court could not take notice of public agency report where there was "reasonable dispute as to what the report establishes"); *U.S. v. Bonds*, 12 F.3d 540, 553 (6th Cir. 1993) (refusing to take judicial notice of article because though there was no dispute that the report existed, there was considerable dispute over the significance of its contents); *County of San Miguel v. Kempthorne*, 587 F.Supp.2d 64, 78 (D.D.C. 2008) (refusing to take judicial notice of Inspector General report where the investigative process was unclear, its conclusions were disputed, and opposing party lacked fair opportunity to contest its conclusion). Consequently, Exhibits 2 and 3 are not proper subjects of judicial notice and should be stricken from the record.

Additionally, Defendants use Exhibit 2 and Exhibit 3 to urge the Court to infer that it can be trusted to resolve the allegations in Plaintiffs' Complaint without federal court intervention. Dkt. 31, at 5. However, declarations of intent to reform are not actual evidence of future outcomes in any procedural posture, *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1223 (9th Cir.

Page 3 – PLAINTIFFS' MOTION TO STRIKE

4829-6071-9263v.1 0201450-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

2008), and are especially improper subjects of consideration at this phase because they violate the right of the non-movant to have all evidence and inferences construed in their favor. *Lonberg*, 776 F. Supp. 2d at 1205. Moreover, leaving aside the limited scope of the executive order and the extremely limited progress reported in the June 2019 report, evidence post-dating the Complaint cannot affect whether or not a claim was stated as of the date of filing. In any event, Defendants do not even rely on the exhibits to support the legal arguments advanced in their Motion. For these reasons, the exhibits, even if proper subjects of judicial notice, should be stricken as irrelevant.

## CONCLUSION

For the foregoing reasons, the Court should strike Exhibits 2 and 3 from the Declaration of Anna M. Joyce in support of Defendants' Motion to Dismiss or, in the alternative, to Make More Definite and Certain, as well as all references to such exhibits in Defendants' Motion.

Dated this 8th day of August, 2019.

**DAVIS WRIGHT TREMAINE LLP**

 *s/ Paul C. Southwick*
Gregory A. Chaimov, OSB #822180
gregorychaimov@dwt.com
Paul C. Southwick, OSB #095141
paulsouthwick@dwt.com
1300 SW Fifth Avenue, Ste. 2400
Portland, OR 97201
Tel: (503) 241-2300
Fax: (503) 778-5299

**A BETTER CHILDHOOD**

Marcia Robinson Lowry (*pro hac vice*)
mlowry@abetterchildhood.org
Dawn J. Post (*pro hac vice*)
dpost@abetterchildhood.org
355 Lexington Avenue, Floor 16
New York, NY 10017
Tel: (646) 795-4456
Fax: (212) 692-0415

Page 4 – PLAINTIFFS' MOTION TO STRIKE

4829-6071-9263v.1 0201450-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**DISABILITY RIGHTS OREGON**

Emily Cooper, OSB #182254
ecooper@droregon.org
Thomas Stenson, OSB #152894
tstenson@droregon.org
Christine Shank (*admission pending*)
cshank@droregon.org
511 SW 10th Avenue, Suite 200
Portland OR 97205
Tel: (503) 243 2081
Fax: (503) 243 1738

Attorneys for Plaintiffs

Page 5 – PLAINTIFFS' MOTION TO STRIKE

4829-6071-9263v.1 0201450-000001

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax