IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

WYATT B. and NOAH F. by their next
friend Michelle McAllister; KYLIE R. and
ALEC R. by their next friend Kathleen
Megill Strek; UNIQUE L. by her next
friend Annette Smith; SIMON S. by his
next friend Paul Aubry; RUTH T. by her
next friend Michelle Bartov; BERNARD C.
by his next friend Ksen Murry; NAOMI B.
by her next friend Kathleen Megill Strek;
and NORMAN N. by his next friend Tracy
Gregg, individually and on behalf of all
others similarly situated,
et al.,

No. 6:19-cv-000556-AA
**ORDER AND OPINION**

                    Plaintiffs,

        v.

KATE BROWN, Governor of Oregon in her
official capacity; FAIRBORZ PAKSERESHT,
Director, Oregon Department of Human
Services in his official capacity; JANA
MCLELLAN, Interim Director, Child Welfare
in her official capacity, and OREGON
DEPARTMENT OF HUMAN SERVICES,

                    Defendants.

AIKEN, District Judge.

Plaintiffs, various minor children and their next friends, bring this putative class action against the State of Oregon Department of Human Services and state officers alleging violations of their rights under the First, Ninth, and Fourteenth Amendments to the United States Constitution, as well as violations of the Adoption Assistance and Child Welfare Act 42 U.S.C. § 670 et seq, Americans with Disabilities Act 42 U.S.C. § 12131 et seq, and Rehabilitation Act 29 U.S.C. § 794. Now before the Court is a discovery and case management dispute. The parties submitted this dispute to the Court on through a joint letter and a status hearing was held on September 6, 2019.

First, the parties dispute the total number of hours that should be allowed for non-expert depositions. Plaintiffs argue that the total number of hours for deposition should be 120 hours while defendants prefer 100 hours. The parties have agreed that there will be no limitation on the total number of depositions but instead that there should be an initial limit on the number of hours for depositions per side. Either party would still be free to seek further depositions beyond such a limit with leave of the Court for good cause shown.

In federal civil cases, there is a presumptive limit of ten depositions per party, absent stipulation by the parties or leave of the court. Fed. R. Civ. P. 30(a)(2)(A)(i). Generally, the maximum time allowed for a non-expert deposition is capped at one day of seven hours. Fed. R. Civ. P. 30(d)(1). When considering a party's request for leave to take more than ten depositions, the Court "must grant leave to the extent

consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). Thus, a party seeking to exceed the presumptive number of depositions must make *a particularized showing* of the need for the additional discovery. *Authentec, Inc. v. Atrua Techs., Inc.*, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008) (emphasis added). A plaintiff is not required to exhaust her ten-deposition limit before attempting to make such a particularized showing. *Kelly v. Boeing Complany*, 2019 WL 281294, at *3 (D. Or. Jan. 22, 2019).

Here, the parties have stipulated to exceed the maximum number of allowable depositions. The Court finds, at this time, that plaintiffs have made no particularized showing of the need for an additional twenty hours of depositions other than generally noting that this is a complex case. Thus, at this time, the number of hours per side for non-expert depositions shall be initially set at 100 hours per side. As mentioned during the most recent status conference, however, the Court will work to ensure that ample, non-cumulative, discovery is allowed for both parties if this amount of time proves insufficient. The parties are reminded that should work together in good faith to resolve any requests for additional time for depositions.

The second set of issues before the Court relates to the parties' dispute regarding their current Stipulated Protective Order ("SPO"). (doc. 39) Plaintiffs argue that the Court should amend that order with respect to the type of documents which may be designated as "Confidential" or "Attorney's Eyes Only" ("AEO") as well as the use of information derived from such confidential or AEO information. SPO at 3.

As to the first matter, the SPO currently provides a set of procedures regarding documents that are designated as confidential and AEO. The SPO provides that the parties specifically do not intend to designate the following types documents as confidential or AEO: "de-identified aggregate data, internal DHS communications that do not contain individually identifiable information, and non-privileged policy documents and drafts of such documents." Plaintiffs propose adding to this list any documents that do not contain personally identifying information about the named plaintiffs, class members, their family members or foster parents.

Defendants agree that most of the documents and information that will require confidential or AEO designation will be information mentioned in plaintiffs' proposed amended language. However, they also raise concerns that such a broad amendment would limit their discretion to protect information which might identify third parties who report abuse. The Court takes these concerns seriously and notes that the parties are required to designate documents as confidential or AEO in good faith. Moreover, the SPO already provides that the parties may challenge any designations with which they disagree, by bringing the issue to the Court for resolution.

Therefore, the Court will not add plaintiffs' proposed language to the SPO at this time. The Court stands ready to adjudicate any disputed designations if necessary.

Finally, plaintiffs request that the Court amend the SPO to allow them to use information derived from confidential reports in their public filings before this Court. They argue that Paragraphs 2, 7 and 8 of the SPO presently requires that all

information "derived from" the confidential documents – that is, from the case records – be filed under seal and only disclosed to designated individuals, including the Court.[1]

Plaintiffs complain that under this language they would be unable to discuss their personal stories relating to their claims against defendants. They argue that this would allow defendants to conduct largely secret trial on a matter of significant public importance. Plaintiffs argue that any concerns about safeguarding their identities, the identities of family members, and other protected parties can be remedied by the use pseudonyms and redacting individually identifiable information such as birth dates.

There is a general right to inspect and copy judicial records and documents. See *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 1312 (1978). In the Ninth Circuit, courts start with a strong presumption in favor of access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

---

[1] Paragraph 2 of the SPO directs that the

> "[u]se of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, competitive, or other purpose

SPO at 5. Paragraphs 7 and 8 of the SPO restrict the use of such confidential information and any information derived from those sources to an exclusive list of persons. See SPO at 7-8.

A party seeking to seal a judicial record bears the burden of overcoming this strong presumption by articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure such as the public interest in understanding the judicial process and significant public events. See *Evergreen Int'l Airlines, Inc. v. Anchorage Advisors,* LLC, 2013 WL 12321565, at *1 (D. Or. Oct. 9, 2013) (citing *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178-1179 (9th Cir. 2006)).

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & County of Honolulu,* 447 F.3d at 1179 (citing *Nixon,* 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

In balancing the interests mentioned above with defendants concerns about safeguarding the identities of the named plaintiffs, their families, potential class members, and third party reports of abuse, the Court has determined that the use of pseudonyms and redaction, which is routinely used in other federal and state cases dealing with minors, is sufficient to protect the identity of those parties. Accordingly, the Court shall amend the SPO to allow the parties to use information derived from confidential and AEO documents in their public filings in this litigation.

This Court is familiar with the sensitivity surrounding juvenile matters, and expects that even given this order, the parties shall take seriously their obligation to make every effort to protect the identities of protected individuals. If there is a significant dispute regarding information to be used in public filings, the Court stands ready to perform *in camera* review of the information and resolve any objections.

In conclusion, the total number of hours for non-expert deposition testimony is set initially at 100 hours per side. The Court will enter an Amended Protective Order which shall not change the agreed procedures for designation of information as confidential or AEO. The amended order shall allow the parties to use information derived from confidential reports in public filings in this litigation.

IT IS SO ORDERED.

DATED this 12th day of September, 2019.

ANN AIKEN
United States District Judge