**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**Anna M. Joyce, OSB #013112**
AnnaJoyce@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Tel: (503) 295-3085
Fax: (503) 323-9105

Special Assistant Attorneys General for Defendants
Additional Counsel of Record Listed on Signature Page

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

|  |  |
|---|---|
| WYATT B. and NOAH F. by their next friend Michelle McAllister; KYLIE R. and ALEC R. by their next friend Kathleen Megill Strek; UNIQUE L. by her next friend Annette Smith; SIMON S. by his next friend Paul Aubry; RUTH T. by her next friend Michelle Bartov; BERNARD C. by his next friend Ksen Murry; NAOMI B. by her next friend Kathleen Megill Strek; and NORMAN N. by his next friend Tracy Gregg, individually and on behalf of all others similarly situated, | No. 6:19-cv-00556-AA **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** |
| Plaintiffs, | |
| v. | |
| KATE BROWN, Governor of Oregon in her official capacity; FARIBORZ PAKSERESHT, Director, Oregon Department of Human Services in his official capacity; REBECCA JONES GASTON, Director, Child Welfare in her official capacity; and OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Defendants. | |

Except as specifically admitted below, defendants Kate Brown, Fariborz Pakseresht, and Rebecca Jones Gaston in their official capacities, and the Oregon Department of Human Services ("ODHS") (collectively "defendants") deny each and every allegation of plaintiffs' Complaint. Defendants further answer as follows:

## INTRODUCTION

In light of the Court's September 27, 2021 Opinion and Order (Dkt. 215), many allegations in plaintiffs' Complaint are immaterial and impertinent to the claims and issues that remain in the case. In that Opinion and Order, the Court dismissed plaintiffs' claims asserting the right to an array of placement options, the right to be housed in the most optimal or least restrictive setting, the right to community-based placements, and the right to durational limits on ODHS custody. The Court also dismissed the claims asserted by plaintiffs' proposed "aging-out" subclass. Defendants therefore object to any of plaintiffs' allegations contained in the Complaint that purport to support the dismissed claims on the ground that those allegations are immaterial and impertinent to the issues to be decided. Defendants reserve their right to challenge any discovery about those allegations and object to their relevance and admissibility, even if not specifically raised in this answer.

1.      In response to paragraph 1, defendants admit that ODHS has custody over thousands of children whose well-being is of paramount concern. Defendants deny the remaining allegations in paragraph 1.

2.      Defendants deny paragraphs 2-4.

3.      In response to paragraph 5, defendants admit foster children are of varying ages and that foster children are a very high priority for the State of Oregon. Defendants deny the remainder of paragraph 5.

4.      Defendants deny paragraph 6.

5.      In response to paragraph 7, defendants admit that children in foster care can experience moves between different resource (foster) homes and placement settings and children

can be separated from their siblings during placement.  Defendants deny the remainder of paragraph 7.

6.    In response to paragraph 8, defendants admit that some caseworkers do not stay long in their jobs and can be replaced by individuals who have not been caseworkers before. Defendants deny the remainder of paragraph 8.

7.    In response to paragraph 9, defendants admit that ODHS has in the past placed foster children out of state.  Defendants deny the remainder of paragraph 9.

8.    In response to paragraph 10, defendants admit that ODHS runs a statewide child welfare system.  Defendants deny the remainder of paragraph 10.

9.    Defendants deny paragraph 11.

10.    In response to paragraph 12, defendants admit that they have been involved in litigation.  Defendants also admit that ODHS currently is litigating personal injury lawsuits brought on behalf of current and former foster children.  Defendants deny the remainder of paragraph 12.

11.    Defendants deny paragraphs 13-15.  Footnote 1 does not contain allegations directed toward defendants and therefore no response is required.

12.    In response to paragraph 16, defendants admit ODHS is the legal guardian of children who are in ODHS custody.  Defendants admit that plaintiffs seek declaratory and injunctive relief, but deny the relief sought.  Defendants deny the remainder of paragraph 16.

13.    In response to paragraph 17, defendants admit that plaintiffs Wyatt B. and Noah F. were, at the time the Complaint was filed, respectively three and one years old.  Defendants admit Wyatt and Noah are in the custody of ODHS, have been in multiple placements, and appear through their next friend Michelle McAllister.  Defendants deny that Wyatt and Noah are currently separated.  Defendants deny the remainder of paragraph 17.

14.    Footnote 2 does not contain allegations directed toward defendants and therefore no response is required.

15.    In response to paragraph 18, defendants admit that plaintiffs Kylie R. and Alec R. were, at the time the Complaint was filed, respectively seven and eight years old.  Defendants

admit Kylie and Alec have been in multiple placements, and they appear through their next friend Kathleen Megill Strek. Defendants deny that Kylie and Alec are currently in the custody of ODHS. Defendants deny the remainder of paragraph 18.

16.     In response to paragraph 19, defendants admit that plaintiff Unique L. was, at the time the Complaint was filed, nine years old. Defendants admit that Unique appears through her next friend Annette Smith. Defendants deny that Unique is currently in the custody of ODHS. Defendants deny the remainder of paragraph 19.

17.     In response to paragraph 20, defendants admit that plaintiff Simon S. was, at the time the Complaint was filed, 13 years old. Defendants admit that Simon appears through his next friend Paul Aubry. Defendants deny that Simon is currently in the custody of ODHS. Defendants deny the remainder of paragraph 20.

18.     In response to paragraph 21, defendants admit that plaintiff Ruth T. was, at the time the Complaint was filed, 15 years old. Defendants admit that Ruth appears through her next friend Michelle Bartov. Defendants deny that Ruth is currently in the custody of ODHS. Defendants deny the remainder of the paragraph 21.

19.     In response to paragraph 22, defendants admit that plaintiff Bernard C. was, at the time the Complaint was filed, 15 years old. Defendants admit that Bernard is currently in the custody of ODHS even though he has turned 18 years old. Defendants admit that Bernard appears through his next friend Ksen Murry. Defendants deny the remainder of paragraph 22.

20.     In response to paragraph 23, defendants admit that plaintiff Naomi B. was, at the time the Complaint was filed, 16 years old. Defendants admit that Naomi appears through her next friend Kathleen Megill Strek. Defendants deny that Naomi is currently in the custody of ODHS. Defendants deny the remainder of paragraph 23.

21.     In response to paragraph 24, defendants admit that plaintiff Norman N. was, at the time the Complaint was filed, 17 years old. Defendants admit that Norman appears through his next friend Tracy Gregg. Defendants deny that Norman is currently in the custody of ODHS. Defendants deny the remainder of paragraph 24.

22.     Defendants admit paragraph 25.

**Page 4 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

23.     In response to paragraph 26, defendants admit the first and second sentences. With respect to the third sentence, defendants admit that Director Pakseresht is responsible for providing programs for the delivery to the public of the services assigned to ODHS by Oregon statute and for undertaking long-range planning necessary for the effective and efficient delivery of those services.  Defendants deny the remainder of the third sentence.

