**GREGORY A. CHAIMOV,** OSB #822180
gregorychaimov@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201
Tel: (503) 241-2300

**MARCIA ROBINSON LOWRY** (*pro hac vice*)
mlowry@abetterchildhood.org
**DAWN J. POST** (*pro hac vice*)
dpost@abetterchildhood.org
**A BETTER CHILDHOOD**
355 Lexington Avenue, Floor 16
New York, NY 10017
Tel: (646) 795-4456

**EMILY COOPER**, OSB #182254
ecooper@droregon.org
**THOMAS STENSON**, OSB #152894
tstenson@droregon.org
**DISABILITY RIGHTS OREGON**
511 SW 10th Avenue, Suite 200
Portland, OR 97205
Tel: (503) 243 2081

**PAUL C. SOUTHWICK**, OSB #095141
**PAUL SOUTHWICK LAW, LLC**
8532 N. Ivanhoe St. #208
Portland, OR 97203
paul@paulsouthwick.com
Tel: (503) 806-9517

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**EUGENE DIVISION**

WYATT B. and NOAH F. by their next friend Michelle McAllister; KYLIE R. and ALEC R. by their next friend Kathleen Megill Strek; UNIQUE L. by her next friend Annette Smith; SIMON S. by his next friend Paul Aubry; RUTH T. by her next friend Michelle Bartov; BERNARD C. by his next friend Ksen Murry; NAOMI B. by her next friend Kathleen Megill Strek; and NORMAN N. by his next friend Tracy Gregg, individually and on behalf of all others similarly situated,

Plaintiffs,

Case No. 6:19-cv-00556-AA

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

v.

KATE BROWN, Governor of Oregon in her official capacity; FARIBORZ PAKSERESHT, Director, Oregon Department of Human Services in his official capacity; JANA MCLELLAN, Interim Director, Child Welfare in her official capacity, and OREGON DEPARTMENT OF HUMAN SERVICES,

Defendants.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

Defendants seek leave to appeal the Court's September 27, 2021 order denying their motion to dismiss the complaint. ECF 227; ECF 215. Plaintiffs oppose this extraordinary request for appellate review in this prolonged litigation, where excessive motion practice has already protracted the case unnecessarily. Defendants meet none of the rigorous requirements to obtain interlocutory review.

As a matter of course, the judicial system should allow cases to be fully adjudicated by trial courts before appellate review. Generally, only final orders are reviewed by appellate courts, rather than conducting "piecemeal review" by successive appeals of various trial court orders throughout the trial process. *Carson v. Am. Brands, Inc*., 450 U.S. 79, 84 (1981). Interlocutory review should "be used only in exceptional situations." *In re Cement Antitrust Litig*., 673 F.2d 1020, 1026 (9th Cir. 1981); *see also James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002) (allowing interlocutory review only "[i]n rare circumstances," holding that 28 USC 1292(b) must be "construed narrowly").

Orders denying motions to dismiss are not appealable as of right. *Catlin v. United States*, 324 U.S. 229, 236 (1945); *Hilton v. Hallmark Cards*, 599 F.3d 894, 900 (9th Cir. 2010). Recent activity in this district court just this year shows how strongly interlocutory appeals of motions to

dismiss are disfavored. *See, e.g.*, *Tribble v. Surface Preparation Sys., Inc.*, No. 6:20-CV-00181-AA, 2021 WL 4593817, at *1 (D. Or. Oct. 6, 2021) (Aiken, J.) (denying interlocutory review of denial of motion to dismiss); *Cooksey v. Diamond Resorts Int'l Club, Inc.*, No. 6:19-CV-01760-MK, 2021 WL 1136053, at *1 (D. Or. Mar. 24, 2021) (Aiken, J.) *adopting magistrate's recommendation at* 2020 WL 8971500, at *2 (D. Or. Sept. 4, 2020)(same). The motion addresses none of these admonitions and authorities.

For those rare cases where permissive interlocutory appeals are appropriate, a party must show that the order not otherwise appealable 1) "involves a controlling question of law," 2) "as to which there is substantial ground for difference of opinion," and 3) that appellate resolution "may materially advance the ultimate termination of the litigation." 28 USC 1292(b). A district court errs by certifying a question for interlocutory review without making findings supporting all three elements. *Couch v. Telescope Inc.*, 611 F.3d 629, 634 (9th Cir. 2010) (finding district court erred by certifying question for interlocutory review where no "substantial ground for difference of opinion" existed).

