**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**Anna M. Joyce, OSB #013112**
AnnaJoyce@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Tel:  (503) 295-3085
Fax:  (503) 323-9105

    Special Assistant Attorneys General for Defendants
    Additional Counsel of Record Listed on Signature Page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WYATT B. and NOAH F. by their next friend Michelle McAllister; KYLIE R. and ALEC R. by their next friend Kathleen Megill Strek; UNIQUE L. by her next friend Annette Smith; SIMON S. by his next friend Paul Aubry; RUTH T. by her next friend Michelle Bartov; BERNARD C. by his next friend Ksen Murry; NAOMI B. by her next friend Kathleen Megill Strek; and NORMAN N. by his next friend Tracy Gregg, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>KATE BROWN, Governor of Oregon in her official capacity; FARIBORZ PAKSERESHT, Director, Oregon Department of Human Services in his official capacity; REBECCA JONES GASTON, Director, Child Welfare in her official capacity; and OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>    Defendants. | No. 6:19-cv-00556-AA<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**<br><br>**(Oral Argument Requested)** |

Page 1 -   DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CERTIFY ORDER
             FOR INTERLOCUTORY APPEAL

## ARGUMENT

I. **This is exactly the type of expensive, protracted, and extraordinary case in which certification under 28 U.S.C. §1292(b) is proper.**

The Ninth Circuit has made clear that certification under 28 U.S.C. § 1292(b) is intended for "extraordinary cases," especially if an appeal might help avoid "protracted and expensive litigation." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). Plaintiffs do not appear to dispute that this case is costly for both sides, nor do they appear to dispute that this case has the potential to be protracted. Nor could they: This case is one of many class actions that have sought injunctive relief in the form of a court-appointed monitor of a state child welfare system. Many of these types of cases have lasted decades, even in cases that settled. *See e.g.*, *LaShawn A. v. Bowser*, No. 1:89-cv-01754-TFH (D.D.C.) (under court-appointed monitoring for over 30 years); *Jeanine B. v. Walker*, No. 2:93-cv-00547-RTR (E.D. WI) (under court-appointed monitoring for 20 years; district court dismissed case 28 years after it was originally filed); *Brian A. v. Bredesen*, No. 3:00−cv−00445 (M.D. Tenn.) (under court-appointed monitoring for nearly 20 years); *Charlie H. v. Murphy*, No. 2:99-cv-03678-SRC-CLW (D. NJ) (currently under court-appointed monitoring that began nearly 20 years ago).

Like those cases, this case also has the potential—absent an interlocutory appeal under § 1292(b)— to be protracted and expensive for both sides. It thus is exactly the type of case in which certification under § 1292(b) is proper. *See Ahrenholz v. Board of Trustees of Univ. of Illinois*, 219 F.3d 674, 677 (9th Cir. 2000) ("It is equally important, however, to emphasize the duty of the district court and of our court as well to allow an immediate appeal to be taken when the statutory criteria are met . . . ."). For that reason, and because the abstention question presented here meets the elements of § 1292(b), this Court should certify its order for appellate review.

II. **The question whether the Court should abstain from hearing the case involves a "question of law" for purposes of § 1292(b).**

Whether principles of federalism and comity require abstention in this case is a legal question and therefore presents, for purposes of § 1292(b), a controlling question of law. *See*

**Page 2 -  DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

*Communications Telesystems Intern. v. California Public Util. Co.*, 196 F.3d 1011, 1015 (9th Cir. 1999) ("We review a decision to abstain under *Younger* as a question of law."). More specifically, the standard setting forth when *O'Shea* abstention is required is a pure question of law: considering that *O'Shea* is an outgrowth of *Younger*, is *O'Shea* abstention appropriate in cases where the injunctive relief is aimed at executive branch employees rather than state judicial officers? Resolving that question involves an interpretation of the standards set forth in Ninth Circuit cases analyzing *O'Shea*. For purposes of § 1292(b), the proper standard under *O'Shea* is a pure question of law, and, under *Steering Committee*, is appropriate for interlocutory appeal. The legal issues in this case may be abstract and broad, but that does not mean they are not questions of law. *See Ahrenholz*, 219 F.3d at 677 (explaining that abstract issues of law are suitable for review under § 1292(b)).

