**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**Anna M. Joyce, OSB #013112**
AnnaJoyce@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Tel:  (503) 295-3085
Fax:  (503) 323-9105

    Special Assistant Attorneys General for Defendants
    Additional Counsel of Record Listed on Signature Page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WYATT B. and NOAH F. by their next friend Michelle McAllister; KYLIE R. and ALEC R. by their next friend Kathleen Megill Strek; UNIQUE L. by her next friend Annette Smith; SIMON S. by his next friend Paul Aubry; RUTH T. by her next friend Michelle Bartov; BERNARD C. by his next friend Ksen Murry; NAOMI B. by her next friend Kathleen Megill Strek; and NORMAN N. by his next friend Tracy Gregg, individually and on behalf of all others similarly situated,<br><br>                                            Plaintiffs,<br><br>   v.<br><br>KATE BROWN, Governor of Oregon in her official capacity; FARIBORZ PAKSERESHT, Director, Oregon Department of Human Services in his official capacity; REBECCA JONES GASTON, Director, Child Welfare in her official capacity; and OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>                                            Defendants. | No. 6:19-cv-00556-AA<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO FACTUAL MISSTATEMENT IN DEFENDANTS' MOTION FOR INTERLOCUTORY REVIEW** |

**Page 1 -  DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO FACTUAL MISSTATEMENT IN DEFENDANTS' MOTION FOR INTERLOCUTORY REVIEW**

**I.     Plaintiffs' "objection" does not request anything from the Court and may be disregarded as an improper sur-reply.**

Plaintiffs filed an "objection" arguing that defendants have made "factual misrepresentations" about what the cases *Courthouse News Service v. Planet*, 750 F.3d 776 (9th Cir. 2014), and *Miles v. Wesley*, 801 F.3d 1060 (9th Cir. 2015), stand for.  (*See* Pls.' Objection to Factual Misstatements in Defs.' Mot. for Interlocutory Review ("Pls.' Objection") (Dkt. 245).)  Plaintiffs' "objection" is not a motion and plaintiffs do not request that the Court do anything; instead, plaintiffs present further legal argument on the issues raised in defendants' motion.  Plaintiffs' "objection," therefore, is an improper sur-reply.  *See, e.g.*, LR 7-1(f)(3) ("Unless directed by the Court, no further briefing is allowed" beyond a response and a reply, except in the context of summary judgment.); *Ornder v. Elkins*, No. 18-CV-0342-GKF-JFJ, 2020 WL 4873699 at *2, *2 n.3 (N.D. Okla. Aug. 19, 2020) (the plaintiff's "objection" which "reassert[ed] and expand[ed] upon the facts and arguments he present[ed]" in his previous filing, was an improper sur-reply, and even though the plaintiff was *pro se*, he still must comply with the Federal Rules of Civil Procedure); *Frost v. Hallock*, No. 17-CV-07229-LHK (PR), 2019 WL 1102379 at *9 (N.D. Cal. Mar. 8, 2019) (construing the plaintiff's document entitled "objections" as a sur-reply, which was improper, but considering it because the plaintiff was *pro se*).  Because plaintiffs' "objection" is an improper sur-reply, the Court should disregard it.

**II.    Defendants have not made any "factual misstatements."**

Although defendants have explained their view of Ninth Circuit case law already in their briefing, defendants further explain why plaintiffs' objection is without merit.  In their Motion to Certify Order for Interlocutory Appeal (Dkt. 227) and Reply (Dkt. 240), defendants argued that, in *Courthouse News Service*, the Ninth Circuit appeared to set forth a bright-line rule for courts to apply when determining whether abstention is appropriate, and then, in *Miles*, the Ninth Circuit cited *Courthouse News Service*, but did not apply its bright-line rule. *See Courthouse News Serv.*, 750 F.3d at 790 (setting forth rule); *Miles*, 801 F.3d at 1063-65 (explaining that whether abstention is appropriate depends on the circumstances of each case, and considering factors beyond those set forth in the rule from *Courthouse News Service*).

