**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Tel: (503) 295-3085
Fax: (503) 323-9105

      Special Assistant Attorneys General for Defendants
      Additional Counsel of Record Listed on Signature Page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WYATT B. and NOAH F. by their next friend Michelle McAllister; KYLIE R. and ALEC R. by their next friend Kathleen Megill Strek; UNIQUE L. by her next friend Annette Smith; SIMON S. by his next friend Paul Aubry; RUTH T. by her next friend Michelle Bartov; BERNARD C. by his next friend Ksen Murry; NAOMI B. by her next friend Kathleen Megill Strek; and NORMAN N. by his next friend Tracy Gregg, individually and on behalf of all others similarly situated,<br><br>                               Plaintiffs,<br><br>     v.<br><br>KATE BROWN, Governor of Oregon in her official capacity; FARIBORZ PAKSERESHT, Director, Oregon Department of Human Services in his official capacity; REBECCA JONES GASTON, Director, Child Welfare in her official capacity; and OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>                               Defendants. | No. 6:19-cv-00556-AA<br><br>**DEFENDANTS' MOTION TO DISMISS ADDITIONAL MOOT CLAIMS**<br><br>**Pursuant to FRCP 12(b)(1)**<br><br>**Oral Argument Requested** |

**Page 1 -   DEFENDANTS' MOTION TO DISMISS ADDITIONAL MOOT CLAIMS**

## CERTIFICATE OF COMPLIANCE

In compliance with Local Rule 7-1, the parties have made a good faith effort by telephone conferral to resolve the disputes that are the subject of this motion and have been unable to do so.

## MOTION

Pursuant to Federal Rule of Civil Procedure 12(b)(1), defendants Governor Brown, Director of the Oregon Department of Human Services Fariborz Pakseresht, Director of Child Welfare Rebecca Jones Gaston, and the Department of Human Services (collectively, "the State"), move the Court for an order dismissing the claims of named plaintiffs Wyatt B. and Noah F. as moot. This motion is supported by the following memorandum of points and authorities, the declarations of Lauren F. Blaesing and Lacey Andresen, and the exhibits thereto.

## INTRODUCTION

On August 3, 2020, the State moved to dismiss the claims of Kylie R., Alec R., Ruth T., Naomi B., and Norman N. on the ground that those plaintiffs were no longer in the custody of the Oregon Department of Human Services ("ODHS") and their claims were moot. (Defs.' Mot. to Dismiss Moot Claims ("Mot. to Dismiss"), Aug. 3, 2020 (Dkt. 108).) And, on November 8, 2021, the State moved to dismiss the claims of Unique L. and Simon S. because they had also left ODHS custody and their claims were moot. Now, named plaintiffs Wyatt B. and Noah F. have been permanently committed to ODHS under ORS 419B.527(1)(a) until their adoption is finalized. Accordingly, for both constitutional and prudential reasons, their claims must be dismissed as moot.

## FACTUAL BACKGROUND

Plaintiffs' Complaint seeks prospective relief for children "in the custody of" ODHS. (Class Action Compl. (Dkt. 1) ¶¶ 16-24.) At the core of plaintiffs' Complaint are allegations that children who enter foster care experience frequent moves between inappropriate placements before they achieve permanency, whether that be reunification with their parents or "other permanent homes in which they can safely grow up." (Class Action Compl. (Dkt. 1) ¶ 5.) Plaintiffs also allege that ODHS "irregularly and infrequently assesses the needs of children in

Page 2 -   DEFENDANTS' MOTION TO DISMISS ADDITIONAL MOOT CLAIMS

the foster care system," which prohibits ODHS from meeting children's medical, mental health, and social needs. (*Id.* ¶ 2). As explained in the argument below, neither of those core allegations remains true as to Wyatt and Noah.

