IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


WYATT B. et al.                                          Civ. No. 6:19-cv-00556-AA

                        Plaintiffs,                     **OPINION & ORDER**

            v.

KATE BROWN et al.,

                        Defendants.

_____

AIKEN, District Judge.

    This class action comes before the Court on a Motion to Intervene and to Modify Protective Order and Obtain Discovery.  ECF No. 169.  For the reasons set forth below, the motion is DENIED.

## DISCUSSION

    Putative Intervenor Steven J. Russell, as next friend of Y.G., seeks leave to intervene in this action for the limited purpose of obtaining discovery previously exchanged between the parties in this case.  Intervenor also seeks modification of the protective order in this case to allow him and his attorneys to receive and review discovery previously exchanged between the parties in this action.

    Permissive intervention under Federal Rule of Civil Procedure 24(b) is committed to the broad discretion of the court.  *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977).  Courts may consider various factors such

as the "nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case." *Id.* Permissive intervention may be allowed to permit discovery needed to meet the reasonable needs of other parties in other litigation. *Beckman Indus. Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Here, Intervenor asserts that Y.G. is a member of the certified class and multiple subclasses in this case. In addition, Y.G. is the plaintiff in an ongoing civil action, *Y.G. v. Oregon et al.*, Case No. 3:19-cv-01870-AR, which concerns his placement at an out-of-state facility in Utah while in the care of DHS. *Y.G. v. Oregon* is currently pending before Magistrate Judge Armistead in the Portland Division. Intervenor seeks to discover information disclosed in discovery in this case concerning the Utah facility, Oregon's decision to stop placing children at out-of-state facilities, and any documents related to Y.G. specifically.

The Court notes that discovery is ongoing in *Y.G. v. Oregon*. The information Intervenor seeks in his motion is available to him through ordinary discovery requests in that case. The most recent filings from Intervenor, ECF No. 194, indicate that substantial discovery has already taken place and considerable materials have been produced to Intervenor in the *Y.G.* case. Permissive intervention is not necessary to meet Intervenor's needs under these circumstances and only threatens to complicate this case with matters that are more efficiently resolved by Judge Armistead as part of the *Y.G.* case. The Court therefore DENIES Intervenor's motion.

## CONCLUSION

For the reasons set forth above, Intervenor's Motion to Intervene and to Modify Protective Order and Obtain Discovery, ECF No. 169, is DENIED.

It is so ORDERED and DATED this ____28th____ day of September 2022.

 /s/Ann Aiken
ANN AIKEN
United States District Judge