IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WYATT B. et al. | Civ. No. 6:19-cv-00556-AA |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| KATE BROWN et al., | |
| Defendants. | |

AIKEN, District Judge.

This class action comes before the Court on Defendants' Motion to Certify Order for Interlocutory Appeal, ECF No. 227. For the reasons set forth below, the motion is DENIED.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1291, appellate review is available only after a final judgment has been entered by a district court. However, Congress created a narrow exception to this rule, authorizing district courts to certify an order for interlocutory appeal if: (1) the "order involves a controlling question of law;" (2) there is "substantial ground for difference of opinion;" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981), *aff'd sub nom Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983). The requirements of §

1292(b) are jurisdictional and a district court may not certify an order for interlocutory appeal if all three are not met. *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The party seeking certification bears the burden of showing that the requirements of certification have been met. *Id.*

Congress did not intend district courts to certify interlocutory appeals "merely to provide rulings in hard cases." *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). Rather, certification pursuant to 28 U.S.C. § 1292(b) is reserved for "the most extraordinary situations." *Penk v. Or. State Bd. of Higher Educ.*, 99 F.R.D. 508, 509 (D. Or. 1982). "Even when all three requirements are satisfied, the district court retains unfettered discretion to deny a motion to certify for interlocutory review." *Hunter v. Legacy Health*, Case No. 3:18-cv-02219-AC, 2021 WL 4238991, at *5 (D. Or. April 13, 2021).

## DISCUSSION

Defendants request certification to pursue interlocutory appeal of this Court's Order denying Defendants' motion to dismiss, ECF No. 215. Defendants argue that the Court's ruling concerning the application of abstention principles consistent with *O'Shea v. Littleton*, 414 U.S. 488 (1974) warrant interlocutory appeal.

### I. Controlling Question of Law

A "question of law" is "controlling" under § 1292(b) if resolving it on appeal could materially affect the outcome of litigation in the district court. *In re Cement Antitrust Litig.*, 673 F.2d at 1026. Here, Defendants assert that this case involves a

controlling question of law—namely, whether this Court should abstain from consideration of the claims presented by Plaintiffs based on *O'Shea* principles.

As courts within this District have noted in ruling on motions to certify for interlocutory appeal, "the Ninth Circuit restricts its review to pure questions of law, not mixed questions of law and fact, because pure questions of law are ones that can be decided quickly and cleanly without having to study the record." *Natkin v. Am. Osteopathic Ass'n*, Case No. 3:16-cv-01494-SB, 2017 WL 6949160, at *2 (D. Or. Dec. 13, 2017), *report and recommendation adopted* 2018 WL 454561 (D. Or. Jan. 17, 2018). Plaintiffs contend that the question for interlocutory appeal, as presented by Defendants, implicates a mixed question of law or fact, precluding interlocutory review. However, in *Steering Committee v. United States*, 6 F.3d 572 (9th Cir. 1993), the Ninth Circuit held that "the presence of a pure legal question permits the court to resolve all questions material to the order," and so the exercise of interlocutory appeal was proper when "a pure legal question is identifiable" in the case. *Id.* at 575-76.

Here, such a pure legal question is identifiable in whether *O'Shea* abstention should apply. The Court therefore concludes that Defendants have shown the presence of a controlling question of law.

## II.  Substantial Ground for Difference of Opinion

To determine if a "substantial difference of opinion" exists under § 1292(b), courts must examine to what extent the controlling law is unclear. "Courts traditionally will find a substantial ground for difference of opinion exists where the

circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated question arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633 (internal quotation marks and citation omitted). "[J]ust because counsel contends that one precedent, rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id*. at 633 (internal quotation marks and citation omitted). Additionally, "a party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference," and the mere possibility that "settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id*. (internal quotation marks and citations omitted, alterations normalized).

Here, Defendants assert that there is a division of opinion among circuits about the application of *O'Shea* abstention and that the Ninth Circuit has "inconsistently" analyzed and resolved cases related to the subject. In particular, Defendants assert that there is an inconsistency between the what they characterize as a "bright line rule" adopted by the Ninth Circuit in *Courthouse News Serv. v. Planet*, 750 F.3d 776 (9th Cir. 2014) and the subsequent decision in *Miles v. Wesley*, 801 F.3d 1060 (9th Cir. 2015).

In *Courthouse News Serv.*, the Ninth Circuit harmonized its prior decisions on *O'Shea* abstention and summarized its conclusion as follows:

> . . . *O'Shea* abstention is inappropriate where the requested relief may be achieved without an ongoing intrusion into the state's administration of justice, but is appropriate where the relief sought would require the

federal court to monitor the substance of individual cases on an ongoing basis to administer its judgment.

*Courthouse News Serv.*, 750 F.3d at 790.

In *Miles*, the Ninth Circuit held that "whether *O'Shea* abstention applies is heavily fact-dependent" and that, as a general rule, when "principles of federalism, comity, and institutional competence are implicated, a federal court should be very reluctant to grant relief that would entail heavy federal interference in such sensitive state activities as administration of the judicial system." *Miles*, 801 F.3d at 1063 (internal quotation marks and citation omitted).

The Court notes that *Miles* and *Courthouse News Serv.* are easily harmonized and *Miles* in fact repeatedly cites to *Courthouse News Serv.* with approval. *Miles*, F.3d at 1063-64. The nature of the relief sought, as discussed in *Courthouse News Serv.*, is one of the facts upon which the outcome of the *O'Shea* analysis would be "heavily" dependent, as noted in *Miles*. This includes the potential for future litigation related to potential relief and the nature of that potential future litigation. The Court concludes that the Ninth Circuit has provided clear and consistent guidance on the question of *O'Shea* abstention.

Defendants clearly disagree with the Court's conclusion in denying their motion to dismiss, but that disagreement does not justify the extraordinary step of certifying the Court's decision for interlocutory appeal. *See Couch*, 611 F.3d at 633.

### III.   Material Advancement of the Termination of the Litigation

Resolution of a question materially advances the termination of litigation if it "facilitate[s] disposition of the action by getting a final decision on a controlling legal

issue sooner, rather than later in order to save the courts and the litigants unnecessary trouble and expense." *United States v. Adams Bros. Farming, Inc.*, 369 F. Supp.2d 1180, 1182 (C.D. Cal. 2004) (internal quotation marks and citation omitted). "Where a substantial amount of litigation remains in [the] case, regardless of the correctness of the Court's ruling, arguments that interlocutory appeal would advance the resolution of this litigation are unpersuasive." *Hunter*, 2021 WL 4238991, at *12 (internal quotation marks and citations omitted, alterations normalized).

Because Defendants have failed to meet their burden of establishing substantial grounds for difference of opinion, the Court need not reach the question of whether granting certification would materially advance termination of the litigation. *See Couch*, 611 F.3d at 633 ("Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requitements are met.").

In sum, the Court concludes that certification for interlocutory appeal is not warranted in this case and Defendants' Motion is DENIED.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Certify Order for Interlocutory Appeal, ECF No. 227, is DENIED.

It is so ORDERED and DATED this ___29th___ day of September 2022.

        /s/Ann Aiken
        ANN AIKEN
        United States District Judge