**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Vivek A. Kothari, OSB #182089**
VivekKothari@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for Defendants*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WYATT B. and NOAH F. by their next friend Michelle McAllister; KYLIE R. and ALEC R. by their next friend Kathleen Megill Strek; UNIQUE L. by her next friend Annette Smith; SIMON S. by his next friend Paul Aubry; RUTH T. by her next friend Michelle Bartov; BERNARD C. by his next friend Ksen Murry; NAOMI B. by her next friend Kathleen Megill Strek; and NORMAN N. by his next friend Tracy Gregg, individually and on behalf of all others similarly situated,<br><br>                                          Plaintiffs,<br><br>    v.<br><br>TINA KOTEK, Governor of Oregon in her official capacity; FARIBORZ PAKSERESHT, Director, Oregon Department of Human Services in his official capacity; APRILLE FLINT-GERNER, Director, Child Welfare in her official capacity; and OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>                                          Defendants. | Case No. 6:19-cv-00556-AA<br><br>**MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND PATRICIA RIDEOUT** |

Page 1 –   MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND PATRICIA RIDEOUT

### LR 7-1 CERTIFICATION

As required by Local Rule 7-1, the parties made a good faith effort through personal or telephone conferences to resolve this motion and have been unable to do so.

### MOTION

Pursuant to Federal Rule of Evidence 702, defendants request that the Court exclude the testimony of Dr. Sue Steib and Patricia Rideout.

### INTRODUCTION

The Court should exclude the testimony of Dr. Sue Steib and Patricia Rideout for two reasons. First, Steib's and Rideout's opinions are not the product of reliable principles or methods. They failed to use a standardized case-review instrument, to deploy any established methodology to review the case files, to compare their findings to any other state or any objective standard, and to take sufficient time to review the case files, leading them to miss important documents.

Second, an expert opinion must "fit" the needs of the case. To prevail on their class-action claims, plaintiffs must demonstrate widespread actual injury occurring among Oregon's out-of-home population. But Steib's and Rideout's opinions address only anecdotal findings in the case files for 95 children in foster care, which they admit cannot be extrapolated to Oregon's foster care program as a whole. Steib's and Rideout's opinions thus do not "fit" the claims in this case and should be excluded.

### ARGUMENT

**I.      Legal standard.**

Rule 702 allows qualified experts to present testimony that will "assist the trier of fact" in understanding the evidence or determining a factual issue, but only if "'(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods,

and (3) the witness has applied the principles and methods reliably to the facts of the case.'" *McClellan v. I-Flow Corp.,* 710 F. Supp. 2d 1092, 1098 (D. Or. 2010) (quoting Fed. R. Evid. 702.). Courts act as "gatekeepers" to ensure that an expert's testimony is both "relevant" and "reliable" under Rule 702. *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 597 (1993). Under Ninth Circuit caselaw, proponents of expert testimony must make two showings: (1) reliability and (2) fit.

First, an expert's testimony must have "a reliable basis in the knowledge and experience of the relevant discipline." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (cleaned up). In other words, the Court "must determine nothing less than whether the experts' testimony reflects 'scientific knowledge,' whether their findings are 'derived by the scientific method,' and whether their work product amounts to 'good science.'" *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) ("*Daubert II*") (quoting *Daubert*, 509 U.S. at 590, 593 (1993)).

"'[T]he application of extensive experience' is a 'method' that can reliably support expert testimony." *United States v. Holguin*, 51 F.4th 841, 855 (9th Cir. 2022) (citation omitted). But "experience, standing alone" is not a "sufficient foundation rendering reliable *any* conceivable opinion the expert may express." *United States v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004) (emphasis in original). "The expert must be able to explain how he applied his particular knowledge or experience, using reliable methods applied to particularized facts, to come to his conclusions." *Campagnolo S.r.l. v. Full Speed Ahead, Inc.*, No. 2:08-cv-01372-RSM, 2010 WL 11527323, at *3 (W.D. Wash. May 5, 2010).

Second, the Court must ensure that the proposed testimony is "relevant to the task at hand, i.e., that it logically advances a material aspect of the proposing party's case." *Daubert II*,

Page 3 –   MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND
              PATRICIA RIDEOUT

43 F.3d at 1315 (cleaned up).  The Supreme Court referred to this prong of the analysis as the "fit" requirement.  *Id.*

## II. The Court should exclude the testimony of Dr. Steib and Ms. Rideout.

Dr. Sue Steib's and Patricia Rideout's opinions are not the product of reliable principles or methods and are not an appropriate fit for this class-action case.  Steib and Rideout issued a joint report describing their review of case records of 95 children who were in out-of-home care on June 30, 2022.  (2/2/2024 Amended Expert Opinion of Dr. Sue Steib and Patricia Rideout "S&R Report," attached to Decl. of Harry Wilson ("Wilson Decl.") as Ex. 1)  In their report, Steib and Rideout concluded, in part, that the use of short-term foster care placements and potentially inappropriate trial home visits were "concerning."  (*E.g., Id.* at 24.)  They also concluded that some maltreatment in care occurred during trial home visits, and that some instances of maltreatment indicated a pattern of delayed intervention.  (*Id.*)  But as explained in detail below, both Steib and Rideout admitted that those findings cannot be extrapolated to ODHS's system-wide practices because their sample size is too small to be statistically significant.  They also admitted that they did not rely on any established methodology to reach their conclusions and did not compare Oregon to any other states or other objective standards.

