IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

WYATT B. et al.

                Plaintiffs,

   v.

TINA KOTEK et al.,

                Defendants.

Civ. No. 6:19-cv-00556-AA

**OPINION & ORDER**

AIKEN, District Judge.

    This class action comes before the Court on Defendants' Motion for Protective Order and Motion to Quash, ECF No. 340. For the reasons set forth below, the Motion for Protective Order is GRANTED in part and DENIED in part and the Motion to Quash is GRANTED.

**LEGAL STANDARD**

    Under Federal Rule of Civil Procedure 26(c), a party may move for a protective order and the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The court may issue an order limiting discovery, including "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). District courts possess "extensive control" over the discovery process and "a court may be as inventive as the

necessities of a particular case require in order to achieve the benign purposes of the rule." *United States v. Columbia Broadcasting Sys., Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982) (internal quotation marks and citation omitted).

In addition, courts may quash or modify subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).

## DISCUSSION

The current dispute arises out of a report prepared by Stacey Moss, an expert for Defendants, working for an organization called Public Knowledge, LLC. The Moss Report was disclosed to Plaintiffs in December 2023 and was subsequently provided to members of the Oregon legislature.[1] On February 23, 2024, Plaintiffs served Defendants with a Request for Production seeking:

(1) Request No. 1: All documents and communications between and among Public Knowledge LLC directors, officers, and/or employees relating to the development, foundation, and/or bases of the opinions and/or findings in "Oregon Child Welfare Review Assessment Findings Report" and/or "Oregon Child Welfare Review Draft Assessment Findings Report," dated December 15, 2023.

---

[1] Although discussions between the parties prior to the filing of this Motion appear to have contemplated that Plaintiffs would be asserting waiver of privilege with respect to all documents connected to the Moss Report, Plaintiffs have receded from that position in their briefing to the Court. In any event, the Court concludes that there was no waiver of privileges or protections attaching the materials sought by Plaintiffs' discovery requests based on the disclosure of the final Moss Report.

(2) Request No. 2: All documents and communications between Public Knowledge LLC and any non-attorney agents, employees, and/or officers of Defendant ODHS relating to the development, foundation, or bases of opinions set forth in "Oregon Child Welfare Review Assessment Findings Report" and/or "Oregon Child Welfare Review Draft Assessment Findings Report," dated December 15, 2023.

(3) Request No. 3: All documents and communications between Defendant ODHS agents, directors, employees, and/or officers relating to issuance of any media announcement, press releases, publications and/or dissemination of "Oregon Child Welfare Review Assessment Findings Report" and/or "Oregon Child Welfare Review Draft Assessment Findings Report," dated December 15, 2023.

(4) Request No. 4: All documents and communications relating to Oregon Department of Justice's ("ODOJ") involvement and/or Markowitz Herbold PC's involvement in the development, foundation, or bases of opinions set forth in "Oregon Child Welfare Review Assessment Findings Report" and/or "Oregon Child Welfare Review Draft Assessment Findings Report," dated December 15, 2023.

(5) Request No. 5: All documents and communications between and/or among Public Knowledge LLC, the ODOJ, and/or Markowitz Herbold relating to ODOJ's involvement and or Markowitz Herbold's involvement in Defendant ODHS's issuance of media announcements, press releases, publication and/or dissemination of "Oregon Child Welfare Review Assessment Findings Report"

and/or "Oregon Child Welfare Review Draft Assessment Findings Report," dated December 15, 2023.

Blaesing Decl. Ex. 10. ECF No. 341.

On March 1, 2024, Plaintiffs issued a Notice of Video Taped Deposition Duces Tecum to Moss, directing Moss to appear for a deposition on March 18, 2024, with substantially the same material sought by the Requests for Production. Blaesing Decl. Ex. 11.

On March 11, 2024, Defendants provided their response and objections to Plaintiffs' RFP. Blaesing Decl. Ex. 13. *Inter alia*, Defendants asserted privilege as to the internal communications between Moss and her assistants, citing *In re Application of Republic of Ecuador*, 280 F.R.D. 506, 514 (N.D. Cal. 2012) ("*In re Ecuador*,").

In the present motion, Defendants seek a protective order preventing disclosure of the materials sought in Plaintiff's requests for production, on the bases of work product and privilege, and seek to quash the subpoena of Moss, which seeks substantially the same material.

### I. Motion for Protective Order

Under Rule 26, a party may discover from another party any non-privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). Rule 26 also provides specific protections for material related to experts covering draft reports, Fed. R. Civ. P. 26(b)(4)(B), and for communications between the expert and a party attorney, Fed. R. Civ. P.26(b)(4)(C), unless a defined exception applies. The three

exceptions for attorney-expert communications are communications that (1) relate to compensation for the expert's study or testimony; (2) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (3) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Fed. R. Civ. P. 26(b)(4)(C)(i)-(iii). Defendants have represented to the Court that they have produced all material falling within one of the designated exceptions and the Court accepts that representation.

### A. Internal Communications

Plaintiffs' RFP No. 1 seeks "communications between and among Public Knowledge LLC directors, officers, and/or employees" relating to the development of the Moss Report. In essence, this request seeks internal communications between Moss and her assistants about the Moss Report.

