Steven Rizzo, OSB 840853
Mary D. Skjelset, OSB 075840
Rizzo Bosworth Eraut, PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelset@rizzopc.com

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WYATT B. and NOAH F. by their next friend Michelle McAllister; KYLIE R. and ALEC R. by their next friend Kathleen Megill Strek; UNIQUE L. by her next friend Annette Smith; SIMON S. by his next friend Paul Aubry; RUTH T. by her next friend Michelle Bartov; BERNARD C. by his next friend Ksen Murry; NAOMI B. by her next friend Kathleen Megill Strek; and NORMAN N. by his next friend Tracy Gregg, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>TINA KOTEK, Governor of Oregon in her official capacity; FARIBORZ PAKSERESHT, Director, Oregon Department of Human Services in his official capacity; APRILLE FLINT-GERNER, Director, Child Welfare in her official capacity; and OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>        Defendants. | CASE NO. 6:19-cv-00556-AA<br><br>DECLARATION OF MARY SKJELSET IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE APRIL 18, 2024 ORDER [ECF 379] |

1 – DECLARATION OF MARY SKJELSET IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION



I, Ms. Mary Skjelset, declare as follows:

1. On behalf of Plaintiffs in the above-captioned matter, I make this Declaration in support of Plaintiffs' Motion for Reconsideration of the April 18, 2024 Order [ECF 379].

2. Attached as Exhibit 1 is a true and accurate copy of the [Proposed] Second Amended Protective Order, as revised.

3. Attached as Exhibit 2 is a true and accurate copy of correspondence between parties between April 10, 2024 and April 20, 2024.

4. Attached as Exhibit 3 are true and accurate copies of relevant pages from the transcript of the April 19, 2024 status conference held before the Honorable Ann L. Aiken.

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED: April 20, 2024

                                        RIZZO BOSWORTH ERAUT PC

                                        By: */s/ Mary Skjelset*_____

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WYATT B. and NOAH F. by their next friend Michelle McAllister; KYLIE R. and ALEC R. by their next friend Kathleen Megill Strek; UNIQUE L. by her next friend Annette Smith; SIMON S. by his next friend Paul Aubry; RUTH T. by her next friend Michelle Bartov; BERNARD C. by his next friend Ksen Murry; NAOMI B. by her next friend Kathleen Megill Strek; and NORMAN N. by his next friend Tracy Gregg, individually and on behalf of all others similarly situated, | No. 6:19-cv-00556-AA<br><br>**[PROPOSED] SECOND AMENDED PROTECTIVE ORDER** |
| Plaintiffs, | |
| v. | |
| TINA KOTEK, Governor of Oregon in her official capacity; FARIBORZ PAKSERESHT, Director, Oregon Department of Human Services in his official capacity; APRILLE FLINT-GERNER, Director, Child Welfare in her official capacity, and OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Defendants. | |

To reconcile the litigation needs of the parties with the requirements of law about the confidentiality of documents and information that are or may be relevant, the Court, after consultation with the parties and pursuant to Federal Rule of Civil Procedure 26, finds:

This action concerns children and youth in Oregon's foster care system. The parties will be requesting, exchanging, and possibly filing documents and information that at least one party considers to be confidential information subject to protection under Federal Rule of Civil Procedure 26(c) as well as Oregon and federal statutes.

**Page 1 -  [PROPOSED] SECOND AMENDED PROTECTIVE ORDER**

Exhibit 1
Page 1 of 13

Documents and information exchanged in discovery, and that may be filed in this case, including interrogatory responses, responses to requests for information, deposition testimony, documents, and tangible information may be highly sensitive, private, confidential, or privileged. Such information, if released, would result in embarrassment, invasion of privacy, and other harm to the parties as well as non-parties. Discoverable information will likely include protected information, including protected health information ("PHI") as described in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and its implementing regulations, 45 C.F.R. 164.512, drug and alcohol treatment information, and information concerning the physical and mental condition and treatment of plaintiffs, health and other public benefits they receive, and other records associated with the administration of Oregon Department of Human Services ("DHS") programs as they pertain to plaintiffs. The disclosure of such protected information is limited by state and federal law, including but not limited to:

- ORS Chapter 409 including ORS 409.225 relating to DHS Child Welfare records;

- ORS Chapters 418 relating to DHS child welfare services including ORS 418.642 relating to information about foster homes;

- ORS Chapter 419A including 419A.255 relating to juvenile court records;

- ORS Chapter 419B relating to DHS child welfare services including ORS 419B.035 relating to child abuse reports;

- Oregon Administrative Rules Chapter 413 related to Child Welfare Programs including OAR 413-010-0035 related to client rights and prohibited disclosures;

- 42 USC 1396a and 42 CFR 431.300 et seq., ORS 411.320, ORS 411.990 (records related to the administration of public assistance programs);

- 7 USC § 2020(e)(8) and 7 CFR § 272.1(c) (food stamps);

**Page 2 -  [PROPOSED] SECOND AMENDED PROTECTIVE ORDER**

Exhibit 1
Page 2 of 13

- 42 USC § 602(a)(1)(A)(iv), 45 CFR § 205.50(a)(1)(i)(A)-(G), and ORS 412.074 (Temporary Assistance for Needy Families Program);

- ORS 411.117(2) and OAR 461-105-0130 (Temporary Assistance for Domestic Violence Survivors program);

- ORS 179.505 (records associated with rendition of health care services); ORS 192.553-192.571;

- ORS 410.150 and ORS 411-005-0035(1) (Seniors and People with Disabilities program);

- 42 USC 290dd-2, 42 CFR Part 2, ORS 430.399, and OAR 413-010-0035 (drug and alcohol treatment records); and

- HIPAA codified at 42 USC §§ 1320d-2, 1320d-4, and the corresponding Privacy Rule found in 45 CFR Part 164, particularly at 45 CFR 164.512.

Information subject to discovery may also include information that is subject to attorney-client privilege or other statutory or common law privileges, pursuant to Federal Rules of Evidence ("FRE") 501 and 502.

The parties do not intend to designate the following information and documents as either "Confidential" or "Attorneys' Eyes Only": de-identified aggregate data, internal DHS communications that do not contain individually identifiable information, and non-privileged policy documents and drafts of such documents.

~~The parties have outstanding disputes on issues relating to the designation and filing of "Confidential" and "Attorneys' Eyes Only" information and agree to jointly submit the disputed issues to the Court for further decision as soon as possible. The parties are stipulating to the entry of this Protective Order prior to resolution by the Court of the disputed issues for the purpose of facilitating the immediate production of certain documents. Entry of this Stipulated Protective~~

**Page 3 -   [PROPOSED] SECOND AMENDED PROTECTIVE ORDER**

Exhibit 1
Page 3 of 13

~~Order is contingent upon no prejudice to either party's positions on the disputed issues. This Stipulated Protective Order shall remain in full force and effect unless and until amended by Court order resolving the disputed issues.~~

Based on the ~~stipulation~~ <mark>arguments</mark> of the parties and applicable case law governing the entry of protective orders, the Court finds good cause for entry of this ~~Stipulated~~ <mark>Second Amended</mark> Protective Order ("Protective Order") to protect against disclosure of such documents and information to individuals not authorized to receive the documents or information.

**IT IS HEREBY ORDERED** as follows:

1.      The parties are authorized to disclose protected information to each other and in the course of this proceeding to the extent necessary through documents, testimony, and other materials.  To the extent that the documents, testimony, and other materials may contain PHI, drug and alcohol treatment information, information concerning the physical and mental condition and treatment of plaintiffs, health benefits, other public benefits they receive, and other records associated with administration of DHS programs as they pertain to plaintiffs, good cause exists to disclose the information.   The parties are authorized to disclose the protected information, including confidential reporter information, to the extent essential to fulfill the objective of this Protective Order.

a. Witnesses and potential witnesses are also authorized to disclose protected information to the parties and the Court in the course of this proceeding to the extent necessary through documents, testimony, and other materials. To the extent that the documents, testimony, and other materials may contain the following categories of information about plaintiffs and their parents, siblings, relatives, resource (foster) parents, or adoptive parents:   PHI, drug and alcohol treatment information, juvenile court information, information concerning their physical and mental

condition and treatment, health benefits, other public benefits they receive, and other records associated with administration of DHS programs pertaining to them, good cause exists to disclose the information.

i. For any drug and alcohol treatment information about plaintiffs and their parents, siblings, relatives, resource (foster) parents, or adoptive parents, other ways of obtaining the information are not available or would not be effective and the public's interest and need for disclosure in the course of this proceeding outweighs the potential injury to the patient, any physician-patient relationship, and any ongoing treatment services.

ii. For any juvenile court records or information, this Court orders the use and disclosure of those records and information otherwise protected by ORS 419A.255(1)-(3) only to the extent essential to the needs of the case. ~~For any juvenile court records or information, this court orders the use and disclosure of those records and information pursuant to ORS 419A.255(3).~~

iii. The witnesses and potential witnesses are authorized to disclose the protected information only to the extent essential to fulfill the objective of this Protective Order.

b. The parties may use information derived from sources labeled "Confidential" or "Attorneys' Eyes Only" in public filings and testimony with the use of pseudonyms and redactions consistent with this Order and the Court's September 12, 2019 Order and Opinion (ECF 49).

