**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Vivek A. Kothari, OSB #182089**
VivekKothari@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for Defendants*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WYATT B. and NOAH F. by their next friend Michelle McAllister; KYLIE R. and ALEC R. by their next friend Kathleen Megill Strek; UNIQUE L. by her next friend Annette Smith; SIMON S. by his next friend Paul Aubry; RUTH T. by her next friend Michelle Bartov; BERNARD C. by his next friend Ksen Murry; NAOMI B. by her next friend Kathleen Megill Strek; and NORMAN N. by his next friend Tracy Gregg, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>      v.<br><br>TINA KOTEK, Governor of Oregon in her official capacity; FARIBORZ PAKSERESHT, Director, Oregon Department of Human Services in his official capacity; APRILLE FLINT-GERNER, Director, Child Welfare in her official capacity; and OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>              Defendants. | Case No. 6:19-cv-00556-AA<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE APRIL 18, 2024 ORDER** |

**Page 1 –   DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE APRIL 18, 2024 ORDER**

## RESPONSE

**I.    The Court should adhere to its correct and well-reasoned Order.**

The Court's April 18, 2024 Order, declining to modify paragraphs 2, 7(c), and 8 of the Amended Stipulated Protective Order, was correct. (Dkt. 379.) This Court should not alter its concise, well-reasoned decision for four reasons:

1. The amendments will expose the confidential personal and health information of parents, siblings, reporters of abuse, and other third-parties to juvenile dependency attorneys who do not represent them. Federal and state law prohibits such disclosures. (4/16/2024 Letter from H. Wilson to Court at 2-4.) This Court has already properly noted that defendants "have presented evidence that the material subject to disclosure under Plaintiffs' proposed amendments would include sensitive information concerning individuals who are not represented by the dependency counsel who would gain access to the information." (Order at 3 (Dkt. 379).)

2. The amendments will deprive parents, siblings, reporters of abuse, and other third-parties of their rights under ORS 419B.881(7) to object to and prevent the disclosure of their confidential information to juvenile dependency lawyers. The Court should not deprive these third-parties of the right to protect their privacy. (4/16/2024 Letter from H. Wilson to Court at 2-4.) This Court was right when it ruled that "The proposed amendments to Paragraphs 2, 7(c), and 8 do not provide sufficient protections or limitations on the use of such sensitive information." (Order at 3.)

3. The amendments contravene the authority of state juvenile court judges to manage discovery in state juvenile proceedings. State juvenile court judges are responsible for determining what documents should be disclosed in state juvenile proceedings on a case-by-case basis. ORS 419B.881(2)(b), (7), (8). As this Court has already correctly ruled:

> "Oregon state court dependency proceedings are overseen by judges who are empowered to made determinations concerning the disclosure of information in those cases. ORS 419B.881(2)(b), (7), (8). This Court will not allow the rulings or the authority of the dependency courts to be evaded by permitting dependency counsel, who are not before this Court, to use discovery in this case to gain access to information that they would not otherwise be entitled to receive." (Order at 3.)

4. The amendments are unnecessary. Plaintiffs have not pleaded allegations in their complaint that class members are being deprived due process rights in state court juvenile proceedings. It is too late to do so now. And, in any event, *Younger v. Harris*, 401 U.S. 37 (1971) prohibits federal courts from interfering with ongoing state court proceedings. (4/16/2024 Letter from H. Wilson to Court at 6-7.) Dependency attorneys have a forum in which to dispute the adequacy of ODHS's discovery: the juvenile court.

## II.   Plaintiffs' new proposed amendments solve none of the problems.

Plaintiffs additional proposed amendments, submitted to the Court on Saturday evening, do *not* address these substantial problems. For example, plaintiffs' new proposed amendment to paragraph 2 would permit plaintiffs to share "information pertaining to maltreatment" with juvenile dependency attorneys and CASAs "to effectuate their statutory and ethical obligations to the individual" class member. (Decl. of M. Skjelset in Supp. of Pls.' Mot. for Recons., Ex. 1 at 5-6.) But such maltreatment information could include the names or identifying information of the reporter of abuse. That information is protected from disclosure by ORS 419B.015(3)(b) and 419B.035(3). It might include information about someone's drug and alcohol diagnosis and treatment. That information is protected by federal law. *E.g.*, 42 USC § 290dd-2; 42 CFR § 2.13. Or it could contain information relating to another child's sexual orientation, gender

Page 3 –   DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR
              RECONSIDERATION OF THE APRIL 18, 2024 ORDER

identity, or gender expression. That information is prevented from disclosure by ORS 419B.881(6).

