**P. ANDREW McSTAY, JR.**, OSB 033997
andymcstay@dwt.com
**WILLIAM D. MINER**, OSB 043636
billminer@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
560 SW Tenth Avenue, Suite 700
Portland, OR 97205
Telephone: (503) 241-2300

**MARCIA ROBINSON LOWRY** (*pro hac vice*)
mlowry@abetterchildhood.org
**ANASTASIA BENEDETTO** (*pro hac vice*)
abenedetto@abetterchildhood.org
**LINDSAY GUS** (*pro hac vice*)
lgus@abetterchildhood.org
**A BETTER CHILDHOOD**
355 Lexington Avenue, Floor 16
New York, NY 10017
Tel: (646) 795-4456

*Attorneys for Plaintiffs*
*Additional Counsel of Record Listed on Signature Page*

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| WYATT B., *et al.*,<br><br>               Plaintiffs,<br><br>   v.<br><br>TINA KOTEK, *et al.*,<br><br>               Defendants. | Case No. 6:19-cv-00556<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND PATRICIA RIDEOUT**<br><br>**Oral Argument Requested** |

Page 1 - PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND PATRICIA RIDEOUT

4867-6188-4088v.1 0201450-000001

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

# INTRODUCTION

In their Motion to Exclude the Testimony of Dr. Sue Steib and Patricia Rideout ("the Motion"), Defendants do not dispute that Dr. Steib and Ms. Rideout are experts in the field of child welfare. *See* ECF No. 364. Instead, Defendants attempt to discredit the experts' methodology and diminish the relevance of their report, some aspects of which were undoubtedly limited because of Defendants' initial withholding of relevant documents,[1] through reliance on the same flawed arguments that this Court has already rejected. *See* Opinion & Order at 7-10, ECF No. 275. And in doing so, Defendants mischaracterize Dr. Steib and Ms. Rideout's deposition testimony and misconstrue statements contained in their expert reports. In fact, Dr. Steib and Ms. Rideout relied on their combined seventy-five-plus years of experience in child welfare, review of 95 children's cases, and reasonable professional standards to formulate their opinions, and their opinions are relevant to the harms that Oregon's foster children are experiencing and to understanding Oregon's systemwide data.

Dr. Steib and Ms. Rideout's opinions include: among the 95 children's cases that they reviewed, there was a "strong association between trial home visits and maltreatment in care," "suggest[ing] that that some children may be returning to their parents—on a [trial home visit]—prematurely"; that Oregon's practices related to trial home visits and "frequent use of placements of less than one month strongly suggests a system that is struggling to provide an array of placement resources that meets the needs of the children it serves"; that "the failure to achieve successful reunification among children on [trial home visits] suggest that some [trial home visit] plans are made prematurely, without establishing sufficient readiness on the part of the parent and

---

[1] Dr. Steib and Ms. Rideout will be filing a supplemental report after analyzing the previously-withheld, Court-ordered documents. *See* ECF No. 343.

Page 2 - PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND PATRICIA RIDEOUT

4867-6188-4088v.1 0201450-000001

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

youth"; and that "multiple substantiated or undetermined findings of prior maltreatment related to the issues that ultimately precipitated the subject child's removal from the family, indicat[ed] a pattern of delayed intervention that is ultimately harmful to children"; among others. "Feb. 2, 2024 Steib & Rideout Expert Report" at 13-17, ECF No. 365-1.

Accordingly, Plaintiffs respectfully request that this Court deny the Motion in full and admit the expert opinions of Dr. Steib and Ms. Rideout.

## LEGAL STANDARD

Federal Rule of Evidence 702 permits "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education [to] testify in the form of an opinion or otherwise." Fed. R. Evid. 702. Expert testimony is admissible where it is relevant and reliable under Rule 702. *United States v. Rhodes*, No. 3:19-cr-00333-MC, 2023 U.S. Dist. LEXIS 7528, at *3 (D. Or. Jan. 17, 2023).

Testimony is relevant where, as here, it will help the trier of fact understand the evidence or determine a fact in issue. Fed. R. Evid. 702; *see, e.g.*, *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591–93 (1993); *Rhodes*, 2023 U.S. Dist. LEXIS 7528, at *3 ("Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry.").

