IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WYATT B. and NOAH F. by their next friend Michelle McAllister; KYLIE R. and ALEC R. by their next friend Kathleen Megill Strek; UNIQUE L. by her next friend Annette Smith; SIMON S. by his next friend Paul Aubry; RUTH T. by her next friend Michelle Bartov; BERNARD C. by his next friend Ksen Murry; NAOMI B. by her next friend Kathleen Megill Strek; and NORMAN N. by his next friend Tracy Gregg, individually and on behalf of all others similarly situated,<br><br>                                          Plaintiffs,<br><br>    v.<br><br>TINA KOTEK, Governor of Oregon in her official capacity; FARIBORZ PAKSERESHT, Director, Oregon Department of Human Services in his official capacity; APRILLE FLINT-GERNER, Director, Child Welfare in her official capacity, and OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>                                          Defendants. | No. 6:19-cv-00556-AA<br><br>**SECOND AMENDED PROTECTIVE ORDER** |

      To reconcile the litigation needs of the parties with the requirements of law about the confidentiality of documents and information that are or may be relevant, the Court, after consultation with the parties and pursuant to Federal Rule of Civil Procedure 26, finds:

      This action concerns children and youth in Oregon's foster care system. The parties will be requesting, exchanging, and possibly filing documents and information that at least one party considers to be confidential information subject to protection under Federal Rule of Civil Procedure 26(c) as well as Oregon and federal statutes.

Page 1 -   SECOND AMENDED PROTECTIVE ORDER

Documents and information exchanged in discovery, and that may be filed in this case, including interrogatory responses, responses to requests for information, deposition testimony, documents, and tangible information may be highly sensitive, private, confidential, or privileged. Such information, if released, would result in embarrassment, invasion of privacy, and other harm to the parties as well as non-parties. Discoverable information will likely include protected information, including protected health information ("PHI") as described in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and its implementing regulations, 45 C.F.R. 164.512, drug and alcohol treatment information, and information concerning the physical and mental condition and treatment of plaintiffs, health and other public benefits they receive, and other records associated with the administration of Oregon Department of Human Services ("DHS") programs as they pertain to plaintiffs. The disclosure of such protected information is limited by state and federal law, including but not limited to:

- ORS Chapter 409 including ORS 409.225 relating to DHS Child Welfare records;
- ORS Chapters 418 relating to DHS child welfare services including ORS 418.642 relating to information about foster homes;
- ORS Chapter 419A including 419A.255 relating to juvenile court records;
- ORS Chapter 419B relating to DHS child welfare services including ORS 419B.035 relating to child abuse reports;
- Oregon Administrative Rules Chapter 413 related to Child Welfare Programs including OAR 413-010-0035 related to client rights and prohibited disclosures;
- 42 USC 1396a and 42 CFR 431.300 et seq., ORS 411.320, ORS 411.990 (records related to the administration of public assistance programs);
- 7 USC § 2020(e)(8) and 7 CFR § 272.1(c) (food stamps);

Page 2 -   SECOND AMENDED PROTECTIVE ORDER

- 42 USC § 602(a)(1)(A)(iv), 45 CFR § 205.50(a)(1)(i)(A)-(G), and ORS 412.074 (Temporary Assistance for Needy Families Program);

- ORS 411.117(2) and OAR 461-105-0130 (Temporary Assistance for Domestic Violence Survivors program);

- ORS 179.505 (records associated with rendition of health care services); ORS 192.553-192.571;

- ORS 410.150 and ORS 411-005-0035(1) (Seniors and People with Disabilities program);

- 42 USC 290dd-2, 42 CFR Part 2, ORS 430.399, and OAR 413-010-0035 (drug and alcohol treatment records); and

- HIPAA codified at 42 USC §§ 1320d-2, 1320d-4, and the corresponding Privacy Rule found in 45 CFR Part 164, particularly at 45 CFR 164.512.

Information subject to discovery may also include information that is subject to attorney-client privilege or other statutory or common law privileges, pursuant to Federal Rules of Evidence ("FRE") 501 and 502.

The parties do not intend to designate the following information and documents as either "Confidential" or "Attorneys' Eyes Only": de-identified aggregate data, internal DHS communications that do not contain individually identifiable information, and non-privileged policy documents and drafts of such documents.

Based on the arguments of the parties and applicable case law governing the entry of protective orders, the Court finds good cause for entry of this revised Second Amended Protective Order ("Protective Order") to protect against disclosure of such documents and information to individuals not authorized to receive the documents or information.

**IT IS HEREBY ORDERED** as follows:

Page 3 -    SECOND AMENDED PROTECTIVE ORDER

1.       The parties are authorized to disclose protected information to each other and in the course of this proceeding to the extent necessary through documents, testimony, and other materials. To the extent that the documents, testimony, and other materials may contain PHI, drug and alcohol treatment information, information concerning the physical and mental condition and treatment of plaintiffs, health benefits, other public benefits they receive, and other records associated with administration of DHS programs as they pertain to plaintiffs, good cause exists to disclose the information. The parties are authorized to disclose the protected information, including confidential reporter information, to the extent essential to fulfill the objective of this Protective Order.

a. Witnesses and potential witnesses are also authorized to disclose protected information to the parties and the Court in the course of this proceeding to the extent necessary through documents, testimony, and other materials. To the extent that the documents, testimony, and other materials may contain the following categories of information about plaintiffs and their parents, siblings, relatives, resource (foster) parents, or adoptive parents: PHI, drug and alcohol treatment information, juvenile court information, information concerning their physical and mental condition and treatment, health benefits, other public benefits they receive, and other records associated with administration of DHS programs pertaining to them, good cause exists to disclose the information.

