**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Vivek A. Kothari, OSB #182089**
VivekKothari@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for Defendants*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WYATT B. and NOAH F. by their next friend Michelle McAllister; KYLIE R. and ALEC R. by their next friend Kathleen Megill Strek; UNIQUE L. by her next friend Annette Smith; SIMON S. by his next friend Paul Aubry; RUTH T. by her next friend Michelle Bartov; BERNARD C. by his next friend Ksen Murry; NAOMI B. by her next friend Kathleen Megill Strek; and NORMAN N. by his next friend Tracy Gregg, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>TINA KOTEK, Governor of Oregon in her official capacity; FARIBORZ PAKSERESHT, Director, Oregon Department of Human Services in his official capacity; APRILLE FLINT-GERNER, Director, Child Welfare in her official capacity; and OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>                Defendants. | Case No. 6:19-cv-00556-AA<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' WITNESS STATEMENTS** |

## GENERAL OBJECTIONS

1.    <u>Federal Rule of Evidence 401</u>.  Defendants object to plaintiffs' proffered testimony to the extent that it is not relevant to any claims or issues alleged in plaintiffs' complaint because the testimony has no tendency to make a fact more or less probable than it would be with the evidence and/or the testimony has no consequence in determining any claim or issue in this action.

2.    <u>Federal Rule of Evidence 403</u>.  Defendants object to plaintiffs' proffered testimony to the extent that its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the fact finder, undue delay, wasting time, or needlessly presenting cumulative evidence.

3.    <u>Federal Rule of Evidence 404(b)</u>:  Defendants object to plaintiffs' proffered testimony to the extent that evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character evidenced by the crime, wrong, or act.

4.    <u>Federal Rule of Evidence 408</u>:  Defendants object to plaintiffs' proffered testimony to the extent that evidence of settlement agreements are inadmissible to prove defendants' liability in this case, including to prove that defendants were deliberately indifferent.

5.    <u>Federal Rule of Evidence 602</u>:  Defendants object to plaintiffs' proffered testimony to the extent that plaintiffs' witnesses lack personal knowledge of the matters to which they are testifying.

6.    <u>Federal Rule of Evidence 701</u>:  Defendants object to plaintiffs' proffered lay opinion testimony to the extent that it is not rationally based on the witnesses' perceptions, is not helpful to determining any fact at issues, and/or is based on scientific, technical, or other

specialized knowledge within the scope of Federal Rule of Evidence 702 and outside the personal knowledge of the lay witnesses.

       7.    <u>Federal Rules of Evidence 801 & 802</u>:  Defendants object to plaintiffs' proffered testimony to the extent that it seeks to admit out-of-court statements offered to prove the truth of the matter asserted.

       8.    <u>Motions *in limine*</u>.  Defendants object to plaintiffs' proffered testimony for the same reasons and on the same bases set out in defendants' motions *in limine*, filed separately.

## OBJECTIONS – WITNESS CATEGORIES

       1.    <u>Lay witnesses</u>.  Defendants object to plaintiffs' proffered lay witness testimony to the extent that it relies on scientific, technical, or other specialized knowledge outside the scope of these witnesses' personal knowledge.  Many of plaintiffs' lay witnesses' testimony covers subjects for which they have no personal knowledge and no expertise under Federal Rule of Evidence 702.

       2.    <u>Expert witnesses</u>.  Defendants object to plaintiffs' proffered expert witness testimony to the extent that plaintiffs offer it through expert witnesses that plaintiffs have not previously disclosed.  Parties must disclose the identity of any expert witness they intend to introduce at trial, and those disclosures must be accompanied by a written report that contains (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness' qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(A)(B).  Defendants further object to plaintiffs' proffered expert witness testimony for the same reasons set out in defendants' *Daubert* motions, filed separately.

