**P. ANDREW McSTAY, JR.**, OSB 033997
andymcstay@dwt.com
**WILLIAM D. MINER**, OSB 043636
billminer@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
560 SW 10th Avenue, Suite 700
Portland, OR 97205
Telephone: (503) 241-2300

**MARCIA ROBINSON LOWRY** (*pro hac vice*)
mlowry@abetterchildhood.org
**ANASTASIA BENEDETTO** (*pro hac vice*)
abenedetto@abetterchildhood.org
**LINDSAY GUS** (*pro hac vice*)
lgus@abetterchildhood.org
**A BETTER CHILDHOOD**
355 Lexington Avenue, Floor 16
New York, NY 10017
Tel: (646) 795-4456

*Attorneys for Plaintiffs*
*Additional Counsel of Record Listed on Signature Page*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| WYATT B., *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>TINA KOTEK, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 6:19-cv-00556<br><br>**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING FUNDAMENTAL ALTERATION AFFIRMATIVE DEFENSE**<br><br>**Oral Argument Requested** |

Page 1 - PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING FUNDAMENTAL ALTERATION AFFIRMATIVE DEFENSE
4883 4651 4105.1

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

**LR 7-1 Certification**

Plaintiffs conferred with Defendants by telephone on April 25, 2024; Defendants oppose this motion.

**MOTION**

Plaintiffs move pursuant to Federal Rules of Civil Procedure 8, 12, and 15 to exclude presentation of a waived affirmative defense. Defendants announced for the first time in their trial brief their intent to present evidence and argument surrounding the affirmative defense of "fundamental alteration," in response to Plaintiffs' ADA and Section 504 claims. ECF 372, at 83-86. Defendants have waived the affirmative defense by failing to preserve it in their Answer. ECF 228. Defendants failed to raise the affirmative defense in any other pleading between April 16, 2019, and April 12, 2024, nor have they ever moved to amend their answer to include it. Allowing Defendants to raise an affirmative defense for the first time a month before trial, long after discovery has closed, would work substantial prejudice to Plaintiffs. Plaintiffs neither could have nor should have requested discovery to rebut a defense Defendants had waived. Because Defendants forfeited their affirmative defense, no evidence or argument regarding the defense should be entertained.

As an ordinary matter, a defendant must state all affirmative defenses in their answer, including claim-specific defenses. FED. R. CIV. P. 8(b) & 8(c); FED. R. CIV. P. 12(b); *Arizona v. California*, 530 U.S. 392, 410, *supplemented*, 531 U.S. 1 (2000) (defendant may not belatedly raise a defense solely "because a light finally dawned, years after the first opportunity to raise a defense"). In certain limited circumstances, a defendant has been permitted to raise an affirmative defense in a summary judgment motion, but only where no "prejudice to the plaintiff attaches." *Ledo Fin. Corp. v. Summers*, 122 F.3d 825, 827 (9th Cir. 1997); *cf.* FED. R. CIV. P. 15(b)(1)

Page 2 - PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING FUNDAMENTAL ALTERATION AFFIRMATIVE DEFENSE
4883 4651 4105.1

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

(amendment of pleadings to add defenses or claims at trial not permitted where such action "would prejudice" the other party).

Under the ADA and Section 504, a public entity need not engage in otherwise required accommodation of people with disabilities if it would work a "fundamental alteration" on the agency. *See, e.g.,* 28 C.F.R. 35.130(7)(i). Whether an accommodation fundamentally alters a service or facility is an affirmative defense. *Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 845 (9th Cir. 2004). Determining whether a fundamental alteration defense applies is "an intensively fact-based inquiry." *Martin v. PGA Tour, Inc.*, 204 F.3d 994, 1001 (9th Cir. 2000), *aff'd*, 532 U.S. 661 (2001).

The fundamental alteration defense, as first alleged by Defendants in their trial brief, would require special investigation into the funding available for certain supports for youth with disabilities, the comparative expenditures of Defendants on community-based supports, and a full assessment of the "financial and other logistical limitations on a state's capacity to provide integrated services to the disabled." ECF 372, at 85; *Townsend v. Quasim*, 328 F.3d 511, 519 (9th Cir. 2003). Plaintiffs would obviously be prejudiced by the surprise addition of a defense raising such an intensively fact-based inquiry. Fully exploring the defense would requiring financial assessment of the state's capacity to spend on various services and the relative costs of integrated and restrictive placements, months after discovery closed and a month before trial. Plaintiffs conducted no discovery on that topic. Plaintiffs would have abused public resources and violated Rule 26 to pursue discovery into defenses Oregon failed to assert. FED. R. CIV. P. 26(b)(1) & (f)(2). The Court can readily conclude the substantial prejudice of adding an unannounced affirmative defense on such a fact-dependent topic at this date, particularly in a case scheduled for a four-week trial that already contains many complex, properly-pled claims.

Page 3 - PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING FUNDAMENTAL ALTERATION AFFIRMATIVE DEFENSE
4883 4651 4105.1

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

Defendants' trial brief fails to acknowledge that the fundamental alteration defense is, in fact, an affirmative defense, even though every case Defendants cite in the relevant section of their trial brief refers to it repeatedly as a defense. *Townsend*, 328 F.3d at 518 (referring the first of seven times to the "fundamental alteration defense"); *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 595 (1999) (referring for the first of 15 times to the "State's fundamental alteration defense" or "cost-based defense"); *Sanchez v. Johnson*, 416 F.3d 1051, 1063 (9th Cir. 2005) (referring for the first of three times to a "state defense under the ADA" for a fundamental alteration/*Olmstead* plan defense). Defendants' lack of care in identifying their own affirmative defenses for five years—including by failing to read carefully the same cases they cite in their own briefing—should not result in obvious prejudice to Plaintiffs.

Defendants waived their defense by failing to assert it in a timely way. The Court should strike all references to and arguments regarding the fundamental alteration defense in the Defendants' trial brief and prohibit Defendants from presenting evidence or argument relating to the defense at trial or in any subsequent pleadings or proceedings.

Dated the 25th day of April 2024.

**DAVIS WRIGHT TREMAINE LLP**

By:  s/ P. Andrew McStay, Jr.
P. Andrew McStay, Jr. OSB 033997
andymcstay@dwt.com
William D. Miner, OSB 043636
billminer@dwt.com
560 SW 10th Avenue, Suite 700
Portland, OR 97205
Tel: (503) 241-2300

**A BETTER CHILDHOOD**
Marcia Robinson Lowry (*pro hac vice*)
mlowry@abetterchildhood.org
Anastasia Benedetto (*pro hac vice*)
abenedetto@abetterchildhood.org

Page 4 - PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING FUNDAMENTAL ALTERATION AFFIRMATIVE DEFENSE
4883 4651 4105.1

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

Lindsay Gus (*pro hac vice*)
lgus@abetterchildhood.org
355 Lexington Avenue, Floor 16
New York, NY 10017
Tel: (646) 795-4456

**DISABILITY RIGHTS OREGON**
Emily Cooper, OSB 182254
ecooper@droregon.org
Thomas Stenson, OSB 152894
tstenson@droregon.org
511 SW 10th Avenue, Suite 200
Portland OR 97205
Tel: (503) 243-2081

**RIZZO BOSWORTH ERAUT PC**
Steven Rizzo, OSB 840853
srizzo@rizzopc.com
Mary D. Skjelset, OSB 075840
mskjelset@rizzopc.com
1300 SW 6th Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819

Attorneys for Plaintiffs

Page 5 - PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING FUNDAMENTAL ALTERATION AFFIRMATIVE DEFENSE
4883 4651 4105.1

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax