**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Vivek A. Kothari, OSB #182089**
VivekKothari@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for Defendants*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WYATT B. and NOAH F. by their next friend Michelle McAllister; KYLIE R. and ALEC R. by their next friend Kathleen Megill Strek; UNIQUE L. by her next friend Annette Smith; SIMON S. by his next friend Paul Aubry; RUTH T. by her next friend Michelle Bartov; BERNARD C. by his next friend Ksen Murry; NAOMI B. by her next friend Kathleen Megill Strek; and NORMAN N. by his next friend Tracy Gregg, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br> v.<br><br>TINA KOTEK, Governor of Oregon in her official capacity; FARIBORZ PAKSERESHT, Director, Oregon Department of Human Services in his official capacity; APRILLE FLINT-GERNER, Director, Child Welfare in her official capacity; and OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>          Defendants. | Case No. 6:19-cv-00556-AA<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM OBTAINING AND USING CONFIDENTIAL CHILD WELFARE RECORDS** |

Page 1 –   DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM OBTAINING AND USING CONFIDENTIAL CHILD WELFARE RECORDS

**ARGUMENT**

Plaintiffs' motion *in limine* seeks to preclude defendants from "obtaining" trial witnesses K.H. and S.S.'s child welfare and juvenile court records and files "for any purpose," including for cross examination. It attempts not just to preclude trial evidence, but to affirmatively restrict defendants from conducting pre-trial fact investigation in preparation of their defense.[1]

This Court should deny plaintiffs' motion for four reasons. First, there is no federal evidentiary privilege shielding a child's dependency records. Second, even if the Court concludes the state-law privilege under ORS 419A.255 applies, plaintiffs have waived it. Third, the protective order in this case expressly permits defendants to access the documents. Finally, it is incorrect that plaintiffs could not "legally access" the documents—plaintiffs could have requested the documents in discovery, they just failed to do so.

**I.    Federal privilege law governs in this case, and federal law does not prohibit defendants from using their own records to prepare their defense.**

Plaintiffs base their motion to restrict access to K.H. and S.S.'s records on the grounds that they are "privileged" under ORS 409.225, ORS 419B.035, and ORS 419A.255. Those statutes protect the confidentiality of juvenile court files and child welfare records. Additionally, ORS 419A.255 provides that juvenile court files are "privileged." For the reasons explained below, none of the statutes prohibit defendants from using their own records—which ODHS created and maintained for the purpose of documenting and implementing Child Welfare services—at a trial concerning the constitutional adequacy of those exact services.

---

[1] Defendants have objected to any testimony by, or about, these witnesses' individual experiences in foster care on multiple grounds, including failure to comply with discovery obligations and trial management orders. (Defs.' Mot. in Limine (Dkt. 422) at 19.) Should the Court permit this testimony, defendants must be able to prepare their response and cross examine the witnesses.

Page 2 –    DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM OBTAINING AND USING CONFIDENTIAL CHILD WELFARE RECORDS

Plaintiffs' reliance on ORS 409.225 and ORS 419B.035 is misplaced because the Oregon Court of Appeals has held that those statutes are confidentiality statutes but do not create a "privilege" for purposes of discovery in civil lawsuits. *See Kahn v. Pony Express Courier Corp.*, 173 Or. App. 127, 138-39 (2001) (interpreting ORS 409.225 and ORS 419B.035 and explaining that the "fact that the records were confidential and not disclosable under ORS 409.225 does not, however, necessarily mean that they were privileged against discovery"); *see also A.G. v. Burroughs*, No. 3:13-cv-01051-AC, 2014 WL 1807110, at *7 (D. Or. May 7, 2014) (explaining that there is a difference "between statutes which classify certain information as confidential from statutes which specifically create a privilege against discovery"); Laird C. Kirkpatrick, *Oregon Evidence* 293 (3d ed 1996) (explaining that some statutes "designate certain information as confidential . . . without stating that such information is immune from judicially compelled disclosure"). While defendants agree that ORS 409.255 and ORS 419B.035 provide important confidentiality protections for juvenile court records—which is why there is good cause for the protective order entered in this case—neither statute prevents defendants from reviewing and using the files as evidence in this case subject to that protective order.

