**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Vivek A. Kothari, OSB #182089**
VivekKothari@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for Defendants*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WYATT B. and NOAH F. by their next friend Michelle McAllister; KYLIE R. and ALEC R. by their next friend Kathleen Megill Strek; UNIQUE L. by her next friend Annette Smith; SIMON S. by his next friend Paul Aubry; RUTH T. by her next friend Michelle Bartov; BERNARD C. by his next friend Ksen Murry; NAOMI B. by her next friend Kathleen Megill Strek; and NORMAN N. by his next friend Tracy Gregg, individually and on behalf of all others similarly situated,<br><br>                                  Plaintiffs,<br><br>         v.<br><br>TINA KOTEK, Governor of Oregon in her official capacity; FARIBORZ PAKSERESHT, Director, Oregon Department of Human Services in his official capacity; APRILLE FLINT-GERNER, Director, Child Welfare in her official capacity; and OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>                                  Defendants. | Case No. 6:19-cv-00556-AA<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING FUNDAMENTAL ALTERATION AFFIRMATIVE DEFENSE** |

Page 1 –   DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING FUNDAMENTAL ALTERATION AFFIRMATIVE DEFENSE

**ARGUMENT**

The Court should deny plaintiffs' motion *in limine* to exclude argument and evidence that their proposed remedy would "fundamentally alter" the nature of defendants' services for three reasons. First, plaintiffs had actual notice of the fundamental alteration defense at the time they filed their complaint because that defense is explicitly set forth in the language of the statute under which they seek relief. Second, plaintiffs will not be prejudiced in defending against an assertion of fundamental alteration because they already bear the burden of demonstrating that their requested relief is "reasonable." Third, defendants' evidence of fundamental alteration has been either produced in discovery or is otherwise available to plaintiffs. In short, a party pleading a claim derived from a statute cannot argue they are unfairly surprised or prejudiced by the language of the statute itself.

**I.    Plaintiffs had actual notice of the fundamental alteration defense when they filed their complaint.**

The Court should deny plaintiffs' motion *in limine* because they had notice of the fundamental alteration defense from the plain language of the ADA.

Initially, plaintiffs' contention that defendants waived their fundamental alteration defense because they "fail[ed] to preserve it in their Answer" (Pls.' Mot. in Limine at 2) is wrong. The Ninth Circuit has "liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001); *Rivera v. Anaya*, 726 F.2d 564, 556 (9th Cir. 1984). A defense is not waived unless the failure to raise it in the initial pleading somehow prejudiced the plaintiff. *See Owens*, 244 F.3d at 713 (allowing an affirmative defense for the first time in a motion for judgment on the pleadings); *Strategic Diversity, Inc. v. Alchemix Corp.*, No. CV-07-00929-PHX-

GMS, 2013 WL 4511971 (D. Ariz Aug. 28, 2013) (allowing an affirmative defense raised for the first time in the defendants' trial memorandum).

The purpose of Rule 8(c) is to ensure merely that a plaintiff has "fair notice" of a defense such that he "is not a victim of unfair surprise." *Grainger v. Ensley*, No. 1:18-cv-01093-CL, 2023 WL 2602492, at *4 (D. Or. Fed. 10. 2023). As such, the Ninth Circuit has held that where a plaintiff has actual notice of a defense from a source other than the initial pleading, there is no prejudice to the plaintiff and the defense should be allowed. *Healy Tibbitts Const. Co. v. Ins. Co. Of North Am.*, 679 F.2d 803, 804 (9th Cir. 1982).

Here, plaintiffs had actual notice of the fundamental alteration defense because that defense is explicitly set forth in the statute under which they seek relief. The plain language of the ADA explicitly provides that defendants need not make modifications to their existing policies or programs if they "can demonstrate" the modifications would "fundamentally alter the nature" of their services. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. 35.130(b)(7). Indeed, plaintiffs' *own allegations* expressly acknowledge that defendants' duty to modify their policies, practices, or procedures is bounded by their ability to "demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." (Compl. ¶ 317 (Dkt. 1).) Plaintiffs effectively pled the fundamental alteration defense themselves, thus they cannot claim they lacked "fair notice" because defendants did not explicitly include it as an affirmative defense in their answer.

This same issue was addressed in *Kompera v. Hilton Hawaiian Komperda LLC*, No. CV 08-00422HG-LEK, 2010 WL 11530664 (D. Haw. April 29, 2010). In that case, like here, plaintiff moved *in limine* to preclude defendant from relying on a "fundamental alteration" defense at trial because that defense was not raised in the answer. Although the court

Page 3 –   DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING FUNDAMENTAL ALTERATION AFFIRMATIVE DEFENSE

acknowledged the defendant did not "specifically plead" a fundamental alteration defense, it nevertheless found that the plaintiffs "received actual notice" of the defense because it is "inherent in the plain language of Title III of the ADA, under which the Plaintiffs brings his claims." *Id.* at *3. As such, the court denied plaintiff's motion *in limine* and allowed defendant to offer evidence of fundamental alteration at trial. *Id.* at *4.

