**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Vivek A. Kothari, OSB #182089**
VivekKothari@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for Defendants*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WYATT B. and NOAH F. by their next friend Michelle McAllister; KYLIE R. and ALEC R. by their next friend Kathleen Megill Strek; UNIQUE L. by her next friend Annette Smith; SIMON S. by his next friend Paul Aubry; RUTH T. by her next friend Michelle Bartov; BERNARD C. by his next friend Ksen Murry; NAOMI B. by her next friend Kathleen Megill Strek; and NORMAN N. by his next friend Tracy Gregg, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TINA KOTEK, Governor of Oregon in her official capacity; FARIBORZ PAKSERESHT, Director, Oregon Department of Human Services in his official capacity; APRILLE FLINT-GERNER, Director, Child Welfare in her official capacity; and OREGON DEPARTMENT OF HUMAN SERVICES, <br><br> Defendants. | Case No. 6:19-cv-00556-AA <br><br> **RESPONSE TO PLAINTIFFS' MOTION TO QUASH DEFENDANTS' THIRD PARTY SUBPOENA DUCES TECUM TO SENATOR SARA GELSER BLOUIN** |

Page 1 –   RESPONSE TO PLAINTIFFS' MOTION TO QUASH DEFENDANTS' THIRD
            PARTY SUBPOENA DUCES TECUM TO SENATOR SARA GELSER
            BLOUIN

## INTRODUCTION

This discovery dispute is arising shortly before trial solely because plaintiffs identified Senator Gelser Blouin as a witness approximately one week ago.[1]  To the extent this timing is inconvenient, it is plaintiffs' doing.

As explained in defendants' motions *in limine*, this Court should exclude Senator Gelser Blouin's testimony.  But in the event the Court permits her to testify, the Court should deny plaintiffs' motion to quash defendants' subpoena duces tecum.  Plaintiffs do not have standing to challenge defendants' subpoena of Senator Gelser Blouin's documents because she is a non-party witness.  Further, defendants' subpoena seeks documents regarding topics on which plaintiffs have stated that Senator Gelser Blouin will testify.  The Senator's witness statement establishes defendants' need for each document request.  And the Court should reject any complaint by plaintiffs about the burden imposed by complying with the subpoena.  It does not seek any communications she made in her official capacity as a state senator, and it is considerably less onerous than the document productions defendants have made in this case.  Moreover, the target of the subpoena, Senator Gelser Blouin, has not complained about the burden of responding.

## ARGUMENT

**I.    Plaintiffs do not have standing to challenge defendants' subpoena.**

Plaintiffs' motion to quash defendants' subpoena must be denied because plaintiffs do not have standing to challenge defendants' subpoena.  The general rule is that a party "lack[s] standing to object to a subpoena issued to a nonparty witness" because of "the principle that the

---

[1] Plaintiffs identified Senator Gelser Blouin as a witness for the first time on Friday, April 19, 2024, at 6:08 p.m.  (Dkt. 385.)

Page 2 –    RESPONSE TO PLAINTIFFS' MOTION TO QUASH DEFENDANTS' THIRD
            PARTY SUBPOENA DUCES TECUM TO SENATOR SARA GELSER
            BLOUIN

person served with process is the proper party to allege error." *United States v. Viltrakis*, 108 F.3d 119, 1161 (9th Cir. 1997); *see also Cal. Sportfishing Prot. All. v. Chico Scrap Metal Co.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014) ("The Ninth Circuit has yet to address the question of whether a party has standing to bring a motion to quash since usually only the subpoenaed non-party may move to quash. The general rule, however, is that a party has no standing to quash a subpoena served upon a third party[.]"). There are two exceptions to this general rule. First, a party may object to a subpoena on a non-party's behalf if the party has a close personal relationship with the person and the person lacks the ability to protect their own interests. *Sines v. Kessler*, No. 18-MC-80080-JCS, 2018 WL 3730434, at *9 (N.D. Cal. Aug. 6, 2018). Alternatively, the party may object when the party has a personal right or privilege in the information held by the third party. *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973 (C.D. Cal. 2010). A party does not have standing to object to the subpoena on relevance grounds or claims that the subpoena is unduly burdensome. *Wells Fargo & Co. v. ABD Ins.*, No. C 12-03856 PJH DMR, 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012).

