IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

WYATT B. et al.,                                                    Civ. No. 6:19-cv-00556-AA

           Plaintiffs,                          **OPINION & ORDER**

    v.

TINA KOTEK et al.,

           Defendants.

AIKEN, District Judge.

    This class action comes before the Court on Plaintiffs' Motion to Quash Defendants' Third Party Subpoena Duces Tecum to Senator Sara Gelser Blouin. ECF No. 415. Senator Gelser Blouin has recently been announced as a trial witness for Plaintiffs and Defendants have served a subpoena seeking several categories of documents from Senator Gelser Blouin.[1]

    Defendants seek documents and communications between Senator Gelsar Blouin and the named Plaintiffs (Request Nos. 1 and 2); the Next Friends of the Plaintiffs (Requests Nos. 3 and 4); counsel for Plaintiffs (Request No. 5); a list of specific individuals (Request No. 6); counsel and plaintiffs in other federal litigation involving Oregon DHS (Request Nos. 7, 8, 9); media entities (Requests Nos. 10, 11);

---

[1] Defendants have challenged the propriety of Plaintiffs' decision to call Senator Gelser Blouin as a witness but that issue is the subject of a motion in limine by Defendants, ECF No. 422, and will not be addressed here.

Page 1 –OPINION & ORDER

media personality and celebrity heiress Paris Hilton (Request No. 12); documents relating to the testimony Senator Gelser Blouin intends to offer (Requests Nos. 13, 14, 15, 16); and communications between the Senator and this Court regarding this or any other matter pending before the federal court in Eugene (Request No. 17). Stenson Decl. Ex. A.  ECF No. 416.

Plaintiffs seek to quash the subpoena on the basis that it is untimely; that its purpose is to embarrass, frustrate, and harass the witness; that the subpoena is overbroad; and that the short time to respond would prejudice Plaintiffs and their trial preparation.  Defendants respond that Plaintiffs lack standing to challenge a third-party subpoena.

A nonparty may be compelled to produce documents and tangible things via a Rule 45 subpoena.  Fed. R. Civ. P. 34(c).  Rule 45 permits a party to issue a subpoena commanding the person to whom it is directed to attend and give testimony or to produce and permit inspection of designated records or things.  Fed. R. Civ. P. 45(a)(1)(C), (D).  The recipient may object to a subpoena or move to quash or modify it.  Fed. R. Civ. P. 45(d)(2)(B), (3).  "The district court has wide discretion in controlling discovery" and "will not be overturned unless there is a clear abuse of discretion." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

"[T]he court that issued the subpoena . . . can entertain a motion to quash or modify a subpoena." *S.E.C. v. CMKM Diamonds, Inc.*, 656 F.3d 829, 832 (9th Cir. 2011).  The issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

  (ii)  requires a person to comply beyond the geographical limits specified in Rule 45(c);

  (iii)  requires disclosure of privileged or protected matter, if no exception or waiver applies; or

  (iv)  subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

  Additionally, the issuing court may quash a subpoena or modify a subpoena if it requires:

  (i)  disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii)  disclosing an unretained expert's opinion or information that does not describe the specific occurrences in dispute and results from the expert's study that was not requested by a party.

Fed. R. Civ. P. 45(d)(3)(B).

  The "general rule" is that "a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *Cal. Sportfishing Protection Alliance v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997). There is some nuance to this general rule. *See, e.g., Blotzer v. L-3 Comms. Corp.*, 287 F.R.D. 507, 509 (D. Ariz. 2012) ("In considering whether a party has standing to move to quash a subpoena *duces tecum*, courts have repeatedly found that an individual possesses a personal right with respect to information contained in

employment records and, thus, has standing to challenge such a subpoena . . . Discovery may be denied or narrowly tailored to balance the needs of the case against a party's reasonable expectations of privacy."); *Harbord v. Home Depot U.S.A., Inc.*, Case No. 3:16-cv-2179-SI, 2017 WL 1102685, at *2 (D. Or. Mar. 24, 2017) ("Some courts, however, also recognize that a party may move to quash a third-party subpoena upon a showing that there is an applicable privacy interest, even if that interest does not rise to the level of a privilege . . . Absent a specific showing of either a privilege or privacy interests, a court may not quash a subpoena *duces tecum* [on a motion from a party]."). There is also a "limited exception" to the general standing rule "allowing individuals to assert the rights of third parties when the party asserting the right has a close relationship with the person who possesses the right and there is a hinderance to the possessor's ability to protect his own interests." *Sines v. Kessler*, Case No. 18-mc-80080-JCA, 2018 WL 3730434, at *9 (N.D. Cal. Aug. 6, 2018) (internal quotation marks and citations omitted).

Plaintiffs make clear in their motion that they do not represent the Senator and that their motion is brought on their own behalf "to protect the trial process from needless abuse and prejudice in their own case." Pl. Mot. at 2 n.2. Plaintiffs do not invoke any privilege or privacy interest in the material sought, nor do they claim the sort of close relationship with Senator Gelser Blouin that might allow them to make a motion to quash on the Senator's behalf. "A party's objection that a subpoena to a non-party seeks irrelevant information or would impose an undue burden are not grounds on which a party has standing to move to quash a subpoena when the non-

party has not objected." *Wells Fargo v. ABD Ins.*, No. C 12-03856 PJH (DMR), 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012). The Court therefore denies the motion to quash on the basis that Plaintiffs lack standing to quash a subpoena served on a third party.

## CONCLUSION

Plaintiffs' Motion to Quash Defendants' Third Party Subpoena Duces Tecum to Senator Sara Gelser Blouin, ECF No. 415, is DENIED.

It is so ORDERED and DATED this \_\_\_\_1st\_\_\_\_ day of May 2024.

/s/Ann Aiken
ANN AIKEN
United States District Judge