**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Vivek A. Kothari, OSB #182089**
VivekKothari@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WYATT B. and NOAH F. by their next friend Michelle McAllister; KYLIE R. and ALEC R. by their next friend Kathleen Megill Strek; UNIQUE L. by her next friend Annette Smith; SIMON S. by his next friend Paul Aubry; RUTH T. by her next friend Michelle Bartov; BERNARD C. by his next friend Ksen Murry; NAOMI B. by her next friend Kathleen Megill Strek; and NORMAN N. by his next friend Tracy Gregg, individually and on behalf of all others similarly situated,<br><br>                                        Plaintiffs,<br><br>        v.<br><br>TINA KOTEK, Governor of Oregon in her official capacity; FARIBORZ PAKSERESHT, Director, Oregon Department of Human Services in his official capacity; APRILLE FLINT-GERNER, Director, Child Welfare in her official capacity; and OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>                                        Defendants. | Case No. 6:19-cv-00556-AA<br><br>**DECLARATION OF FARIBORZ PAKSERESHT IN SUPPORT OF DEFENDANTS' MOTION TO DISQUALIFY JUDGE ANN L. AIKEN** |

I, Fariborz Pakseresht, declare as follows:

1. I am a party in the above-entitled action. I have personal knowledge of the facts set forth herein. If called as a witness, I could competently testify to the matters stated herein. I make this declaration in support of Defendants' Motion to Disqualify Judge Ann L. Aiken.

2. I have served in state government for 33 years, including in leadership roles at the Oregon Department of Human Services ("ODHS") and the Oregon Youth Authority. I am currently the Director of ODHS, a job I have held since September 2017. I am a named defendant in this action. The facts set forth in this declaration are submitted in good faith.

3. I file this declaration because Judge Aiken's demonstrated personal bias against the defendants in this case has raised significant questions about her impartiality.

4. I have reviewed the transcript excerpts attached to the Declaration of Lauren Blaesing in Support of Defendants' Motion to Disqualify.

5. I believe Judge Aiken's recent comments clearly reflect her bias against ODHS and that she has prejudged defendants' culpability and the outcome of this case.

6. Until recently, the parties had been engaged in mediated settlement negotiations with the aid of a different judge in this district, the Honorable Stacie F. Beckerman. I have participated in each of those mediation sessions.

7. On April 12, 2024, in response to an inquiry about moving pre-trial filings to accommodate settlement negotiations, Judge Aiken denied the request and then remarked as follows:

> And you know there are stories out there -- and, you know, I know them as well as you do -- that **things have not been the way they should be**. And it's time for us to say we're going to resolve this, on behalf of the citizens of this State, to make sure that we all understand that this is one of our highest priorities 'cause, otherwise, having done this work on the criminal side for about,

Page 2 –   DECLARATION OF FARIBORZ PAKSERESHT IN SUPPORT OF
           DEFENDANTS' MOTION TO DISQUALIFY JUDGE ANN L. AIKEN

>you know, 40 -- 40 years, is we -- **it's a pipeline to prison. And it's time to stop the flow with how we handle children.** So that's my answer.

8. On April 19, 2024, the parties successfully reached an agreement in principle with a term sheet that included all material terms for an eventual settlement agreement. That term sheet was eight, single-spaced pages. It was the result of dozens of hours of diligent effort on behalf of all parties.

9. On April 19, 2024, Judge Aiken rejected the parties' negotiated settlement structure and remarked as follow:

>So the thing is that we can look at -- and without arbitrary or concrete goals, but we have to have the array of what's expected, what the forward motion's going to look like, and how that gets evaluated. This system has needed revisions for a very long time. Anybody who has worked in it knows that.
>. . . . .
>
>The lawsuit was filed because there was a problem, and you're resolving a case because there's -- **everyone's acknowledged there has been a problem.** That's just the -- that's just how this got started. Outline what the problem was. I mean, you gave a report to the Legislature, an $800,000 report to Legislature saying, "We're making progress." Go back and start -- where was that – where does that start, and what were people doing?
>
>**I have never, never in this case felt that anybody were trying to do better work on behalf of this system.** I've wished like the dickens that it would happen faster and people would get down to business and put that system in a place where it could serve the community and the kids of this state in foster care and in dependency cases better. So the fact that there has been progress made, that can be outlined in your settlement agreement; but you need to start with a baseline, where have you been and where are you going, so that there's a way to document. **And maybe that's hard for people to say, "Yeah, there was a big problem," but there was. Everybody knows that.** Let's just not -- let's move forward."

Page 3 –   DECLARATION OF FARIBORZ PAKSERESHT IN SUPPORT OF
           DEFENDANTS' MOTION TO DISQUALIFY JUDGE ANN L. AIKEN

10. During an April 22, 2024 status conference, Judge Aiken again remarked on the parties' settlement efforts as follows:

> **Every single person at that table should be saying, Oregon has had significant problems in the child welfare system.** What we want to see as an outcome is we meet and exceed, if possible, the expectations of when a child is in the care of the State, what the system needs to look like and how that child is in a position where no more harm is done. So there -- there has to be -- and I'm not going to wait for some selected person down the road to make those decisions. **You all know where the problems are.** Your experts know where the problems are. You're going to hire an independent person to move the -- and execute to the goals, not to study them yet again.

11. These statements demonstrate to me Judge Aiken's personal bias and prejudice, and I cannot see how she could be impartial in this case. ODHS case workers, staff members, and managers work every day to do good "work on behalf of this system" and "serve the community and the kids of this state in foster care and in dependency cases." It is disheartening and inaccurate to describe ODHS Child Welfare as a "pipeline to prison." I do not agree that ODHS and its employees are "a problem" and that the agency needs to be taken over by "an independent person." Defendants intend to present evidence at trial that though there is always room for improvement, Child Welfare has been making continuous improvements since before this lawsuit was filed and is perceived as a national leader in many areas.

12. This is an extremely difficult declaration for me to make due to my immense respect for Judge Aiken personally and professionally. I met with Judge Aiken at the beginning of my tenure in ODHS and felt we shared similar goals in improving Oregon's child welfare system. Unfortunately, given Judge Aiken's preconceptions about ODHS Child Welfare, I believe she holds personal bias and prejudice against me and my co-defendants, which raises serious questions for me about her impartiality in this case.

Page 4 –    DECLARATION OF FARIBORZ PAKSERESHT IN SUPPORT OF
             DEFENDANTS' MOTION TO DISQUALIFY JUDGE ANN L. AIKEN

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed May 5, 2024, at Salem, Oregon.

*s/ Fariborz Pakseresht*
Fariborz Pakseresht

Page 5 –   DECLARATION OF FARIBORZ PAKSERESHT IN SUPPORT OF
          DEFENDANTS' MOTION TO DISQUALIFY JUDGE ANN L. AIKEN

**ATTORNEY CERTIFICATION OF GOOD FAITH**

Pursuant to 28 U.S.C. § 144, I hereby certify that this Motion to Disqualify and the Declarations of Fariborz Pakseresht and Lauren Blaesing in Support of Defendants' Motion to Disqualify Judge Ann L. Aiken are made in good faith. I further certify, in accordance with 28 U.S.C. § 144, that the factual allegations made in the aforementioned motion and declarations are accurate, correct, and made in good faith.

DATED: May 6, 2024.

*s/ David B. Markowitz*
David B. Markowitz, OSB #742046
Special Assistant Attorneys General for Defendants

2138400