IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WYATT B. et al. | Civ. No. 6:19-cv-00556-AA |
|         Plaintiffs, | **OPINION & ORDER** |
|   v. | |
| TINA KOTEK et al., | |
|         Defendants. | |

AIKEN, District Judge.

At 11:14 p.m. on May 6, 2024, Defendants filed a motion to disqualify me based on the assertion that I am biased against Defendants; that I have prejudged the substantive issues in this case; and that I rejected the settlement out of hand. ECF No. 457.

Under 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be

> accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144

"[T]he Supreme Court held that the judge against whom an affidavit of bias is filed may pass on its legal sufficiency." *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978). "Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case." *Id.*

"It is well established in this circuit that a recusal motion must be made in a timely fashion." *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992). "While there is no *per se* rule that recusal motions must be made at a fixed point in order to be timely, such motions should be filed with reasonable promptness after the ground for such a motion is ascertained." *Id.* (internal quotation marks and citation omitted). "Enforcing the timeliness of a recusal motion is necessary" to prevent parties from using motions to disqualify "for strategic purposes." *United States v. Mikhel*, 889 F3d 1003, 1027 (9th Cir. 2018). "Where 'unexplained delay' in filing a recusal motion 'suggests that the recusal statute is being misused for strategic purposes,' the motion will be denied as untimely." *Id.* (quoting *E. & J. Gallo Winery*, 967 F.2d at 1296).

Here, this motion was filed less than twelve hours before the pretrial conference in this matter and less than seven days before the commencement of trial. This is obviously less than ten days before the beginning of the term in which the matter is to be heard. The transcripts cited in Defendants' motion are from no later than April 22, 2024, and Defendants offer no explanation for the delay in filing. This

§ 144 motion is legally insufficient and therefore DENIED without the necessity of referral to another judge.

The court has also considered Defendants motion under 28 USC § 455 and finds no basis for recusal. The motion under § 455 is DENIED.

It is so ORDERED and DATED this ___7th___ day of May 2024.

                                     /s/Ann Aiken
                                     ANN AIKEN
                                     United States District Judge