IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WYATT B. et al. | Civ. No. 6:19-cv-00556-AA |
|             Plaintiffs, | **OPINION & ORDER** |
|   v. | |
| TINA KOTEK et al., | |
|             Defendants. | |

AIKEN, District Judge.

This case comes before the Court on Motions in Limine filed by Plaintiffs, ECF Nos. 419, 420, and by Defendants, ECF No. 422. As set forth below, Plaintiffs' Motions in Limine are DENIED and Defendants' Motions in Limine are GRANTED in part and DENIED in part.

I.    **Plaintiffs' Motions in Limine**

Plaintiffs' first Motion in Limine, ECF No. 419, seeks to exclude evidence and argument concerning "fundamental alteration" with respect to Plaintiffs' ADA and Section 504 claims. Plaintiffs assert that this is an unpled affirmative defense and argue that Defendants should be barred from presenting it. The Court considered the decision of the district court in *Komperda v. Hilton Hawaiian Komperda LLC*, CASE NUMBER: CV 08-00422HG-LEK, 2010 WL 11530664 (D. Haw. April 29, 2010)

and finds the reasoning persuasive. The Court therefore DENIES Plaintiff's first Motion in Limine.

Plaintiffs' second Motion in Limine, ECF No. 420, seeks to prevent Defendants from accessing the confidential records of Plaintiffs' witnesses for use in cross examination. The Court DENIES Plaintiffs' second motion in limine. Defendants shall have access to the confidential records of Plaintiffs' witnesses.

## II. Defendants Motions in Limine

Defendants have filed eight Motions in Limine, ECF No. 422, which the Court addresses in turn.

### A. Evidence Related to Dismissed Claims

Defendants seek to exclude evidence and testimony related to claims that have already been dismissed. The Court concludes that presentation of argument and evidence concerning dismissed claims will not assist the Court in resolving any live claims or defenses in this case. The Court is cognizant that some testimony may touch on dismissed claims by way of context or background and such testimony may be allowed on a case-by-case basis, subject to rulings on any objections, but will not inform any decision issued by the Court. With that caveat, the Court GRANTS Defendants' first Motion in Limine.

### B. Evidence Related to an Asserted Failure to Protect Children While at Home With Their Parents

Defendants move to exclude evidence and argument related to harms suffered by children at the hands of their own parents on the basis that such harms are not

cognizable under the Fourteenth Amendment. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189 (1989). Consistent with the limitations established by the *DeShaney* decision, the Court concludes that such evidence will not assist the Court in resolving the claims in this case and so GRANTS Defendants' second Motion in Limine.

### C. Evidence Related to Issues Not Included in the Complaint

Defendants seek to exclude evidence and argument concerning issues not alleged in the Complaint in this case. Specifically, this motion is aimed at assertions of the misuse of child-specific certifications and the assertion that DHS is hiding evidence of mistreatment and abuse from the dependency attorneys representing foster care youth in the Oregon state courts, as well as a previously discussed issue of harms suffered by children in the care of their parents. These issues are beyond the scope of the claims pleaded in the Complaint and certified for class-wide resolution and so are not properly before the Court. This motion is GRANTED.

### D. Evidence Related to Other Settlements and Lawsuits Against Oregon DHS

Defendants seek to exclude evidence and argument concerning other lawsuits and settlements involving Oregon DHS. This motion is GRANTED.

### E. Evidence Related to Temporary Lodging

Defendants seek to exclude evidence and argument concerning the use of temporary lodging on the grounds that it involves a previously dismissed claim in this case and, additionally, that it infringes on a settlement in an earlier-filed case

being overseen by another judge in this District. In this case, the use of temporary lodging may be relevant to the claims of the ADA subclass and evidence connected to that specific claim will be permitted for that limited purpose, but the Court cautions the parties that it will not permit this case to intrude on the ongoing administration of a settlement by another Oregon district court. Evidence and argument concerning the use of temporary lodging will therefore be strictly limited. Defendants' fifth Motion is Limine is therefore GRANTED in part and DENIED in part.

### F. Evidence Related to Individual Childrens' Experience in Foster Care

Defendants sixth Motion in Limine seeks to exclude evidence related to the experience of individual children in foster care based on the late disclosure of the identities of the witnesses. The Court notes that the witnesses have now been disclosed and the Court has already ruled that Defendants may have access to the confidential records of those witnesses for purposes of cross examination, over Plaintiffs' objection. The Court will therefore DENY Defendants' sixth Motion in Limine.

### G. Evidence of the Cost of the Defense

Defendants seek to exclude evidence of the cost of the defense in this action. The Court concludes that such evidence would be of little use in resolving the claims and defenses in this action and so GRANTS Defendants' seventh motion in limine with the additional clarification that evidence of the cost of court-appointed monitors

and special masters would be useful to the Court, should the Court reach the issue of remedies in this action and so presentation of that evidence is not part of this ruling.

### H. Testimony of Senator Gelser Blouin

Defendants seek to exclude the testimony of Oregon state senator Sara Gelser Blouin. The Court GRANTS the motion in part and DENIES the motion in part. Senator Gelser Blouin will be permitted to testify as a fact witness but may not offer expert opinion evidence or testimony, nor may she offer testimony related to legislative history. The Senators testimony will also be limited by the Court's rulings on the other motions in limine. The witness statement for the Senator suggests that some of her proposed testimony will veer into improper lay witness opinion, legal conclusions, or hearsay and Plaintiffs are cautioned to avoid such testimony. The Court will consider any objections to the Senator's testimony at the time they are made.

It is so ORDERED and DATED this ___8th___ day of May 2024.

        /s/Ann Aiken  
        ANN AIKEN  
        United States District Judge