*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024

## SETTLEMENT AGREEMENT

## RECITALS

Whereas, Wyatt B. and Noah F. by their next friend Michelle McAllister; Kylie R. and Alec R. by their next friend Kathleen Megill Strek; Unique L. by her next friend Annette Smith; Simon S.; Ruth T.; Bernard C.; Naomi B.; and Norman N., for themselves and on behalf of the certified general class and three subclasses certified by the Court in its Opinion & Order dated August 17, 2022 (Dkt. 275) (collectively "**Plaintiffs**") and Tina Kotek, Governor of Oregon in her official capacity; Fariborz Pakseresht, Director, Oregon Department of Human Services ("**ODHS**") in his official capacity; Aprille Flint-Gerner, Director, ODHS Child Welfare in her official capacity; and ODHS (collectively "**Defendants**") are Parties to a lawsuit entitled *Wyatt B., et al. v. Tina Kotek, et al.*, U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA (the "**Litigation**"); and

Whereas, Plaintiffs and Defendants, having considered the costs, risks, and delay of trial and appeal, are entering into this Settlement Agreement ("**Settlement Agreement**" or "**Settlement**") to resolve the Litigation and promote ODHS's efforts to protect child safety, continue to make improvements to Oregon's child welfare system, and support and preserve families; and

Whereas, this Settlement Agreement is structured around a collaborative partnership between ODHS and an experienced Neutral with subject matter expertise and the Neutral will assist ODHS in its progress by setting and measuring flexible goals aimed at improving outcomes for children and continuing system transformation regarding ODHS's role within the larger child-serving system in Oregon;

Plaintiffs and Defendants agree as follows:

## DEFINITIONS

1.     "**Categories**" mean the particular areas of assessment set forth in Section 2.

2.     "**CFSR**" means the Child and Family Services Reviews process conducted by the Children's Bureau, within the U.S. Department of Health and Human Services Administration for Children and Families.

3.     "**Child(ren) in Care**" means children who are in the legal and physical custody of ODHS.  The Parties disagree on the scope of this definition and will submit this disputed issue by motion to the Court as further detailed in Section 1.

4.     "**Class**" means the general class certified by the Court in its Opinion & Order dated August 17, 2022 (Dkt. 275).

5.     "**The Court**" means the Honorable Judge Ann Aiken in the U.S. District Court for the District of Oregon (Eugene Division), or her successor.

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024

6.    "**Effective Date**" means the date on which the Court approves the Settlement Agreement at or following the Fed. R. Civ. P. 23(e) fairness hearing.

7.    "**Efforts**" mean all actions, policies, practices, and procedures made and/or undertaken by ODHS to achieve Ultimate Outcomes, which may include, for example, ODHS's continuous quality improvement work.

8.    "**Maltreatment**" means all abuse as defined in ORS 419B.005 and ORS 418.257, and as further amended or renumbered, which includes all Child(ren) in Care both as defined in this Settlement and as further modified by resolution of the dispute regarding that term, as detailed in Section 1.

9.    "**Measurements**" mean methods of assessing progress toward Ultimate Outcomes.

10.    "**Next Friend(s)**" means the adult next friends through which five (5) of the ten (10) named plaintiffs appear in this Litigation, who have yet to reach the age of 18.

11.    "**Party**" means either Plaintiffs or Defendants, and "**Parties**" means both Plaintiffs and Defendants.

12.    "**Services**" mean the services identified in the case plan for a Child in Care as defined in 42 U.S.C. § 675(1).

13.    "**State Agency**" means any officer, board, commission, department, division, or institution in the executive branch of the government of the State of Oregon.

14.    "**Subclass(es)**" means the three subclasses certified by the Court in its Opinion & Order dated August 17, 2022 (Dkt. 275).

15.    "**Substantial Compliance**" means sufficient and sustained good faith and meaningful Efforts that work toward achieving the Ultimate Outcomes, which does not require strict compliance, but requires meaningful progress toward the Ultimate Outcomes.

16.    "**Timelines**" mean specific benchmarks, dates, and/or periods of time by which to achieve Measurements and Ultimate Outcomes.

17.    "**Ultimate Outcomes**" mean specific, concrete, and identifiable metrics that are goals to be met at the conclusion of the term of this Settlement Agreement.

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024

## AGREEMENT

### 1.     <u>Resolution of Dispute Regarding Scope of Definition of "Child in Care."</u>

The Parties dispute the legal scope of this definition.  Specifically, the dispute pertains to whether the Settlement Agreement's defined term Child in Care excludes: 1) children who have not been removed and their family is receiving services through ODHS in-home (*i.e.*, through ODHS Family Preservation) because while those children may be in ODHS's legal custody so, for example, ODHS can draw down Title IV-E federal funding to provide in-home services, they are not in ODHS's physical custody and not "in care"; and/or 2) children who have been removed, are in ODHS's legal custody, but are not in ODHS's physical custody because they are placed in-home with a parent or legal guardian (*i.e.*, on Trial Home Visit).

The Parties will each submit these issues by motion to the Court for resolution in a limited judgment, so that it is appealable by either Party.  The Parties' opening briefs shall be filed by May 31, 2024.  The Parties shall file response briefs by June 14, 2024.  There shall be no reply briefs.  If either Party appeals the Court's decision on this dispute, the Parties agree it shall not affect the other terms of this Settlement Agreement, which shall otherwise proceed, including the awarding of attorney fees.

