UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| WYATT B. and NOAH F. by their next friend Michelle McAllister; KYLIE R. and ALEC R. by their next friend Kathleen Megill Strek; UNIQUE L. by her next friend Annette Smith; SIMON S.; RUTH T.; BERNARD C.; NAOMI B; and NORMAN N., individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>TINA KOTEK, Governor of Oregon in her official capacity, FARIBORZ PAKSERESHT, Director, Oregon Department of Human Services in his official capacity; APRILLE FLINT-GERNER, Director, Child Welfare in her official capacity, and OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>　　　　　　　　　　　　Defendants. | Case No. 6:19-cv-00556-AA<br><br>**JOINT MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT** |

**MOTION**

Pursuant to Rule 23(e), the parties move to obtain the preliminary approval of their Settlement Agreement.

**INTRODUCTION**

This Court should grant the parties' motion for preliminary approval. The parties have met the requirements of Rule 23, by negotiating in good faith at arm's length through an intermediary over the course of years to resolve this dispute in an amicable way. The settlement, considered as a whole and in light of the costs, risks, and delay associated with trial and appellate processes, provides adequate relief and treats members of the class equally to one another. If the Court provides its preliminary approval of the settlement, the parties will ensure the notification of members of the class

by appropriate means regarding the nature of the settlement and will appear at a fairness hearing to ensure that any objecting member of the class can be heard. If no such objections are heard at that hearing, or if the Court determines that, notwithstanding any such objections, the settlement meets the requirements of Rule 23, the Court can approve a final settlement in this matter.

## LEGAL STANDARD

"[S]trong judicial policy . . . favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992). In considering the *preliminary* approval of a proposed settlement, the district court only needs to decide if the agreement is "within the range of possible approval," and does not need to perform the more exhaustive analysis following a fairness hearing for final approval. *True v. American Honda Motor Co.*, 749 F.Supp.2d 1052, 1063 (C.D. Cal. 2010). If a settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval," the Court should issue preliminary approval and schedule a fairness hearing. *In re Tableware Antitrust Litigation*, 484 F.Supp.2d 1078, 1079 (C.D. Cal. 2007) (quotation marks and citation omitted).

Since the Court will have a full opportunity to assess the fundamental fairness, adequacy, and reasonability of the settlement at and after the fairness hearing, the Court should allow any settlement that could plausibly pass muster under Rule 23(e). When reviewing a settlement under Rule 23(e), a court should "determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." FRCP 23(e); *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1026 (9th Cir. 1998). The Court should consider, among other factors, the "strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings;

the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Id.*

Review of a proposed class settlement by a district court "can be challenging." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003). Courts should carefully guard against the possibility of "fraud or overreaching by, or collusion between the negotiating parties," as well as the pursuit of self-interest at the expense of the class. *Id.* at 960. The preliminary review of the settlement proposal should "protect unnamed members of the class from unjust or unfair settlements affecting their rights." *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008).

Concerns regarding the unfairness of class settlements are sharply reduced, however, where the class and any subclasses are certified pursuant to Rule 23(b)(2) and only injunctive or declaratory relief are sought. "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 361 (2011) (quotation marks and citation omitted); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614 (1997) (noting civil rights cases are "prime examples" of cases demonstrating the purpose of 23(b)(2) certification). A 23(b)(2) class action imposes "no requirement for individualized notice beyond that required by due process, and class members are not allowed to opt out." *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000). A 23(b)(2) class does not require specific enumeration of who is in the class, as defendants are legally obligated to comply with class-wide injunctions. *Doe #1 v. Trump*, 335 F.R.D. 416, 436 (D. Or. 2020). Uniform equitable relief to a Rule 23(b)(2) class, treating all members of the class equally, greatly simplifies the analysis of fairness.

//

//

**ARGUMENT**

I.  **The Settlement Meets the Relevant Factors for Fairness and Adequacy of the Settlement**

In granting preliminary approval for any class settlement, courts should consider whether the Settlement will plausibly satisfy the requirements of Rule 23(e). When determining whether Rule 23(e) is satisfied, courts should consider: the 1) strength of the plaintiffs' case, 2) risk, expense, complexity, and likely duration of further litigation, 3) risk of trial and appeal, 4) amount offered in settlement, 5) extent of discovery to date and procedural posture, 6) experience and views of counsel, 7) presence of a government participant, and 8) reactions of class members to the settlement. *Hanlon*, 150 F.3d at 1026. As to the final factor, it is appropriate for the Court to assess the reactions of absent class members at the fairness hearing, after absent class members have an opportunity to object to the settlement. However, as explained below, all the other factors weigh in favor of preliminary approval.[1]

The Settlement Agreement plausibly meets the first factor. The Settlement Agreement appropriately reflects the strengths of each parties' case. The Court is familiar with the witness statements, the trial exhibits, and the expert opinions produced by both sides in preparation for trial and can appropriately judge the strength of each party's case and the relative risk to each side. .

