IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WYATT B. et al. | Civ. No. 6:19-cv-00556-AA |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| TINA KOTEK et al., | |
| Defendants. | |

AIKEN, District Judge.

This class action comes before the Court on the Joint Motion for Preliminary Approval of Proposed Settlement. ECF No. 483. For the reasons set forth below, the motion is GRANTED.

## LEGAL STANDARD

Unlike the settlement of most private actions, a class action settlement requires approval by the court. Fed. R. Civ. P. 23(e). "The primary concern of this subsection is the protection of those class members, including the named plaintiffs, whose rights may not have been given due regard by the negotiating parties." *Officers for Justice v. Civil Serv. Comm'n of the City and Cnty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982). "Additionally, there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). Before approving a

settlement, the court must hold a hearing and find the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

In general, this process entails preliminary approval followed by a final fairness hearing. "At the preliminary approval stage, a court determines whether a proposed settlement is within the range of possible approval and whether or not notice should be sent to class members." *True v. Am. Honda Motor Co.*, 749 F. Supp.2d 1052, 1063 (C.D. Cal. 2010) (internal quotation marks and citation omitted). "At the final approval stage, the Court takes a closer look at the proposed settlement, taking into consideration objections and any further developments in order to make a final fairness determination." *Id.* Courts also consider whether the proposed settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies," and "does not improperly grant preferential treatment to class representatives or segments of the class." *In re Tableware Antitrust Litig.*, 484 F. Supp.2d 1078, 1079 (N.D. Cal. 2007).

This determination requires balancing the following factors: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status through trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998).

These factors are "by no means an exhaustive list of relevant considerations." *Officers for Justice*, 688 F.2d at 625. In addition, not all factors will apply to every class action settlement and certain factors may predominate depending on the nature of the case. *Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1376 (9th Cir. 1993). "The degree of importance attached to each factor is determined by the nature of the claim, the type of relief sought and the facts and circumstances of each case." *Davis v. City and Cnty. of San Francisco*, 890 F.2d 1438, 1444-45 (9th Cir. 1989). Courts are also to be on guard against fraud, overreach, or collusion between the negotiating parties, as well as the pursuit of self-interest at the expense of the class. *Staton v. Boeing*, 327 F.3d 938, 960 (9th Cir. 2003).

## DISCUSSION

In August 2022, the Court certified the general class and subclasses in this action under Rule 23(b)(2). ECF No. 275. On May 23, 2024, the parties submitted their proposed settlement agreement to the Court, moving for preliminary approval the following day, May 24, 2024. ECF Nos. 481, 482, 483. The terms of that proposed agreement are incorporated by reference. The Court turns to consideration of the relevant factors.[1]

### I. Strength of the Plaintiffs' Case and the Risk of Maintaining Class Action Status Through Trial

---

[1] The final factor, the reaction of the class, will be assessed in the final fairness analysis.

The Court is familiar with the strength of Plaintiffs' case after its review of the trial materials submitted by the parties and concludes that the proposed settlement agreement satisfies this factor.

## II. Risk, Expense, Complexity, and Likely Duration of Further Litigation and the Risk of Trial and Appeal

This case was set to proceed to a four-week bench trial at great expense to all parties. That might plausibly have been followed by a lengthy, complicated, and expensive appeal. There is a substantial possibility, had Plaintiffs prevailed at trial, that any injunctive relief they achieved would have been stayed during the pendency of the appeal, delaying relief. The Court therefore concludes that the second and third factors weigh in favor of the proposed settlement agreement.

## III. Amount Offered in Settlement

Plaintiffs sought injunctive, rather than monetary, relief in this action and the proposed settlement agreement sets forth comprehensive structural relief with the requirement that Defendants hire a subject matter expert Neutral to oversee progress toward outcomes, with a mechanism for judicial enforcement of the obligations under the settlement agreement. The Court concludes that this factor weighs in favor of the settlement agreement.

## IV. Extent of Discovery and Procedural Posture

"A settlement that occurs in an advanced stage of the proceedings indicates the parties carefully investigated the claims before reaching a resolution." *Ontiveros v. Zamora*, 303 F.R.D. 356, 371 (E.D. Cal. 2014). Here, the parties have engaged in a

lengthy course of discovery, with hundreds of thousands of pages of material exchanged and dozens of depositions taken. Procedurally, the parties reached a settlement on the eve of trial. The Court concludes that this factor weighs in favor of the proposed settlement agreement.

## V.     Experience and Views of Counsel

"The recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *In re Omnivision*, 559 F. Supp.2d 1036, 1043 (N.D. Cal. 2008). Here, counsel for Plaintiffs are experienced with both litigation and with the laws concerning child welfare. Plaintiffs' counsel have endorsed the settlement agreement. The Court concludes that this factor weighs in favor of the proposed settlement agreement.

## VI.    Presence of a Government Participant

Defendants in this case are an Oregon state agency and state government officials. The Oregon Department of Justice also participated in the case and was involved in the settlement process. The Court concludes that this factor weighs in favor of the proposed settlement agreement.

## VII.   Additional Considerations

The Court has also considered the fact that the proposed settlement agreement was reached through mediation overseen by Judge Stacie Beckerman. The involvement of a federal judge in the negotiations provides assurance that this settlement was the result of arms-length negotiation, rather than the product of collusion or the pursuit of self-interest at the expense of the class.

Page 5 – OPINION & ORDER

In addition, the Court notes that the issue of attorney fees is to be determined by further negotiation or, should negotiation prove unsuccessful, through motions practice. This dispels any concern that the settlement was accepted in order to secure a favorable award of Plaintiffs' attorney fees.

The Court also notes that the relief contemplated by the settlement agreement does not privilege any one group of foster children at the expense of the wider class or subclasses. "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011). Here, many of the named Plaintiffs have also aged-out of foster care or will do so in the near future and there is no indication that the settlement will benefit the named Plaintiffs at the expense of the class or subclasses. These considerations also weigh in favor of the proposed settlement agreement.

In sum, the Court concludes that the proposed settlement is reasonable, fair, and appropriate and so the Court will grant the motion for preliminary approval of the proposed settlement agreement.

### VIII. Notice

While notice to members of a Rule 23(b)(3) class is mandatory, Rule 23(c)(2) provides that "[f]or any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2). "As a result, courts typically require less notice in Rule 23(b)(2) actions, as their outcomes do not truly

bind class members and there is no option for class members to opt out." *Moreno v. San Francisco Bay Area Rapid Transit Dist.*, Case No. 17-cv-02911-JSC, 2019 WL 343472, at *3 (N.D. Cal. Jan. 28, 2019) (internal quotation marks and citation omitted, alteration normalized); *see also Dukes*, 564 U.S. at 362 ("The Rule provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action."); *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (in a Rule 23(b)(2) class action "there is no requirement for individualized notice beyond that required by due process, and class members are not allowed to opt out."). Here, the parties intend to provide notice to the class on June 7, 2024, ECF No. 473, by appropriate means regarding the nature of the settlement so that any objecting members of the class may be heard at the final fairness hearing. The Court approves that proposal and the parties are directed to submit a proposed form of notice by June 5, 2024.

## CONCLUSION

For the reasons set forth above, the Joint Motion for Preliminary Approval of Proposed Settlement, ECF No. 483, is GRANTED. The parties are to submit a proposed form of notice by June 5, 2024. The final fairness hearing in this matter is set for September 12, 2024. All other dates and deadlines remain as previously set. ECF No. 473.

It is so ORDERED and DATED this 31st day of May 2024.

/s/Ann Aiken
ANN AIKEN
United States District Judge