IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

WYATT B. et al.                                          Civ. No. 6:19-cv-00556-AA

                Plaintiffs,                      **OPINION & ORDER**

      v.

TINA KOTEK et al.,

                Defendants.

_____

AIKEN, District Judge.

      This case comes before the Court for the selection of the Neutral pursuant to the Settlement Agreement, ECF No. 481, between the parties.

      The Neutral plays a central role in the Settlement Agreement. The Neutral is intended to "act as a subject matter expert to assess Oregon's child welfare system[.]" Settlement Agreement § 3.1. The Neutral is to "determine Measurements, Ultimate Outcomes, and Timelines," and "annually determine whether ODHS's Efforts are sufficient to accomplish Measurements, Ultimate Outcomes, and Timelines," with that determination involving "both a qualitative and quantitative assessment, not a

rigid 'yes' or 'no' assessment of compliance." *Id.* at §§ 3.2, 3.5. The Neutral is to "recommend changes, if any, to Efforts, Measurements, Ultimate Outcomes, and Timelines should Measurements and Ultimate Outcomes not be met within the Timelines established"; "determine if and when sufficient Efforts and Ultimate Outcomes have been met and if any Ultimate Outcomes may be removed from reporting requirements"; and "determine if Ultimate Outcomes have been substantially complied with in this Settlement Agreement as to warrant an exit from the terms of the Settlement Agreement." *Id.* at §§ 3.6-3.8.

Given the importance of the Neutral, the Settlement Agreement has established qualifications for the Neutral:

> The Neutral should have prior experience with child welfare systems and the federal government oversight process, for example experience with the CFSR process, and knowledge of current national child welfare best practices and trends. Unless the Parties otherwise agree, the Neutral must not have served as an expert or consultant for any of the Parties or their counsel in connection with the Litigation.

Settlement Agreement § 4.1.

The Settlement Agreement contemplates that the parties will attempt to jointly select a Neutral but, "[i]f the Parties are unable to agree on the selection of the Neutral by May 31, 2024, each party shall submit to the Court a nominee by June 7, 2024, and the Court shall select the Neutral from those nomination with the level of input from the Parties as determined by the Court." Settlement Agreement § 4.2.2. The nominating party "must identify and describe the nominee's qualifications and experience, including listing and describing each instance in which the nominee has

served as an expert, consultant, or monitor in any action involving the Parties or their counsel and listing references from those engagements." *Id.* at § 4.2.3.

The parties have been unable to reach an agreement on the selection of a Neutral and, consistent with Section 4.2.2 of the Settlement Agreement, they have each submitted a single nominee along with statements of their qualifications and experience. The Court has given serious consideration to each of the nominees. Beyond the materials submitted by the parties, the Court has conducted telephone interviews with the nominees and has spoken with all the nominees' references to gain a more complete understanding of their backgrounds and experience.

Both nominees have impressive credentials and valuable relevant experience, and the Court is satisfied that either nominee would ably discharge the responsibilities of the Neutral under the Settlement Agreement. However, the Court is obliged by the Settlement Agreement to select only one of the nominees to serve as Neutral and the Court selects Plaintiffs' nominee, Kevin Ryan, J.D., LL.M.

It is significant to the Court that Mr. Ryan has acted, and continues to act, as a neutral monitor in similar child welfare litigation, including *Dwayne B. v. Whitmer*, 2:06-cv-13548 in the Eastern District of Michigan, presided over by the Hon. Nancy G. Edmunds; *D.G. v. Yarborough*, 4:08-cv-00074 in the Northern District of Oklahoma, presided over by the Hon. Gregory K. Frizzell; and *M.D. v. Abbott*, 2:11-cv-00084 in the Southern District of Texas, presided over by the Hon. Janis Graham Jack. Mr. Ryan also had a central and evolving role in *Charlie and Nadine H. v. Murphy*, Case No. 2:99-cv-03678, in the District of New Jersey, presided over by Hon.

Stanley R. Chesler.  The Court contacted the judges presiding over those cases and all four offered strong recommendations of Mr. Ryan, praising his thoroughness, insight, diligence, problem-solving skills, his sophisticated team and network of resources, and his ability to help parties manage the difficult transition from adversarial litigation to collaborative reform.  The judges praised his ability to analyze complex data sets and express that information in well-written reports.  All four judges also remarked on his ability to remain neutral and cultivate relationships based on trust and mutual respect, which facilitates and expedites the work of reform. These child welfare cases involved situations every bit as complex as the present case and the presiding judges reported considerable progress towards reform, which they attributed in no small part to the efforts of Mr. Ryan.[1]  The Court has had the opportunity to review reports filed by Mr. Ryan in cases where he is the neutral monitor and was favorably impressed with their thoroughness and transparency. Oregon will benefit from the breadth of Mr. Ryan's experience with monitoring child welfare settlements and consent decrees in diverse jurisdictions with challenges that meet or exceed those confronting Oregon DHS.

From the Court's discussions with Mr. Ryan's references, it is clear that he has considerable experience with complex child welfare systems, including the successful reform of the New Jersey child welfare system, and a demonstrated record of

---

[1] The Settlement Agreement in this case involves six major Categories for child welfare improvement with the option for the Neutral to propose up to two additional Categories.  Settlement Agreement § 2.  In discussions with the presiding judges, the Court was informed that *D.G. v. Yarborough* involves approximately thirty categories, while *Dwayne B. v. Whitmer* involves approximately fifty-four categories, and that considerable progress has been made in most of the categories of improvement.  Mr. Ryan's success in similar reform efforts bodes well for the Settlement Agreement in the present case.

successfully navigating sometimes-contentious settlements and consent decrees. The Court also spoke with Mr. Ryan directly and was favorably impressed by his candor, knowledge, and enthusiasm for the role of Neutral in this case.

Consistent with the terms of the Settlement Agreement in this case, the Court selects Kevin Ryan to serve as the Neutral. The parties should commence contract negotiations for Mr. Ryan's appointment as Neutral, to be completed within thirty (30) days of the date of this Order. The Court would also request that Mr. Ryan attend the final fairness hearing in this matter, either in person or remotely.

It is so ORDERED and DATED this ____14th____ day of June 2024.


 /s/Ann Aiken_____
ANN AIKEN
United States District Judge