**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**Anna M. Joyce, OSB #013112**
AnnaJoyce@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Tel: (503) 295-3085
Fax: (503) 323-9105

Special Assistant Attorneys General for Defendants
Additional Counsel of Record Listed on Signature Page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WYATT B. and NOAH F. by their next friend Michelle McAllister; KYLIE R. and ALEC R. by their next friend Kathleen Megill Strek; UNIQUE L. by her next friend Annette Smith; SIMON S. by his next friend Paul Aubry; RUTH T. by her next friend Michelle Bartov; BERNARD C. by his next friend Ksen Murry; NAOMI B. by her next friend Kathleen Megill Strek; and NORMAN N. by his next friend Tracy Gregg, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KATE BROWN, Governor of Oregon in her official capacity; FARIBORZ PAKSERESHT, Director, Oregon Department of Human Services in his official capacity; REBECCA JONES GASTON, Director, Child Welfare in her official capacity; and OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>Defendants. | No. 6:19-cv-00556-AA<br><br>**DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS** |

**Page 1 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

EXHIBIT 3 to Decl. of Stenson
Page 1 of 42

Defendants Governor Brown, Director of the Oregon Department of Human Services ("ODHS") Fariborz Pakseresht, Director of Child Welfare Rebecca Jones Gaston, and the Oregon Department of Human Services (collectively, "Defendants") respond to Plaintiffs' Eighth Request for Production as follows:

## GENERAL OBJECTIONS

The following general objections are incorporated by reference into Defendants' response to each individual request as if set forth fully therein:

1.  <u>Privilege and Privacy</u>.  Defendants object to the requests to the extent that Plaintiffs seek documents protected from disclosure by the attorney-client privilege, work-product doctrine, mediation privilege, deliberative process privilege, informer privilege, or any other applicable privilege, immunity, rule of privacy or confidentiality, protection, or restriction that protects such documents from involuntary disclosure.  Defendants intend to and do assert the privileges above with respect to all such documents, and such documents will not be produced. Any inadvertent production of these documents is not intended to constitute, and shall not constitute, a waiver in whole or in part of any privilege, doctrine, or objection.

2.  <u>Compliance with Rules</u>.  Defendants object to the requests, instructions, and definitions to the extent they purport to impose on Defendants any obligations different from, inconsistent with, or in addition to, those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  Defendants will not respond in any manner beyond what is required pursuant to the Federal Rules of Civil Procedure or the Local Rules of this Court.

3.  <u>Scope of Discovery</u>.  Defendants object to the requests to the extent that Plaintiffs seek information not relevant to any party's claim or defense.  Defendants object to the requests to the extent they are intended solely to cause delay and are wasteful of the parties' time and resources.  Defendants object to the requests to the extent they are unduly burdensome, argumentative, vague, ambiguous, or overly broad.  To the extent Defendants respond to or produce documents requested in any individual request, Defendants do not concede that the documents requested are relevant, material, competent, or admissible.  Nothing contained herein shall be construed as an admission by Defendants relative to the existence or nonexistence of any

**Page 2 -** **DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 2 of 42**

information or documents or the truth or accuracy of any statement or characterization contained in any document request.  Defendants reserve the right to object to further discovery into any subject matter covered by the requests.

4.      Discovery Ongoing.  Defendants' responses to the requests are made to the best of their present knowledge, information, and belief.  The responses are at all times subject to additional or different information that discovery or further investigation may disclose.  Accordingly, Defendants reserve the right to supplement their responses to the requests if additional documents become known to them.  In addition, Defendants have made reasonable efforts to respond to the requests based on their interpretation of each request, but if Plaintiffs subsequently assert an interpretation of any request that is different from Defendants' interpretation, Defendants reserve the right to supplement their objections or responses.  Defendants will complete their production on a rolling basis.

5.      Possession, Custody, or Control.  Defendants object to the requests to the extent that they purport to require the production of documents that are not in Defendants' possession, custody, or control.  Defendants object to the requests to the extent they seek documents already in Plaintiffs' possession, custody, or control.  In responding to the requests, Defendants will produce only documents reasonably known to them or within their possession, custody, or control.

6.      Public Sources.  Defendants object to the requests to the extent they seek documents or information equally available to Plaintiffs through public sources.

7.      Undue Burden.  Defendants object to the requests to the extent they require Defendants to search for and produce information from sources that are not reasonably accessible because of undue burden or expense.  Defendants will not produce information from sources that are not reasonably accessible because of undue burden or cost.

8.      Proportionality.  Defendants object to the requests to the extent that they are not proportional to the needs of the case (considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

**Page 3 -   DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 3 of 42**

expense of the proposed discovery outweighs its likely benefit). Defendants further object to the requests to the extent that the discovery sought is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

9. <u>Premature Expert Opinions</u>. Defendants object to the requests to the extent they prematurely require expert opinions before experts have been retained and are subject to disclosure.

10. <u>Plaintiffs' Definition Number 9 and Related Phrases</u>. Defendants object to Plaintiffs' definition of "Plaintiff Children" in instruction paragraph 9, as well as Plaintiffs' use of the related phrase "foster youth." These terms and phrases are vague and imprecise. Defendants interpret "Plaintiff Children" and "foster youth" to mean "all children and young adults who are under the custody and supervision of ODHS and living in substitute care."

11. <u>Plaintiffs' Definition Number 12</u>. Defendants object to Plaintiffs' definition of "Transition and Aging Out Youth," in instruction paragraph 12. Plaintiffs define "Transition and Aging Out Youth," as "children who are or will be 14 years old or older, who are eligible for transition services." That definition is vague and imprecise. Defendants interpret the phrase "Transition and Aging Out Youth" to mean "children or young adults who are 14 years of age or older who are under the custody and supervision of ODHS and living in substitute care."

