**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Vivek A. Kothari, OSB #182089**
VivekKothari@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for Defendants*
*Additional Counsel of Record Listed on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WYATT B. and NOAH F. by their next friend Michelle McAllister; KYLIE R. and ALEC R. by their next friend Kathleen Megill Strek; UNIQUE L. by her next friend Annette Smith; SIMON S.; RUTH T.; BERNARD C.; NAOMI B.; and NORMAN N., individually and on behalf of all others similarly situated,<br><br>                          Plaintiffs,<br><br>    v.<br><br>TINA KOTEK, Governor of Oregon in her official capacity; FARIBORZ PAKSERESHT, Director, Oregon Department of Human Services in his official capacity; APRILLE FLINT-GERNER, Director, Child Welfare in her official capacity; and OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>                          Defendants. | Case No. 6:19-cv-00556-AA<br><br>**DEFENDANTS' AND NON-PARTY MARKOWITZ HERBOLD PC'S MOTION TO QUASH SUBPOENA TO MARKOWITZ HERBOLD PC** |

**DEFENDANTS' AND NON-PARTY MARKOWITZ HERBOLD PC'S
MOTION TO QUASH SUBPOENA TO MARKOWITZ HERBOLD PC**

## LR 7-1 STATEMENT

Pursuant to Local Rule 7-1(a)(1)(A), defendants and non-party Markowitz Herbold PC ("Markowitz Herbold") certify that they made a good-faith effort through telephone and email conferrals to resolve this dispute and have been unable to do so.

## MOTION

Defendants and Markowitz Herbold respectfully request that the Court enter an order quashing plaintiffs' subpoena duces tecum to Markowitz Herbold or, in the alternative, modify such subpoena as set forth herein.

## INTRODUCTION

Plaintiffs' subpoena to Markowitz Herbold for their billing records must be viewed in the procedural context in which it is brought.  Plaintiffs issued this subpoena for Markowitz Herbold's billing records to aid plaintiffs in preparing and defending their forthcoming fee petition.

This Court should quash that subpoena on several grounds.  First, it is premature. Plaintiffs have not submitted a fee petition to this Court, nor have defendants filed any objections to the same.  In fact, defendants have not yet been provided with any of plaintiffs' time entries. Defense counsel's billing records are not necessary for plaintiffs to submit their fee petition, nor are they required to be produced under the parties' Settlement Agreement.  Furthermore, and in any event, the total amount of defendants' attorney fees and costs has been widely publicized. Plaintiffs themselves have referred to those fees and costs in several media interviews and filings throughout this case.

Second, the subpoena should be quashed because it seeks records protected by attorney-client privilege and the work product doctrine—records which, if disclosed, would reveal defendants' legal strategy in defending this lawsuit.  Further, plaintiffs have set an unreasonable

**Page 1 –    DEFENDANTS' AND NON-PARTY MARKOWITZ HERBOLD PC'S MOTION TO QUASH SUBPOENA TO MARKOWITZ HERBOLD PC**

time for compliance, requiring defense counsel to redact and produce five years' worth of billing records totaling 1,600 pages in just 10 days (seven business days).

Third, the subpoena is vague. The subpoena asks Markowitz Herbold to provide billing records with sufficient detail as a "reasonable attorney" would in preparing a fee petition. But many fees are not recoverable in a fee petition. As phrased, the subpoena unreasonably requires Markowitz Herbold to determine which fees and costs would be recoverable were defendants to submit their own fee petition.

Fourth, if this Court finds that defense counsel's billing records are important to its decision regarding plaintiffs' fee petition, a better approach would be for Markowitz Herbold to submit their billing records to the Court for *in-camera* review after defendants file objections (if any) to the fee petition. This process protects defendants' right to maintain attorney-client privilege and confidentiality over communications with their attorneys and defendants' legal strategies, while allowing the Court to review defense counsel's time entries to the extent informative for the Court's decision regarding plaintiffs' fee petition.