24.     In response to paragraph 27, defendants admit that Child Welfare is a subdivision within ODHS and runs programs dedicated to the safety and well-being of children in Oregon. Defendants deny the remainder of paragraph 27.

25.     In response to paragraph 28, defendants admit the first sentence and deny the second sentence.

26.     In response to paragraph 29, defendants admit that the Court has subject-matter jurisdiction, but assert that the Court should decline to exercise that jurisdiction under the abstention doctrines established in *O'Shea v. Littleton*, 414 U.S. 488 (1974), *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923), *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Younger v. Harris,* 401 U.S. 37 (1971).  Defendants deny the remainder of paragraph 29.

27.     In response to paragraph 30, defendants admit that the Court has jurisdiction to issue declaratory and injunctive relief in general, but deny that the Court should exercise that jurisdiction pursuant to the doctrines of abstention articulated in *O'Shea v. Littleton*, 414 U.S. 488 (1974), *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923), *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Younger v. Harris,* 401 U.S. 37 (1971).  Defendants deny that any such relief is warranted or appropriate in this case.

28.     Defendants admit paragraph 31.

29.     Defendants deny paragraph 32.

30.     Defendants deny paragraph 33.  Furthermore, pursuant to the Court's Opinion and Order (Dkt. 215), the allegations in paragraph 33, subpart ii, are immaterial and impertinent to the issues to be decided.

31.     Defendants deny paragraph 34.  Furthermore, pursuant to the Court's Opinion and Order (Dkt. 215), the allegations in paragraph 34, subpart c, are immaterial and impertinent to the issues to be decided.

32.     Defendants deny paragraphs 35-37.

33.     Defendants deny paragraph 38.  Additionally, pursuant to the Court's Opinion and Order (Dkt. 215), the allegations in paragraph 38, subparts b, c, f, g, and i are immaterial and impertinent to the issues to be decided.

34.     Defendants deny paragraph 39.  Additionally, pursuant to the Court's Opinion and Order (Dkt. 215), the allegation in paragraph 39, subpart b is immaterial and impertinent to the issues to be decided.

35.     Defendants deny paragraphs 40-42.

36.     Defendants lack knowledge or information sufficient to form a belief about the truth of paragraph 43 and therefore deny it.

37.     In response to paragraph 44, defendants admit that Greg Chaimov formerly served as the attorney-in-charge of the Special Litigation Unit at the Oregon Department of Justice. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 44 and therefore deny them.

38.     In response to paragraph 45, defendants admit the first sentence and deny the second sentence.

39.     In response to paragraph 46, defendants admit the first and second sentences. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 46 and therefore deny them.

40.     In response to paragraph 47, defendants admit that, as of the date the Complaint was filed, Wyatt was born with a congenital heart defect, he has been under the care of a cardiologist since birth, and he takes a medication three times a day.  Defendants admit that surgery is an option for Wyatt.  Defendants deny the remainder of paragraph 47.

41.     Defendants admit paragraph 48.

42.     Defendants deny paragraph 49.

43.    In response to paragraph 50, defendants admit that Noah and Wyatt were moved multiple times during their first three weeks in foster care.  Defendants deny the remainder of paragraph 50.

44.    In response to paragraph 51, defendants admit that an ODHS employee learned that foster parents incorrectly gave heart medication prescribed to Wyatt to Noah.  Defendants admit that Noah was admitted to a hospital that day.  Defendants admit that, on the advice of a doctor, ODHS did not take Wyatt to the hospital that day.  Defendants deny the remainder of paragraph 51.

45.    In response to paragraph 52, defendants admit that Wyatt briefly remained in the foster home where the medication mix-up occurred.  Defendants deny the remainder of paragraph 52.

46.    Defendants deny paragraph 53.

47.    Defendants lack knowledge or information sufficient to form a belief about the truth of paragraph 54 and therefore deny it.

48.    In response to paragraph 55, defendants admit that ODHS conducted a statewide search for a foster home placement for Noah and Wyatt together and were unable to locate a home.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore deny them.

49.    Defendants admit paragraph 56.

50.    In response to paragraph 57, defendants admit that during their first period in foster care, Noah and Wyatt had multiple moves, two child protective services workers, two permanency workers, and two supervisors.  Defendants deny the remainder of the allegations in paragraph 57.

51.    Defendants admit paragraph 58.

52.    Defendants lack knowledge or information sufficient to form a belief about the truth of paragraph 59 and therefore deny it.

53.    In response to paragraph 60, defendants admit that Wyatt experienced behavioral issues, which his caseworker described in reports.  Defendants lack knowledge or information

**Page 7 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

sufficient to form a belief about the truth of the remaining allegations in paragraph 60 and therefore deny them.

54.    Defendants admit paragraph 61.

55.    In response to paragraph 62, defendants admit that ODHS provided a report to the court that contains the quotes used in paragraph 62. Defendants deny that the selected quotes accurately and completely describe the substance of ODHS's report to the court. Defendants deny the remainder of paragraph 62.

56.    Defendants admit paragraph 63.

57.    Defendants deny paragraphs 64-65.

58.    In response to paragraph 66, defendants admit that Kylie and Alec were, at the time the Complaint was filed, seven- and eight-year-old siblings and had been in the custody of ODHS since late January 2019. Defendants deny the remainder of paragraph 66.

59.    In response to paragraph 67, defendants admit Kylie and Alec were removed from their mother because police found methamphetamine and heroin in the home. Defendants also admit that ODHS attempted to locate a substance abuse program for their mother but were unable to do so. Defendants deny the remainder of paragraph 67.

60.    Defendants deny paragraph 68.

61.    In response to paragraph 69, defendants admit that Kylie has suffered from behavioral issues. Defendants deny the remainder of paragraph 69.

62.    In response to paragraph 70, defendants are unable to decipher the allegations in the first sentence and therefore deny it. Defendants admit that the foster parents took Kylie to the emergency room on a Sunday. Defendants deny the remainder of paragraph 70.

63.    In response to paragraph 71, defendants admit the first sentence and deny the second and third sentences. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 71 and therefore deny them.

64.    In response to paragraph 72, defendants admit that Kylie and Alec were separated, and that Kylie was placed at the Parry Center. Defendants admit that Alec remained in a foster home and that Kylie and Alec's mother was previously referred to and received services and

visited the children regularly.  Defendants admit Kylie's head was shaved.  Defendants deny the remainder of paragraph 72.

65.    Defendants deny paragraph 73.

66.    In response to paragraph 74, defendants admit that Unique was, when the Complaint was filed, nine years old and had been in the custody of ODHS for approximately two and a half years.  Defendants deny the second sentence.  Defendants admit that Unique appears through her next friend, Annette Smith.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 74 and therefore deny them.

67.    In response to paragraph 75, defendants admit that Unique's mother has been diagnosed with mental health conditions.  Defendants admit that Unique's mother had her parental rights terminated with respect to two older children.  Defendants admit that Unique has struggled with behavioral challenges.  Defendants deny the remainder of paragraph 75.