## I. Defendants Do Not Articulate a Pure Question of Law, but Mixed Questions of Law and Fact

A "controlling question of law" for the purposes of 28 USC 1292 requires that a party present at least one "pure question of law," not simply a dispositive factual issue or a mixed question of law and fact. *Steering Comm. v. United States*, 6 F.3d 572, 575 (9th Cir. 1993)(finding jurisdiction under 28 USC 1292 because a "pure legal question is identifiable in this case"); *accord Ahrenholz v. Bd. of Trustees of Univ. of Illinois,* 219 F.3d 674, 677 (7th Cir. 2000) (controlling question of law means "pure question of law" or "abstract legal issue"). This requirement of a "pure question of law" has been widely reiterated within this district. *Natkin v. Am. Osteopathic Ass'n*, No. 3:16-CV-01494-SB, 2017 WL 6949160, at *2 (D. Or. Dec. 13, 2017) (Beckerman, J.), *report and recommendation adopted* 2018 WL 454561 (D. Or. Jan. 17, 2018)(Simon, J.)("[T]he Ninth Circuit restricts its review to pure questions of law, not mixed

questions of law and fact, because pure questions of law are ones that can be decided quickly and cleanly without having to study the record."); *accord Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc*., No. 3:19-CV-137-SI, 2020 WL 403722, at *3 (D. Or. Jan. 24, 2020) (Simon, J.); *Chehalem Physical Therapy, Inc. v. Coventry Health Care, Inc*., No. 09-CV-320-HU, 2010 WL 952273, at *3 (D. Or. Mar. 10, 2010) (Brown, J.); *Marsall v. City of Portland*, No. CV-01-1014-ST, 2004 WL 1774532, at *2 (D. Or. Aug. 9, 2004) (Stewart, J.). While a question of law must "materially affect the outcome of litigation in the district court" to qualify under as a controlling question of law, it must pose a question of law in the first place. 673 F.2d at 1026.

Defendants do not articulate a pure question of law, but rather attack the court's application of the established law on *O'Shea* abstention to the facts of this case. Defendants articulate the "question of law" they believe is at stake as "whether the principles of comity and federalism require abstention *in this case*." ECF 227, at 4 (emphasis added). That is not a question of law, certainly not a pure one. *Miles v. Wesley*, 801 F.3d 1060, 1063 (9th Cir. 2015) ("[W]hether *O'Shea* abstention applies is heavily fact-dependent). Defendants instead present a mixed question of fact and law. *Fresh Int'l Corp. v. Agric. Lab. Rels. Bd*., 805 F.2d 1353, 1356 (9th Cir. 1986) (application of abstention doctrine is a "mixed question of fact and law").

The Court, Defendants, and Plaintiffs all cite to the same governing cases on *O'Shea* abstention, stating the same governing principles of law. *See, e.g.*, ECF 215, at 6-8. Defendants believe that the specific application of those principles to the facts of this case should require abstention in this particular case. Specifically, Defendants claim that the relief the plaintiffs seek would require a federal "district court to sit in constant day-to-day supervision of state court judges." ECF 45, at 10. Plaintiffs and the Court both construe the relief sought in the complaint and the facts articulated about the Oregon foster care system differently and believe that relief in this case does not require "day-to-day supervision" of state courts, or, indeed, any supervision of state courts at all. ECF 215, 8-10 (making extensive fact-finding about the operation of the Oregon child welfare

system). Whether a well-defined legal doctrine applies to the specific facts of a case is not a "question of law" within the meaning of 28 USC 1292(b).

Defendants claim that courts "routinely certify questions implicating doctrines such as standing, mootness, and abstention." ECF 227, at 4. The proposition that courts "routinely" allow interlocutory reviews under 28 USC 1292(b) for any purpose, much less every case invoking standing, mootness, or abstention, flies in the face of extensive admonitions from the Ninth Circuit that the grant of interlocutory review must be "narrow" and "rare." 673 F.2d at 1023; 283 F.3d at 1068 n.6. Such interlocutory appeals are not "routinely" granted to anyone, but reserved for the "most extraordinary situations." *Tribble*, 2021 WL 4593817, at *1 (Aiken, J.) (citation omitted).