In fact, in a similar case that plaintiffs' att orneys brought in Indiana, the district court recently certified—and the Seventh Circuit has just accepted—an interlocutory appeal. *Ashley W. v. Holcomb*, No. 3:19-cv-00129-RLY-MPB, 2021 WL 5121146 at *3 (S.D. Ind. Sept. 29, 2021); *Ashley W. v. Holcomb*, U.S. Dist. Ct. Civ. No. 3:19-cv-00129-RLY-MPB, Order granting permission to appeal, (Dkt. 194) (October 29, 2021). In doing so, the district court concluded that abstention "is a legal question[.]" *Ashley W.*, 2021 WL 5121146 at *3, citing *Communications Telesystems,* 196 F.3d at 1015.

Plaintiffs argue otherwise, asserting that the question in this case involves a mixed question of law and fact and thus cannot be a pure question of law as § 1292(b) requires. Plaintiffs rely on *Steering Committee v. United States*, 6 F.3d 572, 575 (9th Cir. 1993), a case that presented a "mixed question of law and fact." Despite the presence of a mixed question of law and fact, the Ninth Circuit nonetheless concluded that it had jurisdiction under § 1292(b) because "a pure legal question [was] identifiable." *Id.* The same holds true here: as explained above, the abstention question presents a pure question of law.

Finally, although plaintiffs are correct that a question is a controlling question of law only "if the underlying facts are undisputed[,]" *see Natkin v. Am. Osteopathic Association*, No. 3:16–cv–01494–SB, 2017 WL 6949160, at *3 (D. Or. Dec. 13, 2017), plaintiffs are incorrect that this

Page 3 -   DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CERTIFY ORDER
          FOR INTERLOCUTORY APPEAL

case involves disputed issues of fact relevant to the abstention question. Plaintiffs characterizes the Court's statements about the structure of Oregon's foster care system as factual "findings," but the Court's statements were based on a legal interpretation of state statutes. (Sept. 27, 2021 Opinion & Order (Dkt. 215) at p. 8-10) (examining statutory scheme governing Oregon's child welfare system). No factual evidence from either side was necessary for the Court's inquiry into how the State's system works. Thus, this is not the type of case in which there are disputed questions of fact.

For those reasons, the State has identified a "controlling question of law" for purposes of § 1292(b).

### III. A substantial ground for difference of opinion exists.

Additionally, a substantial ground for difference of opinion exists in this case. The Seventh Circuit's recent acceptance of the interlocutory appeal in *Ashley W.* demonstrates as much. The district court there noted that courts across the country are "split" as to how abstention applies in these types of cases, and the court cited cases from the D.C., Eleventh, Tenth, and Fifth Circuits, as well as decisions out of the district courts of Arizona and Massachusetts. *Ashley W.*, 2021 WL 5121146 *4.

Moreover, a substantial ground for difference of opinion exists within the Ninth Circuit itself. *Courthouse News Service* appeared to set forth a bright-line standard for determining when *O'Shea* abstention is appropriate, stating that "*O'Shea* abstention is inappropriate where the requested relief may be achieved without an ongoing intrusion into the state's administration of justice, but is appropriate where the relief sought would require the federal court to monitor the substance of individual cases on an ongoing basis to administer its judgment." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 790 (9th Cir. 2014). That statement reads like a generally applicable standard, or a bright-line test, and it is reasonable to read *Courthouse News Service* as establishing such a standard. As the State points out in its motion for interlocutory appeal, however, that test was not applied, relied upon, or even mentioned in *Miles v. Wesley*, 801 F.3d 1060 (9th Cir. 2015). *Miles*'s treatment of the apparent test set forth in *Courthouse News Service* shows that the Ninth Circuit has not yet settled on a standard under *O'Shea*. *Id.* at 1063.