**Page 2 -   DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO FACTUAL MISSTATEMENT IN DEFENDANTS' MOTION FOR INTERLOCUTORY REVIEW**

More specifically, contrary to what plaintiffs now assert, defendants did not state that the court in *Miles* never mentioned *Courthouse News Service*. Rather, defendants observed that *Courthouse News Service* announced the following bright-line rule:

> "*O'Shea* abstention *is inappropriate where* the requested relief may be achieved without an ongoing intrusion into the state's administration of justice, but *is appropriate where* the relief sought would require the federal court to monitor the substance of individual cases on an ongoing basis to administer its judgment."

*Courthouse News Serv.*, 750 F.3d at 790 (emphasis added).

Read as a whole, that passage from *Courthouse News Service* stands for the proposition that if the requested relief does not require "an ongoing intrusion into the state's administration of justice," and does not "require the federal court to monitor the substance of individual cases on an ongoing basis to administer its judgment," then the analysis stops there: abstention is "*inappropriate*." *Id.* (emphasis added).

Then, defendants argued that that proposition might not hold true after *Miles*. *Miles* does not set forth the bright-line rule discussed above. Instead, *Miles* instructs that the abstention analysis is "heavily fact-dependent" and turns on the broad principles of "federalism, comity, and institutional competence." *Miles*, 801 F.3d at 1063. Thus, under defendants' interpretation of *Miles*, even if a plaintiff's requested relief does not require "an ongoing intrusion into the state's administration of justice," and does not "require the federal court to monitor the substance of individual cases on an ongoing basis to administer its judgment," *Courthouse News Serv.*, 750 F.3d at 790, abstention might nevertheless still be appropriate based on other factors. *See Miles*, 801 F.3d at 1064-65 (considering other factors, such as the breadth of the plaintiff's requested relief, whether the requested relief would involve heavy federal interference in sensitive state activities, and the extent to which future litigation over compliance with the injunction would be necessary).

Plaintiffs' response and objection demonstrates that plaintiffs and defendants read *Courthouse News Service* and *Miles* differently, and the parties disagree as to what the "key holding" is in *Courthouse News Service*. (*See* Pls. Objection at 1.) For purposes of plaintiffs' "objection," however, a disagreement about the law is not a "factual misstatement," and the

**Page 3 -  DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO FACTUAL MISSTATEMENT IN DEFENDANTS' MOTION FOR INTERLOCUTORY REVIEW**

parties' disagreement is fully set out in the parties' briefing. *See Princess Cruises, Inc. v. United States*, 397 F.3d 1358, 1361 (Fed. Cir. 2005) (noting in the appellate context that the "troubling trend" of parties disregarding the rule limiting briefing is prejudicial to the party "entitled to the last word"). Plaintiffs are incorrect that defendants have made a factual misstatement, and plaintiffs' "objection" should be disregarded as an improper sur-reply.

DATED this 6th day of December, 2021.

        ELLEN ROSENBLUM
        ATTORNEY GENERAL
        FOR THE STATE OF OREGON

By: *s/ Lauren F. Blaesing*
    David B. Markowitz, OSB #742046
    DavidMarkowitz@MarkowitzHerbold.com
    Laura Salerno Owens, OSB #076230
    LauraSalerno@MarkowitzHerbold.com
    Anna M. Joyce, OSB #013112
    AnnaJoyce@MarkowitzHerbold.com
    Harry B. Wilson, OSB #077214
    HarryWilson@MarkowitzHerbold.com
    Lauren F. Blaesing, OSB #113305
    LaurenBlaesing@MarkowitzHerbold.com
    Telephone: (503) 295-3085
        *Special Assistant Attorneys General for Defendants*

    Vivek A. Kothari, OSB #182089
    VivekKothari@MarkowitzHerbold.com
        *Of Attorneys for Defendants*

    Carla A. Scott, OSB #054725
    carla.a.scott@doj.state.or.us
    Sheila H. Potter, OSB #993485
    sheila.potter@doj.state.or.us
        *Of Attorneys for Defendants*

1217944