At the time that plaintiffs filed the Complaint in April 2019, Wyatt and Noah were children in ODHS custody and they had not been placed in a permanent home. That is no longer the case. Since plaintiffs filed the Complaint, the juvenile court has entered ▊▊▊▊▊▊ ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊.[1] (Decl. of Lauren F. Blaesing in Supp. of Defs.' Mot. to Dismiss Additional Moot Claims ("Blaesing Decl.") Exs. 1, 2.) ▊▊ ▊▊▊▊▊▊▊▊▊▊▊▊ (*Id.*) ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ ▊▊▊▊▊▊▊▊▊▊▊ (Blaesing Decl. Exs. 3, 4.) ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ *See* ORS 418.270(4) ("From and after physical placement for adoption . . . the certificate of irrevocability and waiver and the release or surrender may not be revoked by the parent or guardian unless fraud or duress is affirmatively proved.").

Wyatt and Noah, ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ (Blaesing Decl. Ex. 5 at 1.) Wyatt and Noah are ▊▊ ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ (*Id.* at 34.) Specifically, Wyatt and Noah ▊▊ ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ (*Id.*) ▊▊▊▊▊▊▊▊▊▊▊▊ ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ (*Id.*) ▊ ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ (*Id.*)

---

[1] Consistent with Local Rule 26-4(c) and the Amended Stipulated Protective Order (Dkt. 50), the publicly filed version of this motion contains redactions of protected information that could identify or cause harm to the named plaintiffs. The Court has instructed the parties to "take seriously their obligation to make every effort to protect the identities of protected individuals," (Order & Opinion (Dkt. 49) at 7), and the Court requires the parties to use pseudonyms, appropriate redactions, and file documents under seal to protect individuals from identification and harm. (*Id.* at 5-6.) The Amended Stipulated Protective Order incorporates state and federal laws protecting confidential information, including ORS 419A.255(1)(b)'s requirement that state court juvenile records "shall be withheld from public inspection."

**Page 3 -   DEFENDANTS' MOTION TO DISMISS ADDITIONAL MOOT CLAIMS**

**LEGAL STANDARD**

A court may dismiss a claim as moot either because it does not satisfy the case and controversy requirements of Article III, or because prudential reasons weigh in favor of doing so. "Article III of the Constitution grants federal courts the authority to decide cases and controversies." *Cook v. Brown*, 364 F. Supp. 3d 1184, 1188 (D. Or. 2019) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)). A claim becomes moot, and therefore no longer presents a "case or controversy" for purposes of Article III, "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (internal quotation omitted). On a Rule 12(b)(1) motion, "the party asserting subject matter jurisdiction has the burden of proving its existence." *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009).

"Even if a court has jurisdiction under Article III to decide a case, prudential concerns may militate against the use of judicial power, i.e., the court 'should treat [the case] as moot for prudential reasons.'" *Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) (en banc) (quoting *United States v. (Under Seal)*, 757 F.2d 600, 603 (4th Cir. 1985)). The "inquiry central to prudential mootness is whether circumstances changed since the beginning of litigation that forestall any occasion for meaningful relief." *Coos County v. Bernhardt*, No. 6:19-cv-00576-MC, 2020 WL 1430379 at *2 (D. Or. Mar. 23, 2020).

**ARGUMENT**

Wyatt and Noah's claims are moot under Article III because they can no longer benefit from the prospective relief sought. Alternatively, if the Court determines that Wyatt and Noah's claims are not constitutionally moot, the Court should nevertheless dismiss their claims under the prudential mootness doctrine.