### A. Steib's and Rideout's proposed testimony is the product of reliable principles and methods.

#### 1. Steib and Rideout did not use a reliable methodology.

To meet the first prong of the *Daubert II* test, "experts must explain precisely how they went about reaching their conclusions and point to some objective source—a learned treatise, the policy statement of a professional association, a published article in a reputable scientific journal or the like—to show that they have followed the scientific method, as it is practiced by (at least) a recognized minority of scientists in their field."  *Daubert II*, 43 F.3d at 1319.  It is not enough

Page 4 –   MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND
            PATRICIA RIDEOUT

for experts to offer merely personal opinions about how well a system is operating without any basis in objectives standards or recognized methodologies.

Steib's and Rideout's opinions fail to meet that standard for several reasons. They did not base their case file review on any recognized methodology, did not reliably employ case-review instruments, and did not compare their results to any objective standards. Rideout admitted that she did not compare the 95 Oregon case files to any standards, nor did she compare them to foster care practices in any other jurisdiction. (3/5/2024 Rideout Dep. at 59:9-14, Wilson Decl. Ex. 2.) She also conceded that their review methodology was not "patterned after any particular approach" or based on any methodology identified in the literature in her field. (*Id*. at 53:15-54:2.) In fact, some of Rideout's opinions were based on newspaper articles, not just the 95 case files she was supposed to review. (*Id.* at 83:6-16.) Steib confirmed that she did not compare practices she observed in the case files to any other jurisdiction, and she was unable to identify any source in her field supporting her decision about the number of case files to review. (3/14/2024 Steib Dep. at 52:21-54:7; 268:4-13, Wilson Decl. Ex. 3.)

Even more troubling, Rideout also admitted that although she and her team initially used a case-review instrument to review the files, they abandoned it when they "were running out of time." (Rideout Dep. at 49:6-12.) Steib noted that federal child welfare case file reviews use a case-review instrument, but that she decided not to because "[w]e weren't looking that broadly." (Steib Dep. at 76:2-13.) After abandoning the case review instrument, they did not use any other instrument. (Rideout Dep. at 54:25-55:3.)

Proponents of expert opinion cannot satisfy *Daubert* by offering expert opinions that rely merely on the experts' experience without explaining how the experts applied their experience to come to their conclusions. Fed. R. Civ. P. 702, Advisory Committee Notes, 2000 Amendments

Page 5 –     MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND
             PATRICIA RIDEOUT

("The trial court's gatekeeping function [under *Daubert*] requires more than simply 'taking the expert's word for it.'"). Neither Steib nor Rideout could explain how they came to their conclusion that some features of Oregon's child welfare system were concerning: They could not compare Oregon's outcomes to any other state, they did not use a standardized case-review instrument to review the case files, and they could not demonstrate a methodology used in the literature that showed why or how Oregon was deficient. Without any explanation connecting their experience to their conclusions, the Court cannot take their "word for it." *See Arjangrad v. JPMorgan Chase Bank, N.A.*, No. 3:10-cv-01157-PK, 2012 WL 1890372, at *5 (D. Or. May 23, 2012) (finding purported HR expert's testimony to be unreliable because he "relies on the mere fact of his experience with respect to human resources matters to support this conclusion—in essence, he requests the court to take his word for it. This subjective, conclusory approach cannot reasonably be assessed for reliability and is plainly insufficient under *Daubert*.").

### 2. Due to time constraints, Steib and Rideout did not reliably review the case files.

Steib and Rideout repeatedly conceded that they lacked time to conduct a complete review of case files. Indeed, a strong theme in Rideout's testimony was that she did not have enough time to conduct this review how she would have liked. Because of those time constraints, for instance, they could not read all the case notes. (Rideout Dep. at 43:4-25; 46:17-47:10.) Case file reviewers were also not expected to read the files in their entirety, but instead the team skimmed the assessments and case notes. (Steib Dep. at 93:22-94:10.) Steib confirmed that the documents were extremely voluminous, and it was difficult to meet deadlines. (*Id.* at 68:6-15; 126:4-10.) This partial review led Steib and Rideout to miss important information. For example, in their report purporting to rebut defendants' expert Stacey Moss, Steib and Rideout asserted that "the case files in our sample did not include" Office of Training,

Page 6 –   MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND
           PATRICIA RIDEOUT

Investigations, and Safety ("OTIS") documentation. (3/1/2024 Steib and Rideout Rebuttal Report at 3, Wilson Decl. Ex. 5.) But the case files *did* include OTIS documentation. When confronted with an example of such documentation in deposition, Steib was unable to explain why she and her team failed to locate it. (Steib Dep. at 112:5-117:22.)