The court in *In re Ecuador* considered a similar situation, in which a party sought to compel production of the internal communications between a reporting expert witness and that expert's assistants. The court held that "the term 'expert' includes assistants of the expert witness." *In re Ecuador*, 280 F.R.D. at 512 n.3. In addition, the 2010 Advisory Committee Notes for Rule 26(b)(4)(C), the Advisory Committee offered that "[p]rotected 'communications' include those between the party's attorney and assistants of the expert witness." Fed. R. Civ. P. 26(b)(4) (2010 Advisory Committee Notes). "Because the term 'expert' includes assistants of the expert, such internal communications," as well as communications between the

attorney and expert's assistants, "are protected work product." *In re Ecuador*, 280 F.R.D. at 514. The Court concurs and so declines to order production of the internal communications between Moss and her assistants, as those communications are protected work product.

With respect to the production of documents, Defendants represent that they have produced all relevant non-privileged documents and communications regarding the Moss Report as of February 2024. The Court accepts that representation.

### B. Attorney-Expert Communications

Plaintiffs' Request No. 4 seeks "[a]ll documents and communications relating to Oregon Department of Justice's ("ODOJ") involvement and/or Markowitz Herbold PC's involvement in the development, foundation, or bases of opinions" set out in the Moss Report. On its face, this request appears to seek communications between Defendants' counsel and their expert, Moss. Such communications are protected from disclosure unless they fall within one of the specific exceptions laid out in Rule 26(b)(4)(C)(i)-(iii). Defendants represent that they have already provided Plaintiffs with all responsive material that falls within those exceptions.

The Court concludes that Defendants need not provide additional material in response to Plaintiffs' Request No. 4 unless that material falls within one of the enumerated exceptions in Rule 26(b)(4)(C)(i)-(iii). All other communications between Defendants' counsel and Moss or her assistants are protected from disclosure.

## C. Communications Between Moss and Non-Attorney Employees of DHS

Plaintiffs' Request for Production No. 2 seeks "documents and communications between Public Knowledge LLC and any non-attorney agents, employees, and/or officers of Defendant ODHS relating to the development, foundation, or bases of opinions" set out in the Moss Report. Once again, *In re Ecuador* provides an instructive example. In that case, the court was presented with a motion to compel seeking production of communications between a party's expert witness and non-attorney employees and agents of the party who retained the expert. 280 F.R.D. 514-16. The Court found that "work product protection is limited to communications between an expert witness required to provide an expert report under Rule 26(a)(2)(B) and the attorney for the party on whose behalf the witness will be testifying." *Id.* at 515 (internal quotation marks and citation omitted). As a result, communications between the expert and non-attorney employees of the party "are not work product and simply labeling them 'work product' or 'attorney-client privilege' does not suffice," nor does "copying an attorney on a communication automatically render it work product." *Id.*

The Court concludes that communications between Moss, or Moss's assistants, and non-attorney employees of DHS are not protected work product. However, they may still be exempted from disclosure if they are genuine attorney-client or attorney-expert communications or if the materials exchanged constitute drafts of the Moss

Report. *See* Rule 26(b)(4)(B) (exempting drafts "regardless of the form in which the draft is recorded" from disclosure).

If Defendants intend to assert attorney-client privilege for any of those communications, or intend to assert that the material exchanged constituted a draft report, they should produce a privilege log to support their claim of privilege. Otherwise, Defendants are to produce any material responsive to Plaintiffs' Request for Production No. 2.

### D. Irrelevant Materials

In Requests for Production Nos. 3 and 5, Plaintiffs seeks material related to "media announcements, press releases, publication and/or dissemination" of the Moss Report. Without needing to reach any question of privilege or protection,[2] the Court concludes that such material is not relevant to any claim or defense presented by either party. As such, it falls beyond the scope of permissible discovery. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged material that is *relevant to any party's claim or defense* . . ." (emphasis added).

The details of either party's media or public relations strategy will not assist this Court in resolving the issues before it and Plaintiffs' request for those materials is, frankly, a waste of time for all concerned. Defendants need not provide any material responsive to Plaintiffs' Requests Nos. 3 and 5.

---

[2] The Court notes that Plaintiffs' Request for Production No. 5 appears to seek material that would plainly be covered by attorney-client privilege.

## II. Motion to Quash

Finally, Defendants move to quash the subpoena of Moss seeking essentially the same material as the Requests for Production. "[D]iscovery against a party's expert must proceed under rule 26, and not under rule 45." *Sines v. Darling Ingredients, Inc.*, No. MC 21-0026 JB, 2022 WL 1554824, at *18 (D.N.M. May 17, 2022). The Court's rulings on the request for a protective order have substantively disposed of these issues, in that the Court has either found the material sought to be exempt from disclosure or, in the case of Request for Production No. 2, that Defendants must produce a privilege log for any claim of privilege or protection from disclosure. The Court therefore GRANTS Defendants' Motion and the subpoena of Moss is quashed.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for a Protective Order, ECF No. 340, is GRANTED in part and DENIED in part. Defendants are not required to produce any additional materials responsive to Plaintiffs' Requests for Production Nos. 1, 3, 4, and 5. If Defendants are in possession of material responsive to Plaintiff's Request for Production No. 2, they are to either produce it or else provide a privilege log setting forth the reason the material sought is covered by some privilege or protection. Defendants' Motion to Quash is GRANTED.

It is so ORDERED and DATED this ___11th___ day of April 2024.

/s/Ann Aiken
ANN AIKEN
United States District Judge