2.      Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order including all information derived therefrom shall be restricted to the litigation of this case and shall not be used by any party for any business, commercial, competitive, or other purpose, with the exception of information pertaining to maltreatment of an individual Plaintiff (class-member) in the care of the Defendants, which may

**Page 5 -  [PROPOSED] SECOND AMENDED PROTECTIVE ORDER**

Exhibit 1
Page 5 of 13

be used by the appointed juvenile court attorney and Court Appointed Special Advocate ("CASA") for the individual Plaintiff, and any Juvenile Court having wardship over a Plaintiff to effectuate their statutory and ethical obligations to the individual Plaintiff. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation, nor any use by the Department of Justice ("DOJ") in carrying out its law enforcement or other statutorily imposed duties. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3.     The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards set forth above. As used herein, "designating party" shall refer to the party or third party designating any document, testimony, or other materials as "Confidential" or "Attorneys' Eyes Only" under this Protective Order. For documents produced in hard copy or paginated images, the party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," unless impractical to do so. For documents produced in electronic form, the producing party shall designate the entire document with an appropriate metadata field.

4.     If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

**Page 6 -   [PROPOSED] SECOND AMENDED PROTECTIVE ORDER**

Exhibit 1
Page 6 of 13

> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.
>
> *or*
>
> ATTORNEYS' EYES ONLY
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this Protective Order in submitting the documents that it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file the document under seal. Before seeking to maintain the protection of documents filed with the court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5.     Within thirty days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6.     "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the court or included in whole or in part in pleadings, motions, briefs, etc. filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in

**Page 7 - [PROPOSED] SECOND AMENDED PROTECTIVE ORDER**

Exhibit 1
Page 7 of 13

paragraph 4 above.  Such sealed portion(s) of pleadings, motions, briefs, documents, etc. shall be

opened only by the Court or by personnel authorized to do so by the Court.

7.      Use of any information, documents, or portions of documents marked

"Confidential" shall be restricted solely to the following persons, who agree to be bound by the

terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by

the Court:

      a.      Counsel of record for the parties (including Special Assistant
Attorneys General, partners, and associates employed by counsel of record's firms),
and the administrative staff of counsel of record's firms.

      b.      In-house counsel for the parties, and the administrative staff for each
in-house counsel.

      c.      Any party to this action who is an individual, including, for
Plaintiffs, their ~~next friend,~~ juvenile dependency attorney, appointed CASA and the
juvenile court judge having wardship, to the extent that they are ~~the next friend~~
legally authorized on the party's behalf to access confidential information, and
every employee, director, officer, or manager of any party to this action who is not
an individual, but only to the extent necessary to further the interest of the parties
in this litigation.

      d.      Independent consultants or expert witnesses (including partners,
associates, and employees of the firm that employs such consultant or expert)
retained by a party or its attorneys for purposes of this litigation, but only to the
extent necessary to further the interest of the parties in this litigation.

      e.      The Court and its personnel, including, but not limited to,
stenographic reporters regularly employed by the Court and stenographic reporters
not regularly employed by the Court who are engaged by the Court or the parties
during the litigation of this action.

      f.      The authors and the original recipients of the documents.

      g.      Any court reporter or videographer reporting a deposition.

      h.      Employees of copy services, litigation technology and service
providers, trial support firms, and translators who are engaged by the parties during
the litigation of this action.

8.      Use of any information, documents, or portions of documents marked "Attorneys'

Eyes Only" shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(f),

7(g) and 7(h), unless additional persons are stipulated by counsel or authorized by the Court.

**Page 8 -   [PROPOSED] SECOND AMENDED PROTECTIVE ORDER**

Exhibit 1
Page 8 of 13

Plaintiffs' ~~next friends who are attorneys~~ <mark>juvenile dependency attorneys, CASAs and juvenile court judges having wardship</mark> may only access and view documents and information designated "Attorneys' Eyes Only" that pertain to the plaintiff for which <mark>they are</mark> appointed or have warship, or for whom <mark>were appointed or had wardship at the time the document was prepared. Plaintiffs may show but not transmit to juvenile dependency attorneys, CASAs and juvenile court judges having wardship of Plaintiffs screening reports, child abuse assessments and investigative materials relating to allegations of abuse to that Plaintiff in foster care in order to develop testimony for trial.</mark> ~~The parties agree that whether the next friends shall have access to the case records of other class members, if a class is certified, shall be subject to further negotiation.~~

9.      Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 7(c) or 7(d) (except if that person is the producer or original recipient of the document or the designating party) shall agree to be bound by the terms of this Protective Order by signing the agreement attached as Exhibit A.

10.      Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pretrial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing, or pretrial proceeding.

11.      Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order.  If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party.  As part of that conferral, the

**Page 9 -  [PROPOSED] SECOND AMENDED PROTECTIVE ORDER**

Exhibit 1
Page 9 of 13

designating party must assess whether redaction is a viable alternative to complete nondisclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute.  Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed.  A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12.    The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only."  The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party.  Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13.    Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential.  Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective

**Page 10 - [PROPOSED] SECOND AMENDED PROTECTIVE ORDER**

Exhibit 1
Page 10 of 13

Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

14.    Upon the request of the producing party or third party, within thirty days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" or "Attorneys' Eyes Only," as applicable, to respective counsel, or counsel may certify in writing that all copies of confidential information in the possession of the receiving party have been destroyed. In addition to whatever other obligations DOJ may have in regard to record keeping, DOJ shall maintain an entire set of the case's confidential documents in a confidential and identifiable fashion for at least 10 years after the termination of the case.

15.    This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information.

16.    Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17.    Nothing in this Protective Order shall be construed to change or restrict the obligations of defendants (Oregon Governor Tina Kotek, in her official capacity, DHS, the Director of DHS, Fairborz Pakseresht, and the Director of Child Welfare) and the DOJ to respond to public records requests pursuant to ORS chapter 192. The restrictions on disclosure and use of

**Page 11 - [PROPOSED] SECOND AMENDED PROTECTIVE ORDER**

Exhibit 1
Page 11 of 13

confidential information shall survive the conclusion of this action, and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

18.     It is agreed that if either party discloses privileged information or protected trial preparation materials, the parties understand that there will be no waiver of privilege or protection. A party may assert the privilege or protection at any time in the litigation.  After being notified of the privilege or protection, the other party (a) must promptly return the specified information and any copies in its possession, custody, or control, (b) must make reasonable efforts to retrieve and to prevent disclosure of the information, if the party disclosed it before being notified, and (c) may not further use or disclose the information.  A party opposing the claim of privilege or protection must promptly present the information to the Court under seal for a determination of the claim. Pursuant to FRE 502(d), absent an expressed agreement to waive, the presumption will be in favor of privilege or protection.

The Court has reviewed the reasons offered in support of entry of this Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Protective Order in this action.


**IT IS SO ORDERED:**

DATED: _____



_____
HONORABLE ANN AIKEN
U. S. District Court Judge



**Page 12 - [PROPOSED] SECOND AMENDED PROTECTIVE ORDER**

Exhibit 1
Page 12 of 13

**EXHIBIT A**

I, _____, have been advised by counsel of record for

_____in *Wyatt B., et al. v. Tina Kotek, et al.,* U.S. Dist. Ct. Or. Case No.

6:19-cv-00556-AA of the Protective Order governing the delivery, publication, and disclosure of

confidential documents and information produced in this litigation.  I have read a copy of the

Protective Order and agree to abide by its terms.


_____
Signed


_____
Printed

882814
2110276.1

**Page 13 - [PROPOSED] SECOND AMENDED PROTECTIVE ORDER**

Exhibit 1
Page 13 of 13

| | |
|---|---|
| **From:** | Mary Skjelset |
| **To:** | Harry Wilson; Lauren Blaesing |
| **Cc:** | Steven Rizzo; "Andy McStay"; "billminer@dwt.com"; "Emily Cooper"; "tstenson_drorerogn.org"; "Marcia Lowry"; "Anastasia Benedetto"; "Lindsay Gus"; "Adele J. Ridenour"; "David Markowitz"; "Laura Salerno Owens"; "carla.a.scott@doj.state.or.us"; "sheila.potter@doj.state.or.us"; "elleanor.chin@doj.state.or.us"; Cheridan Carr; Shelley Maddox; "Vivek Kothari" |
| **Subject:** | RE: Wyatt B., et al v. Tina Kotek, et al., Case No. 6:19-cv-00556-AA |
| **Date:** | Saturday, April 20, 2024 3:58:28 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | Revised Second Amended Protective Order 4.20.2024.pdf |

Hi Harry et al,

It appears that you did not read the transcript from Friday's hearing, but the court *wants* to hear evidence regarding the extent to which information and documents pertaining to maltreatment in foster care has been withheld from child advocates. This evidence is relevant to the claims currently alleged.

We could have worked together to fashion a remedy that allowed the Court to hear this evidence: The defendants could have simply stipulated to allowing the juvenile attorneys, CASAs and juvenile courts to see information relating to the ward's maltreatment in foster care and offer related testimony. *See* APO Sec. 8 ("Use of any information, documents, or portions of documents marked 'Attorneys' Eyes Only' shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(f), 7(g) and 7(h), *unless additional persons are stipulated by counsel* or authorized by the Court…").

Instead, the defendants dug in, leaning on an order the Court already signaled it was ready to reconsider. Meanwhile, the protective order as drafted literally would allow "every employee, director, officer, or manager of [ODHS]" to see these records upon signing of an acknowledgment form. *See* APO Para 7(c), 9. That is fundamentally unfair.

With regard to your recitations to the juvenile court's purview, it seems that we are talking past each other. Plaintiffs are not discussing materials produced in discovery in the juvenile dependency proceedings. If we were, we could readily have conversations with juvenile dependency counsel, CASAs and the judges about those, because they would have been an *original recipient* of the information and would be subject to Para 7(f) of the APO.