Whichever the case, each of those parties—an abuse reporter, or a parent with a drug and alcohol diagnosis, or another child—has a right in state juvenile proceedings under ORS 419B.881(7),(8) to object to and prohibit such disclosures. Plaintiffs' new proposed amendment erases those rights. It makes plaintiffs' counsel—not a juvenile court judge—the decider of whose confidential personal and health information gets shared with dependency attorneys, no matter what state law says.

Plaintiffs' other new amendments are no better. Their proposed amendment to Paragraph 7(c) would allow juvenile dependency attorneys and CASAs to use "Attorneys Eyes Only" information, including documents and/or information which they may have not received in state juvenile proceedings and to which third-parties may have rights to object. Plaintiffs' additional provision allowing their counsel to "show but not transmit" "screening reports, child abuse assessments and investigative materials" to juvenile dependency attorneys and CASAs is also inappropriate. State and federal confidentiality laws do not distinguish between showing and transmitting; in either case, plaintiffs are proposing to share confidential information about third-parties to attorneys and CASAs who do not represent them and to deprive those third-parties of any right to object. The Court should not countenance this substantial interference with the rights of third-parties.

### III.   Plaintiffs' new proposed amendments are unnecessary.

Plaintiffs' amendments are not necessary. Juvenile dependency attorneys have a forum to dispute the adequacy of discovery in state juvenile proceedings: The juvenile court. That court has authority to manage discovery, ORS 419B.881(2)(b), allow *in camera* review of sensitive materials, ORS 419B.881(8), and issue sanctions against parties for failing to comply

with disclosure requirements.  ORS 419B.881(11); *State ex rel. Juv. Dep't of Josephine Cnty. v. G.A.K.,* 225 Or. App. 477, 486 (2009) (finding that "it is properly within the discretion of the juvenile court to determine the sanction, if any, to be imposed for breach of the duty to disclose").  If ODHS has failed to disclose information about maltreatment in state juvenile proceedings, those allegations should be addressed in state court, by state judges, as provided by state law.

      Furthermore, as defendants have already explained, the adequacy of ODHS's discovery in state juvenile court proceedings is not at issue in this federal case.  (4/16/2024 Letter from H. Wilson to Court at 5-7.)  Plaintiffs have brought no claims and pleaded no allegations about ODHS's discovery practices in state juvenile proceedings.  It is too late to do so now.  FRCP 8; *see Giddings v. Vision House Prod., Inc.,* 584 F. Supp. 2d 1222, 1226 (D. Ariz. 2008) ("Plaintiff is precluded from asserting her new moral rights theory of infringement at this late stage of litigation, over six months after the deadline for discovery has passed.").  And, in any event, under *Younger v. Harris,* 401 U.S. 37 (1971), federal courts may not interfere with ongoing state court proceedings, like each of the dependency proceedings here.

///

///

///

///

///

Page 5 –    DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR
               RECONSIDERATION OF THE APRIL 18, 2024 ORDER

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' motion to amend paragraphs 2, 7(c), and 8 of the Amended Stipulated Protective Order.

DATED: April 21, 2024

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

*s/ Harry B. Wilson*
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Vivek A. Kothari, OSB #182089
VivekKothari@MarkowitzHerbold.com
*Special Assistant Attorneys General for Defendants*

Adele J. Ridenour, OSB #061556
AdeleRidenour@MarkowitzHerbold.com
*Of Attorneys for Defendants*

Carla A. Scott, OSB #054725
carla.a.scott@doj.state.or.us
Sheila H. Potter, OSB #993485
sheila.potter@doj.state.or.us
*Of Attorneys for Defendants*

2132182.1