Expert testimony is "reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Rhodes*, 2023 U.S. Dist. LEXIS 7528, at *3 (quoting *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (internal quotation marks and citation omitted)). "Reliable expert testimony need only be relevant, and need not establish every element that the plaintiff must prove, in order to be admissible." *Primiano*, 598 F.3d at 565. In *Daubert*, the Supreme Court identified several factors to assess whether an expert opinion is

Page 3 - PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND PATRICIA RIDEOUT

4867-6188-4088v.1 0201450-000001

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

reliable, including whether the theory or technique has been tested, peer reviewed and published; whether it enjoys general acceptance in the applicable scientific community; the known or potential error rate of the theory or technique; and whether there are standards controlling the theory or technique's operation. 509 U.S. at 592–95. However, "[w]ith non-scientific experts, 'the *Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable' and 'reliability depends heavily on the knowledge and experience of the expert rather than the methodology or theory behind it.'" *Siring v. Or. State Bd. of Higher Educ.*, 927 F. Supp. 2d 1069, 1072 (D. Or. 2013) (quoting *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000)); *see Rhodes*, 2023 U.S. Dist. LEXIS 7528, at *4 ("The Ninth Circuit has explained that when applying *Daubert* to non-scientific expert testimony, the district court 'may consider the specific factors identified where they are reasonable measures of the reliability of proffered expert testimony,' but the court is not bound to 'mechanically apply the *Daubert* factors.'") (quoting *Hankey*, 203 F.3d at 1160 (citation omitted)).

Thus, in a case like "this case, where no scientific knowledge is necessary and the witnesses' expertise is based on 'personal knowledge or experience,'" that experience is given significant weight in assessing admissibility. *B.K. v. Faust*, No. 15-CV-00185, 2020 U.S. Dist. LEXIS 90245, at *9–10 (D. Ariz. May 21, 2020) (quoting *Kumho Tire*, 526 U.S. 137, 150 (1999)) (citing Fed. R. Evid. 702); *see also Hankey*, 203 F.3d at 1168 ("[I]n considering the admissibility of testimony based on 'other specialized knowledge,' Rule 702 generally is construed liberally."). In child welfare cases specifically, reliance on the expert's own knowledge and experience and accepted standards and best practices typically meets the *Daubert* reliability standard. *See Kenny A. v. Perdue*, No. 02-CV-1686, 2004 U.S. Dist. LEXIS 27025, at *41–44 (N.D. Ga. Dec. 13, 2004); *see also M.D. v. Perry*, 294 F.R.D. 7, 36–37 (S.D. Tex. 2013) (highlighting the experience of the

Page 4 - PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND PATRICIA RIDEOUT

4867-6188-4088v.1 0201450-000001

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

expert, her reliance on national standards, and her prior testimony in qualifying her as an expert); *B.K.*, 2020 U.S. Dist. LEXIS 90245, at *10–17 (finding that the proposed experts, including those testifying about behavioral health care, data, placement practices, and named plaintiff case files were "at least minimally qualified and the disputed opinions sufficiently relevant" to consider at trial).

## ARGUMENT

### I. Dr. Steib and Ms. Rideout Rely on Their Experience, Reasonable Professional Standards, and Case File Review

Dr. Steib and Ms. Rideout's opinions are based on their extensive child welfare experience, reasonable professional standards, and a review of 95 foster children's case files, for which they employed a case review instrument and two matrices. District Courts faced with *Daubert* challenges in child welfare cases have deemed child welfare expert opinions based on such factors admissible. *See, e.g., M.D. v. Abbott*, 152 F. Supp. 3d 684, 712–13 (S.D. Tex. 2015), *aff'd in part, rev'd in part on other grounds*, 902 F.3d 237 (5th Cir. 2018); *B.K.*, 2020 U.S. Dist. LEXIS 90245, at *13–17; *Kenny A.*, 2004 U.S. Dist. LEXIS 27025, at *36–44.