i. For any drug and alcohol treatment information about plaintiffs and their parents, siblings, relatives, resource (foster) parents, or adoptive parents, other ways of obtaining the information are not available or would not be effective and the public's interest and need for disclosure in the course of this proceeding outweighs the potential injury to the patient, any physician-patient relationship, and any ongoing treatment services.

      ii. For any juvenile court records or information, this Court orders the use and disclosure of those records and information otherwise protected by ORS 419A.255(1)-(3) only to the extent essential to the needs of the case.

      iii. The witnesses and potential witnesses are authorized to disclose the protected information only to the extent essential to fulfill the objective of this Protective Order.

    b. The parties may use information derived from sources labeled "Confidential" or "Attorneys' Eyes Only" in public filings and testimony with the use of pseudonyms and redactions consistent with this Order and the Court's September 12, 2019 Order and Opinion (ECF 49). The parties must also file copies of the same pleadings under seal without pseudonyms or redactions, so the opposing party receives the "Confidential" or "Attorneys' Eyes Only" information subject to this Protective Order.

    2.    Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order including all information derived therefrom shall be restricted to the litigation of this case and shall not be used by any party for any business, commercial, competitive, or other purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation, nor any use by the Department of Justice ("DOJ") in carrying out its law enforcement or other statutorily imposed duties. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

    3.    The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other

Page 5 -   SECOND AMENDED PROTECTIVE ORDER

materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards set forth above. As used herein, "designating party" shall refer to the party or third party designating any document, testimony, or other materials as "Confidential" or "Attorneys' Eyes Only" under this Protective Order. For documents produced in hard copy or paginated images, the party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," unless impractical to do so. For documents produced in electronic form, the producing party shall designate the entire document with an appropriate metadata field.

4.   If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the court, they shall be filed under seal and marked as follows or in substantially similar form:

> CONFIDENTIAL
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.
>
> *or*
>
> ATTORNEYS' EYES ONLY
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this Protective Order in submitting the documents that it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file

Page 6 -   SECOND AMENDED PROTECTIVE ORDER

the document under seal. Before seeking to maintain the protection of documents filed with the court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5. Within thirty days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6. "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the court or included in whole or in part in pleadings, motions, briefs, etc. filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc. shall be opened only by the Court or by personnel authorized to do so by the Court.

7. Use of any information, documents, or portions of documents marked "Confidential" shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a. Counsel of record for the parties (including Special Assistant Attorneys General, partners, and associates employed by counsel of record's firms), and the administrative staff of counsel of record's firms.

    b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

    c. Any party to this action who is an individual, including, for Plaintiffs, their next friend to the extent that the next friend is legally authorized on the party's behalf to access confidential information, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

   d. Independent consultants or expert witnesses (including partners, associates, and employees of the firm that employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

   e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

   f. The authors and the original recipients of the documents.

   g. Any court reporter or videographer reporting a deposition.

   h. Employees of copy services, litigation technology and service providers, trial support firms, and translators who are engaged by the parties during the litigation of this action.

   8. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only" shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(f), 7(g) and 7(h), unless additional persons are stipulated by counsel or authorized by the Court. Plaintiffs' next friends who are attorneys may only access and view documents and information designated "Attorneys' Eyes Only" that pertain to the plaintiff for which the next friend is appointed. The parties agree that whether the next friends shall have access to the case records of other class members, if a class is certified, shall be subject to further negotiation.

   9. Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 7(c) or 7(d) (except if that person is the producer or original recipient of the document or the designating party) shall agree to be bound by the terms of this Protective Order by signing the agreement attached as Exhibit A.

   10. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pretrial proceeding, the designating party may exclude from the room any person, other than

persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing, or pretrial proceeding.

11. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete nondisclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly designated documents or materials,

and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13. Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

14. Upon the request of the producing party or third party, within thirty days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" or "Attorneys' Eyes Only," as applicable, to respective counsel, or counsel may certify in writing that all copies of confidential information in the possession of the receiving party have been destroyed. In addition to whatever other obligations DOJ may have in regard to record keeping, DOJ shall maintain an entire set of the case's confidential documents in a confidential and identifiable fashion for at least 10 years after the termination of the case.

15. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information.

16. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17. Nothing in this Protective Order shall be construed to change or restrict the obligations of defendants (Oregon Governor Tina Kotek, in her official capacity, DHS, the Director of DHS, Fairborz Pakseresht, and the Director of Child Welfare) and the DOJ to respond to public records requests pursuant to ORS chapter 192. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action, and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

18. It is agreed that if either party discloses privileged information or protected trial preparation materials, the parties understand that there will be no waiver of privilege or protection. A party may assert the privilege or protection at any time in the litigation. After being notified of the privilege or protection, the other party (a) must promptly return the specified information and any copies in its possession, custody, or control, (b) must make reasonable efforts to retrieve and to prevent disclosure of the information, if the party disclosed it before being notified, and (c) may not further use or disclose the information. A party opposing the claim of privilege or protection must promptly present the information to the Court under seal for a determination of the claim. Pursuant to FRE 502(d), absent an expressed agreement to waive, the presumption will be in favor of privilege or protection.

The Court has reviewed the reasons offered in support of entry of this Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Protective Order in this action.

**IT IS SO ORDERED:**

DATED:  April 24, 2024


/s/Ann Aiken
HONORABLE ANN AIKEN
U. S. District Court Judge

**Page 12 - SECOND AMENDED PROTECTIVE ORDER**

# EXHIBIT A

I, _____, have been advised by counsel of record for

_____in *Wyatt B., et al. v. Tina Kotek, et al.,* U.S. Dist. Ct. Or. Case No. 6:19-cv-00556-AA of the Protective Order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation.  I have read a copy of the Protective Order and agree to abide by its terms.

_____
Signed

_____
Printed

882814
2110276.1