      3.    <u>Adverse witnesses</u>.  Defendants object to plaintiffs' proffered adverse witness testimony as follows:

      a.    Plaintiffs have provided no description of the testimony they expect to elicit from these witnesses, as required by the Court's previous orders and instructions to the parties in this case.  (3/28/24 Hearing Tr. 30:16, 24.) Defendants cannot prepare a cross-examination of these witnesses without some knowledge of what evidence plaintiffs intend to introduce through their testimony.

      b.    Defendants further object to plaintiffs' adverse witnesses to the extent that plaintiffs intend to introduce evidence of their deposition testimony in *J.M., et al. v. Major, et al.*, No. 6:18-cv-00739-AN.  That testimony is not admissible because it is hearsay, it is not relevant to the claims in this case, and none of the defendants in this case, other than ODHS, were parties to *J.M.* and had no opportunity to participate in those depositions or to question the *J.M.* witnesses.

      c.    Defendants further object to plaintiffs' adverse witness Rebecca Jones-Gaston, who is not available for trial and who sat for a perpetuation deposition in this case under Federal Rule of Civil Procedure 27.  That deposition is admissible testimony in this trial, but plaintiffs may not now call Ms. Gaston-Jones—who is not available anyway—as a live witness in this case.

**Page 4 –**    **DEFENDANTS' OBJECTIONS TO PLAINTIFFS' WITNESS STATEMENTS**

4.      <u>Undisclosed witnesses</u>.  Defendants object to witnesses K.H. and S.S., and plaintiffs' "placeholder fact witnesses," on the grounds that plaintiffs disclosed their identities at the eleventh hour and, to the extent plaintiffs intend to identify any additional "placeholder witnesses," defendants do not know their identities and cannot prepare their cross-examinations. Nor can defendants make informed objections.  Plaintiffs had an ongoing obligation under Federal Rule of Procedure 33 to disclose the identities of K.H. and S.S., since as early as September 30, 2019, as well as the identities of all their trial witnesses, and plaintiffs did not do so until April 25, 2024 at 4:51 p.m.—the evening that pretrial filings were due.  This failure to disclose matters subject to mandatory discovery, and failure to comply with case management orders, should result in exclusion of these witnesses' testimony in their totality under Rule 37(c).

## OBJECTIONS – INDIVIDUAL WITNESSES

### 1.  Anna Abraham (Citizen Review Board), Fact Witness – Page 2

| Anna Abraham | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Placement stability remains a "huge problem" in Child Welfare | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Experiences of individual children with multiple placements | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| ODHS's use of temporary lodging, including with respect to children with disabilities, and the duration of children's stays in temporary lodging | **FRE 403:** cumulative evidence to that offered from other witnesses; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

| Anna Abraham | |
| --- | --- |
| **Testimony** | **Defendants' Objections** |
| "ODHS fails to provide children and families with adequate services" | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Wait times for mental health services | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| ODHS's "fealty" to an approved service contractor list and resulting consequences of adherence to that list | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Caseworker turnover, and its effects on children with special needs, on families, and anecdotes relating to isolated interactions with individual caseworkers | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Ms. Abraham's personal attempts to obtain reports from ODHS | **FRE 401:** lacks relevance because it does not relate to any claim or defense; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

**2. Paul Aubry (Next Friend; attorney), Fact Witness – Page 3**

| Paul Aubry | |
| --- | --- |
| **Testimony** | **Defendants' Objections** |
| ODHS's "failure" to provide appropriate substitute placements and an adequate number of resource homes | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| ODHS's use of temporary lodging and "TL-prevention" homes, its correlation with availability of resource homes, and the quality of services in temporary lodging | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

| Paul Aubry | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| ODHS's "failure" to provide adequate services, including medication administration and mental health treatment | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Opinions regarding the efficacy of ODHS's medication administration and any related examples | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| ODHS's "failure" to provide timely mental health services and its reliance on referral services, particularly with respect to teenagers | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| "ODHS will make no additional efforts to meet a child's needs absent intervention from outside service providers" | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Personal observations of poor caseworker performance or training | **FRE 401:** lacks relevance because it does not relate to any claim or defense; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| "ODHS severely undervalues line-level caseworkers, (and) their menial salaries (are) widely out of alignment with the job's underlying demands" | **FRE 401:** lacks relevance because it does not relate to any claim or defense; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Professional errors and/or poor outcomes and their connection to "ODHS casework deficits and failure to take accountability" | **FRE 401:** lacks relevance because it does not relate to any claim or defense; **FRE 404(a):** improper character evidence; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

| Paul Aubry | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Examples regarding "ODHS's particular animus" toward a particular mother and the impact on her child | **FRE 401:** lacks relevance because it does not relate to any claim or defense; **FRE 403:** unduly prejudicial and misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| ODHS withholds reports from juvenile counsel | **FRE 401:** lacks relevance because it does not relate to any claim or defense; **FRE 602:** witness lacks personal knowledge; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| A Clatsop County judge's standing order regarding ODHS's required disclosures to third parties and the reasons for that order | **FRE 401:** lacks relevance because it does not relate to any claim or defense; F**RE 602:** witness lacks personal knowledge; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