Plaintiffs' reliance on ORS 419A.255 fares no better. Although ORS 419A.255 restricts the use and access to juvenile court files under state law, this case is in federal court and involves only federal claims. Thus, to the extent plaintiffs argue that ORS 419A.255 creates an evidentiary privilege, it would not apply in this case. Instead, federal common law applies. *See* Fed. R. Evid. 501 ("the privilege of a witness, person, government, State, or political subdivision . . . shall be governed by principles of common law as they may be interpreted by the court of the United States in light of reason and experience"). Federal common law governing privilege does not extend to juvenile court records, even if the records are privileged under state law. *See Reyes*

Page 3 –   DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* TO
            PRECLUDE DEFENDANTS FROM OBTAINING AND USING
            CONFIDENTIAL CHILD WELFARE RECORDS

*v. Cnty. of Los Angeles*, No. CV 19-5209-GW (KS), 2020 WL 13588232, at *3 (C.D. Cal. Aug. 24, 2020) (because federal privilege law applied, "the Court declines to recognize that Plaintiff's juvenile casefile is necessarily privileged from discovery"). Accordingly, this Court should deny plaintiffs' motion.

## II.  K.H. and S.S. have waived their privileges by testifying against ODHS.

Plaintiffs' witnesses K.H. and S.S. cannot publicly testify about the care and services they received while in defendants' custody while simultaneously asserting that the records ODHS created documenting those exact same facts must remain confidential. If any privilege attaches to these records pursuant to ORS 419A.255, the holder of a privilege waives privilege when they intentionally disclose privileged information. The doctrine of waiver "is rooted in notions of fundamental fairness." *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340 (9th Cir. 1996). Consistent with that principle, courts in this District have held that "[i]t would be naïve to pretend . . . that the 'privacy' of the events that gave rise to the juvenile proceedings . . . can be maintained in the circumstances of an independent civil lawsuit which involves the same events and which is being pursued in a public forum." *Bishop v. Craft-Jones*, 2 F. Supp. 2d 1317, 1319 (D. Or. 1998); *see also Doe v. Kirk*, No. CIV. 02-104-KI, 2003 WL 23531403 at *3 (D. Or. Jan. 29, 2003) (finding that "an imbalance would result" if plaintiff was permitted to "proceed with a claim for emotional distress damages without giving defendant an opportunity to prepare his defense with information that may be relevant to plaintiff's alleged emotional and psychological condition").

As the court explained in *Bishop*, "it would be exceedingly unfair" to allow one party to use confidential information while at the same time claiming that the information is privileged. *Bishop*, 2 F. Supp. 2d at 1319; s*ee also Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 115 F.R.D.

Page 4 –   DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* TO
               PRECLUDE DEFENDANTS FROM OBTAINING AND USING
               CONFIDENTIAL CHILD WELFARE RECORDS

308, 311 (N.D. Cal. 1987) ("the principle purpose of waiver doctrine should be to protect against the unfairness that would result if privilege-holders were able to use, as a sword or shield, some of the information contained in the subject communication but could deny their opponents access to the remainder"). Additionally, plaintiffs' suggested approach would result in this Court being denied all relevant and important facts about a child's experience in foster care, which "impairs the court's ability to do justice." *Id.* Accordingly, this Court should deny plaintiffs' motion.