Tellingly, plaintiffs do not cite *any* cases—and undersigned counsel has been unable to find any—in which a defendant has been precluded from presenting a fundamental alteration defense on the grounds that the defense was not raised in the answer. As such, the Court here should follow the reasoning of *Kompera* and deny plaintiffs' motion *in limine* because they had actual notice of the fundamental alteration defense from the plain language of the ADA.

## II. Plaintiffs will not be prejudiced in defending against a fundamental alteration defense because they must already establish that their requested relief is "reasonable."

Separately, plaintiffs will not be prejudiced by having to defend against defendants' assertion of "fundamental alteration" because they already bear the burden of demonstrating that their requested remedy is "reasonable."

District courts in this circuit have recognized that a plaintiff is not prejudiced by having to defend against an unpled affirmative defense that overlaps with the issues relevant to establishing plaintiffs' prima facie case. That is because "[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to litigate it." *Equal Emp. Opportunity Comm'n v. AN Luxury Imports of Tucson Inc.*, No. CV-11-00617-TUC-FRZ, 2014 WL 11662998, at *1 (D. Ariz. Oct. 17, 2014) (citations omitted). In *Strategic Diversity, Inc. v. Alchemix Corp.*, No. CV-07-00929-PHX-GMS, 2013 WL 4511971, at *12 (D. Ariz. Oct. 17, 2014), for example, the court held that the

defendants did not waive a statutory affirmative defense based on loss causation—even though it was raised for the first time in defendants' trial brief—because plaintiff was already required to establish loss causation to establish its entitlement to damages. *See also AN Luxury Imports of Tucson Inc.*, 2014 WL 11662998, at *2 (holding that the plaintiff would not be prejudiced by having to defend against an affirmative defense that "will be determined from the same set of operative facts" as the underlying claims).

Again, plaintiffs cannot be surprised or prejudiced by simply having to prove the elements of their claim. To prevail on their ADA claim, plaintiffs have the burden of proving that their requested modifications to defendants' programs and services are "reasonable." (Compl. ¶ 317); 28 C.F.R. § 35.130(b)(7). Whether plaintiffs' requested modification would fundamentally alter the nature of defendants' services is necessary to resolve the question of whether the proposed modification is "reasonable." *See Barth v. Gelb*, 2 F.3d 1180, 1187 (D.C. Cir. 1993) (noting that a proposed accommodation that requires the employer to fundamentally alter its operations is unreasonable).

As such, because plaintiffs already bear the burden of proving that their requested remedy is "reasonable," they will not be prejudiced by having to defend against defendants' assertion that it will fundamentally alter the nature of their services.

### III. Defendants' evidence of fundamental alteration has been produced in discovery or is otherwise available to plaintiffs.

Finally, plaintiffs will not be prejudiced by having to defend against a fundamental alteration defense because the evidence that defendants will present to establish that defense has either been produced in discovery or is otherwise available to plaintiffs.

As described in their trial memorandum, defendants intend to establish their fundamental alteration defense with evidence that includes showing that they have expanded opportunities to

Page 5 –    DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING FUNDAMENTAL ALTERATION AFFIRMATIVE DEFENSE

draw down federal funding for preventative and community-based services through their Family First Prevention Services Act state plan. ( Defs.' Trial Memo. (Dkt. 372) at 85.) That plan has been produced to plaintiffs in discovery and has been the subject of deposition testimony. (Decl. of Vivek Kothari in Supp. of Defs.' Resp. to Pls.' Mot. in Limine to Exclude Evidence and Argument Regarding Fundamental Alteration Affirm. Defense ("Kothari Decl.") Exs. 1-4.)

Defendants also intend to present evidence that they have advocated for and obtained funding from the Oregon legislature to expand children's mental and behavioral health services based on information that is both publicly available and has been produced in discovery. (Kothari Decl. Exs. 5-6.) Defendants also intend to rely on custom data reports requested by and produced to plaintiffs in discovery, as well as other publicly available information, to demonstrate that the rate of institutionalization has decreased. (Kothari Decl. Exs 7-8.) As this evidence is neither unknown nor unavailable to plaintiffs, they will not be prejudiced by having to defend against a fundamental alteration defense.

## CONCLUSION

For the foregoing reasons, this Court should deny plaintiffs' motion *in limine* to exclude argument and evidence that their proposed remedy in this matter would "fundamentally alter" the nature of defendants' services.

DATED: April 29, 2024.   ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

*s/ Vivek Kothari*
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com

Page 6 –   DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING FUNDAMENTAL ALTERATION AFFIRMATIVE DEFENSE

Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Vivek A. Kothari, OSB #182089
VivekKothari@MarkowitzHerbold.com
*Special Assistant Attorneys General for Defendants*

Adele J. Ridenour, OSB #061556
AdeleRidenour@MarkowitzHerbold.com
*Of Attorneys for Defendants*

Carla A. Scott, OSB #054725
carla.a.scott@doj.state.or.us
Sheila H. Potter, OSB #993485
sheila.potter@doj.state.or.us
*Of Attorneys for Defendants*

2136908

**Page 7 –** DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING FUNDAMENTAL ALTERATION AFFIRMATIVE DEFENSE