      Plaintiffs make no effort to establish that they have standing to object to the subpoena to Senator Gelser Blouin. Plaintiffs proffer no evidence that they have any special relationship with Senator Gelser Blouin and they do not assert that she lacks the ability to protect her own interests. Indeed, plaintiffs affirmatively *disclaim* any relationship with Senator Gelser Blouin. (*See* Pls.' Mot. to Quash Subpoena Duces Tecum ("Mot. to Quash") at 2 n.2, Dkt. 415 ("Plaintiffs note that they do not represent the Senator[.]").) Nor do they assert a personal privilege in any information held by Senator Gelser Blouin. And while plaintiffs make a passing assertion that any communications between Senator Gelser Blouin and their counsel concerning

Page 3 –   RESPONSE TO PLAINTIFFS' MOTION TO QUASH DEFENDANTS' THIRD
            PARTY SUBPOENA DUCES TECUM TO SENATOR SARA GELSER
            BLOUIN

her anticipated testimony are work product (Mot. to Quash at 5), they do not claim standing on that basis nor is it grounds to quash defendants' subpoena.[2]

Finally, plaintiffs' asserted interest"—a "need to protect the trial process from needless abuse and [avoid] prejudice in their own case"—does not confer standing. (*Id.*) Notably, plaintiffs cite no authority for the proposition. In any event, if this Court were to accept plaintiffs' claimed "need to protect the trial process from needless abuse and [avoid] prejudice to their own case" as a basis for standing, then all parties would have standing to challenge non-party subpoenas as any subpoena has the potential to create "prejudice" to a litigant's case. The Court should deny plaintiffs' motion to quash the subpoena to Senator Gelser Blouin because they do not have standing to bring the motion.

## II. Plaintiffs have asserted in this case that third-party evidence was not relevant, only to designate a third party as a witness.

Plaintiffs have resisted discovery into third-party evidence by claiming it was not relevant but have now designated a third party as a witness. Defendants previously sought to obtain communications that plaintiffs and their next friends had with third parties, including elected officials such as Senator Gelser Blouin. (*See* Defs.' First Request for Production ("RFP") at 14, Ex. 1 to Blaesing Decl. (Req. 38, seeking "all communications" with, among others, "elected officials" related to "Oregon's foster care or child welfare system"); Pls.' Resp. to Defs.' Second RFP at 11, Ex. 2 to Blaesing Decl. (Req. 61).) Plaintiffs twice denied that these documents

---

[2] Defendants do not seek plaintiffs' counsel's work product, they seek Senator Gelser Blouin's communications with plaintiffs' counsel. Courts within the Ninth Circuit have recognized that, although an attorney's questions to a third-party witness may be work product if those questions reflect the attorney's mental impressions or personal beliefs, *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947), the third-party witness' answers to the attorney's questions are not protected. *See Carrasco v. Campagna*, No. C-03-4727 SBA, 2007 WL 81909, at *2 (N.D. Cal. Jan. 9, 2007) (gathering cases).

Page 4 –   RESPONSE TO PLAINTIFFS' MOTION TO QUASH DEFENDANTS' THIRD PARTY SUBPOENA DUCES TECUM TO SENATOR SARA GELSER BLOUIN

would be relevant, including at a discovery hearing with this Court, while assuring defendants and the Court that defendants would have no need for those documents to defend themselves. (Parties' 9/23/19 Joint Letter to the Court at 3, Ex. 3 to Blaesing Decl.; (1/22/20 Pls.' Resp. to Defs.' Second RFP at 11, Ex. 2 to Blaesing Decl.)).  They told the Court that "if [they] were going to use any such material that [they] were relying upon, then [they] would disclose that." (*See* Hearing Tr. of 10/1/19 at 18:13-15.)

Now, on the eve of trial, plaintiffs have revealed that they intend to offer third-party evidence, despite having denied defendants the opportunity to learn what plaintiffs' third-party witness may say, what biases she may hold, or how she came about them.  Because plaintiffs have changed their position on a substantive position on the scope of evidence (after defendants and the Court relied on a discovery response for years), defendants should be entitled to obtain the discovery they requested years ago.