### 2.     <u>ODHS Child Welfare Improvements.</u>

Defendants shall work with the Neutral, defined further in Section 3, to set Ultimate Outcomes for the following Categories, and Defendants and the Neutral shall take into account existing Measurements, as listed below:

2.1     <u>Rate of Maltreatment of Children in Care.</u>

2.1.1     As of March 11, 2024, the current federal measure for rate of "Maltreatment in Foster Care" in Oregon is 16.4 victimizations/100,000 days (statewide average for prior 12-month period).[1]

2.1.2     The Neutral and ODHS will work together to develop an additional Measurement that does not count Maltreatment of children who are in the legal but not physical custody of ODHS (*i.e.*, children living at home in Family Preservation or on a Trial Home Visit).

---

[1] Exhibit 1: Oregon Dept. of Human Services, Federal Performance Measures Overview, Maltreatment in Foster Care, 2023 Round 4, (Data Refresh Date Mar. 11, 2024), available at https://www.oregon.gov/odhs/data/pages/cw-dashboard-fpm.aspx (last visited May 14, 2024).

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024

2.2     Re-entry rate for Children in Care.

    2.2.1    As of March 11, 2024, the current federal measure for rate of "Re-entry to Foster Care" within twelve (12) months is 10.7% (statewide average for prior 12-month period).[2]

2.3     Timeliness of completion of initial case plans for Children in Care.

    2.3.1    As of December 2023, 71% of initial case plans were completed within sixty (60) days.[3]

2.4     Timelines to complete professional mental health and medical assessments and referrals for reasonable and necessary medical and mental health care, services, and treatment for a Child in Care.

    2.4.1    For 2022, 88.3% of children received age-appropriate mental, physical, and dental health assessments within 60 days of notification to Coordinated Care Organizations ("**CCO**") that the child was placed into ODHS's custody (statewide CCO average for 2022 CCO Performance Metrics Data).[4]

    2.4.2    The Neutral and ODHS will work together to develop additional (or alternate) Measurements to assess timeliness of assessments and referrals. Additional or alternate Measurements might include, for example, timeliness of intake nursing assessments and timeliness of referrals for physical health, dental, mental health, and intellectual and developmental disability assessments from the time of entry into care.

---

[2] Exhibit 2: Oregon Dept. of Human Services, Federal Performance Measures Overview, Re-entry to Foster Care, 2023 Round 4, (Data Refresh Date Mar. 11, 2024), available at https://www.oregon.gov/odhs/data/pages/cw-dashboard-fpm.aspx (last visited May 14, 2024).

[3] Exhibit 3: Oregon Dept. of Human Services, Child Welfare Division Progress Report (Mar. 2024) at 13, available at https://www.oregon.gov/odhs/child-welfare-transformation/progressreports/cw-progress-report-2024-03.pdf (last visited May 14, 2024).

[4] Exhibit 4: Oregon Health Authority, 2022 CCO Performance Metrics Data, 2022 Incentive Metrics, Assessment of Children in ODHS Custody, available at https://visual-data.dhsoha.state.or.us/t/OHA/views/CCOPerformanceMetricsData/performancedata (last visited May 14, 2024).

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024

Defendants shall also work with the Neutral on qualitative improvements for the following Categories:

2.5     <u>Appropriateness and quality of placements and Services for Children in Care.</u>

2.5.1   This shall be qualitatively evaluated by the Neutral through access to ODHS's existing case review sampling process.

2.6     <u>Notification and reporting required by Oregon law concerning Maltreatment of Children in Care.</u>

2.6.1   The Neutral shall assess ODHS's Efforts, policies, and practices of notifying and providing any reports or materials required by Oregon law concerning Maltreatment of Children in Care to all statutorily required parties or individuals pursuant to ORS 419B.015, ORS 419B.035, and ORS 418.259, and as further amended or renumbered.

2.7     The Neutral may recommend no more than two (2) additional Categories in total, provided that such Category must be within the scope of claims and relief in this case that are actionable under the United States Constitution Fourteenth Amendment Substantive Due Process Clause or the Americans with Disabilities Act and recommended within two (2) years of the Effective Date. Any dispute between the Neutral and Defendants regarding this provision shall be submitted to the Arbitrator per Section 9.

2.8     The Categories above will not contain, in total, more than fifteen (15) Measurements.

## 3.     Role of Child Welfare Neutral.

3.1     The Neutral shall act as a subject matter expert to assess Oregon's child welfare system which will include the following comprehensive review of the system:

3.1.1   Review all of the Parties' expert and rebuttal reports in the Litigation.

3.1.2   Conduct optional interviews, subject to entering an agreement regarding privacy and confidentiality concerns, with any of the following: representatives and counsel for both Plaintiffs and Defendants (representatives for Defendants to include for example, Child Welfare leadership and staff (such as present and former caseworkers)), representatives of related State Agencies, civil rights attorneys, providers, resource parents, current or former foster children, parents, judges, juvenile dependency and delinquency attorneys, CASAs, treatment service providers, law enforcement, and legislators.