The Settlement Agreement also plausibly meets the second and third factors—the risk, expense, complexity, and likely duration of further litigation. This is a complex case that was set for a four-week trial. The parties acknowledge that trial and appeal entail some uncertainty in

---

[1] The final factor is typically not analyzed until after the fairness hearing, at which point absent class members have the opportunity to mount objections. *See Bowen v. Jea Senior Living Health & Welfare Benefit Plan, LLC*, No. 2:20-CV-2318-KJN, 2023 WL 3931805, at *14 (E.D. Cal. June 9, 2023) ("'Courts have long recognized that settlement class actions present unique due process concerns for absent class members.' To protect the rights of absent class members, Rule 23(e) requires the court approve such settlements 'only after a fairness hearing….'" (quoting *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011)).

outcomes and a practical certainty of delay and added costs. Even if plaintiffs prevail on all points at trial, defendants would almost surely appeal a judgment in plaintiffs' favor. While comparatively few such cases proceed to trial, past experience indicates that appellate courts are likely to stay the enforcement of any relief while the appeals proceed. *See, e.g.*, *M. D. by Stukenberg v. Abbott*, 907 F.3d 237, 247 (5th Cir. 2018) (after the court granted a judgment in favor of plaintiffs, Texas sought a stay from the district court, which was denied, then a stay pending appeal from the Fifth Circuit, which was granted). Given the size and scope of the trial, the complexity of the case would likely lead to a wide variety of issues, on substance, evidence, and procedure, that could be appealed. Resolving those issues would entail a very lengthy, complex appeal. Even if plaintiffs succeeded ultimately on all those issues, the appellate process could delay remedies for the class for years to come.

The fourth factor—the amount offered in settlement—also weighs in favor of preliminary approval. While the class sought injunctive, and not monetary, relief, the terms of the Settlement Agreement set forth comprehensive structural relief that requires defendants to hire a subject-matter expert (a "Neutral") to oversee the state's progress toward critical foster care outcome areas. Child welfare is a complex policy area, and the use of a Neutral to measure progress, the inclusion of measures, and the capacity for court enforcement of obligations under the Settlement Agreement reflects a serious and substantial benefit to the class and subclasses.

The fifth factor—the extent of discovery and the procedural posture of the case—weighs in favor of preliminary approval. Extensive discovery has been conducted in this matter, with hundreds of thousands of pages of discovery exchanged. Dozens of depositions have taken place. Additionally, the parties have exchanged expert reports, exhibits, and have filed witness statements and trial memoranda. Given the broad scope of discovery and the procedural posture of the case, each side is fully apprised of the risks and benefits of settlement at this juncture.

The experience and views of counsel also weigh in favor of approval. Among the class counsel are a nationwide child welfare litigation team, a major law firm familiar with complex litigation, a statewide disability advocacy group experienced in class-wide relief, and a law firm with a substantial practice in tort law related to claims of foster children and young adults. The diverse experience of the litigation team tends to verify the utility of the relief, as counsel with such experience would not sign on to inappropriate, inadequate, or unfair relief. Counsel for both parties have been involved in this case for over five years and are familiar with the facts and issues and approve of the Settlement Agreement.

Finally, the presence of government defendants likewise weighs in favor of preliminary approval. *See, e.g.*, *Criswell v. Boudreaux*, No. 120CV01048DADSAB, 2021 WL 5811887, at *7 (E.D. Cal. Dec. 7, 2021) ("As Sheriff of Tulare County, defendant is a governmental participant, which weighs in favor of final approval of the settlement."); *Garcia v. Los Angeles Cnty. Sheriff's Dep't*, No. CV 09-8943 MMM (SHX), 2015 WL 13646906, at *11 (C.D. Cal. Sept. 14, 2015) ("LACOE is a government participant. This factor therefore weighs in favor of settlement."); *Moreno v. San Francisco Bay Area Rapid Transit Dist.*, No. 17-CV-02911-JSC, 2019 WL 343472, at *5 (N.D. Cal. Jan. 28, 2019) ("BART is a governmental agency, and as such, its participation and consent to the injunctive relief weighs in favor of approving the settlement."). Because the Settlement Agreement plausibly satisfies all factors, this Court should grant the parties' motion for preliminary approval.