12. <u>Plaintiffs' Definitions and Instruction Number 14</u>. Defendants object to Plaintiffs' definition and instruction in paragraph 14 to the extent that it attempts to define or expand the legal definition of "possession, custody, or control" inconsistent with the law of this jurisdiction.

Each of the foregoing general objections is incorporated into each and every response as though fully set forth therein and in addition to any specific objections stated. Each of Defendants' responses are made without waiver or prejudice to these general objections.

**Page 4 -** **DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 4 of 42**

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** All documents sufficient to show budget requests to the state legislature for increased placement capacity for the placement of foster children and support of those placements for 2020 and 2021.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants further object that the request is vague and ambiguous, as the phrase "support of those placements" is undefined and subject to various interpretations.

To the extent Plaintiffs seek documents from Oregon state agencies outside of ODHS, Defendants object on the grounds that collection, review, and production of documents from all state agencies would result in undue burden or cost and is not proportional to the needs of the case.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants are reviewing documents within their possession, custody, or control to identify potentially responsive documents; after review of those documents, Defendants will produce any non-privileged, responsive documents on a rolling basis.

**SUPPLEMENTAL RESPONSE:** Defendants further object that, in light of the Court's ruling on Defendants' motion to dismiss (Opinion and Order, Dkt. 215), the request calls for production of documents or communications that are no longer relevant to any party's claim or defense and the request is not proportional to the needs of the case. In the Court's order, the Court explained that the "right to substantive due process does not . . . extend to placement in an optimal or least-restrictive setting, or to the availability of an array of placement options."

**Page 5 -   DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 5 of 42**

(Opinion and Order at 20, Dkt. 215.)  No documents are being withheld on the basis of this objection because Defendants already produced responsive documents.

**REQUEST FOR PRODUCTION NO. 2:**  All documents sufficient to show plans and the implementation of increased placement capacity and support of those placements without additional funding for 2020 and 2021.

**RESPONSE:**  Defendants incorporate their general objections into the response to this request.  Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants.

To the extent Plaintiffs seek documents from Oregon state agencies outside of ODHS, Defendants object on the grounds that collection, review, and production of documents from all state agencies would result in undue burden or cost and is not proportional to the needs of the case.

Defendants object that the request, on the whole, is vague and ambiguous, as the phrase "plans and the implementation of increased placement capacity and support of those placements" is unintelligible in the context of this request.  Additionally, the key terms within that phrase ("plans," "implementation," "placement capacity," and "those placements") are undefined and subject to various interpretations.

Defendants object that the request is impossible to respond to, as worded; Defendants request conferral with Plaintiffs regarding the meaning of this request.

**SUPPLEMENTAL RESPONSE:**  Defendants further object that, in light of the Court's ruling on Defendants' motion to dismiss (Opinion and Order, Dkt. 215), the request calls for production of documents or communications that are no longer relevant to any party's claim or defense and the request is not proportional to the needs of the case.  In the Court's order, the Court explained that the "right to substantive due process does not . . . extend to placement in an

**EXHIBIT 3 to Decl. of Stenson**
**Page 6 of 42**

optimal or least-restrictive setting, or to the availability of an array of placement options."
(Opinion and Order at 20, Dkt. 215.)  Defendants will therefore not search for or produce
documents in response to this request.

At the parties' December 20, 2021, conferral, Defendants requested clarification of this
request.  At that conferral, Plaintiffs agreed to explain more specifically what documents they
were requesting.  Because Plaintiffs have not yet done so, Defendants cannot respond to the
request as worded.

**REQUEST FOR PRODUCTION NO. 3:**  All documents sufficient to show where the
foster youth who were returned from out-of-state placements to Oregon in 2019 and 2020 and
what therapeutic services and supports were provided for them for each youth who was returned.

**RESPONSE:**  Defendants incorporate their general objections into the response to this
request.  Defendants object to this request to the extent it calls for production of documents or
communications protected by the attorney-client privilege, work-product doctrine, or any other
applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll
documents sufficient to show" is undefined, subject to various interpretations, and improperly
calls for a legal conclusion from Defendants.  Defendants object that the request is vague and
ambiguous, as the term "where" does not appear to modify or relate to any other aspect of the
sentence.  Defendants further object that the request is vague and ambiguous, as the phrase
"therapeutic services and supports" is undefined, subject to various interpretations, and
ambiguous as to timeframe.

To the extent Plaintiffs seek information from the narratives in case notes for all children
returned from out-of-state placements in 2019 and 2020, Defendants object that the request is
overly broad and unduly burdensome and not proportional to the needs of the case.  To the extent
Plaintiffs seek portions of the ODHS Child Welfare case files ("case files") for non-named
Plaintiffs, Defendants further object that the request is overly broad and unduly burdensome and
not proportional to the needs of the case.

**Page 7 -   DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 7 of 42**

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under Federal Rule of Civil Procedure 34(a), a party is not required to prepare or create a document in response to a request for production. *Butler v. Portland Gen. Elec. Co.*, No. CIV. 88-455-FR, 1990 WL 15680, at *2 (D. Or. Feb. 9, 1990) ("Under Fed.R.Civ.P. 34(a), a party is required to produce only documents which are in its 'possession, custody or control.' A document is not in the possession, custody or control of a party if it does not exist, and production cannot be required of a document which is not yet in existence. . . . [T]he law does not require a party to prepare or create a document in response to a" request for production) (internal citation omitted).