## BACKGROUND

The parties resolved this case through a settlement agreement that the Court preliminarily approved. (5/17/24 Settlement Agreement (Dkt. 481); 5/31/24 Op. & Order on Joint Mot. for Prelim. Approval of Settlement Agreement (Dkt. 485).) In the settlement, the parties agreed "that Plaintiffs' counsel are entitled to an award of reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988 and any applicable laws." The parties also agreed that they would mediate the amount of plaintiffs' fee request before the Honorable Stacie F. Beckerman by June 14, 2024. (Settlement Agreement (Dkt. 481) at 12.) If the parties did not resolve the matter at mediation, plaintiffs could "submit a fee petition to the Court by July 3, 2024," and defendants would have the opportunity to object by July 24, 2024. (*Id.*)

Page 2 –    DEFENDANTS' AND NON-PARTY MARKOWITZ HERBOLD PC'S
MOTION TO QUASH SUBPOENA TO MARKOWITZ HERBOLD PC

The parties unsuccessfully mediated the issue of plaintiffs' attorney fees on June 14, 2024. (6/17/24 Minutes of Proceedings from Mediation (Dkt. 503).) On June 18, plaintiffs subpoenaed defense counsel's billing records, even though: (a) plaintiffs have not yet filed a fee petition with this Court; (b) defendants have not filed a challenge to the reasonableness of plaintiffs' fees and costs; and (c) defendants have not received any narrative billing records from plaintiffs. (6/17/24 Email from Vivek Kothari attached to Blaesing Decl. as Ex. 1; 6/18/24 Pls.' Subpoena Duces Tecum to Markowitz Herbold attached to Blaesing Decl. as Ex. 2 ("Pls.' Subpoena"); Blaesing Decl. ¶ 2.) The subpoena demands production of the following records by June 28, 2024:

> All billing statements, invoices, time entries, bills or invoices for costs, and other costs and billing documentation pertaining to the Wyatt B. v. Kotek litigation, dating from January 1, 2019 through July 15, 2024.
>
> . . .
>
> The production of these records requires, at minimum, 1) the detail, quantity, and specificity that a reasonable attorney would use in filing those records for reimbursement in an application for attorney's fees, and 2) whatever degree of detail, quantity, and specificity that Markowitz Herbold actually used (or, for those bills not yet submitted, will use) in seeking reimbursement or otherwise collecting payment from the Defendants, whichever degree of detail, quantity, and specificity is greater.

(Pls.' Subpoena, Blaesing Decl. Ex. 2 at 4-5.)

The amount of defendants' attorney fees has already been accessible to plaintiffs and widely reported on by local media. Indeed, plaintiffs have commented on the amount of defendants' fees and costs several times. For example, in a May 29, 2024, interview with Oregon Public Broadcasting, Marcia Lowry was asked "as you and others have noted, the state

**Page 3 –** **DEFENDANTS' AND NON-PARTY MARKOWITZ HERBOLD PC'S MOTION TO QUASH SUBPOENA TO MARKOWITZ HERBOLD PC**

of Oregon spent $18 million at least of taxpayer money fighting this. . . ."[1]   (*See also* 4/9/24

Pls.' Mot. to Exclude Defs.' Expert Test. (Dkt. 362) at 7.)  Likewise, this same information has

been made publicly available via various public records requests to defendants.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) authorizes discovery into "any nonprivileged

matter that is relevant to any party's claim or defense."  Non-parties who are subpoenaed may

move to quash or modify a subpoena.  *Sabre GLBL, Inc. v. Kimpton Hotel & Rest. Grp., LLC*,

No. 21-mc-80053-MMC (JSC), 2021 WL 1839689, at *1 (N.D. Cal. May 6, 2021).  A subpoena

must be quashed or modified if it provides an unreasonable amount of time for compliance,

requires disclosure of privileged or protected information and no exception or waiver applies, or

is otherwise unduly burdensome.  Fed. R. Civ. P. 45(d)(3)(A); *Sabre GLBL, Inc.*, 2021 WL

1839689, at *2.  Although only a subpoena recipient typically has standing to assert objections, a

party may challenge a third-party subpoena when the party's own privacy interests are

implicated.  *Cabell v. Zorro Prods., Inc.*, 294 F.R.D. 604, 607 (W.D. Wash. 2013).  Courts in the

Ninth Circuit have held that parties have standing to challenge subpoenas issued to their

attorneys for records that may be privileged.  *See*, *e.g.*, *Sartor v. County of Riverside*, No. 5:22-

cv-1410-JGB (SPx), 2024 WL 1136333, at *3 (C.D. Cal. Feb. 15, 2024) ("[D]efendants do have

standing to move to quash the Law Firms' subpoenas based on a claim of a right or privilege as

to the requested documents.").