68.    In response to paragraph 76, defendants admit that Unique has had multiple placements, including at the SAFE Center.  Defendants deny the remainder of paragraph 76.

69.    In response to paragraph 77, defendants admit Unique was moved to a therapeutic placement in 2017.  Defendants admit that Unique's mother began visits with Unique in October 2017.  Defendants admit Unique began medications.  Defendants admit that the therapeutic placement provided a discharge notice.  Defendants deny the remainder of paragraph 77.

70.    In response to paragraph 78, defendants admit that Unique was returned to her mother's care, with ODHS providing support, in May 2018.  Defendants admit the last sentence.  Defendants deny the remainder of paragraph 78.

71.    In response to paragraph 79, defendants admit that Unique's mother left a voicemail message that contains much of the material quoted, but deny that the material quoted reflects the entire voicemail or is fully accurate.

72.    In response to paragraph 80, defendants admit the quoted language accurately reflects a portion of a transcript of a telephone message, but deny that quoted material is a complete transcript of the message.  Defendants lack knowledge or information sufficient to

**Page 9 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

form a belief about the truth of whether Unique is the individual crying and screaming in the message. Defendants deny the remaining allegations in paragraph 80.

73.    In response to paragraph 81, defendants admit that on or around May 30, 2018, Unique was taken to the SAFE Center for a brief stay and that she was later placed in an Oregon Community Programs therapeutic foster home. Defendants deny the remaining allegations in paragraph 81.

74.    In response to paragraph 82, defendants admit that an assessment dated July 17, 2018, contains some of the language quoted in paragraph 82, but deny that paragraph 82 accurately and completely reflects the passage it purports to quote or the assessment as a whole. Defendants deny the remaining allegations in paragraph 82.

75.    In response to paragraph 83, defendants admit that on or around July 18, 2018, Unique removed a piece of broken glass from her makeup bag. Defendants deny the remaining allegations in paragraph 83.

76.    In response to paragraph 84, defendants admit that Unique destroyed property in the OCP lobby and that the police were called, but deny that this incident occurred on August 8, 2018. Defendants admit that OCP provided a 30-day discharge notice. Defendants admit that on August 14, 2018, the police were called to the OCP foster home because Unique was being verbally and physically aggressive and was destroying property and that Unique was placed at the SAFE Center. Defendants deny the remainder of paragraph 84.

77.    In response to paragraph 85, defendants admit that Unique was placed at Albertina Kerr and a regular foster home. Defendants deny the remainder of paragraph 85.

78.    Defendants admit paragraph 86.

79.    In response to paragraph 87, defendants admit that on or around September 27, 2018, Unique used obscenities and attempted to walk into traffic. Defendants deny the remainder of paragraph 87.

80.    In response to paragraph 88, defendants admit that Unique was placed at Acadia in Montana in October 2018. Defendants admit that Acadia was a residential treatment center.

**Page 10 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 88 and therefore deny them.

81.    In response to paragraph 89, defendants admit that Unique has engaged in tantrums and been placed in holds and seclusions.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 89 and therefore deny them.

82.    In response to paragraph 90, defendants admit that Unique was restrained when engaged in aggression.  Defendants admit that a doctor prescribed a medication for Unique that can be used "as needed."  Defendants also admit that a doctor prescribed medications for Unique that can be used to treat psychosis and seizures.  Defendants admit that Unique took medications daily while at Acadia.   Defendants lack knowledge or information sufficient to form a belief about the reason Acadia staff used specific medications and therefore deny the allegation that the "staff uses these medications to induce calming effects."  Defendants deny the remainder of paragraph 90.

83.    In response to paragraph 91, defendants lack knowledge or information sufficient to form a belief about the truth of the allegation regarding the "concerns that Unique's attorney has raised" and therefore deny that allegation.  Defendants deny the remainder of paragraph 91.

84.    Defendants deny paragraphs 92-93.

85.    In response to paragraph 94, defendants admit that Simon was, when the Complaint was filed, 13 years old and was placed at Jasper Mountain and with his paternal grandmother in a licensed foster home.  Defendants admit that Simon appears through his next friend, Paul Aubry.  Defendants lack knowledge or information sufficient to form a belief about the truth of the third sentence and therefore deny it.  Defendants deny the fourth sentence in paragraph 94.

86.    In response to paragraph 95, defendants admit that ODHS received reports of physical abuse, including bruises and scratches, sexual abuse, and neglect regarding Simon. Defendants deny the remainder of paragraph 95.

**Page 11 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

87.     In response to paragraph 96, defendants admit that a person reported to ODHS in May 2012 that Simon described sexual abuse and the reporter indicated a connection between that sexual abuse and observed sexualized behaviors.  Defendants admit that ODHS closed the case at screening.  Defendants admit that Simon was removed from his parents for approximately ten months in 2012.  Defendants deny the remainder of the allegations in paragraph 96.

88.     In response to paragraph 97, defendants admit that reports to ODHS indicated that Simon was sexually abused by another student at his school.  Defendants deny the remainder of the allegations in paragraph 97.

89.     In response to paragraph 98, defendants admit that ODHS was contacted regarding concerns that Simon was being sexually abused.  Defendants admit that the quoted material, except for the portion in brackets, accurately reflects a summary of a report made to ODHS in January 2014, but deny that the quoted material accurately and completely reflects the entire summary, which speaks for itself.  Defendants deny the remaining allegations in paragraph 98.

90.     In response to paragraph 99, defendants admit that a report to ODHS indicated that Simon started defecating in his pants after seeing his abuser in the hallways and arrived at school with feces in his pants and pockets.  Defendants admit that ODHS closed the report and did not, at that time, remove Simon from his parents.  Defendants deny the remaining the allegations in paragraph 99.

91.     In response to paragraph 100, defendants admit that ODHS received additional reports regarding Simon, including reports about feces.  Defendants deny the remaining allegations in paragraph 100.

92.     In response to paragraph 101, defendants admit that Simon entered ODHS custody in June 2015 and that ODHS developed a safety plan.  Defendants deny the remaining allegations in paragraph 101.

93.     In response to paragraph 102, defendants admit that Simon was placed at the SAFE Center at Jasper Mountain, a therapeutic treatment center, in December 2017, and stayed for approximately 15 months.  Defendants deny the remaining allegations in paragraph 102.

**Page 12 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

94.     In response to paragraph 103, defendants admit that a court issued an order requiring ODHS to locate a therapeutic foster home for Simon as close to his parents as possible. Defendants deny the remaining allegations in paragraph 103.

95.     In response to paragraph 104, defendants admit that Simon was discharged from Jasper Mountain on March 8, 2019.  Defendants deny the remaining allegations in paragraph 104.