### II. Defendants' Disagreement About the Court's Holding in an Individual Case Does Not Establish a "Substantial Ground for Difference of Opinion"

In assessing whether a "substantial ground for difference of opinion" exists, courts must "examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. The controlling law on *O'Shea* abstention in the Ninth Circuit is clear and has been restated over and over. *Courthouse News Serv. v. Planet*, 750 F.3d 776, 790 (9th Cir. 2014) (courts should abstain "where relief sought would require federal court to monitor the substance of individual cases on an ongoing basis to administer its judgment"); *E.T. v. Cantil-Sakauye*, 682 F.3d 1121, 1124 (9th Cir. 2012) (inappropriate under *O'Shea* to engage in "ongoing federal audit of Sacramento County Dependency Court proceedings"); *Los Angeles Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 703 (9th Cir. 1992) (appropriate to give orders to state court system to increase the number of judges, but not to engage in "continuing federal judicial supervision of the state court system"). The application of any body of law to different sets of facts may generate different outcomes. The controlling law on *O'Shea* abstention, however, is clear and has been so for more than 30 years.

Defendants do not show that the controlling law is unclear, just that they wish it had been applied differently. "That settled law might be applied differently does not establish a substantial

ground for difference of opinion." *Couch*, 611 F.3d at 633. A substantial difference of opinion does not arise "just because counsel contends that one precedent rather than another is controlling." *Id.* Instead, a substantial difference of opinion arises where the law of the circuit is unsettled, complex questions of foreign law arise, and "difficult questions of first impression are presented." *Id.* As stated above, the circuit case law has been consistent for decades. No foreign law questions are implicated. Neither of those two prongs apply.

Defendants are not addressing a "novel question of law." Although Defendants now claim that the circuit case law is "unclear," ECF 227, at 9, and that the case presents a "novel question concerning the application of the principles of federalism and comity," *id.*, Defendants made no such claim prior to losing their motion: "There can be no doubt that the relief sought here demands exactly the type of intrusive action that *O'Shea* prohibits." ECF 31, at 16. "The Ninth Circuit, as well as several other circuit courts, has repeatedly recognized that the type of intrusive relief that the complaint seeks—particularly in the uniquely sensitive area of child welfare—contradicts *O'Shea* and must be rejected." ECF 31, at 18. Defendants' belated discovery of supposed novelty regarding the question of *O'Shea* abstention in Ninth Circuit law, where they previously found only certitude, should be rejected as an argument of convenience. The Ninth Circuit has been applying *O'Shea* for decades, including to child welfare systems. Application of the abstention doctrine to this case does not present a novel question of law.

The motion portrays the court's opinion as presenting a novel question of law regarding whether allegations of "systemic deficiencies" in Oregon's Department of Human Services "should matter." ECF 227, at 9. To the extent the term "should matter" means "is dispositive evidence," the Court made no such finding. The court did not say that the mere allegation of "systemic deficiencies" was *determinative* of the case. To the extent the term "should matter" means "presents relevant evidence for a court to consider," this question does not present either a novel or a controlling question of law. A court can surely consider a wide variety of factors in making the ultimate assessment of whether the relief sought would require ongoing, intrusive

monitoring of a state court system. Whether a party alleges systemic concerns, such as the complete preclusion of routine free access to civil complaints to journalists at issue in *Courthouse News* or the county-wide shortage of judges in *Los Angeles County Bar*, is surely at least relevant to whether a case would require "examination of the administration of a substantial number of individual cases" in its adjudication. *E.T.*, 682 F.3d at 1124. A systemic claim, by its nature, will not require such minute examination of individual cases.

Even if Defendants somehow appealed this matter and obtained a ruling that district courts should never even *consider* if a complaint advances individualized or systemic allegations, it is unclear that such a ruling would require this court to find in Defendants' favor. The trial court could still rely on ample other findings in the record that merit not abstaining. ECF 227, at 14 (finding that DHS, not Oregon courts, substantially controls the "specifics of a child's placement" and the "planning and provision of services"); ECF 227, at 13 (noting Plaintiffs' claims are "aimed at state agencies," not Oregon courts). This secondary point would not be a controlling question of law, because it would not affect the outcome of the case.