Page 4 -   DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CERTIFY ORDER
            FOR INTERLOCUTORY APPEAL

Plaintiffs may disagree with the State that the above-quoted language indicates that the court in *Courthouse News Service* was attempting to establish a generally applicable standard or bright-line rule, and plaintiffs may disagree with the significance of the fact that *Miles* did not mention the above-quoted language from *Courthouse News Service*, but that language does, in fact, appear in *Courthouse News Service* and does not, in fact, appear in *Miles*. A substantial ground for difference of opinion thus exists.

### IV.  An interlocutory appeal of the Court's order would materially advance the termination of the litigation.

Finally, an interlocutory appeal of the Court's order would materially advance the termination of the litigation. Contrary to plaintiffs' argument, when abstention is required, the *only* action left for the district court to take is to dismiss the case. *See, e.g.*, *Ashley W.*, 2021 WL 5121146 at *4 ("if abstention is appropriate the litigation is over"); *Miles*, 801 F.3d at 1066 ("The district court properly abstained under *O'Shea* from interfering with LASC's allocation of resources to address the historic budget shortfalls, and we therefore affirm the district court's dismissal of Plaintiffs' complaint."); *E.T. v. Cantil-Sakauye*, 682 F.3d 1121, 1125 (9th Cir. 2012) (per curiam) (concluding that abstention was appropriate and affirming the district court's dismissal of the plaintiffs' complaint); *Fresh Int'l Corp. v. Agric. Lab. Rels. Bd.*, 805 F.2d 1353, 1363 (9th Cir. 1986) ("The district court should have abstained in favor of the state judicial proceedings and should have dismissed this action.").

The cases that plaintiffs cite do not provide otherwise. *Home Depot U.S.A., Inc. v. E.I. Dupont De Nemours & Co.*, No. 16-cv-04865-BLF, 2019 WL 6171063 (N.D. Cal. 2019), is inapposite, inasmuch as it involved not an abstention ruling but application of an incorrect summary judgment standard that could be correctly applied on remand. *Medlock v. Taco Bell Corp.*, No. 1:07–cv–01314–SAB, 2014 WL 6389382, at *2 (E.D. Ca. Nov. 14, 2014), simply confirms that where appeal would result in a claim being dismissed, it will "materially advance the ultimate termination of [this] litigation" element under § 1292(b) is met. If the State is correct that abstention is appropriate in this case, plaintiffs' complaint will be dismissed. Thus, an appeal would materially advance the termination of the litigation.

Page 5 -   DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CERTIFY ORDER
             FOR INTERLOCUTORY APPEAL

Finally, the case is still in its relatively nascent stages. The State has only just filed its answer to plaintiffs' complaint. Merits-stage discovery has not been completed and there are no deadlines yet for exchanging experts' reports on the merits. The merits phase of the case will be costly for both parties and consume judicial resources, none of which would be necessary if—as the State asserts—this Court should abstain altogether.

## CONCLUSION

The State requests that the Court certify the Court's September 27, 2021, Opinion and Order (Dkt. 215) for interlocutory appeal under 28 U.S.C. § 1292(b).

DATED this 11th day of November, 2021.

        ELLEN ROSENBLUM
        ATTORNEY GENERAL
        FOR THE STATE OF OREGON

By: *s/ Anna M. Joyce*
      David B. Markowitz, OSB #742046
      DavidMarkowitz@MarkowitzHerbold.com
      Laura Salerno Owens, OSB #076230
      LauraSalerno@MarkowitzHerbold.com
      Anna M. Joyce, OSB #013112
      AnnaJoyce@MarkowitzHerbold.com
      Harry B. Wilson, OSB #077214
      HarryWilson@MarkowitzHerbold.com
      Lauren F. Blaesing, OSB #113305
      LaurenBlaesing@MarkowitzHerbold.com
      Telephone: (503) 295-3085
          *Special Assistant Attorneys General for*
          *Defendants*

      Vivek A. Kothari, OSB #182089
      VivekKothari@MarkowitzHerbold.com
          *Of Attorneys for Defendants*

      Carla A. Scott, OSB #054725
      carla.a.scott@doj.state.or.us
      Sheila H. Potter, OSB #993485
      sheila.potter@doj.state.or.us
          *Of Attorneys for Defendants*

1211301