**I.   Wyatt and Noah's claims are constitutionally moot because they can no longer benefit from the prospective relief sought.**

Wyatt and Noah are currently in a permanent placement and finalizations of their adoptions are pending; therefore, their claims are moot. As noted above, a plaintiff's claim is moot if the plaintiff can no longer benefit from the prospective relief sought. *See Bd. of License Comm'rs of Town of Tiverton v. Pastore*, 469 U.S. 238, 240 (1985) (per curiam) (although a

decision on the merits could conceivably affect the substantive rights of the plaintiff, "speculative contingencies afford no basis for our passing on the substantive issues" (internal quotation omitted)); *Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1048 (9th Cir. 2014) ("When he stopped driving for FedEx, [the class representative's] claims for prospective relief became moot because he could no longer benefit from such relief."). Whether a plaintiff can no longer benefit from the prospective relief sought does not depend on the plaintiff's proposed class definition. Instead, the inquiry centers on the type of relief sought. *See Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005) (noting that the "central question" is "whether changes in the circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief" (internal quotation omitted)).

In this case, Wyatt and Noah seek to represent the general class. (Compl. ¶ 45.) Although they are still legally a part of the general class until their adoptions become finalized, from a factual standpoint, they will not benefit from the prospective relief sought by that class. The prospective relief sought by the general class is largely aimed at children who are just entering foster care. The Complaint seeks an injunction requiring that "DHS ensure that all children who enter foster care placement receive within 30 days of entering care a complete and thorough evaluation of the child's needs," and that "DHS ensure that all children who enter foster care placement receive within 60 days of entering care an adequate and individualized written case plan." (Compl. ¶¶ 331(a)(ii)-(iii).) Wyatt and Noah already received needs evaluations and individualized case plans, so such relief would not benefit them.

The other aspects of the relief sought focus on ensuring proper care while a child is in the custody of ODHS. For example, the Complaint seeks an injunction requiring ODHS to ensure that children timely receive the services identified by the case plan. (Compl. ¶ 331(a)(iv).) Additionally, the Complaint asks the Court to require ODHS to "hire, employ, and retain an adequate number of qualified and appropriately trained caseworkers," and to "ensure that caseloads do not exceed 15 children per-worker for children in placement." (Compl. ¶

**Page 5 -   DEFENDANTS' MOTION TO DISMISS ADDITIONAL MOOT CLAIMS**

331(a)(vi).)[2]  Finally, the Complaint asks the Court to require that ODHS "ensure that all children who are placed in foster care are placed in a safe home or facility and are adequately monitored in accordance with federal standards."  (Compl. ¶ 331(a)(v).)

Wyatt and Noah will not benefit from that requested relief because they have achieved a permanent placement with a family that is adopting them.  Moreover, they are receiving proper care in their current adoptive placement; their circumstances are not the type of circumstances the Complaint aims to remedy.  For example, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  (Blaesing Decl. Ex. 5 at 3, 6, 11, 14.)  Both Wyatt and Noah are ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  (*Id.* at 9, 14.)  Indeed, plaintiffs themselves distinguish between children in Wyatt and Noah's situation—children who have secured an adoptive home where their needs are met—with children who have not.  (*See* Compl. ¶ 15(h).)  The relief sought is aimed at aiding "children who are or should be available for adoption," for whom the State has allegedly "fail[ed] to seek and secure appropriate adoptive homes in a timely manner."  (Compl. ¶¶ 15(h), 146.)  The State has secured an appropriate adoptive home for Wyatt and Noah (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓) and they are receiving proper care.  Therefore, their claims are moot.

## II.    Wyatt and Noah's claims are not inherently transitory.

Not only are Wyatt and Noah's claims moot, plaintiffs cannot show that the "inherently transitory" exception to the mootness doctrine applies.  To demonstrate that the inherently transitory exception applies, plaintiffs must show two elements.  First, they must show that their claims are "'so inherently transitory that the trial court will not have even enough time to rule on

---

[2] The Complaint also requests that the Court require ODHS to "contract with an appropriate outside entity to . . . determine the full range and number of appropriate foster care placements and services for all children needing foster care placement," (Compl. ¶ 331(a)(i)), and to "develop an adequate statewide plan . . . for recruiting and retaining foster and adoptive homes," (Compl. ¶ 331(a)(vii)).  Those requests for relief relate to plaintiffs' allegations that the State has violated the named plaintiffs' Substantive Due Process rights to "placement in an optimal or least-restrictive setting, or to the availability of an array of placement options," which have been dismissed from the case.  (Op. and Order (Dkt. 215) at 20.)  But even if those claims for relief had not been dismissed, Wyatt and Noah would not benefit from that relief because they have been placed in an appropriate, permanent home.