Steib and Rideout did not adequately explain why they lacked time to conduct a more reliable review of case files. Steib said that she did not receive many files until "late in the process," by which she meant November and December of 2023. (*Id.* at 118:10-119:24.) But that explanation does not fit the timeline: the State's team completed substantial production on October 16, 2023, several weeks before Steib claimed that she received the files. (10/16/2023 Nolan email to plaintiffs' counsel, Wilson Decl. Ex. 4.) Steib and Rideout thus did not reliably review the case files: they only partially reviewed the files and missed important documentation.

**B.    Expert testimony is inadmissible when the testimony does not fit the claims of the offering party.**

**1.    For an opinion to "fit" this case, it must demonstrate widespread actual injury.**

In elucidating the "fit" requirement, the Supreme Court stressed the importance of connection between the testimony and an issue in the case: "Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Daubert,* 509 U.S. at 591-92. Further, "fit" is "not always obvious, and scientific validity for one purpose is not necessarily validity for other, unrelated purposes." *United States v. Webb*, 115 F.3d 711, 717 (9th Cir. 1997). Rather than asking "what do you know?", the fitness inquiry asks "how does it help?" *Id*. Thus, even if the proponents of an expert's testimony meet their burden of establishing that the testimony qualifies as scientific knowledge, "the court must still exclude the evidence if it does not 'fit' the matters at issue in the case." *Hall v. Baxter Healthcare Corp.*, 947 F. Supp. 1387, 1397 (D. Or. 1996).

Page 7 –    MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND PATRICIA RIDEOUT

In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the United States Supreme Court explained that to establish liability in a class-action seeking systemic relief plaintiffs must show "widespread actual injury." In *Lewis*, because the district court had failed to identify "anything more than isolated instances of actual injury," the record was insufficient to support a finding of a systemic violation. *Id.* at 349. Here, Steib's and Rideout's opinions fail for the same reason. They do not help the Court determine whether there is widespread actual injury in Oregon's child welfare system.

### 2. Steib's and Rideout's opinions do not fit the claims of the case.

Steib and Rideout reviewed just 95 case files, approximately 2% of Oregon's population of children in out-of-home care. But by their own admissions, Steib's and Rideout's opinions do not—and *cannot*—offer the Court any information about the Oregon Child Welfare system as a whole. Their report contains a critical disclaimer that it is "not statistically representative of all children in out-of-home care in Oregon, as such a review would have been impractical from the standpoint of time and resources." (S&R Report at 8.) They expanded on this deficiency in deposition. Steib testified that she and Rideout "weren't attempting to make inferences – statistical inferences about the population." (Steib Dep. at 25:8-11;169:20-171:2; and Rideout Dep. at 12:20-24; 67:20-68:7 ("I'm real sensitive to the challenge of trying to extrapolate from a small sample . . . it's entirely natural to be skeptical of small samples . . . . I can't have total confidence from a tiny sample.").) Rideout stressed that she would never write an article about the Child Welfare Agency's performance as a whole "without a data guru at my side." (Rideout Dep. at 69:22-70:17.) Steib confirmed that she was not "trying to make an overall conclusion about the prevalence of certain things happening in the Oregon system." (Steib Dep. at 25:20-26:1.)

Page 8 –   MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND
            PATRICIA RIDEOUT

Rideout further acknowledged that the scope of her opinion was limited. She was asked whether she was trying to "form an opinion about the Oregon Child Welfare Agency as a whole" or whether they were forming opinions "just about [the Agency's] practice with respect to these 95 case files." (Rideout Dep. at 12:20-22.) This question directly implicates *Daubert*'s "fit" requirement. Only the Agency's system-wide practices as a whole are at issue here. Yet Rideout confirmed that she and Steib were not offering opinions about the Agency's system-wide practices by answering: "definitely the more limited, the second way you distinguished it, yeah," meaning, their opinions are relevant only to the 95 children whose files they reviewed.

Steib's and Rideout's testimony regarding any alleged shortcomings in Oregon's child welfare system cannot, according to their own testimony, be used to "make an overall conclusion about the prevalence of certain things happening in the Oregon system." Thus, their opinions cannot help the court determine whether widespread actual injury in occurring in the Oregon child welfare system and should be excluded.

## CONCLUSION

For the reasons stated above, the Court should exclude the testimony of Dr. Sue Steib and Patricia Rideout.

DATED: April 9, 2024

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

*/s/ Harry B. Wilson*
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Vivek A. Kothari, OSB #182089
VivekKothari@MarkowitzHerbold.com
*Special Assistant Attorneys General for Defendants*

Adele J. Ridenour, OSB #061556
AdeleRidenour@MarkowitzHerbold.com
*Of Attorneys for Defendants*

Carla A. Scott, OSB #054725
carla.a.scott@doj.state.or.us
Sheila H. Potter, OSB #993485
sheila.potter@doj.state.or.us
*Of Attorneys for Defendants*

2126006

**Page 10 –    MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND PATRICIA RIDEOUT**