But the materials that Plaintiffs seek to show the juvenile judges, children's attorneys and CASAs were *not*, in fact, produced in discovery – and therefore no juvenile judge had the opportunity to see them, much less rule on whether they should be disclosed to individual parties. I think we can agree that these documents *should* have been disclosed to apprise the court of the ward's conditions and circumstances, and they are records to which an attorney and CASA should be entitled, but your client appears to have chosen not to produce them (and resisted doing so in this case as well).

Despite your exaggeration, the materials and information that Plaintiffs would like to show to persons having a statutory and ethical obligation to protect and advance the interests of foster children are relatively narrow: they include maltreatment records (307s, assessments, evaluations) that your client(s) (ODHS, its officers and employees and, sadly, now the Governor herself) have chosen to continue to withhold from the only people who can advance the interests and protect the rights of foster children in real time. The records reveal harm done to children in foster care and their calculated and continued withholding displays deliberate indifference to meeting their needs, and an appalling resistance to transparency and accountability.

We will file a motion for reconsideration shortly. Because you did not offer any amendments that

Exhibit 2
Page 1 of 18

would satisfy your hyperbolic concerns, I took the laboring oar on revisions, and intend to attach it to Plaintiffs' motion. In a careful reading of the proposed SAPO, I noticed some other sections that were moot or inaccurate and took the liberty to address them now.

*See attached, specified below:*

> **p. 3-4 –**
>
> **Deleted:** The parties have outstanding disputes on issues relating to the designation and filing of "Confidential" and "Attorneys' Eyes Only" information and agree to jointly submit the disputed issues to the Court for further decision as soon as possible. The parties are stipulating to the entry of this Protective Order prior to resolution by the Court of the disputed issues for the purpose of facilitating the immediate production of certain documents. Entry of this Stipulated Protective Order is contingent upon no prejudice to either party's positions on the disputed issues. This Stipulated Protective Order shall remain in full force and effect unless and until amended by Court order resolving the disputed issues.
>
> I understand this has been resolved and this language can be deleted?
>
> **p. 4 –** deleted "Stipulated," as this is clearly not.
>
> **p. 5 –** Para 1 accepted the changes to (a) and (b), but revised (b)(ii) to have the language to make it clear that the court was ordering the disclosure of otherwise confidential information and records, as the prior language was ambiguous and the CASAs expressed concern.
>
> ○ For any juvenile court records or information, this Court orders the use and disclosure of those records and information otherwise protected by ORS 419A.255(1)-(3) only to the extent essential to the needs of the case.
>
> Would you agree to that language?

- **p. 5-6 – added to Para 2:**

  Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order including all information derived therefrom shall be restricted to the litigation of this case… with the exception of information pertaining to maltreatment of an individual Plaintiff (class-member) in the care of the Defendants, which may be used by the appointed juvenile court attorney and Court Appointed Special Advocate ("CASA") for the individual Plaintiff, and any Juvenile Court having wardship over a Plaintiff to effectuate their statutory and ethical obligations to the individual Plaintiff.

- **p. 8 Para 7(c) – deleted (next friend) and added highlighted:**

  Use of any information, documents, or portions of documents marked "Confidential" shall be restricted solely to the following persons…(c) Any party to this action who is an individual, including, for Plaintiffs, their juvenile dependency attorney, appointed CASA and the juvenile court judge having wardship,

- **p. 8-9 – Para 8** edited to read:

  Use of any information, documents, or portions of documents marked "Attorneys' Eyes

Exhibit 2
Page 2 of 18

Only" shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(f), 7(g) and 7(h), unless additional persons are stipulated by counsel or authorized by the Court. Plaintiffs' juvenile dependency attorneys, CASAs and juvenile court judges having wardship may only access and view documents and information designated "Attorneys' Eyes Only" that pertain to the plaintiff for which they are appointed or have warship, or for whom were appointed or had wardship at the time the document was prepared. Plaintiffs may show but not transmit to juvenile dependency attorneys, CASAs and juvenile court judges having wardship of Plaintiffs screening reports, child abuse assessments and investigative materials relating to allegations of abuse to that Plaintiff in foster care in order to develop testimony for trial.

It is my sincerest hope that you can agree to these changes, but I won't hold my breath. Let me know if you'd like to discuss in the next hour or so. I'll be here.

Mary

---

**From:** Harry Wilson <harrywilson@markowitzherbold.com>
**Sent:** Saturday, April 20, 2024 9:51 AM
**To:** Mary Skjelset <mskjelset@rizzopc.com>; Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Cc:** Steven Rizzo <SRizzo@rizzopc.com>; 'Andy McStay' <AndyMcstay@dwt.com>; 'billminer@dwt.com' <billminer@dwt.com>; 'Emily Cooper' <ecooper@droregon.org>; 'tstenson_droregon.org' <tstenson@droregon.org>; 'Marcia Lowry' <mlowry@abetterchildhood.org>; 'Anastasia Benedetto' <abenedetto@abetterchildhood.org>; 'Lindsay Gus' <lgus@abetterchildhood.org>; Adele J. Ridenour <adeleridenour@markowitzherbold.com>; David Markowitz <davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; 'carla.a.scott@doj.state.or.us' <carla.a.scott@doj.state.or.us>; 'sheila.potter@doj.state.or.us' <sheila.potter@doj.state.or.us>; 'elleanor.chin@doj.state.or.us' <elleanor.chin@doj.state.or.us>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>; Vivek Kothari <vivekkothari@markowitzherbold.com>
**Subject:** Re: Wyatt B., et al v. Tina Kotek, et al., Case No. 6:19-cv-00556-AA

Good morning Mary,

Judge Aiken's Order succinctly summarized the reason we cannot agree to your proposed amendments:

> Defendants have presented evidence that the material subject to disclosure under Plaintiffs' proposed amendments would include sensitive information concerning individuals who are not represented by the dependency counsel who would gain access to the information. This would potentially include information about caregivers, confidential reporters, siblings, parents, and other family members of the children represented by dependency counsel. The proposed amendments to Paragraphs 2, 7(c), and 8 do not provide sufficient protections or limitations on the use of such

Exhibit 2
Page 3 of 18

sensitive information.

As we discussed in conferral, and as I stated in our letter to the Court of last week, allowing dependency attorneys to review the confidential personal and health records of individuals they do not represent, and denying those individuals their statutory rights to object to such disclosure, is unjust and contrary to state and federal law. The materials subject to disclosure could include information about a parents', siblings', or family members' substance use diagnosis and treatment. That information is protected by federal law. *E.g.,* 42 USC § 290dd-2; 42 CFR § 2.13. They could include records relating to a child's sexual orientation, gender identity or gender expression. That information is prevented from disclosure by ORS 419B.881(6). And they could include personally identifying information about reporters of abuse. That information is prohibited from disclosure by ORS 419B.015(3)(b) and 419B.035(3).

Juvenile courts determine if, when, and under what conditions dependency attorneys can review this information. Limiting disclosure to this litigation does not solve the problem because it is not for the parties to this litigation to determine whether to share third-parties' confidential health and personal information with lawyers who do not represent them. That's the purview of juvenile courts. Those third-parties—parents, siblings, reporters of abuse—are not parties to this litigation and would be unable to assert their rights under ORS 419B.881(7) to prevent disclosure. Redaction also does not help because counsel for plaintiffs in this litigation are not counsel for the third-parties who's information is potentially subject to disclosure. Counsel for plaintiffs cannot know what rights a third party would intend to assert about their confidential information.

As Judge Aiken correctly explained, "This Court will not allow the rulings or the authority of the dependency courts to be evaded by permitting dependency counsel, who are not before this Court, to use discovery in this case to gain access to information that they would not otherwise be entitled to receive. If dependency counsel needs or desires access to that information, they must seek it through the ordinary state court processes."

Also, please note that ORS 419B.881(7) is not, as you state, limited to "subpoenaed materials." The statute was renumbered this year and, in any event, former subsection (7) applies to "disclosure by the parties" as well as "subpoenaed materials." ORS 419B.881(7) vests the juvenile court with authority to "order that specified disclosure be denied, restricted or deferred."

We understand that you will file a motion for reconsideration along with a new proposed order that includes juvenile courts and CASAs. Please provide a copy of your new proposed amendments as soon as possible so that we may have a fair chance to respond.

Harry

---

**From:** Mary Skjelset <mskjelset@rizzopc.com>

Exhibit 2
Page 4 of 18

**Date:** Friday, April 19, 2024 at 11:30 PM
**To:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Cc:** Steven Rizzo <SRizzo@rizzopc.com>, 'Andy McStay' <AndyMcstay@dwt.com>, Bill Miner
<billminer@dwt.com>, Harry Wilson <harrywilson@markowitzherbold.com>, 'Emily Cooper'
<ecooper@droregon.org>, "'tstenson_droregon.org'" <tstenson@droregon.org>, 'Marcia
Lowry' <mlowry@abetterchildhood.org>, 'Anastasia Benedetto'
<abenedetto@abetterchildhood.org>, 'Lindsay Gus' <lgus@abetterchildhood.org>, Adele
Ridenour <adeleridenour@markowitzherbold.com>, David Markowitz
<davidmarkowitz@markowitzherbold.com>, Laura Salerno Owens
<laurasalerno@markowitzherbold.com>, Carla Scott <carla.a.scott@doj.state.or.us>,
"sheila.potter@doj.state.or.us" <sheila.potter@doj.state.or.us>, Elleanor Chin
<elleanor.chin@doj.state.or.us>, Cheridan Carr <ccarr@rizzopc.com>, Shelley Maddox
<smaddox@rizzopc.com>, Vivek Kothari <vivekkothari@markowitzherbold.com>
**Subject:** RE: Wyatt B., et al v. Tina Kotek, et al., Case No. 6:19-cv-00556-AA

Hi Lauren et al,

Thanks for the email. I understand that it is Defendants' position that Plaintiffs may not show
abuse reports and assessments – and other investigative materials relating to maltreatment in
foster care – that you designated Attorney Eyes Only ("AEO") under the protective order,
even to counsel of record for the subject child in the juvenile proceeding.