Nonetheless, Defendants argue, without supporting authority, that Dr. Steib and Ms. Rideout's opinions are unreliable because they did not consider objective standards. *Daubert*, however, does not require the use of objective or national standards for an expert's opinion to be deemed reliable. *See, e.g.*, *Kenny A.*, 2004 U.S. Dist. LEXIS 27025, at *42 ("Contrary to State Defendants' argument, nothing in *Daubert* and its progeny requires the existence of 'generally recognized national standards' as a prerequisite to expert testimony on accepted standards in a particular field." (citation omitted)). Moreover, this Court found Dr. Steib and Ms. Rideout's expert opinions based on a similar review of a smaller number of children's case files at the class certification stage, which did not rely on such standards, to be reliable. *See* Opinion & Order at

Page 5 - PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND PATRICIA RIDEOUT

4867-6188-4088v.1 0201450-000001

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main ᐧ (503) 778-5299 fax

8-9, ECF 275 ("Defendants also contend that Dr. Steib and Ms. Rideout did not apply any objective federal or Oregon professional standards in their assessment of the case files. The Ninth Circuit has held, however, that an expert's opinion may be based on the expert's experience and knowledge of the industry as a whole.").[2]

Dr. Steib and Ms. Rideout properly relied on their extensive child welfare experience to reach their conclusions. *See, e.g.*, *United States. v. Holguin*, 51 F.4th 841, 857-58 (9th Cir. 2022) (finding two experts' testimony reliable where it was based on experience and special knowledge); *M.D.*, 152 F. Supp. 3d at 712–13; *B.K.*, 2020 U.S. Dist. LEXIS 90245, at *15–17; *Kenny A.*, 2004 U.S. Dist. LEXIS 27025, at *36–44; *see also* Fed. R. Evid. 702 advisory committee's note to 2000 amendments ("Rule 702 expressly contemplates that an expert may be qualified on the basis of experience. *In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony*." (emphasis added)).

Dr. Steib has over forty-five years of experience in the field of child welfare and both a master's degree and Ph.D. in social work. *See* Feb. 2, 2024 Steib & Rideout Expert Report at 7. She worked in Louisiana's child welfare system for thirty-one years, in positions ranging from caseworker to Director of Child Welfare Programs. *Id.* at 7. Dr. Steib served for eight years as a Senior Director of Strategic Consulting at Casey Family Programs, where she led the organization's efforts to improve outcomes for children and families in Louisiana and Oklahoma. *Id.* Subsequently, she directed the Research to Practice Initiative at the Child Welfare League of

---

[2] Moreover, Ms. Rideout testified that they did in fact rely on federal standards: "There's also some legal requirements. For instance, there's Federal law about how long a child can stay in foster care without permanency, I mean, so of course there's reference to those kinds of standards." Mar. 5, 2024 Deposition Transcript of Patricia Rideout ("Rideout Tr.") 61:19-22, Ex. A to Declaration of Marcia Robinson Lowry ("Lowry Decl.").

Page 6 - PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND PATRICIA RIDEOUT
4867-6188-4088v.1 0201450-000001
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

America. *Id.* Dr. Steib has since consulted for a number of states to help them improve their child welfare outcomes and has conducted many case sample reviews in the process. *See* Mar. 14, 2024 Deposition Transcript of Sue Steib ("Steib Tr.") 13:9-15:15; 73:1-2, Ex. B to Lowry Decl.

Ms. Rideout has over thirty years of child welfare experience, a juris doctorate, is the owner of Rideout Consulting, and is the lead consultant on team decision making at Evident Change. Feb. 2, 2024 Steib & Rideout Expert Report at 6. She served as a senior consultant at the Annie E. Casey Foundation's Family to Family Initiative for over 10 years and was the director of Cuyahoga County Division of Children and Family Services in Cleveland, Ohio from 2011 to 2015. *Id.* Ms. Rideout also served as a Juvenile Court Magistrate in Toledo, Ohio. *Id.*