### 3. Dr. Angelique Day (MSW), Expert Witness – Page 6

| Dr. Angelique Day | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Expert reports dated December 9, 2019; December 15, 2023. | *See* defendants' *Daubert* motion; **FRE 802:** hearsay (if plaintiffs intend to introduce expert reports as evidence) |

### 4. Dr. Rose Eagle (psychologist), Fact Witness – Page 6

| Dr. Rose Eagle | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Psychological evaluations of R.L. | **FRE 401:** lacks relevance because it does not relate to any claim or defense; **FRE 408:** evidence of settlement to prove liability; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

| Dr. Rose Eagle | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Descriptions of documents and information provided to her in connection to those evaluations, and documents withheld from her | **FRE 401:** lacks relevance because it does not relate to any claim or defense; **FRE 408:** evidence of settlement to prove liability; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Impact of ODHS's documentation and information on witness's clinical assessment and resulting opinion | **FRE 401:** lacks relevance because it does not relate to any claim or defense; **FRE 408:** evidence of settlement to prove liability; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

**5.  Dr. Roxanne Edwinson (psychologist), Fact Witness – Page 7**

| Dr. Roxanne Edwinson | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Inconsistent provision of stable and/or appropriate placements for children in foster care | **FRE 602:** lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| "Chronic" and "systemic" issues relating to inadequate resources, training and preparation | **FRE 602:** lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Injuries to foster children arising from multiple placement changes, unstable caretaking, and/or mismatched placements | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

| Dr. Roxanne Edwinson | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Placement changes that occur with "the receiving caregivers having important information about the child." | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Anecdotal testimony regarding a sibling group that was placed with "unfamiliar relatives," characterized as "a therapeutically unsound action that aggravates underlying trauma symptoms." | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Observations regarding children whose mental health diagnoses and/or symptoms were "uniquely attributable" to the "volume of attachment disruptions and placement transitions" they experienced | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| "Standard policies" being inadequate with regard to mental health screening and services | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Resource parents are often unprepared to handle children's stress-related issues, and the consequences of that lack of preparedness | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| The intersection between resource parents' skills and foster children's common behavioral issues | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Specific instances of "poor case planning" and its impacts on children | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

| Dr. Roxanne Edwinson | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Observations "among many cases" regarding transitions handled with poor communication, lack of attention to children's needs, and other problems | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Operations of the RAPID program and its interactions with ODHS, resource parents, and foster children | **FRE 403:** unduly prejudicial and misleading; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| ODHS's failure to address transportation problems, language barriers, and examples of a lack of support | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Resource parents declining to continue fostering children because of ODHS's lack of support | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| ODHS's use or misuse of the Child and Adolescent Needs and Strengths (CANS) assessment, and the resulting outcomes, including opinions about those outcomes | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| How CANS assessments result in inappropriate placements, and specific aspects of the assessment process that lead to those results | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| "Oregon's provision of child welfare services is uniquely failing certain constituencies, including children in need of acute care and/or culturally appropriate and trauma-informed placement settings and mental health supports." | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

| Dr. Roxanne Edwinson | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Opinion and evaluation of Child X and any injuries or damages to Child X | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; **FRCP 37(c):** exclusion for failure to disclose; *see also* defendants' motions *in limine* |

### 6.  Dr. Anne Farina (MSW, LICSW), Expert Witness – Page 12

| Dr. Anne Farina | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Expert reports dated December 15, 2023; March 1, 2024. | *See* defendants' *Daubert* motion; **FRE 802:** hearsay (if plaintiffs intend to introduce expert reports as evidence) |