## III. The protective order in this case permits defendants to access the records.

This Court should deny plaintiffs' motion because the protective order in this case expressly allows defendants to access the files. Specifically, the protective order states, "[f]or any juvenile court records or information, this Court orders the use and disclosure of those records and information otherwise protected by ORS 419A.255(1)-(3) only to the extent essential to the needs of the case." (Second Am. Protective Order (Dkt. 410) ¶ 1(a)(ii).) Facilitating defendants' effective cross-examination is essential to the needs of this case. *United States v. Panza*, 612 F.2d 432, 438 (9th Cir. 1979) ("The importance of cross-examination is axiomatic in our system[.]"). This Court should reject plaintiffs' attempt to deny defendants an opportunity to cross-examine plaintiffs' witnesses.

## IV. Plaintiffs could have requested documents about K.H. and S.S. in discovery.

This Court should also deny plaintiffs' motion because it is incorrect that "[n]either Plaintiffs nor their counsel have or could legally access K.H. or S.S.'s records without express authorization." (Pls.' Mot. in Limine ("Pls.' Mot.") (Dkt. 420) at 4.) In this case, plaintiffs have requested, and defendants have produced, 105 case files and other child welfare records for the 10 named plaintiffs and 95 other class members in this case. (Tr. of 4/12/24 (Dkt. 378) at 5:6-

25.) The reason plaintiffs do not have K.H. and S.S.'s full[2] child welfare files is because they never requested them.

In fact, defendants have asked plaintiffs for years to identify any children who plaintiffs believe have suffered constitutional deprivations. Plaintiffs have refused to do so. (*See* Tr. of 2/22/24 (Dkt. 398) at 22:6-23:20). Plaintiffs could have disclosed the names of K.H. and S.S. earlier and requested their files, but they chose not to do so.[3] This Court should deny plaintiffs' motion because it is incorrect that plaintiffs could not have accessed K.H. or S.S.'s records through discovery.

Finally, it is important to address plaintiffs' suggestion that, if defendants offer important factual context or correct inaccuracies in witness testimony, those actions are "designed to embarrass, harass, and intimidate K.H. and S.S." (Pls.' Mot. at 4.) Plaintiffs have elected to put on their case by offering testimony from individuals with lived experience. Plaintiffs can do so without intent to either embarrass or harass those witnesses, and also advocating to protect their privacy and safety while testifying. Likewise, defendants can respond to that testimony with ordinary diligence and advocacy, including fact investigation and cross-examination as necessary. To suggest that public servants who are dedicated to improving the lives of vulnerable children and families would intentionally harass, intimidate, or embarrass a child or individual with lived experience is unjustified and counterproductive. Plaintiffs are not the only

---

[2] Defendants have already produced over 100 documents from K.H. and S.S.'s files. Thus, some of the very records plaintiffs seek to prevent defendants from reviewing are *already* part of the record in this case.

[3] When plaintiffs did disclose the names of their witnesses, they did so in an email three days after witness statements were due. And even then, plaintiffs provided an incorrect last name for S.S. As this Court noted, given the pretrial filing deadlines in this case, "days matter." (Tr. of 4/22/24 at 24:12-13.)

**Page 6 –    DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM OBTAINING AND USING CONFIDENTIAL CHILD WELFARE RECORDS**

party who cares about children in this case. There is no basis for limiting defendants' ability to access or use their own documents to prepare for trial on the matters recorded in those documents.

## CONCLUSION

For the foregoing reasons, this Court should deny plaintiffs' motion *in limine* to prevent defendants from accessing and using K.H. and S.S.'s child welfare records.

DATED: April 29, 2024.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

*s/ Vivek Kothari*
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Vivek A. Kothari, OSB #182089
VivekKothari@MarkowitzHerbold.com
*Special Assistant Attorneys General for Defendants*

Adele J. Ridenour, OSB #061556
AdeleRidenour@MarkowitzHerbold.com
*Of Attorneys for Defendants*

Carla A. Scott, OSB #054725
carla.a.scott@doj.state.or.us
Sheila H. Potter, OSB #993485
sheila.potter@doj.state.or.us
*Of Attorneys for Defendants*

2136682

**Page 7 –** DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM OBTAINING AND USING CONFIDENTIAL CHILD WELFARE RECORDS