Moreover, plaintiffs' protestations about the close of the discovery period are not convincing.  Plaintiffs have not assiduously adhered to the discovery period, belatedly serving new discovery requests on the eve of the close of discovery multiple times, requiring the Court to extend discovery over defendants' objections.  (*See, e.g.*, Parties' 7/24/23 Joint Letter to the Court, Ex. 4 to Blaesing Decl. (plaintiffs' fifteenth and sixteenth RFPs required extending the discovery deadline), and Parties' 9/20/23 Joint Letter to the Court, Ex. 5 to Blaesing Decl. (plaintiffs' additional new Request to Permit Entry for site visits).).  They also sought additional, new discovery, months after the close of discovery. (*See* Parties' 1/31/24 Joint Letter to the Court, Ex. 6 to Blaesing Decl. (Plaintiffs' request for additional categories of documents regarding 105 children's case files).)  Defendants seek only what they have sought for almost

Page 5 –   RESPONSE TO PLAINTIFFS' MOTION TO QUASH DEFENDANTS' THIRD PARTY SUBPOENA DUCES TECUM TO SENATOR SARA GELSER BLOUIN

five years—communications between possible witnesses[3] and plaintiffs, their next friends, and others—that might inform their defense.

### III. The subpoena seeks information relevant to the topics on which Senator Gelser Blouin has said she will testify.

Senator Gelser Blouin's witness statement says that she regularly interacts with "individuals who are involved in the Child Welfare system, including ODHS staff, attorneys, judges, kids, resource families, biological families, adults who were in care, CASAs, community partners and congregate care providers."  (4/19/24 Pls.' Witness Statements, Dkt. 385-5 Ex. 5 at 1.)  It also states that she will testify to topics including positions taken by ODHS before the legislature, the 2023 Public Knowledge report, behavioral rehabilitation and mental health services, institutional placements and non-family foster care, kin and kith and child specific certification practices, abuse investigations, resource home capacity, and temporary lodging, among other topics.  (*Id*.)

Thus, defendants' subpoena asks for communications between those same categories of individuals that plaintiffs name in Senator Gelser Blouin's witness statement.  For example, defendants seek Senator Gelser Blouin's communications with the named plaintiffs and Next Friends in this case; ((4/24/24 Subpoena Duces Tecum ("Subpoena"), attached as Ex. 7 to Blaesing Decl. at Reqs. 1, 2, 3, 4, 12); ODHS staff (*Id.* at Req. 6); the named plaintiffs in the *A.R.* and *J.M.* cases and counsel for plaintiffs in those cases (*Id.* at Reqs. 7, 8, & 9); journalists who reported on the *A.R.* and *J.M.* cases, as well as this case (*Id.* at Reqs. 10 & 11); Paris Hilton, who testified in front of the Oregon legislature regarding Oregon's child welfare policies,[4] (*Id.* at

---

[3] Indeed, a now confirmed witness given plaintiffs' designation.

[4] Plaintiffs take issue with the fact that defendants request communications with Paris Hilton and point out that Paris Hilton is a celebrity.  (Dkt. 415 at 2.)  But Senator Gelser Blouin

Page 6 –   RESPONSE TO PLAINTIFFS' MOTION TO QUASH DEFENDANTS' THIRD PARTY SUBPOENA DUCES TECUM TO SENATOR SARA GELSER BLOUIN

Req. 12); documents the Senator used to prepare or support her testimony (*Id.* at Reqs. 13, 14, 15, & 16); and communications between Senator Gelser Blouin and the Honorable Ann Aiken (*Id.* at Req. 17).) Virtually all of these document requests directly track the topics on which Senator Gelser Blouin has said she intends to testify. Her own witness statement conclusively establishes defendants' need for each category of documents in the subpoena.

Regarding communications with this Court, plaintiffs claim defendants "wish to investigate whether this court has engaged in improper *ex parte* communication with the Senator" about this litigation. (Mot. to Quash at 4). That is false. Senator Gelser Blouin is not a party to this case, so any communication between her and this Court would not be *ex parte*.