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024

    3.1.3   The Neutral will work with ODHS before interviewing any minor children in the legal or physical custody of ODHS to determine reasonable limits and contours of such contact (*i.e.*, number of children, age, therapeutic contraindications, interview participants, juvenile attorney consent, etc.).

3.2    The Neutral shall determine Measurements, Ultimate Outcomes, and Timelines, as applicable to the Categories in Section 2 ("**Initial Review**"). In setting and evaluating the Measurements, Ultimate Outcomes, and Timelines, the Neutral shall take into account federal standards and Oregon's performance, practice, and statutory variations relative to national performance. For example, the Neutral will review Oregon's CFSR results and any resulting Program Improvement Plan and reporting created during this Settlement Agreement.

3.3    The Neutral's Initial Review shall occur by April 30, 2025, which may be extended by up to ninety (90) days at the request of the Neutral.

3.4    The Neutral shall afford the Parties thirty (30) calendar days to comment on a draft of the Initial Review. The Neutral may take into account the Parties' comments on the draft of the Initial Review before submitting the final Initial Review to the Court and Parties. The Initial Review shall not be subject to dispute resolution in Section 9.

3.5    The Neutral shall annually determine whether ODHS's Efforts are sufficient to accomplish Measurements, Ultimate Outcomes, and Timelines, as applicable to the Categories in Section 2, and as addressed further in Section 6. Such determination shall include both a qualitative and quantitative assessment, not a rigid "yes" or "no" assessment of compliance.

3.6    The Neutral shall recommend changes, if any, to Efforts, Measurements, Ultimate Outcomes, and Timelines should Measurements and Ultimate Outcomes not be met within the Timelines established.

3.7    The Neutral shall determine if and when sufficient Efforts and Ultimate Outcomes have been met and if any Ultimate Outcomes may be removed from reporting requirements.

3.8    The Neutral shall determine if Ultimate Outcomes have been substantially complied with in this Settlement Agreement as to warrant an exit from the terms of the Settlement Agreement.

3.9    Nothing in this Section concerning the Neutral's role changes the limitations in Sections 2.7 and 2.8.

3.10    The Neutral shall have reasonable access to ODHS documents relevant to the Categories in Section 2 as requested.

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024

      3.10.1  The Neutral shall only have access to child-specific data and documents (other than ODHS's case review sampling process described in Section 2.5.1), if the Neutral makes a showing of substantial need. Substantial need includes, but is not limited to, examining issues indicative of system-wide concerns or confirming the accuracy of the aggregate data. Substantial need does not include information needed to intervene in individual cases.

      3.10.2  ODHS has the opportunity to object to the Neutral's requests for individualized case information, subject to the dispute resolution in Section 9 below.

3.11    The Neutral shall not communicate with any member of the media, post on social media, or publish any writings in media publications related to this Settlement Agreement while serving as the Neutral, without prior written consent of the Parties.

3.12    After the Neutral completes the Initial Review, the Neutral's communications related to this Settlement Agreement shall be limited to designated representatives for the Parties, the Parties' counsel, and the Court, unless the Parties give prior written consent for other communications (*e.g.*, communications with subject matter experts such as Casey Family Programs, government agencies such as Centers for Medicare & Medicaid Services, or legislative testimony), or as otherwise required by law.

3.13    The Neutral, along with any staff and third parties hired and/or consulted by the Neutral for the purpose of assisting the Neutral with their responsibilities under this Settlement Agreement, shall be reimbursed up to a maximum of $250,000 per year by Defendants, subject to yearly accounting for inflation and related factors (*e.g.*, justified additional work for out of ordinary expenses in a given year due to Arbitrator or Court hearings).

## 4.    <u>Selection of the Child Welfare Neutral.</u>

4.1    The Neutral should have prior experience with child welfare systems and the federal government oversight process, for example experience with the CFSR process, and knowledge of current national child welfare best practices and trends. Unless the Parties otherwise agree, the Neutral must not have served as an expert or consultant for any of the Parties or their counsel in connection with the Litigation.

4.2    The Neutral shall be selected as follows:

      4.2.1  The Parties shall cooperate in good faith to jointly select the Neutral by May 31, 2024.

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024

4.2.2   If the Parties are unable to agree on the selection of the Neutral by May 31, 2024, each Party shall submit to the Court a nominee by June 7, 2024, and the Court shall select the Neutral from those nominations with the level of input from the Parties as determined by the Court.

4.2.3   With respect to any Neutral proposed or nominated by any Party, the nominating Party must identify and describe the nominee's qualifications and experience, including listing and describing each instance in which the nominee has served as an expert, consultant, or monitor in any action involving the Parties or their counsel and listing references from those engagements.

4.2.4   A similar process will apply to the replacement of any Neutral.

## 5.     **Ongoing Collaboration.**

Plaintiffs' counsel, the Neutral, representatives from ODHS, and Defendants' counsel will meet at least once every six (6) months to review the progress under the Settlement Agreement and discuss any changes that may be needed to the Ultimate Outcomes, Measurements, or Timelines.

## 6.     **Substantial Compliance Review and Reporting.**

6.1   Once per year, starting in 2026, and through the term of this Settlement Agreement, the Neutral shall conduct an annual review assessing whether ODHS's Efforts are in Substantial Compliance within the Timelines established ("the **Annual Review**").  The Annual Review shall occur by September 1 each year, which may be modified in an individual year by up to thirty (30) days at the request of the Neutral.