## II. The Proposed Settlement is Even-Handed and the Product of a Reliable Mediated Negotiation Process

The Court should provisionally approve the proposed settlement because the terms were struck following appropriate, arm's length negotiations before a qualified mediator and because the even-handed terms of the settlement do not advantage any subset of class members over another. As stated above, courts should offer provisional approval to settlements achieved in non-collusive

mediation, with terms that do not benefit one subset of class members at the expense of others. *In re Tableware Antitrust Litigation*, 484 F.Supp.2d at 1079. In the present case, the Court can readily determine that the respective parties' counsel have been vigorous advocates of their own clients' causes for years. Mere days before the proposed settlement was offered to the Court, the parties had prepared hundreds of trial exhibits, dozens of fact witnesses, numerous experts and rebuttal experts, engaged in extensive motion practice, and were otherwise plainly prepared to litigate a trial on this matter. No part of the proceedings in this case indicates any hint of collusive behavior between plaintiffs and defendants.

The mediation proceedings in this case proceeded before two able and experienced federal magistrate judges, Judge Acosta and Judge Beckerman, over the course of years. On multiple occasions, attempted settlement conferences adjourned at impasses. While the parties cannot divulge the substance of the mediation process, the Court can readily assume that neither Judge Acosta nor Judge Beckerman would tolerate or embrace a collusive effort in mediation.

The nature of the equitable and non-monetary relief in this case indicates that the relief is fair to all class members. The broad relief authorized by the settlement directs its benefits at the class as a whole and does not particularly advantage any unique subgroup of foster children. Nor does it plausibly advantage the named plaintiffs at the expense of other foster children and young adults, as almost all named plaintiffs are no longer in the foster care system. Bernard will leave the foster care system in a short time, at the time of Bernard's 21st birthday. Finding any special benefit to the named plaintiffs would be virtually impossible. No plausible theory of special benefit to any particular subgroup of foster children at the expense of others in the class could be advanced.

Last, settlements sometimes fail a fairness assessment where the attorneys for the class have assented to less-than-robust relief in exchange for an exceptional attorneys' fee award. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). As the Court can see,

attorneys' fees for class counsel will be resolved in a separate mediation process or, if necessary, by motion practice. Since class counsel have not negotiated for any particular fee award, the settlement can hardly be unjust on that ground.

## CONCLUSION

Considering all these factors, the Court can appropriately make the initial determination that the proposed settlement meets the loose standards for provisional approval. The class and subclasses remain qualified under the provisions of Rule 23. The proposed settlement meets the basic standards for assessment of fairness, as outlined by the Ninth Circuit. Further, the settlement is both non-collusive and even-handed in its treatment of absent class members. Under the federal rules, the proposed settlement is reasonable, fair, and appropriate. The proposed settlement should be provisionally approved, for the purpose of allowing notice to the class, scheduling a fairness hearing, and preparing the matter for final approval.

Dated: May 23, 2024

**DAVIS WRIGHT TREMAINE LLP**

By: *s/ P. Andrew McStay Jr.*
P. Andrew McStay Jr., OSB 033997
andymcstay@dwt.com
William D. Miner, OSB 043636
billminer@dwt.com
1300 SW Fifth Avenue, Ste, 2400
Portland, OR 97201
Tel: (503) 241-2300

**A BETTER CHILDHOOD**
Marcia Robinson Lowry (*pro hac vice*)
mlowry@abetterchildhood.org
Anastasia Benedetto (*pro hac vice*)
abenedetto@abetterchildhood.org
Lindsay Gus (*pro hac vice*)
lgus@abetterchildhood.org
355 Lexington Avenue, Floor 16
New York, NY 10017
Tel: (646) 795-4456

**DISABILITY RIGHTS OREGON**
Emily Cooper, OSB 182254
ecooper@droregon.org
Thomas Stenson, OSB 152894
tstenson@droregon.org
511 SW 10th Avenue, Suite 200
Portland, OR 97205
Tel: (503) 243-2081

**RIZZO BOSWORTH ERAUT, PC**
Steven Rizzo, OSB 840853
srizzo@rizzopc.com
Mary D. Skjelset, OSB 075840
mskjelset@rizzopc.com
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819

*Attorneys for Plaintiffs*

2148866.7