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants are reviewing documents within their possession, custody, or control to identify potentially responsive documents; after review of those documents, Defendants will produce any non-privileged, responsive documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 4:** All documents sufficient to show the number of foster youth who were placed in out-of-state institutional placements in 2020 and 2021, the facility in which the foster youth was placed, and the grounds for each placement.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants further object that the request is vague and ambiguous, as the phrase "grounds for each placement" is undefined and subject to various interpretations.

**Page 8 -   DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 8 of 42**

To the extent Plaintiffs seek information from the narratives in case notes for all children placed out-of-state in 2020 and 2021, Defendants object that the request is overly broad and unduly burdensome and not proportional to the needs of the case. To the extent Plaintiffs seek portions of the case files for non-named Plaintiffs, Defendants further object that the request is overly broad and unduly burdensome and not proportional to the needs of the case.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under Federal Rule of Civil Procedure 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants are reviewing documents within their possession, custody, or control to identify potentially responsive documents; after review of those documents, Defendants will produce any non-privileged, responsive documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 5:** All documents sufficient to show the number of placements, as of the date of service of this Request, experienced by each Plaintiff Child who:

(1) entered the legal and physical custody of the Director of DHS between January 1, 2020 and December 31, 2020, and

(2) entered the legal and physical custody of the Director of DHS between January 1, 2021 and the date of service of this Request.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

**Page 9 -** **DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 9 of 42**

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under Federal Rule of Civil Procedure 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 6:** All documents sufficient to show the number of foster homes for which an override was sought and approved to allow for children to be placed over capacity of a provider's home license or certificate for every six months, the grounds of the override, and the length of time the override was in place, from January 1, 2018 to present.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants further object that the request is vague and ambiguous, as the phrase "for every six months" is confusing within the context of the request.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

**Page 10 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 10 of 42**

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:** All documents sufficient to show the final reports and recommendations developed by ORRAI in conjunction with the consulting firm Axion and/or consultant Dyann Daley concerning matching and placements of children in the legal and physical custody of the Director of DHS to foster care homes, including development of final workplans and implementation of policies, procedures and practices by DHS as described by Dr. Paul Bellatty during his February 25, 2021 deposition.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants further object that the request is vague and ambiguous because the term "final" is undefined and subject to various interpretations. Defendants further object that the request is vague and ambiguous because it is compound and generally refers to deposition testimony without the requisite specificity or transcript page identifications.

To the extent Plaintiffs seek documents from third parties, including Axion and Ms. Daley, those documents are outside the possession, custody, or control of Defendants; Defendants will only search for and produce documents in the possession, custody, or control of ODHS.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants are reviewing documents within their possession, custody, or control to identify potentially

**Page 11 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 11 of 42**

responsive documents; after review of those documents, Defendants will produce any non-privileged, responsive documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 8:** All documents and communications regarding any overdue assessments with respect to reports of abuse or neglect, including (1) the total number of overdue reports; (2) the number of overdue reports per District, for every month, from January 1, 2018 to present; and (3) the purging of overdue reports using the predictive analytics tool or other measure.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "overdue assessments" is undefined and subject to various interpretations. Defendants understand the term to relate to the timelines laid out in OAR 413-015-0475 and OAR 413-015-0480.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:** All documents sufficient to show the number of foster homes available for the placement of SGM children in the legal and physical custody of the Director of DHS, between June 1, 2019 and the date of service of this Request.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

**Page 12 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**
**Page 12 of 42**

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants further object that the request is vague and ambiguous, as the phrase "available for the placement of SGM children" is undefined and subject to various interpretations.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:** All documents sufficient to show increases or decreases of general foster boarding homes by month from January 1, 2019 to present, including homes specifically identified for children and youth who identify as SGM, are transition age, or have a disability.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants object that the request is vague and ambiguous, as the phrases "general foster boarding homes," "homes specifically identified for," and "transition age" are undefined and subject to various interpretations. Defendants further object that the request is vague and ambiguous, as the term "disability" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants.

**Page 13 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 13 of 42**

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 11:** All documents sufficient to show: (1) the number of Case Plans completed within 60 days between November 1, 2020 and the date of service of this Request, and (2) the number of Case Plans due but not completed within 60 days between November 1, 2020 and the date of service of this Request.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants object that the request is vague and ambiguous, as the term "Case Plans" is undefined and subject to various interpretations.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 12:** All documents sufficient to show the number of required in-person caseworker contacts and visits to Plaintiff Children, between November 1, 2020 and August 1, 2021, by month, either conducted, conducted outside the

**Page 14 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 14 of 42**

required time-frame, missed, or otherwise not conducted in-person within the required time-frame.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants object that the request is vague and ambiguous, as the term "caseworker" is undefined and subject to various interpretations. Defendants understand the term "caseworker" to mean permanency caseworkers who primarily work with children, families, resource (foster) families, and caregivers to ensure children are safe in their homes, and the term does not include child protective service caseworkers who primarily investigate reports of safety concerns for children in Oregon. Defendants object that the request is vague and ambiguous, as the phrase "either conducted, conducted outside the required time-frame, missed, or otherwise not conducted in-person within the required time-frame" is contradictory or unintelligible. Defendants further object that the request is vague and ambiguous, as the phrase "required time-frame" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 13:** All documents sufficient to show the number of required in-person caseworker contacts and visits to Plaintiff Children in their placement, excluding virtual visits, between November 1, 2020 and August 1, 2021, by month,

**Page 15 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 15 of 42**

either conducted, conducted outside the required time-frame, missed, or otherwise not conducted in-person in the placement within the required time-frame.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants object that the request is vague and ambiguous, as the term "caseworker" is undefined and subject to various interpretations. Defendants understand the term "caseworker" to mean permanency caseworkers who primarily work with children, families, resource (foster) families, and caregivers to ensure children are safe in their homes, and the term does not include child protective service caseworkers who primarily investigate reports of safety concerns for children in Oregon. Defendants object that the request is vague and ambiguous, as the phrase "either conducted, conducted outside the required time-frame, missed, or otherwise not conducted in-person within the required time-frame" is contradictory or unintelligible. Defendants further object that the request is vague and ambiguous, as the phrase "required time-frame" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants.