---

[1] *Think Out Loud*, OPB, (May 29, 2024, https://www.opb.org/article/2024/05/29/what-an-oregon-class-action-foster-care-settlement-means-for-children-and-youth-in-care/ (last visited Jun. 27, 2024); *see also The Jefferson Exchange*, Jefferson Public Radio, (Jun. 10, 2024), at 22:54-23:59, https://www.ijpr.org/show/the-jefferson-exchange/2024-06-10/tue-9-am-how-oregon-must-change-foster-care-to-satisfy-a-lawsuit-settlement (last visited Jun. 27, 2024).

**ARGUMENT**

**I.      The subpoena should be quashed because it is contrary to the parties' Settlement Agreement.**

One of the material motivations for the parties' settlement was a desire to end their dispute and reduce costs.  (Settlement Agreement (Dkt. 481) at 1 ("Plaintiffs and Defendants, having considered the costs, risks, and delay of trial and appeal, are entering into this Settlement Agreement . . . to resolve the Litigation.").)  To that end, the parties negotiated a process to address plaintiffs' requested attorney fees.  That process did not provide a mechanism for plaintiffs to receive copies of defense counsel's billing records.  After all, requests for attorney fees should not be a cause for a second round of major litigation.  *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

The plain text of the Settlement Agreement makes clear that, in the event the parties were unable to successfully mediate plaintiffs' fees, plaintiffs may submit a fee request to this Court and the Court would evaluate reasonableness based on applicable laws. (Settlement Agreement (Dkt. 481) at 11-12.)  The Settlement Agreement does not require defendants to submit their counsel's billing records or to incur additional fees for their attorneys to perform a privilege review and redactions of such records.  (*See id*.)  Given the goals and express terms of the parties' Settlement Agreement, this Court should find that plaintiffs are not entitled to defense counsel's billing records and quash plaintiffs' subpoena to Markowitz Herbold.

**II.     Plaintiffs' subpoena seeks irrelevant documents in an effort to rebut or deflect anticipated objections to their prospective fee petition.**

**A.      There is no ripe dispute about the reasonableness of plaintiffs' attorney fees.**

Plaintiffs' subpoena seeks irrelevant information because the amount of plaintiffs' fees is not yet an issue before this Court.  Discovery is relevant if it tends to make a fact that has consequence to the outcome of the action "more or less probable than it would be without the

evidence." *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 498 (E.D. Cal. 2012);

*see also Herrera v. Ahlin*, No. 1:14-cv-00164-LJO-BAM-PC, 2016 WL 6648630, at *2 (E.D.

Cal. Nov. 9, 2016) (subpoena must seek "information that is relevant to the party's claims or

defenses").

Defendants' fees are not relevant to the Court's consideration of plaintiffs' fee petition

because plaintiffs have not filed a fee petition. As a result, there are no objections to it before

this Court. Indeed, if plaintiffs' forthcoming fee petition seeks reasonable fees and costs under

applicable laws, defendants would not object at all. The requested records are irrelevant because

the records do not relate to any matter of consequence nor do they make any fact of consequence

more or less probable. The subpoena should be quashed for this reason alone.

> **B.    Plaintiffs' subpoena is an improper attempt to evade their burden to present an adequate fee petition.**

The subpoena should also be quashed because it is an attempt to shift plaintiffs' burden

of proof to defendants. Plaintiffs have the burden of making a fee request that is reasonable and

adequately supported. *Hensley*, 461 U.S. at 434, 437 (noting that parties seeking attorney fees

should demonstrate "billing judgment" and make a "good faith effort to exclude . . . excessive,

redundant, or otherwise unnecessary hours" from a fee request); *Gonzalez v. City of Maywood*,

729 F.3d 1196, 1202 (9th Cir. 2013) (burden of justifying fees is on the party making the

request).

This District has viewed a fee petitioner's effort to use discovery to preliminarily rebut

expected objections to a forthcoming fee petition with disapproval. In *McKenzie-Willamette*

*Medical Center v. PeaceHealth*, a plaintiff who intended to submit a fee petition served an

interrogatory on the defendant, demanding the total amount of fees the defendant had incurred

and the defendant moved for a protective order. No. 02-6032-HA, 2005 WL 8164916, at *1 (D.