96.     In response to paragraph 105, defendants admit that an independent psychologist prepared a report.  Defendants lack knowledge or information sufficient to form a belief about the truth of whether an unnamed behavioral therapist "has been willing to treat Simon" and therefore deny that allegation.  Defendants deny the remaining allegations in paragraph 105.

97.     In response to paragraph 106, defendants admit that Simon had been removed from his home on three occasions and spent 38 months in foster care of a therapeutic setting. Defendants deny the remainder of the allegations in paragraph 106.

98.     Defendants deny paragraphs 107-108.

99.     In response to paragraph 109, defendants admit that Ruth was, when the Complaint was filed, 15 years old and placed at a residential facility called Forest Ridge in Iowa. Defendants deny the remaining allegations in paragraph 109.

100.     In response to paragraph 110, defendants admit that Ruth appears through her next friend, Michelle Bartov.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 110 and therefore deny them.

101.     In response to paragraph 111, defendants admit that Ruth and her younger brother entered foster care after their mother died of an accidental drug overdose.  Defendants further admit that ODHS suspects that Ruth had been sexually abused.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 111 and therefore deny them.

102.     Defendants admit paragraphs 112-113.

103.     In response to paragraph 114, defendants admit that Ruth had a psychological evaluation in December 2017.  Defendants admit that the report of that evaluation contains the

material quoted in paragraph 114, but deny that the selected quotes accurately and completely describe the evaluation, which speaks for itself.  Defendants deny the remaining allegations in paragraph 114.

104.    In response to paragraph 115, defendants admit that the evaluator made recommendations and that recommendations included transfer to a therapeutic foster home "[i]f and when grandmother and grandfather are no longer able to handle her in the home." Defendants admit that the evaluator recommended Ruth begin "intensive behavioral reconditioning" and work on issues relating to authority and boundaries if she were transferred to a therapeutic foster home.  Defendants deny that the allegations in paragraph 115 completely and accurately describe the evaluation, which speaks for itself.  Defendants deny the remaining allegations in paragraph 115.

105.    Defendants deny paragraph 116.

106.    In response to paragraph 117, defendants admit that ODHS was contacted by Ruth's school and informed that Ruth was displaying defiant behaviors.  Defendants admit that the school indicated that it was reluctant to work with her.  Defendants admit that Ruth was enrolled in a web-based program.  Defendants deny the remainder of paragraph 117.

107.    In response to paragraph 118, defendants admit that Ruth was evaluated in March 2018 and the evaluation contains the material quoted in paragraph 118.  Defendants deny that the quoted material completely and accurately describes the evaluation, which speaks for itself.  Defendants deny the remaining allegations in paragraph 118.

108.    Defendants deny paragraph 119.

109.    In response to paragraph 120, defendants admit that Ruth left her grandmother's home and that she was briefly placed at another foster home and then Creekside.  Defendants admit that a Creekside counselor provided comments that include the quoted language, but deny that quoted material completely and accurately describes the counselor's entire comments, which speak for themselves.  Defendants deny the remaining allegations in paragraph 120.

110.    In response to paragraph 121, defendants lack knowledge or information sufficient to form a belief about the truth of the allegations because plaintiffs fail to identify who

made the various statements quoted or described in the paragraph, or to whom they were made, and therefore defendants deny paragraph 121.

111.    In response to paragraph 122, defendants admit that Ruth was placed at a facility in Iowa called Forest Ridge.  Defendants deny the remaining allegations in paragraph 122.

112.    In response to paragraph 123, defendants admit that ODHS previously paid $330 a day for care for Ruth at Forest Ridge.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Forest Ridge's specialty and corporate structure and therefore deny them.  Defendants deny the remaining allegations in paragraph 123.

113.    In response to paragraphs 124-125, defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny them.

114.    In response to paragraph 126, defendants deny the first sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore deny them.

115.    Defendants deny paragraph 127.

116.    In response to paragraph 128, defendants deny that ODHS placed Bernard back in Bernard's biological mother's care in 2012 and deny that there were reports of physical abuse by the mother between 2012 and 2013.  Defendants admit the remainder of paragraph 128.

117.    In response to paragraph 129, defendants admit that Bernard is transgender and deny the remainder of paragraph 129.

118.    In response to paragraph 130, defendants admit that Ksen Murry has been identified as Bernard's next friend.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore deny them.

119.    Defendants admit paragraph 131.

120.    In response to paragraph 132, defendants admit that Bernard came into foster care with a history of significant trauma.  Defendants deny the remainder of paragraph 132.

121.    In response to paragraph 133, defendants admit that a psychologist noted that Bernard claimed that out-of-state relatives were emotionally abusive and that negatively

**Page 15 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

impacted Bernard.  Defendants deny that paragraph 133 accurately and completely describes the psychologist's entire report, which speaks for itself.

122.    In response to paragraph 134, defendants admit that a psychologist recommended that Bernard receive therapy, but deny that paragraph 134 accurately and completely describes the psychologist's entire report, which speaks for itself.

123.    Defendants deny paragraph 135.

124.    In response to paragraph 136, defendants admit that a psychologist noted that Bernard should be placed in a supportive, predictable, and loving home environment, but deny that paragraph 136 accurately and completely describes the psychologist's entire report, which speaks for itself.

125.    Defendants deny paragraph 137.

126.    In response to paragraph 138, defendants admit that an ODHS document contains the material quoted in paragraph 138, but deny that the quote accurately and completely describes the contents of the entire document, which speaks for itself.  Defendants deny the remainder of paragraph 138.

127.    In response to paragraph 139, defendants admit that Bernard experienced numerous placements.  Defendants deny the remainder of paragraph 139.

128.    In response to paragraph 140, defendants admit that Bernard becomes emotionally triggered when he is referred to by his birth name or the wrong pronoun.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 140 and therefore deny those allegations.

129.    In response to paragraph 141, defendants admit that a psychologist report contains the quoted material, but deny that the quoted material accurately and completely describes the contents of the entire report, which speaks for itself.  Defendants deny the remainder of paragraph 141.

130.    In response to paragraph 142, defendants admit Bernard was formerly placed at River Rock, a facility run by the Douglas County Juvenile Department.  Defendants deny the remainder of paragraph 142.

131.    In response to paragraph 143, defendants admit that Bernard attended an alternative charter school.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence, and therefore deny them.  Defendants deny the remaining allegations in paragraph 143.

132.    In response to paragraph 144, defendants admit that Bernard has been taking prescription testosterone.  Defendants deny the remainder of paragraph 144.

133.    In response to paragraph 145, defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence, and therefore deny them.  Defendants deny the remaining allegations in paragraph 145.

134.    Defendants deny paragraph 146.

135.    In response to paragraph 147, defendants admit that Bernard has a history of suicidal ideation and self-harming behaviors.  Defendants lack knowledge or information sufficient to form a belief about the truth of statements Bernard may have made and therefore deny them.  Defendants deny the remainder of paragraph 147.

136.    In response to paragraph 148, defendants deny the last sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 148, and therefore deny them.