Defendants' motion alleges that the law on *O'Shea* abstention has been somehow muddied in recent cases. The motion asserts that the Ninth Circuit set forth a "bright line" rule in *Courthouse News*, but that the Ninth Circuit's opinion in *Miles v. Wesley*, failed to "mention[] the rule set forth in *Courthouse News Service*." ECF 227, at 6. This allegation substantially misstates the record on two points.

First, the *Courthouse News* holding did not articulate a new "bright-line rule for applying abstention standards." ECF 227, at 6. In the only use of the term "bright-line" in that opinion, the Ninth Circuit in *Courthouse News* favorably described the "bright-line finding" it had made in *Los Angeles County Bar Association* allowing a district court to compel county courts to hire a specific number of judges, contrasting such definite and limited relief with the "intensive, context specific legal inquiry" required in *E.T.* 750 F.3d at 791. *Courthouse News* harmonized existing case law rather than announcing a new standard for *O'Shea* abstention. 750 F.3d at 790

(drawing its conclusion by reading *E.T.* and *Los Angeles County Bar* "in tandem").

The second misstatement, that the Ninth Circuit in *Miles* never addressed *Courthouse News*'s holding, is more egregious. In *Miles,* the Ninth Circuit specifically cites to *Courthouse News Service* on *three* different occasions, including citing it for its central holding twice. *See* 801 F.3d at 1064 ("[T]he level of 'ongoing intrusion into the state's administration of justice,' *Courthouse News*, 750 F.3d at 790, required not only to adjudicate Plaintiffs' claims, but also to monitor compliance with any judgment in their favor, would be unprecedented."); *id.* at 1065 ("The district court could even be required 'to monitor the *substance* of individual cases on an ongoing basis to administer its judgment.' *Courthouse News*, 750 F.3d at 790 (emphasis added)."). The court in *Miles* preserved the core holding of *Courthouse News* and cited directly to that core holding twice, without negatively commenting on the holding in any way. The Ninth Circuit applied the same principles in *Miles* and in *Courthouse News*, reaching different outcomes because the facts of each case were different. Only by seriously misstating easily verified elements of both opinions could one claim that the opinions in *Miles* and *Courthouse News* create confusion in Ninth Circuit law.

## III. Allowing an Interlocutory Appeal after Years of Litigation and Millions of Dollars in Attorney's Fees Would Delay, Not Materially Advance, Termination of Litigation

At the most recent status conference on October 4, 2021, Defendants did not express any intent to seek an interlocutory review of this ruling, nor state that they were considering such a motion. The Court articulated a plan to hear the oral argument on class certification, rule on it, and then send the parties back to mediation. Mediation seems like the quickest way to resolve this case, assuming all parties will participate in the mediation in good faith and sincerely attempt to resolve these concerns. Defendants discount the likelihood of success of mediation in the motion. ECF 227, at 11. Plaintiffs do not know why the matter could not be resolved at mediation, nor why Defendants automatically discount the possibility of such resolution. Moving

forward in an expedited manner, as the Court has articulated, seems like a promising avenue for relief, unless one party has already determined it will not participate meaningfully.

Seeking an interlocutory appeal will only further delay the matter. Defendants do not claim, nor could they seriously do so, that *no* relief could be demanded in federal court from the Oregon child welfare system. ECF 45, at 10-12 (citing approvingly to the relief demanded in *Tinsley McKay*, 156 F. Supp. 3d 1024, 1037-38 (D. Ariz. 2015), as contrasted to the relief sought in the present case). Even in the unlikely event that this Court grants interlocutory review, the Ninth Circuit agrees to hear the interlocutory appeal, and the Ninth Circuit reverses the district court, Plaintiffs would surely have the opportunity to amend their complaint after remand, alter the scope of their request for relief to more closely track that sought in *Tinsley*, and return to the litigation. *Medlock v. Taco Bell Corp*., No. 1:07-CV-01314-SAB, 2014 WL 6389382, at *2 (E.D. Cal. Nov. 14, 2014)(denying interlocutory review because "[r]eversal on appeal would result in the claim being revived and, if anything, would protract litigation"); *Home Depot U.S.A., Inc. v. E.I. DuPont de Nemours & Co*., No. 16-CV-04865-BLF, 2019 WL 6171063, at *3 (N.D. Cal. Nov. 20, 2019)(denying interlocutory review because appeal and remand would only further prolong the case). Obviously, if the Ninth Circuit refuses the appeal or upholds the trial court's ruling on interlocutory appeal, granting interlocutory review will also have delayed the litigation.