Page 6 -   DEFENDANTS' MOTION TO DISMISS ADDITIONAL MOOT CLAIMS

a motion for class certification before the proposed representative's individual interest expires.'" *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090 (9th Cir. 2011) (quoting *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991)). Second, plaintiffs must show that "there is a reasonable expectation that the named plaintiffs could themselves suffer repeated harm or it is certain that other persons similarly situated will have the same complaint." *Belgau v. Inslee*, 975 F.3d 940, 949 (9th Cir. 2020) (internal quotation omitted). The burden is "firmly on the plaintiff" to show that the exception applies. *Sample v. Johnson*, 771 F.2d 1335, 1342 (9th Cir. 1985).

The first element is not met in this case. Most courts that have applied the inherently transitory exception in similar circumstances have determined that the time a child spends in foster care is not too short for a court to rule on class certification. *See, e.g.*, *Jonathan R. v. Justice*, Civ. No. 3:19-cv-00710, 2021 WL 3195020 at *1 (S.D. W. Va. Jul. 28, 2021) (where the complaint alleged that the plaintiffs had been in foster care for a significant period of time, the plaintiffs' claims were not "inherently transitory"); *Sam M. ex rel. v. Chafee*, 800 F. Supp. 2d 363, 373 (D.R.I. 2011) (rejecting the plaintiff's argument that their claims are "inherently transitory . . . given the temporary nature of foster care"); *D.G. ex rel. Stricklin v. Henry*, No. 08-CV-074-GKF-FHM, 2009 WL 1011595, at *2 (N.D. Okla. Apr. 15, 2009) (where the named plaintiff left foster care around eight months after the plaintiffs' claim was filed, and the court was scheduled to hold oral argument on the plaintiffs' motion for class certification around 14 months after claim was filed, the claim was not "so 'inherently transitory' as to give rise to an exception to the mootness doctrine"); *Carson P. ex rel. Foreman v. Heineman*, 240 F.R.D. 456, 511 (D. Neb. 2007) (foster care not inherently transitory where foster children who reached age of majority brought claims); *Robinson v. Leahy*, 73 F.R.D. 109, 114 (N.D. Ill. 1977) (claim of foster child discharged from the state's custody was not inherently transitory even though it was possible that a child's time in state custody may be, in some circumstances, too short for a court to rule on class certification). The Court should reach the same conclusion in this case.

Even if the first element is met, plaintiffs cannot meet their burden on the second element for two reasons: they cannot show that there is a "reasonable expectation" that Wyatt and Noah will suffer repeated harm, nor can they show that "it is certain that other persons similarly situated will have the same complaint." *See Belgau*, 975 F.3d at 949.

First, plaintiffs cannot show that there is a "reasonable expectation" that Wyatt and Noah will suffer the same harms. They ████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████. (Blaesing Decl. Ex. 5 at 1, 34.) Because Wyatt and Noah have achieved a permanent placement with an adoptive family, they are unlikely to reenter foster care again and suffer the same harms.