Based on my conferral with Harry on Thursday, I understand that your position has been that this
prohibition extends to the Court having wardship over the child, and to Court Appointed
Special Advocates ("CASAs"), who have a statutory responsibility to (a) investigate all
relevant information about the case; (b) advocate for the child or ward, ensuring that all
relevant facts are brought before the court; (c) facilitate and negotiate to ensure that the court,
the Department of Human Services, if applicable, and the child or ward's attorney, if any,
fulfill their obligations to the child or ward in a timely fashion; and (d) monitor all court orders
to ensure compliance and to bring to the court's attention any change in circumstances that
may require a modification of an order of the court. *See* ORS 419B.112.

As you may recall, after receiving Harry's letter to the Court on April 16, 2024, I promptly
wrote to Defendants to confer on the arguments and concerns in the letter as some of them
were "new to [Plaintiffs] and some [could] be easily addressed through simple revisions to the
protective order." Plaintiffs hoped to work out "the possibility of reaching agreement on an
Amended PO to allow counsel for children to see their maltreatment records." (*see* below).

Then, in advance of the conferral, Plaintiffs tried to identify what appeared to be the greatest
barriers to allowing Plaintiffs to share abuse reports with counsel of record for the subject
children, which generally boiled down to (a) the federal court somehow invading the
discovery purview of the juvenile court; and (b) protecting the confidentiality of other
individuals identified in the maltreatment records.

*Purview of Juvenile Court Discovery*

As to (a), the defendants argued that allowing juvenile dependency counsel to see

Exhibit 2
Page 5 of 18

maltreatment records regarding their own clients would somehow infringe on the juvenile court's authority "to determine whether sensitive documents should be shared in discovery in dependency proceedings. ORS 419B.881(2)(b), (7), (8)." Defendants further argued that "ORS 419B.881(7), for example, allows parties to a dependency proceeding to move to prohibit disclosure of sensitive information." Oddly, ORS 419B.881(7) pertains to "subpoenaed materials," which would not cover child abuse reports and assessments prepared by ODHS, as they are a party to the juvenile proceeding and would be subject to the disclosure requirements of ORS 419B.881(1) (requiring disclosure of "written or recorded statements… made…by the child," "the results of any physical or mental examinations…that the party intends to offer in evidence," and "any…documents or photographs that the party intends to offer in evidence at the hearing, or that were obtained from or belong to any other party.").

But the evidence suggests that these maltreatment records were not, in fact, offered in discovery. If they had been, Plaintiffs would be able under the extant protective order to contact the juvenile dependency attorneys and inquire about the maltreatment records discovered to them, as original recipients of the documents. Same for the Court and the CASAs. *See* APO Para 7(f).

When I asked directly at conferral whether the defendants were aware of *any* juvenile court order in the sample files prohibiting the disclosure of maltreatment records to the dependency attorney appointed to represent the child, the defendants could not identify one. When I further asked if the defendants could even imagine a scenario in which a juvenile court would somehow preclude a child's attorney from obtaining that information, the defendants could not answer. Then, I asked whether the defendants would agree to amend the protective order to allow the juvenile courts having wardship over the child(ren) to receive these materials and offer related testimony. Because, if the concern is that the juvenile courts had somehow excluded this evidence from counsel for the child, the court itself would certainly be entitled to that information. Defendants refused to budge. This leads Plaintiffs to believe that the concern is not with interfering with the purview of the juvenile court, but with exposing the otherwise withheld maltreatment records that would inform the child's attorney (and the Court and CASAs) regarding facts necessary to secure the child's safety and ensure appropriate services and treatment.

As the defendants could not identify any specific provision in any of the case files, under ORS 419B.881(7) or any other provision, that would prohibit Plaintiffs from disclosing to the juvenile dependency attorney, the CASA or the Court having wardship the records relating to maltreatment of the ward, Plaintiffs will assume that there is not, in fact, any conflict between the federal court and the juvenile court in this matter.

Your second argument, that the records produced include protected information of other individuals, has more merit, but I think it is possible to work around it, as I offered the defendants in advance of conferral on Thursday.

*Confidentiality of Others*

As Plaintiffs wrote on Wednesday, we were sensitive to your concerns about the confidential information contained in the maltreatment records, and we offered solutions:

> As I understand it, your concern is that the juvenile attorneys (and potentially Court's having wardship) might receive 'confidential information about other children,

Exhibit 2
Page 6 of 18

substitute care providers, and confidential reporters that are far beyond the scope of discovery in juvenile dependency proceedings.' Now, this I can understand, and I think we can handle it in one of two ways (let me know if you think of others):

(1) We can have the attorneys be bound by the provisions of the protective order, i.e. can only use the document for this litigation; *OR*
(2) Plaintiffs can agree to redact all identifying information regarding other children and reporters (but I believe the children's attorneys would be entitled to know the identity of the foster parent, which is a required disclosure; I mean they have to be able to contact and visit the child).

My main concern with limiting the use of the document to this litigation would be that documentation of the alleged abuse might be necessary to ensure the child is in an appropriate placement and that the child's needs are met, as some of these reports are very recent in time.

I would hope the state would be ok with that attorney using the information to ensure the child receives the supports and services s/he needs to address any concerns that arise from the allegations of maltreatment in care.

You would not agree to either of these proposed resolutions and offered none of your own.

At the hearing, Judge Aiken clarified that she now understands this issue, and had not intended to preclude Plaintiffs from (a) discussing the child abuse reports and other maltreatment records with appointed counsel; and (b) ensuring that the children's trauma is understood and their needs are met. See Tr 15:13-16. ("I'm authorizing you to have those discussions, period." Tr. 15:13-14; "I'm going to say you had the chance to talk it over with them and come up with a solution and declined to do that. At this point, in terms of getting ready for trial, I'm authorizing them to go ahead and have those contacts to be prepared. And I'm disappointed that this hasn't been resolved." Tr. 15:16).

Yet immediately after the hearing, the defendants wrote not to offer a solution that conforms with the Court's ruling, but to unreasonably insist that counsel for Plaintiffs remain precluded from disclosing abuse reports to the children's attorneys and advocates.

At this juncture, we plan to file a motion for reconsideration as requested by the court. I ask once more that you meaningfully confer on a solution that balances the interests and meets the needs of children in your client's care and custody. With that, time is of the essence so please provide proposed language by tomorrow at noon. We can confer shortly thereafter in hopes of reaching resolution. Otherwise, Plaintiffs will plan to submit a proposed order that does so, and based on your arguments regarding the purview of the juvenile court, we think it most prudent to include the Court and CASAs as individuals who may receive this information.

Have a good weekend.

Mary

---

**From:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Sent:** Friday, April 19, 2024 2:41 PM

Exhibit 2
Page 7 of 18

**To:** Mary Skjelset <mskjelset@rizzopc.com>
**Cc:** Steven Rizzo <SRizzo@rizzopc.com>; 'Andy McStay' <AndyMcstay@dwt.com>; 'billminer@dwt.com' <billminer@dwt.com>; Harry Wilson <harrywilson@markowitzherbold.com>; 'Emily Cooper' <ecooper@droregon.org>; 'tstenson_droregon.org' <tstenson@droregon.org>; 'Marcia Lowry' <mlowry@abetterchildhood.org>; 'Anastasia Benedetto' <abenedetto@abetterchildhood.org>; 'Lindsay Gus' <lgus@abetterchildhood.org>; Adele J. Ridenour <adeleridenour@markowitzherbold.com>; David Markowitz <davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; 'carla.a.scott@doj.state.or.us' <carla.a.scott@doj.state.or.us>; 'sheila.potter@doj.state.or.us' <sheila.potter@doj.state.or.us>; 'elleanor.chin@doj.state.or.us' <elleanor.chin@doj.state.or.us>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>; Vivek Kothari <vivekkothari@markowitzherbold.com>
**Subject:** RE: Wyatt B., et al v. Tina Kotek, et al., Case No. 6:19-cv-00556-AA

Mary et al.,

<mark>This email is to confirm the Judge's ruling yesterday on the protective order still stands until the Court has an opportunity to consider any arguments for reconsideration at the status conference on Monday April 22 at 10:00. Accordingly, plaintiffs may not show any juvenile attorneys materials designated under the Protective Order in the interim.</mark>

Lauren

**Lauren F. Blaesing** | Shareholder
**Markowitz Herbold PC**
1455 SW Broadway, Suite 1900 | Portland, OR  97201
**T** (503) 295-3085 | Bio | Web
Pronouns: she/her/hers

**CONFIDENTIALITY NOTICE:** The information contained in this transmission is confidential. It may also be subject to the attorney-client privilege or be privileged work product or proprietary information. This information is intended for the exclusive use of the addressee(s). If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution (other than to the addressee(s)), copying or taking of any action because of this information is strictly prohibited.