Additionally, in forming their opinions, the experts considered reasonable, applicable professional standards, which courts have recognized as an acceptable basis for an expert's opinions. *See, e.g.*, *B.K.*, 2020 U.S. Dist. LEXIS 90245, at *13; *Kenny A.*, 2004 U.S. Dist. LEXIS 27025, at *41–44 (finding plaintiffs' experts' reliance "on a variety of sources of accepted professional standards . . . and their own considerable professional experience . . . . form a reliable basis for evaluating the performance of a state's child welfare system, and that their application to [the state]'s system will assist the Court in determining whether State Defendants have violated plaintiffs' rights."). Dr. Steib testified that she and Ms. Rideout relied on "[t]he standards that we're all aware of as child welfare professionals that are well established in – in the field." Steib Tr. 77:13-19. Ms. Rideout testified: "I've done this work for a lot of years and . . . I think I have a pretty good sense of what good practice is, and so for those reasons I think I have the foundation to spot problematic as well as, you know, better-than-average practice without having metrics to compare it to." Rideout Tr. 61:13-18.

Page 7 - PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND PATRICIA RIDEOUT
4867-6188-4088v.1 0201450-000001

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

Contrary to Defendants' claim that the experts failed to describe their methodology, Dr. Steib and Ms. Rideout provided detailed explanations of their methodology in their report and deposition testimony, although "[a]ssessing the reliability of expert testimony based on specialized knowledge, unlike scientific or technical expert testimony, is not contingent upon a particular methodology or technical framework." *Siring*, 927 F. Supp. 2d at 1075. Nonetheless, Dr. Steib and Ms. Rideout explained that they began by reviewing relevant federal and Oregon specific data. Dr. Steib testified: "Pat and I were given a number of data reports prior to this review, and we also looked at the federal AFCARS data both nationally and for Oregon . . . . And we were given some other administrative data by the attorneys . . . ." Steib Tr. 26:12-17. In reviewing the data, the experts identified areas of interest, including "that there were . . . substantially higher number than average of [trial] home visits in Oregon than we see nationally. That a substantial portion of their confirmed maltreatment of children in care occurred in those trial home visits. That their length of stay was a bit above the average, . . . and there were some indication that their placement stability or – or instability, I should say, was increasing . . . ." Steib Tr. 44:5-16. Based on these observations, the experts requested case files from specific populations of children, such as those who had been maltreated in care or those with a plan of adoption, that they thought would provide insight into the areas of interest. *See* Steib Tr. 45:2-14 ("We wanted to ensure that . . . at least some of those cases would represent incidents of maltreatment in care. We wanted to look separately at adoption cases because those should also have examples of those indicators of interest . . . . So, we were just . . . looking at how to construct an overall sample that would provide us the best look at the variables of interest."). Dr. Steib explained that in requesting a total of 95 case files, their sample size was well above that deemed sufficient in qualitative research studies. Steib Tr. 52:25-53:10 ("[T]here is a . . . a long-standing rule of thumb in qualitative research that says . . .

Page 8 - PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND PATRICIA RIDEOUT

4867-6188-4088v.1 0201450-000001

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

30 examples of a thing are what you want to strive for in a sample, so . . . we stratified the sample in the way we did just to ensure broad representation. We were looking at the group as a whole. . . . So, we had certainly met . . . that rule of thumb, and then some . . . .").

Once Defendants produced the case files, Dr. Steib and Ms. Rideout used a case review instrument to review the files for agreed-upon metrics, including the child's placement history, the number of workers assigned to the child, case plan timeliness, and caseworker visits, among others. *See* Ex. C to Lowry Decl. Defendants' claim that the experts "did not reliably employ case-review instruments" is baseless and contradicted by both Dr. Steib and Ms. Rideout's testimony explaining that they used the case review instrument at the beginning of their review, but recognized after reviewing some of the files that employing different instruments—two matrices, specifically—would be more efficient and therefore, began using those instead. *See, e.g.*, Steib Tr. 68:9-18 ("Originally we had . . . done a longer instrument and then . . . once we got the first few files and saw how voluminous they were and how they were organized, we quickly realized that we would need . . . to develop something that was more explicitly focused on the – the variables of interest, so we moved to a matrix and we used one matrix for the adoption portion of the sample and the other for everyone else."); Rideout Tr. 49:6-12 ("Q. Did you complete one of these case review instruments for all 95 case files? A. No. We – after we got deeply into the file reviews, it – and we were all kind of in sync and we were running out of time, we turned our focus more to ensuring we had what we needed for our summaries and assist chart."). The elements collected in each matrix are listed in the experts' report. *See* Feb. 2, 2024 Steib & Rideout Expert Report at 7-8. Thus, Defendants' allegation that the experts neither explained their methodology nor reliably used case review instruments is repudiated by their expert testimony and report itself.