### 7.  Tracy Frazier (attorney), Fact Witness – Page 13

| Tracy Frazier | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| A lack of placements in Columbia and Clatsop counties, and the inadequacy of existing placements | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Considerations relating to the placement of teenagers and the necessary level of care for that age group | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| The impact of the placement array on children with disabilities, and the resulting consequences to those children | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| "Unique burdens" on children with disabilities in rural communities and the "poor outcomes" for that group of children | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

| Tracy Frazier | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Anecdotal evidence of a five-year-old child who experienced a head injury while in care, which was determined to be unfounded, and the timing of Ms. Frazier's receipt of the reports related to this incident | **FRE 401:** lack of relevance (report was unfounded; no maltreatment occurred); **FRE 403:** unfairly prejudicial, misleading, speculative; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Anecdotal evidence relating to a teenager who was allegedly sexually abused by their caseworker, and the timing and circumstances of Ms. Frazier's receipt of information relating to the alleged assault | **FRE 401:** lack of relevance (the accused caseworker was not charged and never has been); **FRE 403:** unfairly prejudicial, misleading, speculative; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay[1]; *see also* defendants' motions *in limine* |
| Additional testimony upon entry of a revised protective order | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; **FRCP 37(c):** exclusion for failure to disclose; *see also* defendants' motions *in limine* |
| Belief that ODHS is and was intentionally withholding information from parties | **FRE 403:** unfairly prejudicial, misleading, speculative; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

---

[1] Plaintiffs specify that Ms. Frazier did <u>not</u> learn about either of her anecdotes from ODHS, any ODHS employees, or the Oregon Department of Justices.  She learned them from other sources.  Because of this, her anecdotes rely on no party-opponent statements at all.

**Page 13 –    DEFENDANTS' OBJECTIONS TO PLAINTIFFS' WITNESS
                STATEMENTS**

8. **Sen. Sara Gelser Blouin (Chair, Oregon Senate Human Services Committee), Fact Witness – Page 16**

| Sen. Sara Gelser Blouin | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| All listed topics (Ex. 5 at 2 (ECF 385-5 at 2)).[2] | **FRE 401:** lack of relevance to claims and defenses at issue in this case; **FRE 403:** unduly prejudicial and misleading; **FRE 602:** lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; **FRCP 37(c):** exclusion for failure to disclose; *see also* defendants' motions *in limine* |
| Temporary lodging; Dynamic Life | **FRE 401:** lack of relevance to claims and defenses at issue in this case; **FRE 403:** unduly prejudicial and misleading; **FRE 408:** evidence of settlements is inadmissible to prove liability; **FRE 602:** lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; **FRCP 37(c):** exclusion for failure to disclose; *see also* defendants' motions *in limine* |

9. **Holly Hampton (resource parent), Fact Witness – Page 16**

| Holly Hampton | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Ms. Hampton's resource home is the only one in Clackamas County that will accept more than one teenager at a time | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

---

[2] Because plaintiffs do not describe the testimony Sen. Gelser Blouin intends to give—instead providing only a list of topics—it is impossible for defendants to object to specific testimony. Plaintiffs must disclose the evidence they intend to introduce at trial, or it is subject to exclusion. Fed. R. Civ. P. 37(c).

| Holly Hampton | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Most Clackamas County teens are forced to go into shelters or more restrictive placements because no other options exist | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Clackamas County teens are pushed into "any place that has a bed" regardless of the fit | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Clackamas County fails to meet federal standards aimed at limiting placement disruptions | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| The alleged sexual abuse and maltreatment of a foster child in Ms. Hampton's home | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Lack of connection between caseworkers and children and young adults | **FRE 602:** witness lacks personal knowledge; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Participation in ODHS's Community Chats program and answers to her questions | **FRE 401:** lack of relevance; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

**10. K.H. (former foster child or young adult), Fact Witness – Page 18**

| K.H. | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Undisclosed identity | **FRCP 37(c):** exclusion for failure to disclose; *see also* defendants' motions *in limine* |
| K.H. received no services to "address her trauma," which resulted in maltreatment | **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| K.H. was harmed and "abused" by the foster care system | **FRE 701:** improper legal conclusion; *see also* defendants' motions *in limine* |
| Video referenced in witness statement | **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

**11. Dr. Albyn Jones (professor emeritus), Expert Witness – Page 19**

| Dr. Albyn Jones | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Expert report dated March 1, 2024. | *See* defendants' *Daubert* motion; **FRE 802:** hearsay (if plaintiffs intend to introduce expert reports as evidence) |