An *ex parte* communication is defined as "a communication between counsel and the court when opposing counsel is not present," and is "generally thought to be one between a person who is in a decision-making role and a person who is either a party or counsel to a proceeding before him that takes place without notice and outside the record." *Luna Distrib. LLC v. Stoli Grp. USA LLC*, 2021 WL 4706713, at *3 (C.D. Cal. Apr 29, 2021), quoting *North v. United States Dep't of Justice*, 17 F. Supp. 3d 1, 3 (D.D.C. 2013); *see also Blixseth v. Yellowstone Mountain Club, LLC.*, 742 F.3d 1215, 1219 (9th Cir. 2014) ("An ex parte contact

---

promotes her relationship with Paris Hilton on her own website: Sara Gelser, State Senate, District 10 (re-posting Lizzy Acker, *Paris Hilton Gives Testimony in Support of Oregon Bill That Would Change the Practice of Restraints for Children in Care Settings*, THE OREGONIAN (March 12, 2021), https://saragelser.com/bill710/ (last visited April 30, 2024). The communications are relevant because Ms. Hilton and Senator Gelser Blouin have also spoken together at conferences related to out-of-state placements, congregate care, and other related issues that are relevant to the allegations in plaintiffs' Complaint. Additionally, the political notoriety Senator Gelser Blouin may hope to achieve in promoting herself as a watchdog of Oregon's child welfare system with celebrity connections is relevant to the Senator's bias as a testifying witness in this case.

Page 7 –   RESPONSE TO PLAINTIFFS' MOTION TO QUASH DEFENDANTS' THIRD PARTY SUBPOENA DUCES TECUM TO SENATOR SARA GELSER BLOUIN

with a judicial officer is one where a party who has a right to be present is excluded.") Senator Gelser Blouin is free to contact this Court about this case. Her witness statement specifically states that she has interacted with "judges," so it is entirely possible she has contacted this Court. (Pls.' Witness Statements, Ex. 5 at 1.) If so, defendants are entitled to discovery on the substance of any such communication.

Defendants' subpoena seeks only communications on which Senator Gelser Blouin herself has stated she will testify.

## IV. The scope of defendants' subpoena is reasonable.

### A. This subpoena is narrowly focused only on communications made in the Senator's personal capacity, not in her official capacity as a state senator.

Regarding the scope of defendants' subpoena, it should first be noted that as a practical matter, only the Senator's personal communications are at issue. The subpoena is directed at communications between "you" and certain third parties. The term "you" is defined as Senator Gelser Blouin, as well as her legislative staff and employees. (Subpoena, Ex. 7 to Blaesing Decl. at 2.) The definition of "you" further states that it does not refer to Senator Gelser Blouin or her legislative staff "in circumstances related to her duties in conducting the public's business as an Oregon state Senator." (*Id.*)

Defendants' subpoena is narrowly focused, seeking only the Senator's non-official communications with certain identified third parties. The vast majority of her communication with these third parties would presumably have been in her capacity as an Oregon state senator, but those communications are outside the scope of this subpoena.

Any communications between the Senator and plaintiffs' attorneys made in her official capacity are the subject of a pending Public Records Request. (4/24/24 Request for Public Records, attached as Ex. 8 to Blaesing Decl.) The State's Legislative Counsel has acknowledged

Page 8 –   RESPONSE TO PLAINTIFFS' MOTION TO QUASH DEFENDANTS' THIRD PARTY SUBPOENA DUCES TECUM TO SENATOR SARA GELSER BLOUIN

that it will search for those communications with plaintiffs' lawyers and make an appropriate response. (4/25/24 Letter from Legislative Counsel Committee, attached as Ex. 9 to Blaesing Decl. at 1.)

This narrowly drawn subpoena is reasonable and is not overly burdensome.

### B. The scope of the subpoena is less burdensome than many of plaintiffs' own discovery demands.

This subpoena is proportional to the needs of the case. Courts assess undue burden imposed on a third-party subpoena under the same Fed. R. Civ. P. 26(b)(1)'s proportionality standard. *See St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 305 F.R.D. 630, 637 (D. Or. 2015) ("Because the 'rule of proportionality' concerns the scope of discovery generally, it applies both to Rule 34 requests to parties and to Rule 45 subpoenas to non-parties."). This case is important to the future of Oregon's children and families and defendants have no other way of obtaining the sought-after information. *See* Rule 26(b)(1) (recognizing that the importance of the issues at stake and the relative access to the information are relevant considerations).