6.1.1   The Neutral's Annual Review shall include:

(a)     Whether ODHS is undertaking the Efforts it has established (or the Neutral has recommended) to substantially achieve the Measurements and Ultimate Outcomes within the Timelines established;

(b)     Whether the Efforts taken by ODHS (or recommended by the Neutral) are effective in substantially achieving the Measurements and Ultimate Outcomes within the Timelines established;

(c)     Whether there are circumstances outside of the control of ODHS that have affected ODHS's ability to substantially achieve the Measurements and Ultimate Outcomes within the Timelines established, and whether such circumstances warrant a change in

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024

the Measurements, Ultimate Outcomes, and/or Timelines established;

(d)    What changes, if any, should be made to the Efforts previously established;

(e)    Whether any Category no longer needs to be a part of the Neutral's Annual Review because a particular Ultimate Outcome has been met (or alternatively, if any released Category needs to be re-included in the Neutral's Annual Review because a particular Category has become an area of concern); and

(f)    Any other recommendations the Neutral may have for Defendants relating to ODHS's Efforts to achieve the Measurements and Ultimate Outcomes within the Timelines established.

6.2    The Neutral shall afford Defendants thirty (30) calendar days to accept or otherwise comment on a draft of the Annual Review.  If, upon that review, Defendants propose changes to the draft Annual Review, Defendants shall work with the Neutral to accomplish such changes (for example, establish alternative Efforts, Measurements, or Timelines agreeable to both Defendants and the Neutral).

6.3    If Defendants accept the draft Annual Review, or if the draft Annual Review is modified through agreement between Defendants and the Neutral, the final Annual Review shall be filed with the Court.

6.4    If, after sixty (60) days of Defendants' receipt of the draft Annual Review, Defendants and the Neutral are unable to agree on Defendants' requested modifications, Defendants may submit the issue(s) to the Arbitrator per the dispute resolution process in Section 9 below.  If Defendants do not submit such issue(s) to the Arbitrator under Section 9 within seventy (70) days of Defendants' receipt of the draft Annual Review, the Neutral shall proceed with filing the final Annual Review with the Court.

6.5    Plaintiffs shall receive a copy of the draft Annual Review at the same time Defendants receive it and receive a copy of any revisions agreed to between the Neutral and Defendants.

## 7.    <u>Role of the Governor.</u>

The Governor is a Party to the Settlement Agreement and shall provide support to ODHS toward its Efforts to achieve the Ultimate Outcomes.  This includes, but is not limited to, assisting ODHS's collaboration with other State Agencies to work toward the Ultimate Outcomes, Measurements, Timelines, and related recommendations from the Neutral.  The

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024

Governor and/or their staff will review the Neutral's Initial Review and Annual Reviews, including the Neutral's recommendations for Defendants. The Governor is not committing in this Settlement Agreement to seeking any specific future funding from the Legislature or any specific budgetary, funding, or resource allocation. The Governor is not subject to Section 9 regarding recommended budget decisions or legislative appropriations.

**8.     Exit and Termination.**

8.1     The Settlement Agreement shall terminate when the Neutral determines ODHS is in Substantial Compliance with the Ultimate Outcomes or within ten (10) years of the Effective Date, whichever is sooner ("**Termination Date**"). The Parties may, upon mutual agreement, extend the Termination Date.

8.2     If, after ten (10) years, the Neutral determines that additional time is needed for ODHS to be in Substantial Compliance with the Ultimate Outcomes, the Neutral may recommend extension of the Termination Date by no more than two (2) years. The Neutral's recommendation is subject to dispute resolution in Section 9 below.

8.3     Defendants may challenge the Neutral's determination that ODHS is not in Substantial Compliance with the Ultimate Outcomes and request the termination of the Settlement Agreement by initiating dispute resolution in Section 9 below at any time.

**9.     Dispute Resolution.**

The Parties agree that an arbitrator ("**Arbitrator**") shall determine any and all disputes arising under this Settlement Agreement except resolution of the definition of Child(ren) in Care described in Section 1 and the amount of Plaintiffs' attorney fees and costs in Section 12. The Arbitrator shall be the Honorable Judge Stacie F. Beckerman. If Judge Beckerman becomes unavailable or unwilling to continue serving as the Arbitrator, the Parties will choose a mutually agreeable alternative. If the Parties are unable to agree upon an alternative Arbitrator, the Parties will request that the Chief United States District Judge for the District of Oregon select an Arbitrator that is an active Magistrate Judge or District Judge within the United States District Court for the District of Oregon.

9.1     Raising a Dispute. The Parties or the Neutral may raise a dispute under this Settlement Agreement, except that Plaintiffs may only raise a dispute if the Neutral has determined that ODHS is not in Substantial Compliance with the Settlement Agreement in Sections 6 or 8 or concerning Plaintiffs' post-judgment invoices in Section 13 and the Neutral may only raise a dispute related to Section 3. To raise a dispute, the Party or the Neutral (the "**Claimant**") must provide written notice of the dispute to the Arbitrator. The written notice must be supported by factual allegations, legal argument, and a specific request for remedies. The Claimant must provide copies of the written notice to the other

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024

Party or Parties and/or the Neutral (the "**Respondents**"). The Respondents must provide a response in writing to the Claimant and the Arbitrator within twenty-eight (28) days. Plaintiffs may respond to any disputes raised by the Neutral or Defendants.