To the extent Plaintiffs seek information from the narratives in case notes for all children, Defendants object that the request is overly broad and unduly burdensome and not proportional to the needs of the case.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**Page 16 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**
**Page 16 of 42**

**REQUEST FOR PRODUCTION NO. 14:** All documents sufficient to show as of August 1, 2021, the number of children who have (1) been in care for at least 24 months, (2) had a TPR filed, and (3) if a TPR has not been filed, the number of TPRs that were not initiated based upon compelling reasons pursuant to ORS 419B.498(2), including the number for each category: (a) child is being permanently cared for by a relative; (b) There is a compelling reason that TPR not in child's best interest (c) the parent is successfully participating in services that will make it possible for the child to safely return home within a reasonable time; (d) another permanent plan is better suited to meet the child's health and safety needs, including preserving attachments; and (e) there was a prior no reasonable efforts finding.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants object that the request is vague and ambiguous, as the phrase "in care" is undefined and subject to various interpretations. Defendants interpret the term consistent with the phrase "terminate parental rights" as used in ORS 419B.498. Defendants further object that the request is vague and ambiguous, as the term "TPR" is undefined. Defendants interpret the term consistent with the phrase "terminate parental rights" as used in ORS 419B.498.

Defendants object that sub-section (3) improperly calls for a legal conclusion from Defendants, as it requires Defendants to interpret and apply ORS 419B.498(2).

To the extent Plaintiffs seek information from narratives in case notes or seek portions of the case files for non-named Plaintiffs, Defendants object that the request is overly broad and unduly burdensome and not proportional to the needs of the case.

**Page 17 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 17 of 42**

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**SUPPLEMENTAL RESPONSE:** Defendants further object that, in light of the Court's ruling on Defendants' motion to dismiss (Opinion and Order, Dkt. 215), the request calls for production of documents or communications that are no longer relevant to any party's claim or defense and the request is not proportional to the needs of the case. The Court stated that "[p]laintiffs' substantive due process claim must therefore be dismissed insofar as it asserts a claim based on a right to 'duration of foster care reasonably related to the purpose of government custody,' Compl. ¶ 306(d), or 'the right not to be maintained in custody longer than is necessary to accomplish the purpose to be served by taking a child into government custody.' [Compl.] ¶ 306(f)." (Opinion and Order at 20, Dkt. 215.) Plaintiffs' allegations regarding the duration of time spent in foster care have been dismissed, and Defendants will therefore not search for or produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 15:** All documents sufficient to show the individual caseloads of caseworkers employed by Child Welfare, including any worker who exercises direct or oversight responsibility for at least one child in the legal and physical custody of the Director of the Department of Human Services, as of January 1, 2020, July 1, 2020, January 1, 2021 and July 1, 2021.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly

**Page 18 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 18 of 42**

calls for a legal conclusion from Defendants.  Defendants further object that the request is vague and ambiguous, as the term "caseworker" is undefined and subject to various interpretations. Defendants understand the term "caseworker" to mean permanency caseworkers who primarily work with children, families, resource (foster) families, and caregivers to ensure children are safe in their homes, and the term does not include child protective service caseworkers who primarily investigate reports of safety concerns for children in Oregon.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production.  *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**  All documents sufficient to show the number of caseworkers employed by Child Welfare, including any worker who exercises direct or oversight responsibility for at least one child in the legal and physical custody of the Director of the Department of Human Services, as of January 1, 2020, July 1, 2020, January 1, 2021 and July 1, 2021, who have more than 15 cases on their caseload.

**RESPONSE:**  Defendants incorporate their general objections into the response to this request.  Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants.  Defendants further object that the request is vague and ambiguous, as the term "caseworker" is undefined and subject to various interpretations. Defendants understand the term "caseworker" to mean permanency caseworkers who primarily work with children, families, resource (foster) families, and caregivers to ensure children are safe

**Page 19 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 19 of 42**

in their homes, and the term does not include child protective service caseworkers who primarily investigate reports of safety concerns for children in Oregon.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:** All documents sufficient to show the number of caseworkers employed by Child Welfare, including any worker who exercises direct or oversight responsibility for at least one child in the legal and physical custody of the Director of the Department of Human Services, as of January 1, 2020, July 1, 2020, January 1, 2021 and July 1, 2021, who have more than 20 cases on their caseload.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants further object that the request is vague and ambiguous, as the term "caseworker" is undefined and subject to various interpretations. Defendants understand the term "caseworker" to mean permanency caseworkers who primarily work with children, families, resource (foster) families, and caregivers to ensure children are safe in their homes, and the term does not include child protective service caseworkers who primarily investigate reports of safety concerns for children in Oregon.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

**Page 20 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**
**Page 20 of 42**

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 18:** All documents sufficient to show the number of caseworkers employed by Child Welfare, including any worker who exercises direct or oversight responsibility for at least one child in the legal and physical custody of the Director of the Department of Human Services, as of January 1, 2020, July 1, 2020, January 1, 2021 and July 1, 2021, who have more than 25 cases on their caseload.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants further object that the request is vague and ambiguous, as the term "caseworker" is undefined and subject to various interpretations. Defendants understand the term "caseworker" to mean permanency caseworkers who primarily work with children, families, resource (foster) families, and caregivers to ensure children are safe in their homes, and the term does not include child protective service caseworkers who primarily investigate reports of safety concerns for children in Oregon.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:** All documents sufficient to show the number of caseworkers employed by Child Welfare, including any worker who exercises direct

**Page 21 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 21 of 42**

or oversight responsibility for at least one child in the legal and physical custody of the Director of the Department of Human Services, as of January 1, 2020, July 1, 2020, January 1, 2021 and July 1, 2021, who have more than 30 cases on their caseload.