Or. May 10, 2005).  The court rebuffed the plaintiff's effort as an attempt "to create a setting in which [the defendant] might have a much more difficult time objecting to the time and labor spent by Plaintiff if it spent twice as much on its counsel" and called the effort "ill-timed, poor strategy, and unnecessary."  *See McKenzie-Willamette Med. Ctr.,* 2005 WL 8164916, at \*2. Another district court dismissed a fee petitioner's assertion that she needed discovery so that she could "rely on [defense counsel's time records] in composing her reply brief to Defendant's objections" as an "attempt[] to shift the burden to the Defendant of proving the reasonableness of their own fees by having defense counsel produce their time sheets and defend the reasonableness of their efforts."  *Zhang v. GC Services, LP*, 537 F. Supp. 2d 805, 808 (E.D. Va. 2008).

Here, plaintiffs acknowledge that they hope to preliminarily rebut or discourage objections to plaintiffs' fee petition once filed.  In plaintiffs' letter to this Court, they state that they issued their subpoena because they and "their fee experts need time to review and consider defense counsel's fee billing materials before filing their motion."  (6/26/24 Joint Letter to the Court, attached to Blaesing Decl. as Ex. 3 ("Joint Letter") at 1.)  However, it is plaintiffs' attorneys' obligation to exercise "billing judgment" as they prepare their possible fee petition. *Hensley*, 461 U.S. at 434.  When doing so, they must identify and "exclude . . . excessive, redundant, or otherwise unnecessary hours" from their fee request.  *Id.*  They must also evaluate their work and efforts in light of the outcome they achieved.  *Id.*  If plaintiffs' attorneys conclude that they overstaffed their case, their work product was inefficient, or that they expended too much time on arguments which were unsuccessful, they must make a "good faith effort" to exclude those hours from their fee request.  *Hensley*, 461 U.S. at 434.  This is their burden alone.

Plaintiffs' attempt to shift the burden of supporting their own fee petition by making

defendants justify their cost of defense also ignores important disparities between the parties'

positions and litigation efforts in this case.  There may be a variety of reasons why defendants

may have spent more in their defense than plaintiffs spent in prosecuting their claims.  As the

Seventh Circuit has explained:

> This ignores the fact that a given case may have greater precedential value for one
> side than the other.  Also, a plaintiff's attorney, by pressing questionable claims
> and refusing to settle except on outrageous terms, could force a defendant to incur
> substantial fees . . . .

*Mirabel v. Gen. Motors Acceptance Corp.*, 576 F.2d 729, 731 (7th Cir. 1978).  Furthermore, as

one district court has observed, a "plaintiff might issue numerous requests for production of

documents that cause their opponent's counsel to spend significant time collecting and reviewing

personnel and corporate records, but that plaintiff will rarely face a similar burden in producing

what few records of his or her own."  *Rodriguez v. Wet Ink, LLC*, No. 08-cv-00857-MSK-CBS,

2014 WL 287339, at *6 (D. Colo. Jan. 27, 2014).

Here, plaintiffs issued over 320 individual requests for production, requiring defendants

to review and produce more than 720,000 documents totaling over six million pages.  (Blaesing

Decl. ¶ 3.)  Those requests required the collection and production of six years' worth of emails

from 40+ state custodians, in addition to Child Welfare records for 105 children and young

adults.  (*Id*.)  Despite plaintiffs' voluminous requests, of the more than 720,000 documents

defendants produced, plaintiffs selected only 327—0.0454 percent—as proposed trial exhibits.

(*Id*. ¶ 4; Pls.' Am. Ex. List (Dkt. 403).)[2]  In contrast, plaintiffs produced approximately 50

---

[2] Plaintiffs' proposed Trial Exhibit 128, described as a "Sensitive Issue Reports
Compilation," contained over 7,000 pages (Pls.' Am. Ex. List (Dkt. 403) at 7).  During a May 3,
2024, telephone conferral, plaintiffs' counsel advised defendants that they intended to modify

**Page 8 –    DEFENDANTS' AND NON-PARTY MARKOWITZ HERBOLD PC'S
                MOTION TO QUASH SUBPOENA TO MARKOWITZ HERBOLD PC**

documents amounting to less than 1,000 pages during fact discovery.  (Blaesing Decl. ¶ 3.)
Now, plaintiffs hope to do what the *Mirabel* court cautioned against—justify their fee request by
citing defendants' fees and costs—while ignoring the reality that plaintiffs' voluminous
discovery requests contributed significantly to defendants' cost of litigation.  (*Id*.)