137.    Defendants deny paragraphs 149-150.

138.    In response to paragraph 151, defendants admit that Naomi was 16 years old at the time the Complaint was filed and entered ODHS custody in 2018.  Defendants admit that Naomi appears through her next friend, Kathleen Megill Strek.  Defendants lack knowledge or information sufficient to form a belief about the truth of the last sentence, and therefore deny it. Defendants deny the remaining allegations in paragraph 151.

139.    Defendants admit paragraph 152.

140.    In response to paragraph 153, defendants admit that Naomi was at Good Samaritan multiple times in November 2018 and that ODHS initiated an investigation. Defendants deny the remainder of paragraph 153.

141.    Defendants deny paragraph 154.

**Page 17 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

142.    In response to paragraph 155, defendants admit that ODHS determined that Naomi would be at risk if returned to her father and placed Naomi at Jackson Street.  Defendants admit Naomi stayed at Jackson Street approximately two weeks.  Defendants deny the remaining allegations in paragraph 155.

143.    In response to paragraph 156, defendants admit that Naomi was placed at Creekside, a building that formerly housed a police department.  Defendants deny the remaining allegations in paragraph 156.

144.    In response to paragraph 157, defendants admit that Naomi ran away from Creekside on her first night.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 157, and therefore deny them.

145.    In response to paragraph 158, defendants deny that River Rock has "cells" that are the same as those in an adjacent delinquency facility.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 158, and therefore deny them.

146.    In response to paragraph 159, defendants admit that Naomi was placed at Jackson Street for several days in December 2018.  Defendants deny Naomi received no mental health treatment or services.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 159, and therefore deny them.

147.    In response to paragraph 160, defendants admit that ODHS placed Naomi in a non-relative family placement in December 2018.  Defendants deny that the placement disrupted after 10 days.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 160, and therefore deny them.

148.    Defendants deny paragraph 161.

149.    In response to paragraph 162, defendants admit that the court held a hearing on January 8 and 9, 2019, and granted ODHS legal custody of Naomi.  Defendants deny the remainder of paragraph 162.

150.    In response to paragraph 163, defendants admit that Naomi ran away from Jackson Street to her mother in Idaho.  Defendants admit that Naomi was taken to the Juvenile

Detention Center in Bonner County, Idaho, and that she was transported back to Corvallis. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 163, and therefore deny them.

151.    In response to paragraph 164, defendants admit Naomi returned to Jackson Street on January 16, 2019, and deny the remainder of the allegations.

152.    In response to paragraph 165, defendants admit that Naomi was placed at the Youth Inspiration Program on or around January 23, 2019.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 165, and therefore deny them.

153.    In response to paragraph 166, defendants admit that Golden and Reschke made the statements quoted.  Defendants deny the remaining allegations.

154.    In response to paragraph 167, defendants deny the first sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 167, and therefore deny them.

155.    In response to paragraph 168, defendants deny the last sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 168, and therefore deny them.

156.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 169-170, and therefore deny them.

157.    In response to paragraph 171, defendants deny the first sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 171, and therefore deny them.

158.    Defendants deny paragraph 172.

159.    In response to paragraph 173, defendants admit Naomi was prescribed Risperdal and that ODHS has a contract with Klamath Basin Behavioral Health.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 173, and therefore deny them.

160.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 174, and therefore deny them.

161.    In response to paragraph 175, defendants deny the first sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 175, and therefore deny them.

162.    In response to paragraph 176, defendants admit that Golden defended the program. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 176, and therefore deny them.

163.    Defendants admit paragraph 177.

164.    In response to paragraph 178, defendants admit that Naomi returned to Jackson Street, and deny the remaining allegations.

165.    Defendants deny paragraphs 179-180.

166.    In response to paragraph 181, defendants admit that Norman was 17 years old at the time the Complaint was filed and entered ODHS custody in 2018. Defendants deny the remaining allegations in paragraph 181.

167.    In response to paragraph 182, defendants admit that Norman appears through his next friend, Tracy Gregg. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 182, and therefore deny them.

168.    Defendants deny paragraph 183.

169.    In response to paragraph 184, defendants admit that Norman has suffered trauma, abuse, and neglect. Defendants admit that a psychological evaluation from 2013 contains the language quoted in paragraph 184, but deny that paragraph 184 accurately and completely reflects the assessment as a whole, which speaks for itself. Defendants deny the remainder of paragraph 184.

170.    In response to paragraph 185, defendants admit that Norman has been diagnosed with ADHD, anxiety, and PTSD, and has been prescribed medications to help manage these conditions. Defendants admit that at the time the Complaint was filed, Norman was on an Individualized Education Plan. Defendants deny the remainder of paragraph 185.

**Page 20 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

171.    In response to paragraph 186, defendants admit that Norman has been found eligible for and received assistive learning services and that mental health treatment has been recommended for him.  Defendants deny the remainder of paragraph 186.

172.    In response to paragraph 187, defendants admit that Norman has been in juvenile detention and has not been placed with tribal members.  Defendants admit that Norman has had multiple placements, including at Children's Farm Home, Jasper Mountain SAFE center, St. Mary's, and Northwest Children's Home.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 187, and therefore deny them.

173.    Defendants deny paragraphs 188-189.

174.    In response to paragraph 190, defendants admit the first sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 190, and therefore deny them.

175.    In response to paragraph 191, defendants admit that Norman was placed on probation and owed restitution.  Defendants deny that Norman was placed in any foster homes that were dirty.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 191, and therefore deny them.

176.    Defendants deny paragraph 192.

177.    In response to paragraph 193, defendants admit that Norman was placed in a foster home through CPCC and that Norman has been placed out of state.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 193, and therefore deny them.

178.    In response to paragraph 194, defendants admit that Norman was placed at Northwest Children's Home in Idaho in September 2017 and that there were no other in-state options.  Defendants deny the remainder of paragraph 194.

179.    In response to paragraph 195, defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence, and therefore deny it.  Defendants deny the remaining allegations in paragraph 195.

**Page 21 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

180.    Defendants deny paragraph 196.

181.    In response to paragraph 197, defendants admit that Norman's permanency goal was Another Permanent Plan Living Arrangement at the time the Complaint was filed. Defendants deny the remainder of paragraph 197.

182.    In response to paragraph 198, defendants admit the first three sentences. Defendants lack knowledge or information sufficient to form a belief about the truth of the last sentence in paragraph 198, and therefore deny it.

183.    Defendants deny paragraph 199.

184.    In response to the headings "Federal and State Requirements for Child Protective Systems" and "IV. THE UNITED STATES CONSTITUTION AND FEDERAL LAW IMPOSES CERTAIN REQUIREMENTS FOR THE OREGON CHILD WELFARE SYSTEM," defendants admit that the Constitution and federal law impose certain requirements for the Oregon Child Welfare System, but deny that plaintiffs accurately identify those requirements and deny that plaintiffs have the right to enforce such requirements.