Ordinary process will protect Defendants' interests in preventing interference with state courts. *Confederated Salish v. Simonich*, 29 F.3d 1398, 1403 (9th Cir. 1994) (party unsuccessfully asserting *Younger* abstention could adequately vindicate rights in appeals after final disposition and did not have right to interlocutory review). Defendants are adequately protected by the Court's assurance that it will carefully tailor any relief, in the event Plaintiffs prevail, to be no more intrusive to state court functions than required. ECF 215, at 14-15. In the unlikely event that this court exceeds its mandate and issues inappropriate relief that interferes with state court operations, Defendants will have ample opportunity to appeal the scope of relief to the Ninth Circuit at that time.

To date, the parties have already deposed at least a dozen individuals, shared thousands of pages of discovery, and fully briefed numerous motions. The motion for class certification stands fully briefed, ready to be argued and determined within weeks. At this point, cost and legal work is a horse that has left the barn far behind. *S.E.C. v. Sells*, No. C 11-4941 CW, 2012 WL 4897385, at *2 (N.D. Cal. Oct. 15, 2012) (holding appeal would not advance termination of litigation where parties had already engaged in discovery, defendants had answered complaint, and court was ready for trial status conference); *Porter v. Mabus*, No. 1:07-CV-0825 AWI SMS, 2014 WL 669778, at *5 (E.D. Cal. Feb. 20, 2014)("Further delays are not desirable to this litigation that has been ongoing in its discovery disputes for several years."). Defendants report that they have spent almost $10 million in taxpayer money on attorney's fees already. This case is not a brand new matter, where little expense or effort has accrued to date. Proceeding in an orderly way toward mediation or, failing that, trial is the most expedient way forward, not diverting a well-developed case into an appellate cul-de-sac.

## CONCLUSION

Defendants have not met the exceptional statutory requirements for permissive interlocutory review under 28 USC 1292(b). Defendants do not raise a conclusive question of law, because they merely quibble with the application of established abstention law to the facts of this case. Defendants' claims do not raise a novel question of law that is subject to serious disagreement, just the ordinary disputes of unsuccessful litigants. Sidetracking the case to allow lengthy appellate proceedings would also not favor the speedy resolution of an already well-developed suit. Failure on any of these point bars interlocutory review; the motion fails to state any of them properly. The motion should be denied.

Dated this 3rd day of November, 2021.

   /s/ Thomas Stenson

**DAVIS WRIGHT TREMAINE**
Gregory A. Chaimov, OSB #822180
gregorychaimov@dwt.com
1300 SW Fifth Avenue, Ste. 2400
Portland, OR 97201
Tel: (503) 241-2300
Fax: (503) 778-5299

**A BETTER CHILDHOOD**

Marcia Robinson Lowry (*pro hac vice*)
mlowry@abetterchildhood.org
Dawn J. Post (*pro hac vice*)
dpost@abetterchildhood.org
355 Lexington Avenue, Floor 16
New York, NY 10017
Tel: (646) 795-4456
Fax: (212) 692-0415

**DISABILITY RIGHTS OREGON**

Emily Cooper, OSB #182254
ecooper@droregon.org
Thomas Stenson, OSB #152894
tstenson@droregon.org
511 SW 10th Avenue, Suite 200
Portland OR 97205
Tel: (503) 243 2081
Fax: (503) 243 1738

**PAUL SOUTHWICK LAW, LLC**
Paul C. Southwick, OSB #095141
paul@paulsouthwick.com
8532 N. Ivanhoe St. #208
Portland, OR 97203
Tel: (503) 806-9517

*Attorneys for Plaintiffs*