Second, plaintiffs cannot show that it is "certain" that other children who enter ODHS custody will have the same complaint. Evidence in the record shows that the circumstances of the named plaintiffs in this case, including Wyatt and Noah, are unique and not typical of children generally in Oregon's foster care system. For example, none of the named plaintiffs are representative of foster care children in Oregon with respect to the number of placements experienced, their locations, and the rate of placements in institutional settings. (*See* Ex. 1 to Decl. of Kevin E. Cahill, Ph.D. in Supp. of Defs.' Opp'n to Pls.' Mot. to Certify as Class Action (Dkt. 142) at 26-28.) ████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████ (*See* Ex. 1 to Decl. of Julie Collins, MSW LCSW in Supp. of Defs.' Opp'n to Pls.' Mot. to Certify as Class Action (Dkt. 144) at 4.) Plaintiffs may argue that it is *possible* that other children will have the same complaint, but plaintiffs' burden is to show that it is *certain*. *See Belgau*, 975 F.3d at 949. Without evidence showing that Wyatt and Noah's experiences in the Oregon foster care system are typical, plaintiffs cannot meet that burden.

Because their claims are not "inherently transitory," the Court should dismiss Wyatt and Noah's claims as moot on constitutional grounds.

**Page 8 -    DEFENDANTS' MOTION TO DISMISS ADDITIONAL MOOT CLAIMS**

**III.   Alternatively, this Court should dismiss Wyatt and Noah's claims because the Court can no longer grant them the relief they seek.**

Even if this Court finds that Wyatt and Noah's claims are not constitutionally moot, this Court should dismiss Wyatt and Noah's claims as moot under the prudential mootness doctrine.

"Prudential mootness is a discretionary doctrine that courts employ when a case is not moot under Article III of the U.S. Constitution, but prudence suggests the court should treat the case as moot."[3]  *Coos County*, 2020 WL 1430379 at *2 (internal quotation omitted).  The doctrine is particularly relevant in cases, such as this one, where a plaintiff seeks injunctive relief.  *See, e.g.*, *New Mexico v. Goldschmidt*, 629 F.2d 665, 669 (10th Cir. 1980) (under the prudential mootness doctrine, courts, "as a matter of prudence and sound discretion, should stay their hand and withhold drastic injunctive relief . . . even though there might be, in the technical sense, the power to grant such relief"); *Penthouse Intern.*, 939 F.2d at 1019 (because equitable relief is discretionary, a court should dismiss a claim "[w]here it is so unlikely" that the requested relief "will actually relieve the injury."); *Fletcher v. United States*, 116 F.3d 1315, 1321 (10th Cir. 1997) ("Generally, [the prudential mootness] doctrine has been applied in cases involving requests for prospective equitable relief by declaratory judgment or injunction.").  It is also particularly relevant where a "court can avoid the premature adjudication of constitutional issues."  *Penthouse Intern.*, 939 F.2d at 1020.

---

[3] The prudential mootness doctrine has been applied by many district courts within the Ninth Circuit, including the District of Oregon.  *See, e.g.*, *Institute for Wildlife Protection v. U.S. Fish and Wildlife Serv.*, No. 07-cv-358-PK, 2007 WL 4117978 at *7 (D. Or. Nov. 16, 2007); *American Rivers, Inc. v. NOAA Fisheries*, No. cv-04-0061, 2004 WL 2075032, at *3 (D. Or. Sept. 14, 2004); *Coos County*, 2020 WL 1430379 at *2; *Defenders of Wildlife v. Martin*, 454 F.Supp.2d 1085, 1103-04 (E.D. Wash. 2006); *In re Nelson*, 391 B.R. 437, 443 (B.A.P. 9th Cir. 2008).  The Ninth Circuit has assumed the doctrine exists.  *See Hunt v. Imperial Merchant Servs.*, 560 F.3d 1137, 1142 (9th Cir. 2009).  Moreover, the doctrine has been adopted by the First, Third, Fourth, Sixth, Eighth, Tenth, and D.C. Circuits.  *See, e.g.*, *F.D.I.C. v. Kooyomjian*, 220 F.3d 10, 14-15 (1st Cir. 2000); *Sierra Club v. U.S. Army Corps of Engineers*, 277 Fed. Appx. 170, 172-73 (3d Cir. 2008); *United States v. (Under Seal)*, 757 F.2d 600, 603 (4th Cir. 1985); 281-300 *Joint Venture v. Onion*, 938 F.2d 35, 38 (5th Cir. 1991); *Greenbaum v. U.S. E P.A.*, 370 F.3d 527, 534-35 (6th Cir. 2004); *Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005); *Southern Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997); *Penthouse Intern., Ltd. v. Meese*, 939 F.2d 1011, 1020 (D.C. Cir. 1991).