---

**From:** Mary Skjelset <mskjelset@rizzopc.com>
**Sent:** Wednesday, April 17, 2024 5:47 PM
**To:** Harry Wilson <harrywilson@markowitzherbold.com>; Lauren Blaesing <laurenblaesing@markowitzherbold.com>; Vivek Kothari <vivekkothari@markowitzherbold.com>; Steven Rizzo <SRizzo@rizzopc.com>; 'Andy McStay' <AndyMcstay@dwt.com>;

Exhibit 2
Page 8 of 18

'billminer@dwt.com' <billminer@dwt.com>; 'Emily Cooper' <ecooper@droregon.org>;
'tstenson_droregon.org' <tstenson@droregon.org>; 'Marcia Lowry'
<mlowry@abetterchildhood.org>; 'Anastasia Benedetto'
<abenedetto@abetterchildhood.org>; 'Lindsay Gus' <lgus@abetterchildhood.org>; Adele J.
Ridenour <adeleridenour@markowitzherbold.com>; David Markowitz
<davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens
<laurasalerno@markowitzherbold.com>; 'carla.a.scott@doj.state.or.us'
<carla.a.scott@doj.state.or.us>; 'sheila.potter@doj.state.or.us'
<sheila.potter@doj.state.or.us>; 'elleanor.chin@doj.state.or.us'
<elleanor.chin@doj.state.or.us>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Maddox
<smaddox@rizzopc.com>
**Subject:** RE: Wyatt B., et al v. Tina Kotek, et al., Case No. 6:19-cv-00556-AA

Hi Harry,

As long as Tom is available, I'll do my best to make this time. It'll be a bit of a squeeze, so
please take some time to contemplate my thoughts below in advance of the meeting.

The remainder of this email addresses the points your raised – most for the first time – in your
letter to Judge Aiken:

### *Permanency file materials*

> You wrote that defendants produced "the entire permanency file for each of the 105
> children," which "could easily include the confidential protected information of more
> than 200 – 300 people (assuming that every child has at least one parent and in many
> cases a sibling)." Ltr from Harry Wilson, pp. 2-3.

Setting aside this rather exaggerated number, I think Plaintiffs can agree that we are not
seeking to share documents from the child's permanency file, if that helps. We are focused on
the reports and assessments regarding maltreatment in care.

However, I believe that the discovery produced to the parties in the juvenile proceedings is
part of the permanency record, and I assume that you are not suggesting we are precluded
from sharing or discussing those documents with the children's attorneys, i.e. they would be
"original recipients" under APO Para 7.

### *Certification/Provider file materials, i.e. Screening and Abuse Reports regarding Allegations of Abuse in Care*

> You wrote that defendants produced "portions of the certification and provider files
> that refer to [the 105] children," including (a) "all notes relating to the child from the
> provider's CPS files… even if the notes do not concern abuse suffered by the child"
> and (b) "all notes from the same provider's certification file, regardless of whether the
> note concerns the child." Ltr from Harry Wilson, p. 3.

Setting aside your hyperbolic language, as Plaintiffs understand it, your primary concerns are

Exhibit 2
Page 9 of 18

with: (1) intruding on the authority of the juvenile court to conduct discovery, and (2) disclosing confidential information regarding persons other than the subject child.

*Authority of the Juvenile Court*

> You also spend a lot of time in your letter discussing concerns that, "[j]uvenile court judges have authority to determine whether sensitive documents should be shared in discovery in dependency proceedings. ORS 419B.881(2)(b), (7), (8)" and that "ORS 419B.881(7), for example, allows parties to a dependency proceeding to move to prohibit disclosure of sensitive information." *Id* at 3. You suggest that revising the protective order to permit disclosure of maltreatment records to the attorneys would risk encroaching on the purview of the juvenile court.

This concern about the purview of the juvenile court was news to me. I'm wondering if you have identified any cases in which a judge has limited discovery of child abuse reports and assessments regarding abuse in foster care to the child's attorney? If so, please forward that.

We did not see any such limitation in our review and frankly I cannot fathom any justification for such a limitation imparted on the attorney for the child. But if you know of one, please circulate so we can discuss. Otherwise, we could add a sentence to the SAPO that says, qualifies, i.e. "unless otherwise restricted by the juvenile court pursuant to ORS 419B.881(7)"?

*Confidentiality of Others*

As I understand it, your concern is that the juvenile attorneys (and potentially Court's having wardship) might receive "confidential information about other children, substitute care providers, and confidential reporters that are far beyond the scope of discovery in juvenile dependency proceedings." Now, this I can understand, and I think we can handle it in one of two ways (let me know if you think of others):

1. We can have the attorneys be bound by the provisions of the protective order, i.e. can only use the document for this litigation; *OR*
2. Plaintiffs can agree redact all identifying information regarding other children and reporters (but I believe the children's attorneys would be entitled to know the identity of the foster parent, which is a required disclosure; I mean they have to be able to contact and visit the child).

My main concern with limiting the use of the document to this litigation would be that documentation of the alleged abuse might be necessary to ensure the child is in an appropriate placement and that the child's needs are met, as some of these reports are very recent in time.

I would hope the state would be ok with that attorney using the information to ensure the child receives the supports and services s/he needs to address any concerns that arise from the allegations of maltreatment in care.

With that, I'm hopeful we can reach agreement tomorrow and present something to the court.

Let me know.

Exhibit 2
Page 10 of 18

Take care,

Mary

**Mary Skjelset | Attorney | mskjelset@rizzopc.com**
Pronouns: she, her, hers (Learn more)



1300 SW Sixth Avenue | Suite 330 | Portland, Oregon 97201
☎: 503.229.1819 | 🖷: 503.229.0630 | 🌐: www.rizzopc.com
Offices in Oregon and Washington

*********NOTICE OF CONFIDENTIAL AND PRIVILEGED INFORMATION*********

This e-mail and attachment, if any, is confidential and may contain attorney-client privileged information or attorney work-product. If you are not the intended recipient, you may not disclose, use, disseminate, distribute, copy or rely upon this message or attachment in any way.  If you received this e-mail message in error, please return by forwarding the message and attachment to the sender and destroy the original.

---

**From:** Harry Wilson <harrywilson@markowitzherbold.com>
**Sent:** Wednesday, April 17, 2024 4:15 PM
**To:** Mary Skjelset <mskjelset@rizzopc.com>; Lauren Blaesing <laurenblaesing@markowitzherbold.com>; Vivek Kothari <vivekkothari@markowitzherbold.com>
**Cc:** Steven Rizzo <SRizzo@rizzopc.com>; 'Andy McStay' <AndyMcstay@dwt.com>; 'billminer@dwt.com' <billminer@dwt.com>; 'Emily Cooper' <ecooper@droregon.org>; 'tstenson_droregon.org' <tstenson@droregon.org>; 'Marcia Lowry' <mlowry@abetterchildhood.org>; 'Anastasia Benedetto' <abenedetto@abetterchildhood.org>; 'Lindsay Gus' <lgus@abetterchildhood.org>; Adele J. Ridenour <adeleridenour@markowitzherbold.com>; David Markowitz <davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; 'carla.a.scott@doj.state.or.us' <carla.a.scott@doj.state.or.us>; 'sheila.potter@doj.state.or.us' <sheila.potter@doj.state.or.us>; 'elleanor.chin@doj.state.or.us' <elleanor.chin@doj.state.or.us>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>
**Subject:** Re: Wyatt B., et al v. Tina Kotek, et al., Case No. 6:19-cv-00556-AA

We're not available at 11:00. We can talk at 9:30 am tomorrow.

Exhibit 2
Page 11 of 18

**From:** Mary Skjelset <mskjelset@rizzopc.com>
**Date:** Wednesday, April 17, 2024 at 7:10 PM
**To:** Harry Wilson <harrywilson@markowitzherbold.com>, Lauren Blaesing
<laurenblaesing@markowitzherbold.com>, Vivek Kothari
<vivekkothari@markowitzherbold.com>
**Cc:** Steven Rizzo <SRizzo@rizzopc.com>, 'Andy McStay' <AndyMcstay@dwt.com>, Bill Miner
<billminer@dwt.com>, 'Emily Cooper' <ecooper@droregon.org>, '"tstenson_droregon.org"'
<tstenson@droregon.org>, 'Marcia Lowry' <mlowry@abetterchildhood.org>, 'Anastasia
Benedetto' <abenedetto@abetterchildhood.org>, 'Lindsay Gus' <lgus@abetterchildhood.org>,
Adele Ridenour <adeleridenour@markowitzherbold.com>, David Markowitz
<davidmarkowitz@markowitzherbold.com>, Laura Salerno Owens
<laurasalerno@markowitzherbold.com>, Carla Scott <carla.a.scott@doj.state.or.us>,
"sheila.potter@doj.state.or.us" <sheila.potter@doj.state.or.us>, Elleanor Chin
<elleanor.chin@doj.state.or.us>, Cheridan Carr <ccarr@rizzopc.com>, Shelley Maddox
<smaddox@rizzopc.com>
**Subject:** RE: Wyatt B., et al v. Tina Kotek, et al., Case No. 6:19-cv-00556-AA

Hello again Harry, Lauren and Vivek, et al,

Bringing this back to the top of your inbox. Hoping to schedule a conferral call tomorrow
morning to discuss the items below.

I just had appointments put on my calendar for 8:30 and 10 a.m. Can you do 11 a.m.?

I'll let Tom chime in if he needs a different time.