Page 9 - PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND PATRICIA RIDEOUT
4867-6188-4088v.1 0201450-000001
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

Finally, Dr. Steib and Ms. Rideout both testified that despite the time constraints they were under—due in large part to the protracted and unorganized nature of Defendants' production of case files—they are confident in their conclusions. *See, e.g.*, Steib Tr. 127:11-15 ("Q. Do you have any reason to believe that your conclusions would change if you reviewed more documents? A. No. Not our fundamental conclusions as we state them in our report."); Steib Tr. 68:9-18.[3] Defendants' suggestion that the experts review was somehow insufficient because they did not identify Office of Training, Investigations, and Safety ("OTIS") documents in some of the files is incorrect and irrelevant. *See* ECF No. 364 at 6-7. Defendants fail to explain why these documents have any bearing on the reliability of the experts' review. In any event, Dr. Steib and Ms. Rideout stated that they did not see *evidence* of tandem OTIS-Child Welfare investigations of the type described in the Public Knowledge report, not that they did not see mention of OTIS investigations at all. *See* "Dr. Steib and Ms. Rideout Rebuttal Report" at 3, ECF No. 365-5; *see also* Steib Tr. 179:7-180:2; Rideout Tr. 151:4-10.

## II.    Dr. Steib and Ms. Rideout's Expert Opinions are Relevant

Defendants suggest that Dr. Steib and Ms. Rideout's testimony is inadmissible because it will not establish that Defendants caused "widespread actual injury in Oregon's child welfare system." ECF 364 at 8-9. "Reliable expert testimony," however, "need only be relevant, and need not establish every element that the plaintiff must prove, in order to be admissible." *Primiano*, 598

---

[3] While it is true that Defendants substantially completed their case file production on October 16, 2023 (11 files were produced on November 2, 2023), notwithstanding the tens of thousands of additional documents produced in March and April 2024 pursuant to the Court's Order, *see* ECF No. 343, Defendants produced 33,925 documents comprised of 355,686 pages, on October 16. And in the week preceding October 16, Defendants produced 18,414 documents comprised of 247,581 pages. Additionally, the documents had to be downloaded and organized before being transmitting to the experts. Lowry Decl. ¶ 2.

Page 10 PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND PATRICIA RIDEOUT

4867-6188-4088v.1 0201450-000001

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

F.3d at 565; *see also Siring*, 927 F. Supp. 2d at 1078 ("Expert testimony need not address every element of a claim, but need only help the [trier of fact] understand the evidence or 'a fact in issue.'" (quoting Fed. R. Evid. 702)).[4] In child welfare cases, courts have found expert testimony based on similar case file reviews to be relevant. *See, e.g.*, *B.K.*, 2020 U.S. Dist. LEXIS 90245, at *16-17; *Kenny A.*, 2004 U.S. Dist. LEXIS 27025, at *44; *see also* Opinion & Order at 7-10, ECF No. 275.

Dr. Steib and Ms. Rideout's expert testimony easily satisfies the relevance threshold. Their opinions are relevant to myriad of facts that will be at issue at trial, including whether Defendants place foster children at risk of harm by prematurely placing them on trial home visits, *see* Feb. 2, 2024 Steib & Rideout Expert Report at 13, 15; whether permanency is being delayed for foster children in Oregon, *id.* at 16; and whether Defendants' insufficient availability of appropriate placements results in children being placed in inadequate temporary placements, *id.* at 13-14. Additionally, Dr. Steib and Ms. Rideout's opinions will help the Court to understand the real-life implications of the data that Plaintiffs intend to present. As they note, their report is intended "to provide real-life context through information about children's life experiences while in the care of Oregon DHS, to accompany the many data reports already available" and "reflect the stories underneath the metrics." *Id.* at 6.