**12. Resa Kee (Court-Appointed Special Advocate), Fact Witness – Page 20**

| Resa Kee | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Child Welfare has "failed" Child X and "harmed" that child, including his "prolonged and unnecessary" placement in residential settings and temporary lodging | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; **FRCP 37(c):** exclusion for failure to disclose; *see also* defendants' motions *in limine* |
| Anecdote related to an "instance where ODHS did not know where Child X was placed due to frequent and undocumented moves," and his "extreme isolation" during this time | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; **FRCP 37(c):** exclusion for failure to disclose; *see also* defendants' motions *in limine* |
| ODHS "brushed off" placement options or "inappropriately" barred exploration of relative placements | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; **FRCP 37(c):** exclusion for failure to disclose; *see also* defendants' motions *in limine* |
| ODHS's case management was poor and resulted in injury to Child X | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; **FRCP 37(c):** exclusion for failure to disclose; *see also* defendants' motions *in limine* |

| Resa Kee | |
| --- | --- |
| **Testimony** | **Defendants' Objections** |
| Child X had a disability that ODHS misidentified as a behavioral problem | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; **FRCP 37(c):** exclusion for failure to disclose; *see also* defendants' motions *in limine* |
| ODHS mishandled Child X's medication, which included "significant withdrawal effects" that aggravated his mental health conditions | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; **FRCP 37(c):** exclusion for failure to disclose; *see also* defendants' motions *in limine* |
| Instances of "suspected reports" of maltreatment of Child X, and the timing of Ms. Kee's receipt of related reports | **FRE 401:** lack of relevance (reports "suspected" maltreatment, which does not appear to have been confirmed); **FRE 403:** unduly prejudicial and misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; **FRCP 37(c):** exclusion for failure to disclose; *see also* defendants' motions *in limine* |
| Child X has been deprived of services and educational opportunities and has been supervised by "untrained" staff, as well as being "deprived of basic childhood needs and activities" | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; **FRCP 37(c):** exclusion for failure to disclose; *see also* defendants' motions *in limine* |

### 13. Judah Largent (attorney), Fact Witness – Page 22

| Judah Largent | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Child Welfare is "uniquely failing children with disabilities," including lacking sufficient caregivers and services, and over-relying on residential facilities | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay |
| ODHS fails to ensure continuity of care for services after children are released from residential care, often resulting in problems like medication mismanagement | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| A "hot potato" phenomenon exists where children with disabilities remain untreated and end up in an "interminable placement transition" that results in them "languishing" in temporary lodging | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| In one unnamed child's case, the child experienced nearly 50 placements.  This anecdote will be used to demonstrate systemic problems. | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; **FRCP 37(c):** exclusion for failure to disclose; *see also* defendants' motions *in limine* |
| Oregon's use of temporary lodging is "widely injurious" to children, including because children in temporary lodging are not "in care" for purposes of abuse reporting and investigations | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| ODHS's response to "perceived retaliation against children who disclose maltreatment" | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Child Welfare allows for too many placement turnovers, which result in loss of services and injuries to children and young adults in foster care | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

| Judah Largent | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| ODHS is "resistant" to producing abuse reports and assessments | **FRE 401:** lacks relevance because it does not relate to any claim or defense; **FRE 602:** witness lacks personal knowledge; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| ODHS fails to provide transition planning for children in foster care, including a specific child who was left homeless in the winter and told to "figure it out." | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; **FRCP 37(c):** exclusion for failure to disclose; *see also* defendants' motions *in limine* |

### 14. Caroline Moore (attorney), Fact Witness – Page 25

| Caroline Moore | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| ODHS has a "vast undersupply" of appropriate placements, especially for teenagers and high-needs children; ODHS caseworkers have observed this lack of placements | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Caseworkers "consistently fail" to complete timely assessments of children, sometimes not within six months of the initiation of the case | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Children "regularly do not receive" services, particularly with respect to mental health needs | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

| Caroline Moore | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Anecdote related to an unidentified child who was ultimately placed with the Oregon Youth Authority after his probation was revoked, which Ms. Moore attributes to his lack of mental health services | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; **FRCP 37(c):** exclusion for failure to disclose; *see also* defendants' motions *in limine* |
| ODHS experiences a "revolving door" of caseworkers that results in low quality service provisions | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Ms. Moore is not always provided reports and information related to the cases of the children she represents | **FRE 401:** lacks relevance because it does not relate to any claim or defense; **FRE 602:** witness lacks personal knowledge; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Testimony related to treatment records of Ms. Moore's undisclosed client | **FRE 403:** unduly prejudicial and misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; **FRCP 37(c):** exclusion for failure to disclose; *see also* defendants' motions *in limine* |

### 15. Kari Pinard (Executive Director CASA Voices for Children), Fact Witness – Page 27

| Kari Pinard | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| The numbers of children in care have been significantly reduced, and children entering care are "more traumatized than in years past" because of ODHS's delayed intervention and failure to appropriately respond to calls | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

| Kari Pinard | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Children are not provided appropriate, stable placements, which is caused in part by a lack of training for resource families | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| ODHS does not provide support to resource families, appropriate respite care, or support plans | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Benton County has one of the most "severe" deficits of resource families in Oregon | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Placement deficits lead to trial home visits before a child's parent is ready because ODHS has "nowhere else to place the child." | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| ODHS's reliance on temporary lodging, the conditions and treatment of children in Dynamic Life, how ODHS uses Dynamic Life, Ms. Pinard's own interactions with the provider, and the lack of training of Dynamic Life staff | **FRE 401:** lack of relevance to claims and defenses at issue in this case; **FRE 403:** unduly prejudicial and misleading; **FRE 408:** evidence of settlements is inadmissible to prove liability; **FRE 602:** lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 702:** improper, undisclosed expert opinion; **FRE 802:** hearsay; **FRCP 37(c):** exclusion for failure to disclose; *see also* defendants' motions *in limine* |
| ODHS "compounds the trauma" of children in foster care by inadequately addressing their needs, including an inadequate administration of the CANS assessment | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| ODHS's contracts with service providers create a barrier to children receiving appropriate services, medication, and other necessary care | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

| Kari Pinard | |
| --- | --- |
| **Testimony** | **Defendants' Objections** |
| ODHS's Child Abuse Hotline does not provide reports about outcomes of reports of abuse, ODHS is "secretive" about its activities, and Child Welfare generally communicates poorly with CASA and others | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Teens and young adults who age out of foster care do not receive the supports or benefits they need, and wait lists are too long for many children to access transition services | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

**16. S.S. (former foster child), Fact Witness – Page 32**

| S.S. | |
| --- | --- |
| **Testimony** | **Defendants' Objections** |
| Undisclosed identity | **FRCP 37(c):** exclusion for failure to disclose; *see also* defendants' motions *in limine* |
| S.S. did not receive the services she needed to address her mental health and trauma | **FRE 701:** improper lay witness opinion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| S.S.'s out-of-state placement, including all allegations of the treatment and abuse that she received there | **FRE 401:** lack of relevance to any claim or defense (ODHS no longer places children in out-of-state residential facilities); *see also* defendants' motions *in limine* |

**17. Annette Smith (attorney), Fact Witness – Page 34**

| Annette Smith | |
| --- | --- |
| **Testimony** | **Defendants' Objections** |
| ODHS's lack of resource care providers results in it relying on expensive temporary lodging diversion homes or institutional placements for children with disabilities | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

| Annette Smith | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| ODHS has "profound deficits" in its provision of services, including for mental health, developmental disabilities, and medication services | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| ODHS engages in poor assessment practices and poor casework | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| A Lane County Circuit Court Judge recently criticized ODHS for its discovery practices | **FRE 401:** lacks relevance because it does not relate to any claim or defense; **FRE 602:** witness lacks personal knowledge; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

**18. Tahra Sinks, J.D. (attorney), Fact Witness – Page 35**

| Tahra Sinks | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Ms. Sinks did not receive reports and other information regarding her client's alleged abuse by his resource parent, including screening reports and a forensic interview | **FRE 401:** not relevant to any claim or defense; **FRE 403:** unfairly prejudicial, misleading; **FRE 408:** settlement agreements are inadmissible; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| ODHS continues to withhold maltreatment records relating to abuse occurring in resource homes | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

### 19. Lindsay Soto, J.D. (attorney), Fact Witness – Page 37

| Lindsay Soto | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Mr. Soto did not receive reports and other information regarding his client's alleged abuse, including emails, screening reports, and other investigative materials | **FRE 401:** not relevant to any claim or defense; **FRE 403:** unfairly prejudicial, misleading; **FRE 408:** settlement agreements are inadmissible; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

### 20. Dr. Sue D. Steib (LCSW), Expert Witness – Page 38

| Dr. Sue D. Steib | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Expert reports dated December 9, 2019; December 15, 2023; March 1, 2024. | *See* defendants' *Daubert* motion; **FRE 802:** hearsay (if plaintiffs intend to introduce expert reports as evidence) |

### 21. Gina Stewart (attorney), Fact Witness – Page 38

| Gina Stewart | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| An "incredible" lack of resource placements exists in Douglas County, and the homes that do exists are often inappropriate for the children they house | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Douglas County has a "dearth" of treatment providers, secondary supports, and access to transition services, primarily as a result of staff turnover | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

| Gina Stewart | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| ODHS offices in Douglas County experience high turnover, which exacerbates the lack of services and supports for children | **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| ODHS withholds information and records relating to maltreatment in care, including from children's attorneys | **FRE 401:** lacks relevance because it does not relate to any claim or defense; **FRE 602:** witness lacks personal knowledge; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

**22. Hon. Daniel J. Wren (Marion County Circuit Court Judge; previously, juvenile attorney), Fact Witness – Page 40**

| Hon. Daniel J. Wren | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Judge Wren did not receive reports and other information regarding his client's alleged abuse, including screening reports and other investigative materials, and information that her resource parent had admitted to the abuse | **FRE 401:** not relevant to any claim or defense; **FRE 403:** unfairly prejudicial, misleading; **FRE 408:** settlement agreements are inadmissible; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper lay witness opinion; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

**OBJECTIONS – SUPPLEMENTAL WITNESS STATEMENT**

**23. Lacey Andresen (Deputy Director of Child Welfare), Fact Witness – Page 2**

| Lacey Andresen | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Permanency workers are responsible to inform dependency parties about the child's medical status. | **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Complex trauma and its cumulative effects can reach into adulthood. | **FRE 701:** improper lay witness opinion; *see also* defendants' motions *in limine* |

| Lacey Andresen | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| During her work at DHS Marion County, Andresen did not observe a practice of meeting with foster parents, in contradiction of claims in the 2021 Vision for Transformation. | **FRE 401:** lack of relevance to any claim or defense; **FRE 403:** misleading; *see also* defendants' motions *in limine* |
| Whether ODHS "responsibly" informs children's medical providers of abuse under Karly's Law is "far from clear." | **FRE 401:** lack of relevance to any claim or defense; **FRE 701:** improper legal opinion; *see also* defendants' motions *in limine* |

### 24. Sara Fox (Treatment Services Manager), Fact Witness – Page 3

| Sara Fox | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| The "sharp drops" in placement capacity across different treatment services resources. | **FRE 401:** lack of relevance to any claim or defense; *see also* defendants' motions *in limine* |
| Testimony regarding day services, FOCUS services, independent living programs, and other non-residential services, and their pilot status (if applicable). | **FRE 401:** lack of relevance to any claim or defense; *see also* defendants' motions *in limine* |
| Instructions to Ms. Fox's team from Child Welfare's Executive Leadership Team to remove "negative" words like "crisis," "gap," and "lack" from their communications, particularly with the Legislature. | **FRE 401:** lack of relevance to any claim or defense; **FRE 403:** misleading; *see also* defendants' motions *in limine* |

### 25. Kevin George (ODHS employee), Fact Witness – Page 4

| Kevin George | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Child Welfare has not "passed" its last three CFSRs | **FRE 401:** lack of relevance to any claim or defense; **FRE 701:** improper lay witness testimony; **FRE 701:** improper legal conclusion; *see also* defendants' motions *in limine* |

| Kevin George | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| "Concerns regarding the branch offices' fidelity to the SAFE home study" | **FRE 401:** lack of relevance to any claim or defense; **FRE 602:** witness lacks personal knowledge; *see also* defendants' motions *in limine* |
| The Child-Specific Certification process, and the fact that "DHS Central Office became aware that branch offices used the CSC process to certify providers unknown to children." | **FRE 401:** lack of relevance to any claim or defense; **FRE 602:** witness lacks personal knowledge; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Having the branch offices conduct their own child abuse investigations raised the potential for conflict, which went unaddressed. | **FRE 401:** lack of relevance to any claim or defense; **FRE 602:** witness lacks personal knowledge; *see also* defendants' motions *in limine* |
| Sensitive Issue Reports were issued out of concern for media attention and to apprise agency leadership. | **FRE 401:** lack of relevance to any claim or defense; **FRE 602:** witness lacks personal knowledge; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

**26. Dawn Hunter (Program Manager), Fact Witness – Page 6**

| Dawn Hunter | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Concerns relating to the Sensitive Issue Report process, and the "lack of implementation" of recommendations as a result of those reviews. | **FRE 401:** lack of relevance to any claim or defense; **FRE 602:** witness lacks personal knowledge; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

| Dawn Hunter | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| "No changes in personnel, training, or practice occurred as a result of the serious instances of abuse in care." | **FRE 401:** lack of relevance to any claim or defense; **FRE 602:** witness lacks personal knowledge; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| The process for informing relevant parties of maltreatment in care and who does or does not receive this information | **FRE 401:** lack of relevance to any claim or defense; **FRE 602:** witness lacks personal knowledge; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Instances of abuse of individual children in resource homes, including but not limited to two named plaintiffs | **FRE 401:** lack of relevance to claims and defenses at issue in this case; **FRE 403:** unduly prejudicial and misleading; **FRE 602:** lacks personal knowledge; **FRE 802:** hearsay; **FRCP 37(c):** exclusion for failure to disclose; *see also* defendants' motions *in limine* |
| Placement capacity of resource homes in Marion County and certification process for placing children | **FRE 401:** lack of relevance to any claim or defense; *see also* defendants' motions *in limine* |

### 27. Rebecca Jones-Gaston (former Director of Child Welfare), Fact Witness – Page 8

| Rebecca Jones-Gaston | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| All testimony. | **FRCP 27:** perpetuation deposition (to the extent plaintiffs attempt to call Ms. Jones-Gaston as a live witness). |
| Testimony regarding Ms. Jones-Gaston's reactions to statements in a report by Casey Family Programs | **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Testimony regarding placement of children, number of placements, or effect of Vision for Transformation on placement array or services | **FRE 401:** lack of relevance to any claim or defense; *see also* defendants' motions *in limine* |

**28. Fariborz Pakseresht (Director of ODHS), Fact Witness – Page 9**

| Fariborz Pakseresht | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| The existence (or lack thereof) of "metrics of success" for the Vision for Transformation and any associated timelines | **FRE 401:** lack of relevance to any claim or defense; **FRE 403:** misleading; *see also* defendants' motions *in limine* |
| Any prior statements by Governor John Kitzhaber | **FRE 403:** misleading; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| Testimony regarding Dynamic Life and temporary lodging, including related testimony before the Oregon Legislature, complaints from third parties, and funding for Dynamic Life | **FRE 401:** lack of relevance to any claim or defense; **FRE 403:** unduly prejudicial and misleading; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

**29. Melanie Parent (Foster Care Coordinator), Fact Witness – Page 12**

| Melanie Parent | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Statements contained in the 2018 Secretary of State Audit regarding the performance of Child Welfare | **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| The use of the Child Specific Certification process and its relationship to the available placement array | **FRE 401:** lack of relevance to any claim or defense; *see also* defendants' motions *in limine* |
| The process for Sensitive File Reviews and their availability to the public | **FRE 401:** lack of relevance to any claim or defense; *see also* defendants' motions *in limine* |
| The Sensitive File Review related to the *J.M.* case | **FRE 401:** not relevant to any claim or defense; **FRE 403:** unfairly prejudicial, misleading; **FRE 408:** settlement agreements are inadmissible; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

**30. Michelle Pfeiffer (Child Welfare Legislative Coordinator) – Page 14**

| Michelle Pfeiffer | |
|---|---|
| **Testimony** | **Defendants' Objections** |
| Testimony relating to CPS investigations in the *J.M.* case | **FRE 401:** not relevant to any claim or defense; **FRE 403:** unfairly prejudicial, misleading; **FRE 408:** settlement agreements are inadmissible; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |
| "[T]he bias and lack of independence of CPS investigations in the context of the desperate need for foster placements." | **FRE 403:** unfairly prejudicial, misleading; **FRE 602:** witness lacks personal knowledge; **FRE 701:** improper legal conclusion; **FRE 802:** hearsay; *see also* defendants' motions *in limine* |

DATED: April 25, 2024.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

*s/Lauren F. Blaesing*
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Vivek A. Kothari, OSB #182089
VivekKothari@MarkowitzHerbold.com
*Special Assistant Attorneys General for Defendants*

Adele J. Ridenour, OSB #061556
AdeleRidenour@MarkowitzHerbold.com
*Of Attorneys for Defendants*

Carla A. Scott, OSB #054725
carla.a.scott@doj.state.or.us
Sheila H. Potter, OSB #993485
sheila.potter@doj.state.or.us
*Of Attorneys for Defendants*

2132235.4