Moreover, plaintiffs themselves have subjected defendants to far more burdensome requests in this case. They have insisted on discovery on issues that have been dismissed from the case, (7/25/22 Joint Letter to the Court, attached as Ex. 10 to Blaesing Decl. at 4; 1/18/23 Joint Letter to the Court, attached as Ex. 11 to Blaesing Decl.; 9/27/21 Op. & Order (Dkt. 215)), and sought burdensome discovery for 95 case files on the eve of the discovery cutoff requiring defendants to continue producing documents until just weeks before trial.

Here, defendants seek documents from a non-party that has not objected to the subpoena. Given the issues at stake, defendants' attempts to obtain this discovery earlier, plaintiffs' statements regarding their intent not to present evidence from third parties, and the scope of discovery that plaintiffs have received, this subpoena duces tecum for communications made by

a witness plaintiffs identified only six business days ago is proportional to the needs of the case and reasonable.

### C. Defendants seek communications that go to Senator Gelser Blouin's credibility, motives, and bias.

The documents that the subpoena seeks go to Senator Gelser Blouin's credibility, motives, and bias as a witness. The bias and credibility of a witness is always relevant. *See Hoffman v. Cnty. of L.A.*, No. CV 15-03724-FMO (ASx), 2016 WL 4698939, at *9 (C.D. Cal. Jan. 5, 2016) (credibility); *Surgery Ctr. at 900 N. Michigan Ave., LLC v. Am. Physicians Assurance Corp., Inc.*, 317 F.R.D. 620, 625–26 (N.D. Ill. 2016) (bias). Plaintiffs seek to present Senator Gelser Blouin as a neutral witness who will testify about, among other things, "her interactions with persons with lived experience" in the child welfare system, "positions taken by ODHS before the Legislature and statements made in the 2023 Public Knowledge LLC Report (the PK Report) that pertain to ODHS and the Legislature," as well as various child welfare and legislative topics. (Pls.' Witness Statements at 16.) Communications between the Senator and plaintiffs in this and other cases, as well as communications between plaintiffs' attorneys in this case and the Senator, are likely to show whether the Senator has received incomplete or slanted information that may in turn show that the Senator's testimony is not as neutral as presented. Defendants are not simply speculating that Senator Gelser Blouin may have had communications with plaintiffs. As discussed above, Senator Gelser Blouin has campaigned publicly in state and federal settings and made public appearances with at least one of the named plaintiffs in this case as well as her next friend, and on at least one occasion has posted about those appearances on Twitter.

Defendants previously attempted to obtain this information through Rule 26 discovery and were entitled to it. *See* Fed. R. Civ. P. 26(b)(1) Advisory Comm. Notes to 2000 Amend.

**Page 10 – RESPONSE TO PLAINTIFFS' MOTION TO QUASH DEFENDANTS' THIRD PARTY SUBPOENA DUCES TECUM TO SENATOR SARA GELSER BLOUIN**

("[I]nformation that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable."). However, as previously noted, plaintiffs stymied defendants' efforts to obtain that information through Rule 26 by asserting that evidence from third parties was irrelevant to this case. Upon learning that Senator Gelser Blouin would be a witness in this case, defendants issued a subpoena for the information that they were entitled to receive. Defendants are entitled to discovery on bias and credibility.

## CONCLUSION

Plaintiffs do not have standing to bring this motion. The requests in the subpoena seek information relevant to plaintiffs' claims, and the scope of the requests are reasonable. For all of the above reasons, the Court should deny plaintiffs' motion to quash.

DATED: April 30, 2024.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

*s/ Lauren F. Blaesing*
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Vivek A. Kothari, OSB #182089
VivekKothari@MarkowitzHerbold.com
*Special Assistant Attorneys General for Defendants*

Adele J. Ridenour, OSB #061556
AdeleRidenour@MarkowitzHerbold.com
*Of Attorneys for Defendants*

Carla A. Scott, OSB #054725
carla.a.scott@doj.state.or.us
Sheila H. Potter, OSB #993485
sheila.potter@doj.state.or.us

**Page 11 – RESPONSE TO PLAINTIFFS' MOTION TO QUASH DEFENDANTS' THIRD PARTY SUBPOENA DUCES TECUM TO SENATOR SARA GELSER BLOUIN**

*Of Attorneys for Defendants*

2136840

Page 12 – **RESPONSE TO PLAINTIFFS' MOTION TO QUASH DEFENDANTS' THIRD PARTY SUBPOENA DUCES TECUM TO SENATOR SARA GELSER BLOUIN**