9.2     <u>Process</u>. Once a dispute is raised, the Arbitrator shall resolve the dispute and determine the appropriate remedy, if any. The Arbitrator may request that the Parties submit briefing and documentary evidence, and the Arbitrator may request that counsel for the Parties make oral presentations. The Arbitrator shall have the discretion whether to permit discovery and scope.

9.2.1   If the dispute concerns whether ODHS is in Substantial Compliance, the Arbitrator shall make a determination of Substantial Compliance or non-compliance or may make a determination of contempt. If the Arbitrator determines that ODHS is not in Substantial Compliance, the Arbitrator shall determine an appropriate remedy.

9.2.2   In determining any remedy under this Section, the Arbitrator may employ or recommend any enforcement mechanisms that are within the legal and equitable powers of the Court to enforce the Settlement Agreement, including requiring specific performance of the Settlement Agreement; finding ODHS is in non-compliance with this Settlement Agreement; finding ODHS is in contempt of this Settlement Agreement; requiring ODHS to submit a plan for remedying any deficiencies; and awarding reasonable attorney fees and costs for enforcement of the Settlement Agreement in addition to the fees allowed under Section 13.

**10.    <u>Court Enforcement and Appeal.</u>**

A Party may seek the Court's review of only the Arbitrator's decisions regarding Substantial Compliance or non-compliance with the Settlement Agreement. A Party may also apply to the Court for an order to enforce a determination or remedy issued by the Arbitrator. The Court retains all legal and equitable powers of the Court to enforce the Settlement Agreement. Any such order of the Court is not appealable.

**11.    <u>Joint Press Release.</u>**

The Parties agree to announce this Settlement in a joint media release to be issued simultaneously with the submission of this Settlement Agreement to the Court by May 17, 2024.

**12.    <u>Plaintiffs' Attorney Fees.</u>**

Even though no liability was determined by the Court, the Parties agree that Plaintiffs' counsel are entitled to an award of reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988 and any applicable laws. The Parties agree to a non-binding mediation process before the

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024

Arbitrator to try to reach a negotiated resolution of the amount of the reasonable attorney fees and costs that will be paid to Plaintiffs' counsel. The Parties agree to complete such mediation by June 14, 2024. If mediation is successful, payment shall be made upon the Effective Date of this Settlement or November 30, 2024, whichever is later, unless an alternative payment plan is otherwise agreed to between the Parties.

In the event the Parties do not reach agreement on the amount of Plaintiffs' reasonable attorney fees and costs award, Plaintiffs shall submit a fee petition to the Court by July 3, 2024. Plaintiffs will not seek any fee enhancement or multiplier. Defendants shall be entitled to present any and all objections, and Defendants' response and objections to Plaintiffs' fee petition will be due by July 24, 2024. Plaintiffs' reply will be due by July 31, 2024. The Parties agree that the Court's decision on attorney fees shall not be appealable. The Parties further agree that payment shall be made upon the Effective Date of this Settlement or November 30, 2024, whichever is later, unless an alternative payment plan is otherwise agreed to between the Parties.

13. **Plaintiffs' Post Judgment Attorney Fees.**

Upon the Effective Date of this Settlement, the law firms of Davis Wright Tremaine, LLP and Rizzo Bosworth Eraut PC shall withdraw as counsel of record for Plaintiffs. The law firms of A Better Childhood and Disability Rights Oregon shall remain as counsel for Plaintiffs through the term of the Settlement Agreement. Upon receipt of invoices due no later than October 15 each year, beginning in 2025 and running through the term of the Settlement Agreement, A Better Childhood and Disability Rights Oregon shall be compensated for their continued monitoring of the Settlement Agreement. Such attorney fees and costs shall not exceed $150,000 collectively and annually (calculated October 1 through September 30 of the following year), subject to yearly accounting for inflation. Any dispute concerning Plaintiffs' invoices under this Section shall be submitted to dispute resolution under Section 9.

14. **Court Approval, Notice to the Class, and Fairness Hearing.**

The Parties represent and acknowledge that this Settlement Agreement is the result of extensive, thorough, and good faith negotiations. The Parties further represent and acknowledge that the terms of this Settlement Agreement have been voluntarily accepted, after consultation with counsel, for the purpose of making a full and final compromise and settlement of any and all claims or allegations set forth in the Litigation.

14.1    The Parties will file a joint motion seeking preliminary approval of this Settlement by May 24, 2024. The motion will provide a proposed form of notice to the Class, Subclasses, and interested parties, to be issued by June 7, 2024. The motion will also propose that the Parties will file a motion for a final judgment and order granting final approval of the Settlement Agreement by August 22, 2024, in advance of the Parties' requested date of September 12, 2024, for the Court to hold the fairness hearing. The Parties shall cooperate and use their best efforts to cause this Settlement Agreement to receive final approval from the Court.

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024

14.2    The Parties' proposed final judgment and order granting final approval of this Settlement will:

14.2.1    Grant final approval of the Settlement without modification of its terms as fair, reasonable, and adequate to the Class and Subclasses under Fed. R. Civ. P. 23(e);

14.2.2    Find that the Settlement Agreement resulted from extensive arm's length, good faith negotiations between the Parties through experienced counsel;

14.2.3    Dismiss the action under Fed. R. Civ. P. 41(a)(2) after compliance with Fed. R. Civ. P. 23(e);

14.2.4    Comply with the content and scope requirements of Fed. R. Civ. P. 65(d)(1), expressly incorporate the actual terms of this Settlement Agreement, and make the Parties' compliance with the terms of this Settlement Agreement part of the dismissal order;

14.2.5    Incorporate the entirety of the express terms of the Settlement Agreement and provide that the Court has and will retain jurisdiction over the judgment and order to enforce the Settlement Agreement; and

14.2.6    This Settlement Agreement will be effective on the date of final approval by the Court. If the Court does not grant final approval of the Settlement Agreement, the Settlement Agreement will be null and void.

**15.    <u>Plaintiffs' Covenant not to Sue and Releases.</u>**

Upon the Effective Date, Plaintiffs (including for themselves, their Next Friends, assigns, successors in interest, and also including each and every member of the Class and each of the Subclasses) covenant and agree that they shall not seek to establish liability against any Defendant (including their representatives, successors, predecessors, attorneys, assigns, officers, directors, employees, and agents, whether former or current) for any claims seeking declaratory or injunctive relief arising from or relating in any way to the Litigation, including allegations or legal theories that were raised or could have been raised based on the same facts, acts, and omissions alleged in the Complaint.

Upon the Effective Date, Plaintiffs (including for themselves, their Next Friends, assigns, successors in interest, and also including each and every member of the Class and each of the Subclasses) hereby fully release and discharge Defendants (including their representatives, successors, predecessors, attorneys, assigns, officers, directors, employees, and agents, whether former or current) from i) any and all class-wide claims or liabilities, known or unknown, suspected or unsuspected, which exist or may have existed, arising from or relating in any way to the Litigation, including allegations or legal theories that were raised or could have been raised based on the same facts, acts, and omissions alleged in the Complaint, arising at any time before

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024

and any time until the Termination Date; and ii) subject to Defendants' representation of no knowledge of fraud in Section 20, any and all claims or liabilities, known or unknown, suspected or unsuspected, which exist or may have existed, arising from or relating in any way to the formation of this Settlement Agreement. This release does not preclude Plaintiffs from asserting claims for monetary damages arising out of their individual circumstances and seeking individualized relief against Defendants. This release shall not affect any right of Plaintiffs under the terms of the Settlement Agreement.

**16.    No Admission of Fault.**

In entering into this Settlement Agreement, Defendants do not admit any wrongdoing or liability to Plaintiffs, or any entitlement by Plaintiffs to any relief under any claim upon which relief is sought in their Complaint in this or any other matter. Inclusion of obligations under requirements in this Settlement Agreement shall not be construed as a finding or determination by the Court that, absent this Settlement Agreement, Defendants would otherwise have such obligations or requirements.

**17.    Protective Order.**

The Second Amended Protective Order (Dkt. 410) in this Litigation shall apply to the exchange of any documents, records, and materials between the Parties or made available to the Neutral or Plaintiffs under this Settlement Agreement. The Neutral will certify that they have read the Second Amended Protective Order and agree that the Neutral and any staff or agents of the Neutral are subject to that Order. The Parties may designate documents provided under the Settlement Agreement as Confidential or Attorneys' Eyes Only pursuant to the Second Amended Protective Order.

**18.     Force Majeure.**

ODHS shall not be considered in breach of this Settlement Agreement to the extent that performance of any of the obligations incurred herein is prevented by an event of Force Majeure, including but not limited to: acts of God (such as, but not limited to, fires, explosions, earthquakes, drought, tidal waves, and floods); pandemic, war, hostilities, invasion, act of foreign enemies, rebellion, revolution, insurrection, military or usurped power, or civil war; contamination by radioactivity from any nuclear fuel, or from any nuclear waste from the combustion of nuclear fuel, radioactive toxic explosive, or other hazardous properties of any explosive nuclear assembly or nuclear component of such assembly; riot, commotion, strikes, lock outs or disorder; or acts or threats of terrorism. Nothing in this section prevents Defendants from raising any other available defenses to non-compliance with this Settlement Agreement.

**19.    Authorized Signatures.**

The signatures below of the Parties signify that these Parties have given their approval to this Settlement Agreement. Each Party to this Settlement Agreement represents and warrants that the person who has signed this Settlement Agreement on behalf of his or her entity or clients

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024

is duly authorized to enter into this Settlement Agreement and to bind that Party to the terms and conditions of this Settlement Agreement.

## 20.    <u>Review and Understanding of Agreement.</u>

This Settlement Agreement is the full and final expression of the agreement of the Parties and supersedes and replaces all prior agreements, term sheets, or statements of understanding of the Parties. The Parties represent that each of them has executed this Settlement Agreement after independent investigation and without knowledge of fraud or undue influence. The Parties acknowledge that they have read the terms of this Settlement Agreement, that each of them has had the opportunity to consult with legal counsel before executing the Settlement Agreement, and that Plaintiffs' counsel has adequately represented Plaintiffs and members of the Class and Subclasses.

The terms, conditions, and provisions of this Settlement Agreement were arrived at through the mutual, arms-length negotiations and drafting of the Parties, with the assistance of their attorneys. Therefore, any and all rules of construction to the effect that ambiguity is construed against the drafting Party will be inapplicable in any dispute concerning the terms, meaning, or interpretation of the Settlement Agreement.

## 21.    <u>Integrated Agreement.</u>

This Settlement Agreement and any documents incorporated by reference constitute the entire integrated Settlement Agreement of the Parties.

## 22.    <u>Counterparts.</u>

This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, and the counterparts shall together constitute one and the same Settlement Agreement, notwithstanding that each Party is not a signatory to the original or the same counterpart. All references to signature or execution of the Settlement Agreement shall be calculated from the date on which the last Party executed the Settlement Agreement. Any counterpart executed electronically (including, without limitation, via PDF, facsimile, or DocuSign®) shall be considered an original. Counterparts with signatures indicating the true identity of the named Plaintiffs will be filed under seal and remain confidential.

## 23.    <u>Notices.</u>

"Notice" under this Settlement Agreement, including but not limited to Section 9, shall be in writing, and from a nationally recognized overnight parcel carrier, provided to the following or their successors:

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024


Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

General Counsel
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

Director of the Oregon Department of Human Services
Oregon Department of Human Services
500 Summer Street NE
Salem, OR 97301

Director of Child Welfare, within the Oregon Department of Human Services
Oregon Department of Human Services
500 Summer Street NE
Salem, OR 97301

A Better Childhood
355 Lexington Avenue, Floor 16
New York, NY 10017

Disability Rights Oregon
511 SW Tenth Avenue, Suite 200
Portland, OR 97205


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024

WHEREFORE, the Parties hereby execute this Settlement Agreement,

Plaintiffs and Next Friends (for Plaintiffs who are under the age of 18), on behalf of themselves, the Class, and Subclasses

s/_____
Wyatt B. and Noah F. by their Next Friend
Michelle McAllister

s/_____
Simon S., who is now over the age of 18

s/_____
Unique L., by her Next Friend Annette Smith

s/_____
Bernard C., who is now over the age of 18

s/_____
Ruth T., who is now over the age of 18

s/_____
Norman N., who is now over the age of 18

s/_____
Naomi B., who is now over the age of 18

s/_____
Kylie R., and Alec R. by their Next Friend
Kathleen Megill Strek

Pursuant to the Second Amended Protective Order (Dkt. 410), Plaintiffs will file a copy of the Named Plaintiffs' signatures with their names under seal.

DocuSign Envelope ID: 4971423D-126A-4725-BD6F-B7678A42B539

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024


WHEREFORE, the Parties hereby execute this Settlement Agreement,

Plaintiffs and Next Friends (for Plaintiffs who are under the age of 18), on behalf of themselves, the Class, and Subclasses

s/_____
Wyatt B. and Noah F. by their Next Friend
Michelle McAllister

s/_____
Simon S., who is now over the age of 18

s/_____
Unique L., by her Next Friend Annette Smith

s/_____
Bernard C., who is now over the age of 18

s/_____
Ruth T., who is now over the age of 18

s/_____
Norman N., who is now over the age of 18

s/_____
Naomi B., who is now over the age of 18

s/_____
Kylie R., and Alec R. by their Next Friend
Kathleen Megill Strek


Pursuant to the Second Amended Protective Order (Dkt. 410), Plaintiffs will file a copy of the Named Plaintiffs' signatures with their names under seal.

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024


WHEREFORE, the Parties hereby execute this Settlement Agreement,

Plaintiffs and Next Friends (for Plaintiffs who are under the age of 18), on behalf of themselves, the Class, and Subclasses

s/_____
Wyatt B. and Noah F. by their Next Friend
Michelle McAllister

s/_____
Simon S., who is now over the age of 18

s/_____
Unique L., by her Next Friend Annette Smith

s/_____
Bernard C., who is now over the age of 18

s/_____
Ruth T., who is now over the age of 18

s/_____
Norman N., who is now over the age of 18

s/_____
Naomi B., who is now over the age of 18

s/_____
Kylie R., and Alec R. by their Next Friend
Kathleen Megill Strek


Pursuant to the Second Amended Protective Order (Dkt. 410), Plaintiffs will file a copy of the Named Plaintiffs' signatures with their names under seal.

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024


WHEREFORE, the Parties hereby execute this Settlement Agreement,

Plaintiffs and Next Friends (for Plaintiffs who are under the age of 18), on behalf of themselves, the Class, and Subclasses

s/_____
Wyatt B. and Noah F. by their Next Friend
Michelle McAllister

s/_____
Simon S., who is now over the age of 18

s/_____
Unique L., by her Next Friend Annette Smith

s/_____
Bernard C., who is now over the age of 18

s/_____
Ruth T., who is now over the age of 18

s/_____
Norman N., who is now over the age of 18

s/_____
Naomi B., who is now over the age of 18

DocuSigned by:
*Kathleen Strek*
s/_____
3364D7CAFFFA4ED...
Kylie R., and Alec R. by their Next Friend
Kathleen Megill Strek


Pursuant to the Second Amended Protective Order (Dkt. 410), Plaintiffs will file a copy of the Named Plaintiffs' signatures with their names under seal.

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024


WHEREFORE, the Parties hereby execute this Settlement Agreement,

Plaintiffs and Next Friends (for Plaintiffs who are under the age of 18), on behalf of themselves, the Class, and Subclasses

s/_____
Wyatt B. and Noah F. by their Next Friend
Michelle McAllister

s/_____
Simon S., who is now over the age of 18

s/_____
Unique L., by her Next Friend Annette Smith

s/_____
Bernard C., who is now over the age of 18

s/_____
Ruth T., who is now over the age of 18

s/_____
Norman N., who is now over the age of 18

s/_____
Naomi B., who is now over the age of 18

s/_____
Kylie R., and Alec R. by their Next Friend
Kathleen Megill Strek


Pursuant to the Second Amended Protective Order (Dkt. 410), Plaintiffs will file a copy of the Named Plaintiffs' signatures with their names under seal.

DocuSign Envelope ID: 334EEAA4-336B-4AD6-94F0-907AA4355186

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024


WHEREFORE, the Parties hereby execute this Settlement Agreement,

Plaintiffs and Next Friends (for Plaintiffs who are under the age of 18), on behalf of themselves, the Class, and Subclasses

s/_____
Wyatt B. and Noah F. by their Next Friend
Michelle McAllister

s/_____
Simon S., who is now over the age of 18

s/_____
Unique L., by her Next Friend Annette Smith

s/_____
Bernard C., who is now over the age of 18

s/_____
Ruth T., who is now over the age of 18

s/_____
Norman N., who is now over the age of 18

s/_____
Naomi B., who is now over the age of 18

s/_____
Kylie R., and Alec R. by their Next Friend
Kathleen Megill Strek


Pursuant to the Second Amended Protective Order (Dkt. 410), Plaintiffs will file a copy of the Named Plaintiffs' signatures with their names under seal.

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024

WHEREFORE, the Parties hereby execute this Settlement Agreement,

Plaintiffs and Next Friends (for Plaintiffs who are under the age of 18), on behalf of themselves, the Class, and Subclasses

s/ _____
Wyatt B. and Noah F. by their Next Friend
Michelle McAllister

s/ _____
Simon S., who is now over the age of 18

s/ _____
Unique L., by her Next Friend Annette Smith

s/ _____
Bernard C., who is now over the age of 18

s/ _____
Ruth T., who is now over the age of 18

s/ *Norman N.* _____
Norman N., who is now over the age of 18

s/ _____
Naomi B., who is now over the age of 18

s/ _____
Kylie R., and Alec R. by their Next Friend
Kathleen Megill Strek

Pursuant to the Second Amended Protective Order (Dkt. 410), Plaintiffs will file a copy of the Named Plaintiffs' signatures with their names under seal.

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024


APPROVED AS TO FORM

Attorneys for Plaintiffs

*Marcia Lowry*
C3ACA3ECBBA4428...

Marcia Robinson Lowry, *Pro Hac Vice*
Anastasia Benedetto *Pro Hac Vice*
Lindsay Gus *Pro Hac Vice*
A BETTER CHILDHOOD
355 Lexington Avenue, Floor 16
New York, NY  10017

8FG44G405EE24GG...

Emily Cooper, OSB #182254
Thomas Stenson, OSB #152894
DISABILITY RIGHTS OREGON
511 SW Tenth Avenue, Suite 200
Portland, OR  97205

*William D. Miner*
4858238EB2444D9...

P. Andrew McStay, Jr., OSB #033997
William D. Miner, OSB #043636
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, OR  97205

*Steve Rizzo*
DB38B2819EU3439...

Steven V. Rizzo, OSB #840853
Mary D. Skjelset, OSB #075840
RIZZO BOSWORTH ERAUT PC
1300 SW Sixth Avenue, Suite 330
Portland, OR  97201

*Wyatt B., et al. v. Tina Kotek, et al.*
U.S. District Court, District of Oregon (Eugene Division), Case No. 6:19-cv-00556-AA
May 17, 2024


Attorneys for Defendants on behalf of Defendants


s/ *Lisa M. Udland*
Lisa M. Udland, OSB #964444
Lisa.Udland@doj.state.or.us
Deputy Attorney General
OREGON DEPARTMENT OF JUSTICE
1162 Court Street NE
Salem, OR  97301

s/ *Lauren Blaesing*
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Vivek A. Kothari, OSB #182089
VivekKothari@MarkowitzHerbold.com
*Special Assistant Attorneys General*

Adele J. Ridenour, OSB #061556
AdeleRidenour@MarkowitzHerbold.com
Anit K. Jindal, OSB #171086
AnitJindal@MarkowitzHerbold.com
David A. Fauria, OSB #170973
DavidFauria@MarkowitzHerbold.com
Kelsie G. Crippen, OSB #193454
KelsieCrippen@MarkowitzHerbold.com
*Attorneys for Defendants*

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201


s/ *Carla A. Scott*
Carla A. Scott, OSB #054725
carla.a.scott@doj.state.or.us
Sheila H. Potter, OSB #993485
sheila.potter@doj.state.or.us
OREGON DEPARTMENT OF JUSTICE
1162 Court St NE
Salem OR  97301