**RESPONSE:**  Defendants incorporate their general objections into the response to this request.  Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants.  Defendants further object that the request is vague and ambiguous, as the term "caseworker" is undefined and subject to various interpretations.  Defendants understand the term "caseworker" to mean permanency caseworkers who primarily work with children, families, resource (foster) families, and caregivers to ensure children are safe in their homes, and the term does not include child protective service caseworkers who primarily investigate reports of safety concerns for children in Oregon.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production.  *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 20:**  All documents sufficient to show the number of caseworkers employed by Child Welfare, including any worker who exercises direct or oversight responsibility for at least one child in the legal and physical custody of the Director of the Department of Human Services, as of January 1, 2020, July 1, 2020, January 1, 2021 and July 1, 2021, who have more than 35 cases on their caseload.

**RESPONSE:**  Defendants incorporate their general objections into the response to this request.  Defendants object to this request to the extent it calls for production of documents or

**Page 22 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**
**Page 22 of 42**

communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants further object that the request is vague and ambiguous, as the term "caseworker" is undefined and subject to various interpretations. Defendants understand the term "caseworker" to mean permanency caseworkers who primarily work with children, families, resource (foster) families, and caregivers to ensure children are safe in their homes, and the term does not include child protective service caseworkers who primarily investigate reports of safety concerns for children in Oregon.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 21:** All documents sufficient to show the number of caseworkers employed by Child Welfare, including any worker who exercises direct or oversight responsibility for at least one child in the legal and physical custody of the Director of the Department of Human Services, as of January 1, 2020, July 1, 2020, January 1, 2021 and July 1, 2021, who have more than 40 cases on their caseload.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants further object that the request is vague

**Page 23 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 23 of 42**

and ambiguous, as the term "caseworker" is undefined and subject to various interpretations. Defendants understand the term "caseworker" to mean permanency caseworkers who primarily work with children, families, resource (foster) families, and caregivers to ensure children are safe in their homes, and the term does not include child protective service caseworkers who primarily investigate reports of safety concerns for children in Oregon.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:** All documents sufficient to show the number of caseworkers employed by Child Welfare, including any worker who exercises direct or oversight responsibility for at least one child in the legal and physical custody of the Director of the Department of Human Services, as of January 1, 2020, July 1, 2020, January 1, 2021 and July 1, 2021, who have more than 45 cases on their caseload.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants further object that the request is vague and ambiguous, as the term "caseworker" is undefined and subject to various interpretations. Defendants understand the term "caseworker" to mean permanency caseworkers who primarily work with children, families, resource (foster) families, and caregivers to ensure children are safe

**Page 24 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 24 of 42**

in their homes, and the term does not include child protective service caseworkers who primarily investigate reports of safety concerns for children in Oregon.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 23:** All documents sufficient to show the number of caseworkers employed by Child Welfare, including any worker who exercises direct or oversight responsibility for at least one child in the legal and physical custody of the Director of the Department of Human Services, as of January 1, 2020, July 1, 2020, January 1, 2021 and July 1, 2021, who have more than 50 cases on their caseload.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants further object that the request is vague and ambiguous, as the term "caseworker" is undefined and subject to various interpretations. Defendants understand the term "caseworker" to mean permanency caseworkers who primarily work with children, families, resource (foster) families, and caregivers to ensure children are safe in their homes, and the term does not include child protective service caseworkers who primarily investigate reports of safety concerns for children in Oregon.

**Page 25 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 25 of 42**

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 24:** All documents sufficient to show the number of children for whom the worker was the Primary caseworker and carried an active case of a DHS child for whom the worker had primary responsibility on January 1, 2020, on July 1, 2020, on January 1, 2021, and on July 1, 2021, and the case type.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants further object that the request is vague and ambiguous, as the terms "worker" and "caseworker" are undefined and subject to various interpretations. Defendants understand both terms here to mean permanency caseworkers who primarily work with children, families, resource (foster) families, and caregivers to ensure children are safe in their homes, and the terms do not include child protective service caseworkers who primarily investigate reports of safety concerns for children in Oregon.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

**Page 26 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 26 of 42**

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 25:** All documents sufficient to show the number of children for whom the worker was the Secondary caseworker and carried an active case of a DHS child for whom the worker had primary responsibility on January 1, 2020, on July 1, 2020, on January 1, 2021, and on July 1, 2021, and the case type.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants further object that the request is vague and ambiguous, as the terms "worker" and "caseworker" are undefined and subject to various interpretations. Defendants understand both terms here to mean permanency caseworkers who primarily work with children, families, resource (foster) families, and caregivers to ensure children are safe in their homes, and the terms do not include child protective service caseworkers who primarily investigate reports of safety concerns for children in Oregon.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 26:** All documents sufficient to show ORRAI's final research correlating outcomes with caseloads, recommendations, and suggested workload

**Page 27 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 27 of 42**

model, and plan for implementation as described by Dr. Paul Bellatty during his February 25, 2021 deposition.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants also further object that the request is vague and ambiguous, as several terms and phrases are undefined and subject to various interpretations: "final," "research correlating outcomes with caseloads," "recommendations," "workload model," and "plan for implementation." Additionally, the reference to Dr. Bellatty's deposition testimony is insufficiently specific to conclude what these terms mean.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants are reviewing documents within their possession, custody, or control to identify potentially responsive documents; after review of those documents, Defendants will produce any non-privileged, responsive documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 27:** All documents sufficient to show what training SSS1 caseworkers are required to complete before they are assigned cases as of the date of the service of this request.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants further object that the request is vague

**Page 28 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 28 of 42**

and ambiguous, as the term "SSS1 caseworkers" is undefined and subject to various interpretations. Defendants understand the term to mean permanency caseworkers who primarily work with children, families, resource (foster) families, and caregivers to ensure children are safe in their homes, and the term does not include child protective service caseworkers who primarily investigate reports of safety concerns for children in Oregon.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants are reviewing documents within their possession, custody, or control to identify potentially responsive documents; after review of those documents, Defendants will produce any non-privileged, responsive documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 28:** All documents sufficient to show the number of caseworkers hired by DHS between June 1, 2020 and the date of service of this Request who, pursuant to HB 2033, possess an associate degree but do not possess a bachelor's degree.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants further object that the request is vague and ambiguous because the term "hired" is undefined and subject to various interpretations. Defendants object that the request is vague and ambiguous, as the term "caseworkers" is undefined and subject to various interpretations. For purposes of this request, Defendants

**Page 29 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**
**Page 29 of 42**

interpret the term "caseworkers" to mean ODHS Child Welfare employees in the SSS1 and SSE position classifications.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**SUPPLEMENTAL RESPONSE:** After a reasonable search, Defendants are unable to locate an existing document containing complete data regarding educational levels for every caseworker hired by ODHS between June 1, 2020, and the date of service of this request. Defendants have produced a document, Wyatt_DHS_2716117, containing the information currently available.

**REQUEST FOR PRODUCTION NO. 29:** All documents sufficient to show the final training needs assessment, conclusions, and recommendations, by the Child Welfare Training & Workforce Development leadership.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants object that the request is vague and ambiguous because the term "final" is undefined and subject to various interpretations. Defendants further object that the request is vague and ambiguous because the group addressed as "Child Welfare Training & Workforce Development leadership" is undefined and subject to various interpretations.

**Page 30 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 30 of 42**

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants are reviewing documents within their possession, custody, or control to identify potentially responsive documents; after review of those documents, Defendants will produce any non-privileged, responsive documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 30:** All documents sufficient to show the number of children who received a medical assessment within 30 days of entering care, a dental assessment within 30 days of entering care, and a mental health assessment within 60 days of entering care, as of the date of service of this request, and the number of children who received evaluations conducted outside the required DHS time frames who:

(1)     entered the legal and physical custody of the Director of DHS between January 1, 2020 and December 31, 2020, and

(2)     entered the legal and physical custody of the Director of DHS between January 1, 2021 and the date of service of this Request.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants further object that the request is vague and ambiguous because the terms "medical assessment," "dental assessment," "mental health assessment," and "evaluations" are undefined and subject to various interpretations.

To the extent Plaintiffs seek information from narratives in case notes or seek portions of the case files for non-named Plaintiffs, Defendants object that the request is overly broad and

**Page 31 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 31 of 42**

unduly burdensome and not proportional to the needs of the case.  To the extent Plaintiffs seek information in the possession, custody, or control of other state agencies, including the Oregon Health Authority, or third-party health care providers, Defendants object those documents are outside of Defendants' possession, custody, or control and that the request is overly broad and not proportional to the needs of the case.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRPC 34(a), a party is not required to prepare or create a document in response to a request for production.  *See Butler*, 1990 WL 15680, at *2. Defendants object that the request seeks information that would be especially difficult and burdensome to compile or prepare based on the parameters and timeframes of the request and the possession, custody, and control of necessary responsive information by non-parties.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants are reviewing documents within their possession, custody, or control to identify potentially responsive documents; after review of those documents, Defendants will produce any non-privileged, responsive documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 31:**  All documents sufficient to demonstrate DHS practice in monitoring the length of time that it takes for recommended services or treatment to be put into place following a child's medical, dental and mental health evaluation.

**RESPONSE:**  Defendants incorporate their general objections into the response to this request.  Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to demonstrate" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants.  Defendants further object that the request is vague and ambiguous because the terms and phrases "practice," "monitoring,"

**Page 32 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 32 of 42**

"recommended services or treatment," and "put into place" are undefined and subject to various interpretations.

To the extent Plaintiffs seek information from narratives in case notes or seek portions of the case files for non-named Plaintiffs, Defendants object that the request is overly broad and unduly burdensome and not proportional to the needs of the case.

**SUPPLEMENTAL RESPONSE:** During the parties' discovery conferral on December 20, 2021, Plaintiffs asked Defendants to supplement their response as to why the request is overly broad, unduly burdensome, and not proportionate to the needs of the case. ODHS keeps portions of case files in electronic form and keeps the complete case files for children in the custody of ODHS in physical files at ODHS Child Welfare branch offices. Production of hard files for non-named Plaintiffs would require scanning hard files located at local ODHS branch offices across the state for more than 5,000 children in foster care. To the extent that the request calls for collecting and searching those electronic and hard files for non-named Plaintiffs, the request is overly broad. Compiling those files is also unduly burdensome and not proportional to the needs of the case, especially in light of the extensive discovery that has already been completed.

Defendants have produced documents responsive to this request (Wyatt_DHS_271046 – Wyatt_DHS_2710539) and documents responsive to Request No. 30 that are also responsive to this request.

**REQUEST FOR PRODUCTION NO. 32:** All documents sufficient to show the length of time it took for services to be put onto place following evaluations upon entry into foster care, as of the date of service of this Request, who:

(1)     entered the legal and physical custody of the Director of DHS between January 1, 2020 and December 31, 2020, and

(2)     entered the legal and physical custody of the Director of DHS between January 1, 2021 and the date of service of this Request.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or

**Page 33 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 33 of 42**

communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants object that the request is vague and ambiguous because the term "onto" is confusing unless there was a typographical error. Defendants assume the term should be "into." Defendants object that the request is vague and ambiguous because the terms and phrases "services," "put [i]nto place," and "evaluations" are undefined and subject to various interpretations. Defendants further object that the request is vague and ambiguous because the request does not specify to whom it refers.

To the extent Plaintiffs seek information from narratives in case notes or seek portions of the case files for non-named Plaintiffs, Defendants object that the request is overly broad and unduly burdensome and not proportional to the needs of the case.

**SUPPLEMENTAL RESPONSE:** During the parties' discovery conferral on December 20, 2021, Plaintiffs asked Defendants to supplement their response as to why the request is overly broad, unduly burdensome, and not proportionate to the needs of the case. ODHS keeps portions of case files in electronic form and keeps the complete case files for children in the custody of ODHS in physical files at ODHS Child Welfare branch offices. Production of hard files for non-named Plaintiffs would require scanning hard files located at local ODHS branch offices across the state for more than 5,000 children in foster care. To the extent that the request calls for collecting and searching those electronic and hard files for non-named Plaintiffs, the request is overly broad. Compiling those files is also unduly burdensome and not proportional to the needs of the case, especially in light of the extensive discovery that has already been completed.

Defendants have produced documents responsive to Request No. 31 (Wyatt_DHS_271046 – Wyatt_DHS_2710539) and documents responsive to Request No. 30 (Wyatt_DHS-2714891 – Wyatt_DHS_2715065) that are also responsive to this request.

**Page 34 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 34 of 42**

**REQUEST FOR PRODUCTION NO. 33:** All documents sufficient to show the number of Plaintiff Children identified by DHS as having a confirmed and unconfirmed physical, mental, intellectual, developmental, or other disability between January 1, 2021 and the date of service of this request.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants object that the request is vague and ambiguous, as the term "disability," and its various modifiers, are undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants further object that the request is vague and ambiguous, as the terms and phrases "identified" and "confirmed and unconfirmed" are undefined and subject to various interpretations, especially as they relate temporally to the stated timeframe in the request.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 34:** All documents sufficient to show the state's plan to ensure affirming placements for children and youth are occurring.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

**Page 35 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 35 of 42**

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants object that the request is vague and ambiguous, as the phrase "state's plan" is undefined and subject to various interpretations. Defendants further object that the request is vague and ambiguous, as it is unclear what the phrase "affirming placements" modifies or relates to, it is undefined, and it is subject to various interpretations. Defendants assume this request refers to LGBTQIA2S+ youth.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants are reviewing documents within their possession, custody, or control to identify potentially responsive documents; after review of those documents, Defendants will produce any non-privileged, responsive documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 35:** All documents sufficient to show the state's determination of what factors constitute a supportive placement for SGM youth and how they are used in Oregon's practice.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

**Page 36 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 36 of 42**

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants are reviewing documents within their possession, custody, or control to identify potentially responsive documents; after review of those documents, Defendants will produce any non-privileged, responsive documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 36:** All documents sufficient to show what changes to training have been implemented following the release of the Butler Institute for Families assessment and report in December 2020.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants further object that the request is vague and ambiguous, as the term "training" is undefined and subject to various interpretations. Defendants further object that the phrase "Butler Institute for Families assessment and report in December 2020" is insufficiently specific to identify the document referenced. Defendants understand Plaintiffs to refer to the "Oregon Training System Assessment Prepared by the Butler Institute for Families, University of Denver" at Wyatt_DHS_2697000-Wyatt_DHS_2697060.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants are reviewing documents within their possession, custody, or control to identify potentially responsive documents; after review of those documents, Defendants will produce any non-privileged, responsive documents on a rolling basis.

**Page 37 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 37 of 42**

**REQUEST FOR PRODUCTION NO. 37:** All documents sufficient to show practices related to collecting information specific to maltreatment of SGM foster youth in foster care, the number and type of incidents, and corrective action taken from January 1, 2018 to present.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants further object that the request is vague and ambiguous, as the terms and phrases "practices," "information specific to," "maltreatment," and "corrective action" are undefined and subject to various interpretations.

To the extent Plaintiffs seek information from narratives in case notes or seek portions of the case files for non-named Plaintiffs, Defendants object that the request is overly broad and unduly burdensome and not proportional to the needs of the case.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production. *See Butler*, 1990 WL 15680, at *2.

**SUPPLEMENTAL RESPONSE:** Defendants further object that the request is duplicative of other prior requests to which Defendants have already responded and produced documents. Specifically, Defendants have already produced documents responsive to this request in response to Plaintiffs' Second Request for Production, Request No. 4 ("request 2.4"). Request 2.4 was for "[d]ocuments sufficient to show the policies and procedures concerning maltreatment of children in the legal and physical custody of the Director of DHS, including but not limited to, reporting, screening, investigating, reviewing and tracking reports of maltreatment." Because request 2.4 is broader than this request, and because Defendants have already produced responsive documents to request 2.4, no further or duplicative production is

**Page 38 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 38 of 42**

required.  Defendants are not withholding production of any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 38:**  All documents sufficient to show the number of transition age youth who did not receive independent living services, who:

(1)     exited the legal and physical custody of the Director of DHS between January 1, 2020, and December 31, 2020, and

(2)     exited the legal and physical custody of the Director of DHS between January 1, 2021, and the date of service of this Request.

**RESPONSE:**  Defendants incorporate their general objections into the response to this request.  Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants.  Defendants further object that the request is vague and ambiguous, as the terms and phrases "transition age youth," "receive," and "independent living services" are undefined and subject to various interpretations.

To the extent Plaintiffs seek documents from third parties, including Independent Living Program providers, those documents are outside the possession, custody, or control of Defendants; Defendants will only search for and produce documents in the possession, custody, or control of ODHS.

Defendants object that this request is a disguised interrogatory designed to circumvent the limit on interrogatories; under FRCP 34(a), a party is not required to prepare or create a document in response to a request for production.  *See Butler*, 1990 WL 15680, at *2.

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants will generate and produce one or more reports that are responsive to this request.

**Page 39 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 39 of 42**

**SUPPLEMENTAL RESPONSE:** Defendants further object that, in light of the Court's ruling on Defendants' motion to dismiss (Opinion and Order, Dkt. 215), the request calls for production of documents or communications that are no longer relevant to any party's claim or defense and the request is not proportional to the needs of the case. The Court explained that "the rights asserted by the aging-out subclass" must be dismissed. (Opinion and Order at 21, Dkt. 215.) Defendants will therefore not search for or produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 39:** All documents sufficient to show Safety and Permanency Central Office's quarterly district action planning and monthly CFSR and ROM debriefs from January 1, 2018 to the date of service of this request.

**RESPONSE:** Defendants incorporate their general objections into the response to this request. Defendants object to this request to the extent it calls for production of documents or communications protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

Defendants object that the request is vague and ambiguous, as the phrase "[a]ll documents sufficient to show" is undefined, subject to various interpretations, and improperly calls for a legal conclusion from Defendants. Defendants further object that the request is vague and ambiguous, as the acronyms "CFSR" and "ROM" are undefined. Defendants understand the acronyms to refer to "Child and Family Services Reviews" and "Results Oriented Management project."

///

///

///

///

**Page 40 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**

**Page 40 of 42**

Without waiving the foregoing general and specific objections, and pursuant to the agreed limitations on discovery in the Joint Status Report and Discovery Plan, Defendants are reviewing documents within their possession, custody, or control to identify potentially responsive documents; after review of those documents, Defendants will produce any non-privileged, responsive documents on a rolling basis.

DATED this 21st day of January, 2022.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

By:    *s/ Lauren F. Blaesing*

David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
Anna M. Joyce, OSB #013112
AnnaJoyce@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Lauren F. Blaesing, OSB #113305
LaurenBlaesing@MarkowitzHerbold.com
Telephone: (503) 295-3085
    *Special Assistant Attorneys General for Defendants*

Vivek A. Kothari, OSB #182089
VivekKothari@MarkowitzHerbold.com
    *Of Attorneys for Defendants*

Carla A. Scott, OSB #054725
carla.a.scott@doj.state.or.us
Sheila H. Potter, OSB #993485
sheila.potter@doj.state.or.us
    *Of Attorneys for Defendants*

1227623

**Page 41 - DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT 3 to Decl. of Stenson**
**Page 41 of 42**

## ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2022, I have made service of the foregoing **DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS** on the parties listed below in the manner indicated:

P. Andrew McStay, Jr.
William D. Miner
Davis Wright Tremaine LLP
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201

- ☒ U.S. Mail
- ☐ Facsimile
- ☐ Hand Delivery
- ☐ Overnight Courier
- ☒ Email: andymcstay@dwt.com; billminer@dwt.com
- ☐ Electronically via USDC CM/ECF system

Marcia Robinson Lowry
Anastasia Benedetto
Aarti Iyer
A Better Childhood
355 Lexington Avenue, Floor 16
New York, NY 10017

- ☒ U.S. Mail
- ☐ Facsimile
- ☐ Hand Delivery
- ☐ Overnight Courier
- ☒ Email: mlowry@abetterchildhood.org; abenedetto@abetterchildhood.org; aiyer@abetterchildhood.org
- ☐ Electronically via USDC CM/ECF system

Emily Cooper
Thomas Stenson
Disability Rights Oregon
511 SW Tenth Avenue, Suite 200
Portland, OR 97205

- ☒ U.S. Mail
- ☐ Facsimile
- ☐ Hand Delivery
- ☐ Overnight Courier
- ☒ Email: ecooper@droregon.org; tstenson@droregon.org
- ☐ Electronically via USDC CM/ECF system

Paul C. Southwick
Paul Southwick Law LLC
8420 N Ivanhoe Street, #83929
Portland, OR 97203

- ☒ U.S. Mail
- ☐ Facsimile
- ☐ Hand Delivery
- ☐ Overnight Courier
- ☒ Email: paul@paulsouthwick.com
- ☐ Electronically via USDC CM/ECF system

DATED this 21st day of January, 2022.

*s/ Lauren F. Blaesing*
Lauren F. Blaesing, OSB #113305
Special Assistant Attorney General for Defendants

**CERTIFICATE OF SERVICE**

**EXHIBIT 3 to Decl. of Stenson**
**Page 42 of 42**