       Plaintiffs also appear concerned that defendants will challenge the adequacy of their
billing descriptions and—rather than choosing to forego those fees associated with inadequate
entries—blunt any such challenges by obtaining Markowitz Herbold's billing records in hopes
defense counsel's time entries are similarly deficient.  (Joint Letter, Blaesing Decl. Ex. 3 at 1
(speculating that "the billings submitted to the state of Oregon lack adequate detail").)
Relatedly, plaintiffs also suggest that it would be unfair for defendants to "criticize as duplicative
or unreasonable the time or number of attorneys Plaintiffs used in various situations" if plaintiffs
are not free to offer similar rejoinders.  (*Id*. at 3.)  These arguments fail for two reasons.  First, as
noted above, plaintiffs bear the burden of justifying any fee petition to this Court, not defendants.
Second, plaintiffs cannot use their fee petition as a means to punish or chastise defendants for
offering a defense.  *See Hill-Smith v. Silver Dollar Cabaret, Inc.*, No. 5:20-CV-5051, 2020 WL
4741917, at *4 (W.D. Ark. Aug. 14, 2020) (a fee petition is "not an opportunity for Plaintiff's
attorneys to punish Defendants' failure to cooperate fully with them"); *see also Mirabel*, 576
F.2d at 731.

       This Court should reject such efforts and quash plaintiffs' subpoena.

---

this "exhibit" which would reduce its size, but defendants never received the modified exhibit
and do not include it in the calculation above.  (Blaesing Decl. ¶ 4, fn1.)

**Page 9 –    DEFENDANTS' AND NON-PARTY MARKOWITZ HERBOLD PC'S
MOTION TO QUASH SUBPOENA TO MARKOWITZ HERBOLD PC**

**C.**     **Markowitz Herbold's billing records are irrelevant to plaintiffs' preparation of their fee petition and outside the scope of the factors considered by courts in determining reasonable attorney fees.**

Markowitz Herbold's billing records are irrelevant to plaintiffs' present task, the preparation of their fee petition, because an opposing party's fees are outside the scope of what this Court must consider in determining what are reasonable fees. The Ninth Circuit uses the two-step "lodestar method" to calculate attorney fees. *Edmo v. Corizon, Inc.*, 97 F.4th 1165, 1168 (9th Cir. 2024). The first step determines the presumptive lodestar figure—a tally of the number of hours reasonably expended by the attorney seeking fees multiplied by a reasonable hourly rate, as evidenced by market rate for the services provided. *Id.* The court then considers a variety of factors to determine whether to increase or decrease the award. *Id.* (describing 12 factors for consideration ("*Kerr* factors")); *see also Bark v. Northrop*, 300 F.R.D. 486, 492 (D. Or. 2004) ("After calculating this amount, the court considers whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of twelve factors [.]").

Plaintiffs' counsel are responsible for identifying the number of hours they reasonably worked in litigating this case. *See Hensley*, 461 U.S. at 434, 437. As for assessing hourly rates, the Oregon State Bar's economic survey is the standard measure of a reasonable rate in this District. *See Bark*, 300 F.R.D. at 493 (applying the Oregon State Bar's most recent economic survey to determine if an attorney's billing rates are reasonable). Neither the lodestar calculation nor the *Kerr* factors require this Court to evaluate defendants' attorney fees in order to determine the amount of reasonable attorney fees to award plaintiffs. *Edmo*, 97 F.4th at 1168.

Defendants acknowledge that district courts have discretion to allow discovery in connection with a fee petition. *See Klein v. Law Offices of D. Scott Carruthers*, No. C15-00490 CRB, 2015 WL 3626946, at *5 (N.D. Cal. June 10, 2015). But defendants are unaware of any instance in which a court has permitted a *prospective* fee petitioner discovery to aid in the

**Page 10 –     DEFENDANTS' AND NON-PARTY MARKOWITZ HERBOLD PC'S MOTION TO QUASH SUBPOENA TO MARKOWITZ HERBOLD PC**

preparation of a fee petition or to rebut feared objections to the same. Indeed, at least one judge in this District has refused to allow such discovery. *See McKenzie-Willamette Med. Ctr.*, 2005 WL 8164916, at *2 (refusing to compel answer to interrogatory demanding total amount of fees paid by the defendant, because it was not relevant to the court's evaluation of *Kerr* factors).

When courts have allowed discovery of an opposing party's billings records, they have done so only *after* the fee petition is filed and then only in limited circumstances, such as: (1) where there is a challenge to the reasonableness of the petitioner's work; (2) when the district court is unable to determine an appropriate fee based on the petitioner's petition; or (3) whether the parties have both engaged in extensive discovery and pretrial motion practice. *See, e.g., Henson v. Columbus Bank & Tr. Co.*, 770 F.2d 1566, 1575 (11th Cir. 1985) (district court should have allowed discovery because it harbored doubts about the reasonableness of hours claimed by petitioner); *Real v. Cont'l Grp., Inc.*, 116 F.R.D. 211, 213 (N.D. Cal. 1986) (discovery into opponent's billing records may be probative because both had engaged in substantial discovery and motion practice); *Stastny v. S. Bell Tel. & Tel. Co.*, 77 F.R.D. 662, 663-64 (W.D.N.C. 1978) (permitting mutual discovery where both parties disputed the reasonableness of hours worked).

None of these criteria exist here. Plaintiffs have not filed a petition nor have defendants filed objections to challenge the reasonableness of plaintiffs' fees. This Court has not expressed any difficulty in setting a fee award. Defendants bore the burden of the fact discovery in this case. (*See supra*.) Therefore, any fee comparison between the parties would be of little relevance or value. For these reasons, this Court should quash plaintiffs' subpoena.

**III.     Plaintiffs' subpoena should be quashed because it would require significant redaction of privileged communications and information.**

Plaintiffs' subpoena should be quashed because it improperly seeks privileged attorney-client communications and work product.  When a subpoena calls for privileged information, it must be quashed or modified.  Fed. R. Civ. P. 45(d)(3)(A)(iii).

Plaintiffs' demand seeks privileged communications and information.  Markowitz Herbold's invoices to defendants contain more information than just the time expended and amounts charged for legal services.  (Blaesing Decl. ¶ 5.)  These invoices contain descriptions of each task performed on defendants' behalf and reveal the subjects of privileged communications between attorneys and clients, as well as defendants' litigation strategy in defending this case.  This includes specific legal strategies surrounding motion practice, defense of depositions, responding to discovery, and preparing for trial.  (*Id.*)  Accordingly, the billing entries are protected by the attorney-client privilege and also constitute attorney work product.  *See Clarke v. Am. Comm. Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992) ("[C]orrespondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the [attorney-client] privilege.").  Because Markowitz Herbold's time records reveal defendants' "litigation strategy, [and] the specific nature of the services provided, such as researching particular areas of law," the subpoena requires Markowitz Herbold to produce privileged information and must be quashed.

Further, the fact that Markowitz Herbold performed its legal services on behalf of public officials and agencies is of no consequence to whether its detailed time entries are entitled to the protections of attorney-client privilege and work product.

**Page 12 –     DEFENDANTS' AND NON-PARTY MARKOWITZ HERBOLD PC'S MOTION TO QUASH SUBPOENA TO MARKOWITZ HERBOLD PC**

Government officials are entitled to assert attorney-client privilege. *Maricopa Audubon Soc. v. U.S. Forest Serv.*, 108 F.3d 1089, 1092 (9th Cir. 1992). Defendants are unaware of any principle of law that imposes a waiver of attorney-client privilege in the context of government officials challenging the adequacy of a prospective fee petition. The Oregon Legislative Assembly recognizes the importance of the attorney-client privilege to state agencies and officials and, to the extent that Markowitz Herbold's bills are public records, defendants may assert privilege over them as prescribed by law. ORS 192.355(9) (public records made privileged under state law are exempt from disclosure; attorney-client privilege does not prevent disclosure under certain circumstances); ORS 192.390 (all public records over 25 years old are subject to disclosure notwithstanding any exemption); *City of Portland v. Bartlett*, 369 Or. 606, 626 (2022) (legislature has decreed that attorney-client privileged records over 25 years of age must be disclosed).

None of those circumstances are applicable here, and this Court should not override the Oregon Legislative Assembly's carefully considered balance of protecting government officials' right to attorney-client privilege. Defendants have not waived their privilege to the communications and information in the requested documents. (Blaesing Decl. ¶ 5.) Thus, this Court should reject plaintiffs' attempt to intrude on the same and quash plaintiffs' subpoena.

**IV.    Plaintiffs' subpoena requires compliance within an unreasonable amount of time.**

This Court should also quash plaintiffs' subpoena because it mandates compliance within an unreasonable amount of time. *See* Fed. R. Civ. P. 45(d)(3)(A)(i). Whether a subpoena allows sufficient time for a recipient's compliance is a fact-specific inquiry, but courts have generally found that fewer than 10 days is unreasonable. *Free Stream Media Corp. v. Alphonso Inc.*, No. 17-cv-02107-RS (KAW), 2017 WL 6209309, at *4 (N.D. Cal. Dec. 8, 2017); *see Dixon v. Greyhound Lines, Inc.*, CIV.A. No. 13-179-JWD, 2014 WL 6474355, at *4 (M.D. La. Nov. 19,

**Page 13 –    DEFENDANTS' AND NON-PARTY MARKOWITZ HERBOLD PC'S
             MOTION TO QUASH SUBPOENA TO MARKOWITZ HERBOLD PC**

2014) (subpoena to expert unreasonable because it offered only nine days for compliance, three of which were the Labor Day weekend holiday); *but see Elliot v. Mission Trust Servs., LLC*, No. 14 C 9625, 2015 WL 1567901, at *4 (N.D. Ill. Apr. 7, 2015) (14 days for compliance presumptively reasonable).

Here, plaintiffs served their subpoena at 4:35 p.m. on June 18, 2024.  (6/18/24 Service Email, attached to Blaesing Decl. as Ex. 4.)  The subpoena required compliance within 10 days, which includes an intervening holiday and weekend, thus resulting in Markowitz Herbold being afforded only seven business days to comply.  (Pls.' Subpoena, Blaesing Decl. Ex. 2.)  Plaintiffs demand records that implicate significant amounts of confidential information, including attorney-client privileged communications and work product.  Over the course of this litigation, Markowitz Herbold has presented almost 1,600 pages of bills to defendants for payment.  (Blaesing Decl. ¶ 5.)  Any redaction of these bills would require a line-by-line review for removal of privileged information and content.  (*Id.*)  Given the incredibly short time plaintiffs have provided for compliance, and the enormous effort that would be required to redact the vast amounts of confidential information as contained in Markowitz Herbold's billing records, plaintiffs' subpoena is unreasonable.  This Court should therefore enter an order quashing the same.

**V.    Plaintiffs' subpoena should be quashed because it is vague.**

Plaintiffs' subpoena is also unreasonably vague as to certain categories of records and thus must be quashed by this Court.  A subpoena must be specific in identifying the items sought.  *Pearson v. Pasha*, No. CV 10-00035-H-DWM, 2011 WL 13136825, at *2 (D. Mont. Sept. 20, 2011); *N.L.R.B.v. Vista Del Sol Health Servs., Inc.*, 40 F. Supp. 3d 1238, 1267 (C.D. Cal. 2014) (subpoena was not temporally vague because it specifically stated the time period covered by the request).  Here, plaintiffs' subpoena does not specifically identify each of the

records sought.[3]  For example, the subpoena requests that Markowitz Herbold provide billings

with "the detail, quantity, and specificity that a reasonable attorney would use in filing those

records for reimbursement in an application for attorney's fees."  (Pls.' Subpoena, Blaesing Decl.

Ex. 2 at 5.)  Many fees incurred in civil rights litigation are not recoverable as part of a fee

petition, and a reasonable attorney preparing a fee request would not seek reimbursement for

those costs.  *See*, *e.g.*, *Stormans Inc. v. Selecky*, 906 F. Supp. 2d 1093, 1106-07 (W.D. Wash.

2012) (expert witness fees not recoverable).

As written, plaintiffs are apparently attempting to have Markowitz Herbold perform the

function of determining which fees and costs would be recoverable were defendants to submit

their own fee petition.  Such an effort is unreasonable and prejudicial to defendants, especially

given the fact this matter has settled and one of the central reasons for settling was so that the

parties could avoid further costs.  Because plaintiffs' subpoena is excessively vague, it should be

quashed.

## VI.     If the Court declines to quash the subpoena, it should be modified.

Alternatively, if the Court declines to quash plaintiffs' subpoena, the subpoena should be

modified to require Markowitz Herbold to only provide a statement of total fees and costs billed

by the firm to defendants, together with the hourly rate and time billed to defendants for each

attorney, paralegal, or other legal professional.  This is consistent with what other courts have

---

[3] As phrased, the subpoena appears to seek records related to fees and costs of other law firms, experts, vendors, or other litigation support professionals engaged by defendants to the extent that they are in Markowitz Herbold's possession.  If plaintiffs are seeking those records, it increases the burden on Markowitz Herbold in the short period of time afforded for compliance. Not only must Markowitz Herbold review 1,600 pages of its bills to identify and redact privileged information, the subpoena could be interpreted as requiring Markowitz Herbold to locate and produce all associated expert and vendor invoices for professional fees and expenses such as data hosting, transportation, lodging, parking, and postage.

**Page 15 – DEFENDANTS' AND NON-PARTY MARKOWITZ HERBOLD PC'S**
**MOTION TO QUASH SUBPOENA TO MARKOWITZ HERBOLD PC**

allowed in the limited circumstances in which discovery of an opposing party's attorney fees has

been allowed. *See*, *e.g.*, *Henson*, 770 F.2d at 1575 (in light of circumstances, it was appropriate

to permit discovery "concerning hours expended and fees paid"); *Real*, 116 F.R.D. at 213-14

(compelling the production of "the number of hours billed, the parties' fee arrangement, costs

and total fees paid.").[4]

If the Court believes it necessary to review the specific detail of each of Markowitz

Herbold's time entries as contained in their billing records, then this Court should nevertheless

quash plaintiffs' subpoena and instead allow Markowitz Herbold to provide an unredacted copy

of their billing records for the Court to review *in camera*. Such a process avoids defendants

having to incur further fees for its attorneys to review their billing records and make appropriate

redactions, while at the same time protecting defendants' right to maintain privilege over the

confidential communications and information with their attorneys as contained in such records.

*See Kurtz v. Kimberly-Clark Corp.*, No. 14-CV-1142 (PKC) (RML), 2024 WL 184375, at *2

(E.D.N.Y. Jan. 17, 2024) (court directed class counsel to submit its unredacted billing records for

review).

///

///

///

---

[4] If the Court requires defendants to provide this information to plaintiffs, defendants request permission to serve subpoenas to A Better Childhood, Davis Wright Tremaine LLP, Disability Rights Oregon, Rizzo Bosworth Eraut PC, and the custodian of records for Paul Southwick Law, LLC for the same information that the Court orders produced to plaintiffs.

**Page 16 – DEFENDANTS' AND NON-PARTY MARKOWITZ HERBOLD PC'S
MOTION TO QUASH SUBPOENA TO MARKOWITZ HERBOLD PC**

## CONCLUSION

Based on the above, this Court should quash plaintiffs' subpoena to Markowitz Herbold,

or in the alternative, modify the subpoena consistent with defendants' proposals as outlined in

this brief.

DATED: June 28, 2024             ELLEN ROSENBLUM
                                 ATTORNEY GENERAL
                                 FOR THE STATE OF OREGON

                                 *s/ Lauren F. Blaesing*
                                 David B. Markowitz, OSB #742046
                                 DavidMarkowitz@MarkowitzHerbold.com
                                 Laura Salerno Owens, OSB #076230
                                 LauraSalerno@MarkowitzHerbold.com
                                 Harry B. Wilson, OSB #077214
                                 HarryWilson@MarkowitzHerbold.com
                                 Lauren F. Blaesing, OSB #113305
                                 LaurenBlaesing@MarkowitzHerbold.com
                                 Vivek A. Kothari, OSB #182089
                                 VivekKothari@MarkowitzHerbold.com
                                 *Special Assistant Attorneys General for Defendants*

                                 Adele J. Ridenour, OSB #061556
                                 AdeleRidenour@MarkowitzHerbold.com
                                 Anit K. Jindal, OSB #171086
                                 AnitJindal@MarkowitzHerbold.com
                                 David A. Fauria, OSB #170973
                                 DavidFauria@MarkowitzHerbold.com
                                 Kelsie G. Crippen, OSB #193454
                                 KelsieCrippen@MarkowitzHerbold.com
                                 *Of Attorneys for Defendants*

                                 Carla A. Scott, OSB #054725
                                 carla.a.scott@doj.state.or.us
                                 Sheila H. Potter, OSB #993485
                                 sheila.potter@doj.state.or.us
                                 *Of Attorneys for Defendants*

2160199