185.    In response to paragraph 200, plaintiffs admit that the Ninth Circuit Court of Appeals has held that the Due Process Clause requires the State of Oregon to provide minimally adequate care and treatment appropriate to the age and circumstances of children in its care. Defendants deny the remaining allegations in paragraph 200.

186.    Defendants deny paragraphs 201-202.

187.    In response to paragraphs 203-204, defendants admit that state statute and ODHS established the Oregon Foster Children's Bill of Rights.  Defendants deny that plaintiffs accurately and completely characterize Oregon Foster Children's Bill of Rights, which speaks for itself.  Defendants further admit that ORS 418.201 sets forth the intent of Legislative Assembly that each foster child have certain essential rights, but deny plaintiffs' characterization of that statute, which speaks for itself.  Defendants deny the remaining allegations in paragraphs 203-204.

188.    In response to paragraphs 205-206, defendants admit that the quoted material accurately reflects select provisions of OAR 413-010-0180 and OAR 413-010-0210.  Defendants

deny that the quoted material accurately and completely reflects the entirety of OAR 413-010-0180 and OAR 413-010-0210 and Oregon and federal law related to foster children, all of which speak for themselves. Defendants deny the remaining allegations in paragraphs 205-206.

189.    In response to paragraph 207, defendants admit that OAR 413-020-0245(1) and 413-080-0054(1) set forth regulatory requirements for ODHS. Defendants deny plaintiffs' characterizations of those requirements are accurate or complete; the administrative rules speak for themselves. Defendants deny the remaining allegations in paragraph 207.

190.    In response to paragraph 208, defendants admit that the State of Oregon has accepted legal responsibilities for Oregon children who have been placed in foster care or who are at risk of being placed in foster care, as defined by state and federal law. Defendants deny the remaining allegations in paragraph 208.

191.    Defendants deny the headings "V. THERE ARE SYSTEMIC DEFICIENCIES IN OREGON'S CHILD WELFARE SYSTEM" and "A. Oregon Has Failed Follow-Up on Necessary, Recommended Changes for Over a Decade."

192.    In response to paragraph 209, defendants admit that the quoted material accurately reflects selections from the 2018 Oregon Secretary of State audit. Defendants deny that quoted material accurately or completely reflects the findings and conclusions of that audit, which speaks for itself. Defendants deny the remaining allegations in paragraph 209.

193.    Defendants deny paragraph 210.

194.    In response to paragraph 211, defendants admit that in 2008 the federal government released a document entitled "Final Report: Oregon Child and Family Services Review," but deny that the allegations in paragraph 211 accurately or completely summarize that report, which speaks for itself. Defendants deny the remainder of paragraph 211.

195.    In response to paragraph 212, defendants admit that the Oregon Secretary of State issued an audit in 2012 related to the ODHS Child Welfare Program. Defendants deny the remainder of the allegations in paragraph 212.

196.    In response to paragraphs 213-214, defendants admit that an independent organization conducted an independent review of child and youth safety in Oregon's child

**Page 23 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

substitute care system.  Defendants deny that the allegations regarding the report in paragraphs 213-214 accurately and completely reflect the report, which speaks for itself.  Defendants deny the remaining allegations in paragraphs 213-214.

197.    In response to paragraphs 215-216, defendants admit that the Children's Bureau released a Child and Family Services Review for Oregon in 2016 and that CFSR contains the language quoted in paragraphs 215-216, but defendants deny that the quoted material or plaintiffs' allegations characterizing the CFSR accurately and completely summarizes the CFSR, which speaks for itself.  Defendants deny the remaining allegations in paragraphs 215-216.

198.    In response to paragraph 217, plaintiffs' alteration and ellipsis within the quoted material changes the meaning intended in the CFSR, and therefore defendants deny paragraph 217.

199.    In response to paragraph 218, defendants admit that the 2016 CFSR contains the language quoted in paragraph 218, but defendants deny that the quoted material accurately and completely summarizes the CFSR, which speaks for itself.  Defendants deny the remaining allegations in paragraph 218.

200.    In response to paragraph 219, defendants admit that ODHS prepared a Program Improvement Plan that was issued after the CFSR.  Defendants deny that plaintiffs' description of the Plan in paragraph 219 accurately or completely describes the Plan, which speaks for itself. Defendants deny the remaining allegations in paragraph 219.

201.    In response to paragraphs 220-223, defendants admit that the Oregon Secretary of State issued an audit on the ODHS Child Welfare division in 2018, but defendants deny that plaintiffs' allegations in paragraphs 220, 221, 222, and 223 accurately and completely summarize the audit, which speaks for itself.  Defendants deny the remaining allegations in paragraphs 220-223.

202.    In response to paragraph 224, defendants admit that the Oregon Secretary of State issued a Recommendation Follow-up Report in 2019, but deny that plaintiffs' allegations accurately and completely summarize the report, which speaks for itself.  Defendants deny the remaining allegations in paragraph 224.

**Page 24 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

203.    Defendants deny the heading "B. Oregon Needs More Case Workers Who Are Adequately Supported and Trained to Meet the Needs of Children in Its Care."

204.    In response to paragraph 225, plaintiffs fail to identify the "child welfare research" to which they are referring in the first and second sentences, and consequently defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the those sentences and therefore deny them. Defendants deny the remaining allegations in paragraph 225.

205.    In response to paragraph 226, defendants admit that the Child Welfare League of America has, in the past, established standards for caseworker caseloads. Defendants deny the remaining allegations in paragraph 226.

206.    Defendants deny paragraph 227.

207.    In response to paragraph 228, plaintiffs fail to identify the "research" to which they are referring in the last sentence, and consequently defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence and therefore deny that sentence. Defendants deny the remaining allegations in paragraph 228.

208.    Defendants deny paragraphs 229-230.

209.    In response to paragraph 231, defendants admit that SEIU Local 503 published a document purporting to summarize the results of a statewide survey of child welfare employees and that the document contains the material quoted in paragraph 231. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations purporting to summarize the results of the survey, and therefore deny those allegations. Defendants deny the remaining allegations in paragraph 231.

210.    In response to paragraph 232, defendants admit that the Oregon Secretary of State issued an audit of the Child Welfare division in 2018, but defendants deny that paragraph 232 accurately and fully summarize the audit, which speaks for itself. Defendants deny the remaining allegations in paragraph 232.

211.    In response to footnote 3, defendants admit that the quoted material in the third sentence accurately reflects a sentence from an expert review conducted in 2005. Defendants

deny that quoted material accurately or fully reflects the findings and conclusions of that document, which speaks for itself.  In response to the fourth sentence in footnote 3, defendants admit that a technical assistance report was issued in 2006, but defendants deny that sentence accurately and fully summarizes that document, which speaks for itself.  In response to the fifth and sixth sentences in footnote 3, defendants lack knowledge or information sufficient to form a belief about the truth of the allegations purporting to summarize an unidentified workload study commissioned in 2008 and comparing that study to studies concerning other states, and therefore deny those allegations.  Defendants deny the remaining allegations in footnote 3.

212.    Defendants deny paragraphs 233-234.

213.    Defendants deny the headings "C. DHS Has Inadequate Permanency Planning" and "1. Lack of Planning for Permanence in Foster Care."

214.    Defendants deny paragraph 235.

215.    Defendants deny paragraph 236.

216.    In response to paragraph 237, defendants admit that the Children's Bureau released a Child and Family Services Review for Oregon in 2016 and that the CFSR contains the language quoted in paragraph 237, but defendants deny that the quoted material or plaintiffs' allegations characterizing the CFSR fully and accurately summarizes the CFSR, which speaks for itself.  Defendants deny the remaining allegations in paragraph 237.

217.    Defendants deny paragraphs 238-246.

218.    Defendants deny the heading "2. Transition Planning and Discharge From Foster Care."

219.    Defendants deny paragraph 247.

220.    In response to paragraph 248, defendants admit the second sentence.  Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the first sentence, and therefore deny that sentence in paragraph 248.

221.    Defendants deny paragraph 249.

222.    In response to paragraph 250, defendants deny the first sentence.  Plaintiffs fail to identify the "studies" to which they are referring in the second sentence and consequently

**Page 26 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the that sentence in paragraph 250 and therefore deny them.

223. Defendants deny the heading "a. Oregon Children Suffer From Maltreatment in Foster Care."

224. Defendants deny paragraph 251.

225. In response to paragraph 252, defendants admit that Oregon's Annual Progress and Service Report describes a national data indicator for maltreatment in foster care with a national standard of 8.5 and that the Report describes what the data indicator measures in the same manner alleged in the second sentence of paragraph 252. Defendants deny the remainder of paragraph 252.

226. In response to paragraph 253, defendants admit that the quoted material reflects language in some selections from the 2018 Oregon Secretary of State audit. Defendants deny that quoted material accurately or completely reflects the selections or the findings and conclusions of that audit, which speaks for itself. Defendants deny the remaining allegations in paragraph 253.

227. Defendants deny paragraph 254.

228. Defendants deny the heading "VI. DHS PERFORMS INADEQUATE ASSESSMENTS AND CASE PLANNING."

229. Defendants deny paragraphs 255-260.

230. Defendants deny the heading "VII. OREGON HAS AN INADEQUATE ARRAY OF APPROPRIATE PLACEMENTS."

231. Defendants deny paragraphs 261-262.

232. In response to paragraph 263, defendants admit that a federal statute uses some of the phrases and language used in paragraph 263, but deny that the paragraph accurately and completely summarizes the statute, which speaks for itself. Defendants are unaware of what "professional standards" plaintiffs are referring to and therefore lack knowledge or information sufficient to form a belief about the truth of those allegations in paragraph 263 and therefore deny them. Defendants deny the remaining allegations in paragraph 263.

**Page 27 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

233.    Defendants deny paragraphs 264-268.

234.    In response to paragraph 269, defendants admit that ODHS has placed children in facilities that were formerly used for delinquency and then refurbished and remodeled as licensed child caring agencies.  Defendants deny the remaining allegations in paragraph 269.

235.    Defendants deny paragraph 270.

236.    Defendants deny the heading "VIII. OREGON USES POORLY SUPERVISED OUT-OF-STATE PLACEMENTS TO FILL THE GAP."

237.    In response to paragraph 271, defendants admit that some foster children were previously placed in residential programs in other states, including at facilities in states identified in paragraph 271. Defendants deny that any children are presently placed out of state and the remaining allegations in paragraph 271.

238.    In response to paragraph 272, plaintiffs fail to identify the "for-profit facilities" to which they are referring, and consequently defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 272 and therefore deny them.

239.    Defendants deny paragraphs 273-274.

240.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 275-276 and therefore deny them.

241.    In response to paragraph 277, defendants deny the last sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 277 and therefore deny them.

242.    In response to paragraph 278, defendants deny the last sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 278 and therefore deny them.

243.    In response to paragraph 279, defendants deny the second sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 279 and therefore deny them.

244.    In response to paragraph 280, defendants deny the last sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 280 and therefore deny them.

245.    Defendants deny paragraph 281.

246.    In response to paragraph 282, defendants deny the last sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 282 and therefore deny them.

247.    Defendants deny paragraphs 283-284.

248.    In response to paragraph 285, defendants admit that there were 86 foster children in out-of-state placements in March 2019.  Defendants deny the remaining allegations in paragraph 285.

249.    Defendants deny the heading "IX. PLACEMENT INSTABILITY HARMS CHILDREN."

250.    In response to paragraph 286, defendants admit that some children coming into foster care have experienced trauma.  Plaintiffs fail to identify the "behavioral therapists, policy makers, and child welfare advocates" to whom they are referring, and consequently defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence in paragraph 286 and therefore deny that sentence.  Plaintiffs fail to identify the "studies" to which they are referring, and consequently defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence in paragraph 286 and therefore deny that sentence.  Defendants deny the remaining allegations in paragraph 286.

251.    In response to paragraph 287, defendants deny the first sentence.  Plaintiffs fail to identify the "neuroscientists and "studies" to which they are referring, and consequently defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 287 and therefore deny them.

252.    In response to paragraph 288, defendants deny the first sentence.  Plaintiffs fail to identify the "research" to which they are referring, and consequently defendants lack knowledge

or information sufficient to form a belief about the truth of the allegations in the last sentence of paragraph 288 and therefore deny that sentence.

253.    In response to paragraph 289, defendants admit that placement instability has been linked to negative outcomes for some children.  Plaintiffs fail to identify the "research" to which they are referring, and consequently defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence in paragraph 289 and therefore deny that sentence.  Defendants deny the remaining allegations in paragraph 289.

254.    Defendants deny paragraph 290.

255.    Defendants deny the heading "a. DHS routinely Fails to Obtain Timely Mental Health Services; Fails to Follow up on Therapeutic Recommendations; and Fails to Ensure that There is an Adequate Array of Mental Health Services Available to Foster Children."

256.    Defendants deny paragraph 291.

257.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 292 and therefore deny that paragraph.

258.    In response to paragraph 293, defendants deny the first sentence.  Defendants admit that a report co-authored by Governor Brown in 2018 contains the quotes used in paragraph 293, but deny that the selected quote accurately and completely describe the substance of the report, which speaks for itself.

259.    In response to paragraph 294, defendants admit that the 2016 CFSR contains the quotes used in paragraph 294, but deny that the selected quotes accurately and completely describe the substance of the report, which speaks for itself.  Defendants deny the remainder of paragraph 294.

260.    Defendants deny paragraphs 295-299.

## FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983 – Substantive Due Process)

261.    In response to paragraph 300, defendants incorporate their responses to the foregoing allegations as though set forth here in full.

**Page 30 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

262.     In response to paragraphs 301 and 302, defendants admit that the Fourteenth Amendment requires states to provide for foster children's basic human needs.  Defendants deny the remaining allegations in paragraphs 301 and 302.

263.     Defendants deny paragraphs 303-307, including all of the subparts of each. Moreover, pursuant to the Court's Opinion and Order (Dkt. 215), the allegations in paragraph 306, subparts d and f, and paragraph 307, subparts a(iii), a(iv), c(i), c(ii), and c(iii), are immaterial and impertinent to the issues to be decided.

## SECOND CAUSE OF ACTION

### (42 U.S.C. § 1983 – The Adoption Assistance and Child Welfare Act of 1980, 42 U.S.C. § 670 et seq.)

264.     In response to paragraph 308, defendants incorporate their responses to the foregoing allegations as though set forth here in full.

265.     Defendants deny paragraph 309, including all of its subparts.

## THIRD CAUSE OF ACTION

### (42 U.S.C. § 12131 – Americans with Disabilities Act ("ADA"))

266.     In response to paragraph 310, defendants incorporate their responses to the foregoing allegations as though set forth here in full.

267.     Defendants admit paragraph 311.

268.     Defendants deny paragraph 312.

269.     Defendants admit paragraph 313.

270.     In response to paragraph 314, defendants admit that Title II of the ADA contains prohibitions on discrimination, but deny that plaintiffs' characterization of that statute accurately and completely describes the statute, its implementing regulations, and controlling court decisions interpreting its provisions.  The ADA speaks for itself.  Defendants deny the remaining allegations in paragraph 314.

271.     In response to paragraph 315, defendants admit that Title 28, Section 5 of the Code of Federal Regulations contains the material quoted, but deny that the quoted material

accurately and completely represents the entirety of Title 28, Section 35 of the Code, which speaks for itself.  Defendants deny the remaining allegations in paragraph 315.

272.   In response to paragraph 316, defendants admit that the ADA imposes requirements on public entities, but deny that plaintiffs' characterization of those requirements in paragraph 316 accurately and completely represents the requirements of the ADA, which speaks for itself.  Defendants deny the remaining allegations in paragraph 316.

273.   In response to paragraph 317, defendants admit that Title 28, Section 35 of the Code of Federal Regulations contains the material quoted, but deny that the quoted material accurately and completely represents the entirety of Title 28, Section 35 of the Code, which speaks for itself.  Defendants deny the remaining allegations in paragraph 317.

274.   Defendants deny paragraphs 318-320.

## FOURTH CAUSE OF ACTION

## (29 U.S.C. § 794 – Rehabilitation Act ("ADA"))

275.   In response to paragraph 321, defendants incorporate their responses to the foregoing allegations as though set forth here in full.

276.   Defendants deny paragraph 322.

277.   Defendants deny paragraph 323.

278.   In response to paragraphs 324-326, defendants admit that the Rehabilitation Act contains prohibitions on discrimination, but deny that plaintiffs' characterization of that statute accurately and completely describes the statute, its implementing regulations, and controlling court decisions interpreting its provisions.  The Rehabilitation Act speaks for itself.  Defendants deny the remaining allegations in paragraphs 324-326.

279.   Defendants deny paragraphs 327-328.

280.   Defendants deny the Prayer for Relief, paragraphs 329-334, including all the subparts.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

281.    The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.  Plaintiffs have failed to allege facts sufficient to support the elements of their claims for relief.

### SECOND AFFIRMATIVE DEFENSE

#### (No Private Right of Action)

282.    The claims raised under the Adoption Assistance and Child Welfare Act, 42 U.S.C. § 670, et seq., are not enforceable through a private right of action or through 42 U.S.C. § 1983.

### THIRD AFFIRMATIVE DEFENSE

#### (Eleventh Amendment Immunity)

283.    Plaintiffs' claims are barred, in whole or in part, by the Eleventh Amendment of the United States Constitution.

### FOURTH AFFIRMATIVE DEFENSE

#### (Sovereign Immunity)

284.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of sovereign immunity.  Defendants each assert sovereign immunity.

### FIFTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

285.    The Complaint must be dismissed, in whole or in part, because some or all of the claims are barred by the applicable statutes of limitations.

### SIXTH AFFIRMATIVE DEFENSE

#### (Abstention)

286.    The Complaint is barred, in whole or in part, by the doctrines of abstention articulated in *O'Shea v. Littleton*, 414 U.S. 488 (1974), *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413

(1923), *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Younger v. Harris,* 401 U.S. 37 (1971).

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

287.    Plaintiffs lack standing to bring their claims.  In particular, Kylie, Alec, Ruth, Naomi, Norman, Unique, and Simon are no longer in defendants' custody and therefore lack standing to seek injunctive or declaratory relief.

288.    Plaintiffs have also failed to demonstrate that they face imminent harm sufficient to justify the invocation of injunctive relief.

## EIGHTH AFFIRMATIVE DEFENSE

### (Mootness)

289.    Plaintiffs' claims are moot.  In particular, Kylie, Alec, Ruth, Naomi, Norman, Unique, and Simon are no longer in defendants' custody and therefore their claims are moot.

## NINTH AFFIRMATIVE DEFENSE

### (Third Party)

290.    Any harm to plaintiffs was caused by the actions of third parties, over whom defendants have no control.

## TENTH AFFIRMATIVE DEFENSE

### (Improper Venue)

291.    Plaintiffs have filed their Complaint in an improper venue.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Join a Party under Fed. Rule Civ. P. 19)

292.    Plaintiffs have failed to join parties that are necessary to provide the relief they seek.

## TWELFTH AFFIRMATIVE DEFENSE

### (Separation of Powers, Federalism, and Comity)

293.    Plaintiffs' requested relief would unconstitutionally place a federal court in control of a state executive agency.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Undue Burden)

294.    Plaintiffs' requested relief of an independent monitor has been shown to be ineffective, costly, and an undue and inappropriate burden on state executive government.

### <u>PRAYER</u>

WHEREFORE, defendants respectfully request that this Court enter an order and judgment:

1.    For judgment in favor of defendants and against plaintiffs on all claims for relief;

2.    Dismissing all plaintiffs' claims for relief with prejudice;

3.    Dismissing all plaintiffs' requests for attorney fees, costs, and disbursements;

4.    Awarding defendants their costs and disbursements;

5.    Awarding defendants such other relief as the Court deems just and proper and to which defendants are entitled under the law.

DATED this 27th day of October, 2021.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

By:    *s/Lauren F. Blaesing*
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
Anna M. Joyce, OSB #013112
AnnaJoyce@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Telephone: (503) 295-3085
*Special Assistant Attorneys General for Defendants*

Vivek A. Kothari, OSB #182089
VivekKothari@MarkowitzHerbold.com
*Of Attorneys for Defendants*

Carla A. Scott, OSB #054725
carla.a.scott@doj.state.or.us
Sheila H. Potter, OSB #993485
sheila.potter@doj.state.or.us
        *Of Attorneys for Defendants*

999449

**Page 36 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**