**Page 9 -   DEFENDANTS' MOTION TO DISMISS ADDITIONAL MOOT CLAIMS**

A court will dismiss a party's claims under the prudential mootness doctrine "[w]here it is uncertain that declaratory relief will benefit the party alleging injury." *Id.* As explained above, Wyatt and Noah can no longer benefit from the relief requested: they have achieved a permanent, adoptive placement, ███████████████████████████. (Blaesing Decl. Ex. 5 at 34; Andresen Decl. ¶¶ 7-9.) Additionally, ███████████ ███████████████████████████████████████████████████████ ██████. (Andresen Decl. ¶ 5; Blaesing Decl. Ex. 5.) Thus, Wyatt and Noah will not benefit from the relief requested by plaintiffs, and this Court need not wait until Wyatt and Noah's adoption becomes final to conclude that their claims are moot.[4] *See Hunt*, 560 F.3d at 1142 (suggesting that "some cases that are anticipatorily moot might permissibly be dismissed under a doctrine of prudential mootness" (internal quotation omitted)). Prudential concerns—including the long-standing principle that important constitutional issues should be adjudicated by parties with concrete stakes in the outcome of the litigation—weigh in favor of dismissal. *Penthouse Intern.*, 939 F.2d at 1020 (prudential mootness is especially important in cases involving important constitutional questions); *Baker v. Carr*, 369 U.S. 186, 204 (explaining "a personal stake in the outcome . . . sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions"). Accordingly, this Court should dismiss Wyatt and Noah's claims.

## CONCLUSION

The claims of Wyatt B. and Noah F. are moot. They cannot serve as class representatives because they no longer have a legally cognizable interest in the prospective relief requested, and their claims are not inherently transitory. Accordingly, the Court is deprived of subject matter jurisdiction over the moot claims, and Rule 12(b)(1) requires dismissal of those claims. Alternatively, even if the Court concludes that Wyatt and Noah still have a legally cognizable

---

[4] When Wyatt and Noah's adoptions become finalized, they will no longer be members of the class they seek to represent, and their claims would be moot for that reason. *See Sosna v. Iowa*, 419 U.S. 393, 403 (1975) ("A litigant must be a member of the class which he or she seeks to represent at the time the class action is certified by the district court.").

**Page 10 - DEFENDANTS' MOTION TO DISMISS ADDITIONAL MOOT CLAIMS**

interest in the requested relief, the Court should dismiss their claims as moot on prudential grounds.

DATED this 16th day of February, 2022.

> ELLEN ROSENBLUM
> ATTORNEY GENERAL
> FOR THE STATE OF OREGON
>
> By:  *s/ Lauren F. Blaesing*
> David B. Markowitz, OSB #742046
> DavidMarkowitz@MarkowitzHerbold.com
> Laura Salerno Owens, OSB #076230
> LauraSalerno@MarkowitzHerbold.com
> Harry B. Wilson, OSB #077214
> HarryWilson@MarkowitzHerbold.com
> Lauren F. Blaesing, OSB #113305
> LaurenBlaesing@MarkowitzHerbold.com
> Telephone: (503) 295-3085
>   *Special Assistant Attorneys General for Defendants*
>
> Vivek A. Kothari, OSB #182089
> VivekKothari@MarkowitzHerbold.com
>   *Of Attorneys for Defendants*
>
> Carla A. Scott, OSB #054725
> carla.a.scott@doj.state.or.us
> Sheila H. Potter, OSB #993485
> sheila.potter@doj.state.or.us
>   *Of Attorneys for Defendants*

1231911