Thanks,
Mary

**From:** Mary Skjelset
**Sent:** Wednesday, April 17, 2024 11:32 AM
**To:** 'Harry Wilson' <harrywilson@markowitzherbold.com>; Lauren Blaesing
<laurenblaesing@markowitzherbold.com>; Vivek Kothari
<vivekkothari@markowitzherbold.com>
**Cc:** Steven Rizzo <srizzo@rizzopc.com>; Andy McStay <AndyMcstay@dwt.com>;
billminer@dwt.com; Emily Cooper <ecooper@droregon.org>; tstenson_droregon.org
<tstenson@droregon.org>; Marcia Lowry <mlowry@abetterchildhood.org>; Anastasia
Benedetto <abenedetto@abetterchildhood.org>; Lindsay Gus <lgus@abetterchildhood.org>;
Adele J. Ridenour <adeleridenour@markowitzherbold.com>; David Markowitz
<davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens
<laurasalerno@markowitzherbold.com>; carla.a.scott@doj.state.or.us;
sheila.potter@doj.state.or.us; elleanor.chin@doj.state.or.us; Cheridan Carr

Exhibit 2
Page 12 of 18

<ccarr@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>
**Subject:** RE: Wyatt B., et al v. Tina Kotek, et al., Case No. 6:19-cv-00556-AA

Hi Harry et al,

I'll do my best to send you some suggested language for a stipulated Second Amended PO today, but I do think a conversation would be most effective.

==If you don't mind, I'd propose we schedule a meeting tomorrow morning to discuss the following items:==

- ==the possibility of reaching agreement on an Amended PO to allow counsel for children to see their maltreatment records,==
- the apparently missing maltreatment records identified in my email from yesterday (attached in case you missed it), and
- Tom's questions regarding defendants' expert Vinson and the ADA claims, sent via email on Monday (also attached).

Because we have a hearing Friday morning, I think it makes sense to move up our normal Friday conferral time to address these issues in the hope we can timely raise them with the court.

And please feel free to identify agenda items of your own.

If it works for your team, we can circulate a call-in number.

Thanks,

Mary

---

**From:** Harry Wilson <harrywilson@markowitzherbold.com>
**Sent:** Wednesday, April 17, 2024 10:26 AM
**To:** Mary Skjelset <mskjelset@rizzopc.com>
**Cc:** Steven Rizzo <SRizzo@rizzopc.com>; Andy McStay <AndyMcstay@dwt.com>; billminer@dwt.com; Emily Cooper <ecooper@droregon.org>; tstenson_droregon.org <tstenson@droregon.org>; Marcia Lowry <mlowry@abetterchildhood.org>; Anastasia Benedetto <abenedetto@abetterchildhood.org>; Lindsay Gus <lgus@abetterchildhood.org>; Lauren Blaesing <laurenblaesing@markowitzherbold.com>; Adele J. Ridenour <adeleridenour@markowitzherbold.com>; David Markowitz <davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Vivek Kothari <vivekkothari@markowitzherbold.com>; carla.a.scott@doj.state.or.us; sheila.potter@doj.state.or.us; elleanor.chin@doj.state.or.us; Cheridan Carr <ccarr@rizzopc.com>
**Subject:** Re: Wyatt B., et al v. Tina Kotek, et al., Case No. 6:19-cv-00556-AA

Exhibit 2
Page 13 of 18

Hi Mary,

Can you please send me the revision you propose so I can discuss it with my clients before we talk? Thanks,

Harry

---

**From:** Mary Skjelset <mskjelset@rizzopc.com>
**Date:** Tuesday, April 16, 2024 at 8:59 PM
**To:** Harry Wilson <harrywilson@markowitzherbold.com>
**Cc:** Steven Rizzo <SRizzo@rizzopc.com>, Andy McStay <AndyMcstay@dwt.com>, Bill Miner <billminer@dwt.com>, Emily Cooper <ecooper@droregon.org>, "tstenson_droregon.org" <tstenson@droregon.org>, Marcia Lowry <mlowry@abetterchildhood.org>, Anastasia Benedetto <abenedetto@abetterchildhood.org>, Lindsay Gus <lgus@abetterchildhood.org>, Lauren Blaesing <laurenblaesing@markowitzherbold.com>, Adele Ridenour <adeleridenour@markowitzherbold.com>, David Markowitz <davidmarkowitz@markowitzherbold.com>, Laura Salerno Owens <laurasalerno@markowitzherbold.com>, Vivek Kothari <vivekkothari@markowitzherbold.com>, Carla Scott <carla.a.scott@doj.state.or.us>, "sheila.potter@doj.state.or.us" <sheila.potter@doj.state.or.us>, Elleanor Chin <elleanor.chin@doj.state.or.us>, Cheridan Carr <ccarr@rizzopc.com>
**Subject:** RE: Wyatt B., et al v. Tina Kotek, et al., Case No. 6:19-cv-00556-AA

Hi Harry,

I am in receipt of your letter to the Court objecting to Plaintiffs' disclosure of abuse reports and assessments to the juvenile dependency attorneys for the subject children. Some of your arguments are new to me and some of your concerns can, I believe, be easily addressed through simple revisions to the protective order.

I'm wondering if you would like to confer on these issues tomorrow in the hopes of resolving – or at least narrowing – any dispute in advance of Friday's hearing.

Let me know.

Thanks,

Mary

---

**From:** Harry Wilson <harrywilson@markowitzherbold.com>
**Sent:** Tuesday, April 16, 2024 4:49 PM
**To:** Catherine Kramer <Cathy_Kramer@ord.uscourts.gov>; Cheridan Carr <ccarr@rizzopc.com>
**Cc:** Mary Skjelset <mskjelset@rizzopc.com>; Steven Rizzo <SRizzo@rizzopc.com>; Andy

Exhibit 2
Page 14 of 18

McStay <AndyMcstay@dwt.com>; billminer@dwt.com; Emily Cooper
<ecooper@droregon.org>; tstenson_droregon.org <tstenson@droregon.org>; Marcia Lowry
<mlowry@abetterchildhood.org>; Anastasia Benedetto <abenedetto@abetterchildhood.org>;
Lindsay Gus <lgus@abetterchildhood.org>; Lauren Blaesing
<laurenblaesing@markowitzherbold.com>; Adele J. Ridenour
<adeleridenour@markowitzherbold.com>; David Markowitz
<davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens
<laurasalerno@markowitzherbold.com>; Vivek Kothari
<vivekkothari@markowitzherbold.com>; carla.a.scott@doj.state.or.us;
sheila.potter@doj.state.or.us; elleanor.chin@doj.state.or.us
**Subject:** Re: Wyatt B., et al v. Tina Kotek, et al., Case No. 6:19-cv-00556-AA

Dear Ms. Kramer,
Please find defendants' written response attached.
Best,
Harry Wilson
**Special Assistant Attorney General for defendants**

---

**From:** Catherine Kramer <Cathy_Kramer@ord.uscourts.gov>
**Date:** Thursday, April 11, 2024 at 6:48 PM
**To:** Harry Wilson <harrywilson@markowitzherbold.com>, Cheridan Carr <ccarr@rizzopc.com>
**Cc:** Mary Skjelset <mskjelset@rizzopc.com>, Steven Rizzo <SRizzo@rizzopc.com>, Andy
McStay <AndyMcstay@dwt.com>, Bill Miner <billminer@dwt.com>, Emily Cooper
<ecooper@droregon.org>, "tstenson_droregon.org" <tstenson@droregon.org>, Marcia Lowry
<mlowry@abetterchildhood.org>, Anastasia Benedetto <abenedetto@abetterchildhood.org>,
Lindsay Gus <lgus@abetterchildhood.org>, Lauren Blaesing
<laurenblaesing@markowitzherbold.com>, Adele Ridenour
<adeleridenour@markowitzherbold.com>, David Markowitz
<davidmarkowitz@markowitzherbold.com>, Laura Salerno Owens
<laurasalerno@markowitzherbold.com>, Vivek Kothari
<vivekkothari@markowitzherbold.com>, Carla Scott <carla.a.scott@doj.state.or.us>,
"sheila.potter@doj.state.or.us" <sheila.potter@doj.state.or.us>, Elleanor Chin
<elleanor.chin@doj.state.or.us>
**Subject:** RE: Wyatt B., et al v. Tina Kotek, et al., Case No. 6:19-cv-00556-AA

Good afternoon,

Yes, Judge Aiken would like a written response submitted by 4/16, please.

Thank you,
~Cathy

Exhibit 2
Page 15 of 18

**From:** Harry Wilson <harrywilson@markowitzherbold.com>
**Sent:** Wednesday, April 10, 2024 2:55 PM
**To:** Catherine Kramer <Cathy_Kramer@ord.uscourts.gov>; Cheridan Carr
<ccarr@rizzopc.com>
**Cc:** Mary Skjelset <mskjelset@rizzopc.com>; Steven Rizzo <SRizzo@rizzopc.com>; Andy
McStay <AndyMcstay@dwt.com>; billminer@dwt.com; Emily Cooper
<ecooper@droregon.org>; tstenson_droregon.org <tstenson@droregon.org>; Marcia Lowry
<mlowry@abetterchildhood.org>; Anastasia Benedetto <abenedetto@abetterchildhood.org>;
Lindsay Gus <lgus@abetterchildhood.org>; Lauren Blaesing
<laurenblaesing@markowitzherbold.com>; Adele J. Ridenour
<adeleridenour@markowitzherbold.com>; David Markowitz
<davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens
<laurasalerno@markowitzherbold.com>; Vivek Kothari
<vivekkothari@markowitzherbold.com>; carla.a.scott@doj.state.or.us;
sheila.potter@doj.state.or.us; elleanor.chin@doj.state.or.us
**Subject:** RE: Wyatt B., et al v. Tina Kotek, et al., Case No. 6:19-cv-00556-AA

==CAUTION - EXTERNAL:==

Dear Ms. Kramer,

I write on behalf of defendants. We just now received a copy of this letter. The letter
raises important issues to which defendants intend to submit a written response. As the
Court knows, the parties are filing witness statements, trial briefs, and exhibit lists
tomorrow. Defendants would like until Tuesday, April 16 to submit a written response.
Can you confirm this is acceptable?

Thank you,
Harry Wilson
Special Assistant Attorney General for defendants

**From:** Catherine Kramer <Cathy_Kramer@ord.uscourts.gov>
**Sent:** Wednesday, April 10, 2024 2:37 PM
**To:** Cheridan Carr <ccarr@rizzopc.com>
**Cc:** Mary Skjelset <mskjelset@rizzopc.com>; Steven Rizzo <SRizzo@rizzopc.com>; Andy
McStay <AndyMcstay@dwt.com>; billminer@dwt.com; Emily Cooper
<ecooper@droregon.org>; tstenson_droregon.org <tstenson@droregon.org>; Marcia Lowry
<mlowry@abetterchildhood.org>; Anastasia Benedetto <abenedetto@abetterchildhood.org>;

Exhibit 2
Page 16 of 18

Lindsay Gus <lgus@abetterchildhood.org>; Lauren Blaesing
<laurenblaesing@markowitzherbold.com>; Harry Wilson
<harrywilson@markowitzherbold.com>; Adele J. Ridenour
<adeleridenour@markowitzherbold.com>; David Markowitz
<davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens
<laurasalerno@markowitzherbold.com>; Vivek Kothari
<vivekkothari@markowitzherbold.com>; carla.a.scott@doj.state.or.us;
sheila.potter@doj.state.or.us; elleanor.chin@doj.state.or.us
**Subject:** RE: Wyatt B., et al v. Tina Kotek, et al., Case No. 6:19-cv-00556-AA

Received, thank you!

~Cathy

---

**From:** Cheridan Carr <ccarr@rizzopc.com>
**Sent:** Wednesday, April 10, 2024 2:30 PM
**To:** ORDml Aiken CRD <Aiken_CRD@ord.uscourts.gov>
**Cc:** Mary Skjelset <mskjelset@rizzopc.com>; Steven Rizzo <SRizzo@rizzopc.com>; Andy
McStay <AndyMcstay@dwt.com>; billminer@dwt.com; Emily Cooper
<ecooper@droregon.org>; tstenson_droregon.org <tstenson@droregon.org>; Marcia Lowry
<mlowry@abetterchildhood.org>; Anastasia Benedetto <abenedetto@abetterchildhood.org>;
Lindsay Gus <lgus@abetterchildhood.org>; Lauren Blaesing
<laurenblaesing@markowitzherbold.com>; Harry Wilson
<harrywilson@markowitzherbold.com>; Adele J. Ridenour
<adeleridenour@markowitzherbold.com>; David Markowitz
<davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens
<laurasalerno@markowitzherbold.com>; Vivek Kothari
<vivekkothari@markowitzherbold.com>; carla.a.scott@doj.state.or.us;
sheila.potter@doj.state.or.us; elleanor.chin@doj.state.or.us
**Subject:** Wyatt B., et al v. Tina Kotek, et al., Case No. 6:19-cv-00556-AA

<mark>**CAUTION - EXTERNAL:**</mark>

Good morning,

Attached please find correspondence in the above-referenced matter.

Kind regards,

**Cheridan Carr**  |  Paralegal  |  **ccarr@rizzopc.com**

Exhibit 2
Page 17 of 18

Pronouns: she, her, hers (Learn more)



1300 SW Sixth Avenue | Suite 330 | Portland, Oregon 97201
☎: 971.202.5043 | 🖶: 503.229.0630 | 🌐: www.rizzopc.com

Offices in Oregon and Washington

*********NOTICE OF CONFIDENTIAL AND PRIVILEGED INFORMATION*********

This e-mail and attachment, if any, is confidential and may contain attorney-client privileged information or attorney work-product. If you are not the intended recipient, you may not disclose, use, disseminate, distribute, copy or rely upon this message or attachment in any way.  If you received this e-mail message in error, please return by forwarding the message and attachment to the sender and destroy the original.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

Exhibit 2
Page 18 of 18

1           IN THE UNITED STATES DISTRICT COURT

2              FOR THE DISTRICT OF OREGON

3                  EUGENE DIVISION

4

5    WYATT B. and NOAH F. by their next )
     friend Michelle McAllister; KYLIE  )
6    R. and ALEC R. by their next       )
     friend Kathleen Megill Strek;      )
7    UNIQUE L. by her next friend       )
     Annette Smith; SIMON S. by his     )
8    next friend Paul Aubry; RUTH T. by )
     her next friend Michelle Bartov;   )
9    BERNARD C. by his next friend Ksen )
     Murry; NAOMI B. by her next friend )
10   Kathleen Megill Strek; and NORMAN  )
     N. by his next friend Tracy Gregg, )
11   individually and on behalf of all  )
     others similarly situated,         )
12                                      )
            Plaintiffs,                 )
13                                      )
            v.                          )   No. 6:19-cv-00556-AA
14                                      )
     TINA KOTEK, Governor of Oregon in  )
15   her official capacity; FARIBORZ    )
     PAKSERESHT, Director, Oregon       )
16   Department of Human Services in    )
     his official capacity; APRILLE     )
17   FLINT-GERNER, Director, Child      )
     Welfare in her official capacity,  )
18   and OREGON DEPARTMENT OF HUMAN     )
     SERVICES,                          )
19                                      )
            Defendants.                 )
20

21              TELEPHONIC STATUS CONFERENCE

22              TRANSCRIPT OF PROCEEDINGS

23           BEFORE THE HONORABLE ANN L. AIKEN

24              UNITED STATES DISTRICT JUDGE

25                  April 19, 2024

Exhibit 3
Page 1 of 10

```
 1    order within three days.  I don't think it was specified
 2    whether it was business or calendar days, so we were going to
 3    propose submitting it to the Court on Monday.  Would that work
 4    for the Court?
 5             THE COURT:  That's -- that's just fine.
 6             MS. SKJELSET:  Your Honor, this is Mary Skjelset for
 7    the plaintiffs.  I'd like to speak for a moment regarding the
 8    amended protective order, if possible.  We --
 9             THE COURT:  Go ahead.
10             MS. LOWRY:  -- received your ruling and your
11    reasoning with respect to plaintiffs' request that we amend the
12    protective order to permit disclosure of certain documents and
13    information to the dependency counsel for children.  And we
14    understand your reasoning and are sensitive to it.  But, in the
15    event we continue to trial, we do have concerns that the order,
16    as made, will unnecessarily limit our ability to put on
17    evidence that we believe are material to the allegations that
18    ODHS acted with deliberate indifference.
19             THE COURT:  Well, that's -- okay.  Mary -- tell me
20    your last name again.  I couldn't hear the last name, so remind
21    me --
22             MS. SKJELSET:  Skjelset.  Skjelset.
23             THE COURT:  Ms. Skjelset, I'll state for the record
24    right now I don't intend that order to limit in the trial your
25    ability to use information.  And what -- you're perfectly
```

Exhibit 3
Page 2 of 10

1   capable of alerting me during the trial as you're going to go

2   into that area.  Again, we're -- we're -- we're doing as

3   quickly as we can with the issues that are coming in front of

4   us.  That wasn't briefed or talked about, what would be the

5   effect at trial.

6          But I can tell you we can address that at the

7   pretrial conference.  And I'm perfectly capable of reserving

8   ruling on those issues and addressing it at the time in trial.

9   So, for the record, nobody should be surprised if we discuss

10  this at the pretrial conference and we take a closer look at

11  how to address that issue.

12         MS. SKJELSET:  So here's how I see this potentially

13  burdening plaintiff as we move toward trial.  The evidence that

14  we intended to put on was that the juvenile dependency

15  attorneys, the CASAs and the juvenile court, in fact, never

16  received information regarding maltreatment in foster care, not

17  that it -- not that it was within the purview of the juvenile

18  court and was somehow restricted from discovery, but that it is

19  that -- it is that failure to provide those maltreatment

20  records to the people who are advocating for the best interest

21  of the children that allows abuse to be perpetuated and

22  prevents people from protecting and advancing the interest and

23  safety of children.

24         So not being able to contact a juvenile dependency

25  attorney and say, for instance, "Were you aware that there was

Exhibit 3
Page 3 of 10

1   a founded allegation of abuse in foster care?" -- for instance,

2   we have seen reports that children were raped in foster care

3   that were not in their permanency records, that they were

4   physically abused in foster care that were not in their

5   permanency record.

6          And we suspect, based on our examination of the

7   files, which have the -- the totality of the discovery that was

8   made in juvenile court, that the juvenile dependency attorneys,

9   the CASAs and the Court do not have that information.  Some of

10  these children are still in the custody of DHS and -- and still

11  under -- wards of the Court.

12         And we think that it would be necessary for them to

13  get the services that they need in order for those individuals

14  to have that information.  Now, the defendants raise the

15  concern about the confidentiality of others in their letter.

16  We are sensitive to that.

17         We are more than willing to have the juvenile

18  attorneys sign -- sign the acknowledgment of the protective

19  order and agree to be bound for -- just for this litigation.

20  But our concern is that doing that would prohibit them from

21  being able to obtain the services necessary to address the

22  trauma that happened to the children in foster care.  So --

23         THE COURT:  Okay.  Let me say that was not contained

24  in what you filed or any background or any of that information

25  was filed.  If you want to file a motion to reconsider and lay

Exhibit 3
Page 4 of 10

1    that out and discuss that, I -- I will take it back up at the

2    pretrial conference, if not before.

3            But certainly you didn't spell that out in what I was

4    looking at before.  And I understand exactly the issue you're

5    talking about, but I believe that if you look at how we drafted

6    the order -- or the protective order itself, I don't know that

7    it -- it's a problem.  So that's something I -- you know, I'll

8    take a look at --

9            MS. SKJELSET:  Well, Your Honor --

10           THE COURT:  Hold on.  The proposed language did not

11    limit the use of some of the material.  So I'm not going to

12    flesh this out right here.  If you don't like the language or

13    you want to use it differently, write a -- give me a motion to

14    reconsider or be ready to talk about it at the pretrial

15    conference.  I -- I know the -- I understand the issue.

16           I understand the -- the -- what you're arguing about

17    is a disconnect and that information -- why that information

18    may be pivotal.  And -- but I don't have it in front of me, in

19    a briefing way, that I feel comfortable addressing, given that

20    we -- we addressed this issue, issued an opinion last night,

21    nothing that you've talked about today was contained in what I

22    looked at.

23           So I would rather have you -- it -- I guess the

24    language says -- it specifically excepts the dependency

25    attorney from the limitation that the information to be used

Exhibit 3
Page 5 of 10

1    for this case only, and CASAs were considered a part of that.

2    So I guess I don't understand what's not -- what's -- what

3    you're going to be prohibited in discussing, but I think that

4    it's not -- I'm not going to talk about it further at this

5    particular point without a motion to reconsider or a

6    discussion, again, at the pretrial conference.

7          MS. SKJELSET:  Just to let you know, I did reach out

8    to defendants yesterday to discuss this issue and see if they

9    would agree to -- prior to the Court's ruling, and see if they

10   would agree to adjust the protective order, to ensure that

11   their concerns regarding the confidentiality of others would be

12   addressed.  And they would not agree to that, so I think I will

13   have to file a motion to reconsider.  And I didn't fully brief

14   it with the Court.  I apologize.  It was -- I thought that I

15   had sufficiently addressed the issue, but perhaps not.

16         THE COURT:  And that's -- that's just fine.  And I'm

17   going to say to people:  Why aren't we agreeing to get the

18   correct information before the Court?  I'm going to order that

19   it be -- that be allowed for the various reasons.  Get it

20   started.  And I would think that -- discussing how that might

21   best be done, so I don't have to, out of whole cloth, protect

22   and write it.

23         I -- it's part and parcel information that's

24   necessary for some of the decision making in this court.  So,

25   you know, if they want you to file a motion to reconsider and

Exhibit 3
Page 6 of 10

1    don't want to discuss how best to address that issue, so be it.

2    But it will be addressed.  And if I have to do it on the record

3    in -- in real time at the pretrial conference or one witness at

4    a time, I will stop and do that because that information will

5    be important for the Court to consider.

6         MS. SKJELSET:  And so, if I may, Your Honor, because

7    I do think it impacts the witness statements that are due

8    today, we have refrained from contacting the identified

9    attorneys because we did not know, under the current protective

10   order, whether we had the authority to discuss even these

11   reports of maltreatment in foster care.  And so we have a

12   placeholder --

13        THE COURT:  I'm -- I'm -- I'm authorizing you to have

14   those discussions, period.

15        MS. SKJELSET:  Okay.  Thank you, Your Honor.

16        MS. BLAESING:  Your Honor, this is Lauren Blaesing

17   for defendants.  We were not expecting that the Court would be

18   hearing more argument on this issue today, given the ruling we

19   received last night.  So the attorney that was going to be

20   prepared to address this issue is not present today.  I would

21   urge the Court not to change or issue any new rulings on this

22   issue.

23        THE COURT:  I'm not -- I'm not -- and I'm going to

24   say you had the chance to talk it over with them and come up

25   with a solution and declined to do that.  At this point, in

Exhibit 3
Page 7 of 10

 1  terms of getting ready for trial, I'm authorizing them to go

 2  ahead and have those contacts to be prepared.  And I'm

 3  disappointed that this hasn't been resolved.  That's all I'll

 4  say.

 5          So file a motion to reconsider.  We'll address it.

 6  But this is part of why I'm not getting rid of the trial date,

 7  'cause it's really clear to me I don't know that we have a

 8  settlement, 'cause these details should easily be resolved

 9  in -- as we're moving forward, if people are serious about

10  settlement, so --

11          MS. BLAESING:  Your Honor --

12          THE COURT:  I'm -- hold on.  Hold on.  I am not -- I

13  am not -- until I see a finalized version, there will be a

14  trial date and we will move forward.  And I will not -- I will

15  be very careful about making sure that there's an even playing

16  field in terms of people getting ready for trial.  And moving

17  things, I'm watching really carefully so that people can be

18  prepared.

19          All right.  What's the next issue?

20          MR. MINER:  Bill Miner for plaintiffs.  Nothing from

21  plaintiffs, Your Honor.

22          MS. BLAESING:  Your Honor, this is Lauren Blaesing

23  for defendants.  I -- can the Court clarify:  Are you ordering

24  that plaintiffs are authorized to start communicating with

25  people today or that they need to file a motion to modify

Exhibit 3
Page 8 of 10

```
1    the -- for reconsideration to modify the protective order?
2    Because I think if the Court's going to change the status quo
3    today, defendants would like an opportunity to be heard on this
4    either in writing or at another status conference.
5            THE COURT:  I'm going to be on the phone on Monday.
6    We're going to have another Monday conference, and we can talk
7    about it.  But they need to be able to get ready for their
8    trial, and they go first.  So spend some time sidebar on
9    negotiations to the settlement agreement to resolve this issue
10   between and among yourselves 'cause I'm telling you I'm going
11   to allow some of this to be exchanged.
12           MS. BLAESING:  Understood, Your Honor.  Defendants
13   also have some very important legal arguments that they would
14   like to make a record on regarding these juvenile court
15   statutes and confidentiality procedures and the intent behind
16   the protective order.  So we can take it up Monday.  I think
17   that'll be helpful for all parties and the Court.
18           THE COURT:  So just some feedback, I'm going to
19   suggest to you that how the neutral is selected is an issue.
20   I'm going to suggest to you that submitting three or five names
21   with letters of recommendation, vitaes, and an opportunity to
22   understand why this person might be recommended as a neutral,
23   and that be submitted to the Court.  I think that's a cleaner
24   process and will eliminate a lot of wrangling.  I think you
25   should take a look at that.
```

Exhibit 3
Page 9 of 10

```
 1              C E R T I F I C A T E

 2         Wyatt B., et al. v. Kotek, et al.

 3            Case No. 6:19-cv-00556-AA

 4            Telephonic Status Conference

 5                  April 19, 2024

 6         I certify, by signing below, that the foregoing is a

 7    true and correct transcript, to the best of my ability, of

 8    the telephonic proceedings heard via conference call, taken

 9    by stenographic means.  Due to the telephonic connection,

10    parties appearing via speakerphone or cell phone or wearing

11    masks due to coronavirus, speakers overlapping when

12    speaking, speakers not identifying themselves before they

13    speak, fast speakers, the speaker's failure to enunciate,

14    and/or other technical difficulties that occur during

15    telephonic proceedings, this certification is limited by the

16    above-mentioned reasons and any technological difficulties

17    of such proceedings occurring over the speakerphone at the

18    United States District Court of Oregon in the above-entitled

19    cause.

20         A transcript without an original signature, conformed

21    signature, or digitally signed signature is not certified.

22

23    /s/Lindsey A. Weresch, CRR, RPR, OR-CSR, WA-CCR

24    Official Court Reporter      Signature Date: 4/19/2024

25    Oregon CSR No. 14-0427       CSR Expiration Date: 6/30/2026
```

Exhibit 3
Page 10 of 10

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WYATT B., et al, | CASE NO. 6:19-cv-00556-AA |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| TINA KOTEK, et al , | |
| Defendants. | |

I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon. I am over the age of eighteen years and not a party to the subject cause. My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof: **Declaration of Mary Skjelset in Support of Plaintiffs' Motion for Reconsideration of the April 18, 2024 Order [ECF 379]**

**<u>VIA ECF</u>**

Lauren Blaesing
Harry B. Wilson
Adele Ridenour
David B. Markowitz
Laura Salerno Owens
Vivek Kothari
Markowitz Herbold PC
1455 SW Broadway
Ste. 1990
Portland, OR. 97201
Ph: 503-295-3085
Email: laurenblaesing@markowitzherbold.com
Email: harrywilson@markowitzherbold.com
Email: adeleridenour@markowitzherbold.com
Email: davidmarkowitz@markowitzherbold.com
Email: laurasalerno@markowitzherbold.com
Email: vivekkothari@markowitzherbold.com
*Of Attorneys for Defendant Oregon Department of Human Services*

Carla Scott
Sheila H. Potter
Elleanor Chin
Oregon Department of Justice
Trial Division
100 SW Market Street
Portland, OR 97201
Ph: 971-673-1880
Email: carla.a.scott@doj.state.or.us
Email: sheila.potter@doj.state.or.us
Email: elleanor.chin@doj.state.or.us

Dated this 20th day of April, 2024.

_s/ Cheridan Carr_
Cheridan Carr
Paralegal

1- Certificate of Service