Defendants further claim, without support, that Dr. Steib and Ms. Rideout's conclusions are irrelevant because they are not statistically significant. *See* ECF 364 at 8. But in fact, "the Ninth Circuit has observed that '[a]s a general matter, so long as the evidence is relevant and the methods employed are sound, neither the usefulness nor the strength of statistical proof determines

---

[4] Defendants themselves spent approximately $162,000 on two expert reports that did not relate to *any* substantive question of law at issue. *See* ECF No. 363 ¶ 6; ECF No. 363-4 at 82:24-83:8.

Page 11 PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND PATRICIA RIDEOUT
4867-6188-4088v.1 0201450-000001

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

admissibility under Rule 702.'" *In re Tesla, Inc. Sec. Litig.*, No. 18-cv-04865-EMC, 2022 U.S. Dist. LEXIS 187646, at *42 (N.D. Cal. Oct. 13, 2022) (quoting *Obrey v. Johnson*, 400 F.3d 691, 696 (9th Cir. 2005)). "In this vein, district courts have denied *Daubert* motions based on a purported lack of statistical significance." *Id.* (citing *In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2014 U.S. Dist. LEXIS 47181, at *15 (N.D. Cal. Apr. 4, 2014); *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-2420 YGR, 2017 U.S. Dist. LEXIS 57340, at *11 (N.D. Cal. Apr. 12, 2017)); *see also Parsons v. Ryan*, No. CV-12-00601-PHX-NVW, 2014 WL 3721030, at *2 (D. Ariz. July 28, 2014) (admitting expert testimony where experts' sample size was "but one aspect of the expert's foundation for their opinions"). Moreover, whereas here, the testimony at issue is that of non-scientific experts, factors such as potential error rate and other scientific metrics "are simply not applicable." *See Siring*, 927 F. Supp. 2d at 1072; *see also Rhodes*, 2023 U.S. Dist. LEXIS 7528, at *4.

Accordingly, Plaintiffs respectfully request that the Court find that Dr. Steib and Ms. Rideout's opinions and testimony are reliable, relevant, and admissible.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion to Exclude the Testimony of Dr. Sue Steib and Patricia Rideout in full and admit the opinions and testimony of Plaintiffs' experts.

Page 12 PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND PATRICIA RIDEOUT

4867-6188-4088v.1 0201450-000001

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

DATED this 23rd day of April, 2024.

**DAVIS WRIGHT TREMAINE LLP**

By: _s/ P. Andrew McStay, Jr._
P. Andrew McStay, Jr. OSB 033997
andymcstay@dwt.com
William D. Miner, OSB 043636
billminer@dwt.com
560 SW Tenth Avenue, Suite 700
Portland, OR 97205
Tel: (503) 241-2300

**A BETTER CHILDHOOD**

Marcia Robinson Lowry (*pro hac vice*)
mlowry@abetterchildhood.org
Anastasia Benedetto (*pro hac vice*)
abenedetto@abetterchildhood.org
Lindsay Gus (*pro hac vice*)
lgus@abetterchildhood.org
355 Lexington Avenue, Floor 16
New York, NY 10017
Tel: (646) 795-4456

**DISABILITY RIGHTS OREGON**

Emily Cooper, OSB 182254
ecooper@droregon.org
Thomas Stenson, OSB 152894
tstenson@droregon.org
511 SW Tenth Avenue, Suite 200
Portland OR 97205
Tel: (503) 243-2081

**RIZZO BOSWORTH ERAUT, PC**

Steven Rizzo, OSB 840853
srizzo@rizzopc.com
Mary D. Skjelset, OSB 075840
mskjelset@rizzopc.com
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819

Attorneys for Plaintiffs

Page 13 PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF DR. SUE STEIB AND PATRICIA RIDEOUT
4867-6188-4088v.1 0201450-000001
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax