**P. ANDREW McSTAY, JR.**, OSB 033997
andymcstay@dwt.com
**WILLIAM D. MINER**, OSB 043636
billminer@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
560 SW 10th Avenue, Suite 700
Portland, OR 97205
Telephone: (503) 241-2300

**MARCIA ROBINSON LOWRY** (*pro hac vice*)
mlowry@abetterchildhood.org
**ANASTASIA BENEDETTO** (*pro hac vice*)
abenedetto@abetterchildhood.org
**A BETTER CHILDHOOD**
355 Lexington Avenue, Floor 16
New York, NY 10017
Telephone: (646) 795-4456

**EMILY COOPER**, OSB 182254
ecooper@droregon.org
**THOMAS STENSON**, OSB 152894
tstenson@droregon.org
**DISABILITY RIGHTS OREGON**
511 SW 10th Avenue, Suite 200
Portland, OR 97205
Tel: (503) 243-2081

**STEVEN RIZZO**, OSB 840853
srizzo@rizzopc.com
**MARY D. SKJELSET**, OSB 075840
mskjelset@rizzopc.com
**RIZZO BOSWORTH ERAUT, PC**
1300 SW 6th Avenue, Suite 330
Portland, OR 97201
Tel: (503) 229-1819

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE DIVISION

| | | |
|---|---|---|
| WYATT B. *et al.*, | | Case No. 6:19-cv-00556-AA |
| Plaintiffs, | | |
| v. | | **DECLARATION OF JAMES T. MCDERMOTT IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** |
| TINA KOTEK *et al.*, | | |
| Defendants. | | |

Page 1 – DECLARATION OF JAMES T. MCDERMOTT

I, James T. McDermott, declare as follows:

1.      I am a partner at McDermott Weaver Connelly Clifford LLP. I have been engaged as an expert witness by the attorneys representing Plaintiffs in this matter. I am over the age of 18, competent to testify on the matters herein, and I make this Declaration based on my personal knowledge in support of Plaintiffs' Motion for Award of Attorneys' Fees and Costs.

**My qualifications and work history**

2.      I graduated from the University of Virginia Law School in 1985, where I was a member of the Virginia Law Review. I graduated *summa cum laude* from Syracuse University in 1982.

3.      Prior to starting my own firm, I was a partner at Ball Janik LLP in Portland, Oregon, where I worked for over 28 years. Prior to that, I was an associate at Covington & Burling LLP. I also clerked for the Honorable James L. Latchum in the United States District Court for the District of Delaware from 1985 to 1986.

4.      I have practiced law as a commercial litigator and trial lawyer in federal and state courts for nearly 40 years, almost exclusively in the area of complex business litigation, with particular emphasis on shareholder rights, professional liability, fraud, insurance coverage, securities, and construction. Since 2009, I have been recognized by Chambers USA as an industry leader in commercial litigation. Since 2012, I have been listed in the *Best Lawyers in America*. Since 2006, I have been selected as an Oregon Super Lawyer by *Super Lawyers Magazine*. Additionally, I have been listed as one of "Oregon's Top Rated Lawyers" by *ALM Legal Leaders*. I have an AV® Preeminent™ rating from *Martindale-Hubbell®*,

5.      In my commercial litigation practice, I have been lead counsel for a host of clients ranging from Fortune 500 companies to private companies and property owners. My current and former clients have included McKesson Corporation; Snap, Inc.; Johnson & Johnson; Nike; MDU Resources; Cambia Health Solutions; Oregon Health & Science University; ExxonMobil Corp.; WaferTech; Provenance Hotels; Imperium Renewables; Killian Pacific; Port of Portland; the City of Portland; the State of Oregon; and Marsh & McLennan Companies, the world's largest insurance

Page 2 – DECLARATION OF JAMES T. MCDERMOTT

4875-0791-0350v.1 0201450-000001

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

broker.

6. I have also represented public officials in high stakes political investigations, including the former United States Ambassador to the European Union, Gordon Sondland, in the Congressional impeachment inquiry of then-President Donald Trump, as well as former Oregon Governor John Kitzhaber in two ethics investigations.

7. I have previously served as an expert witness on the reasonableness of attorneys' fees in multiple Oregon federal and state court cases. My opinions in federal court cases have been favorably cited in decisions issued by Judges Mosman and Nelson.

**My engagement with Plaintiffs' counsel**

8. My current hourly rate is $900 – $1,000 per hour. Clients pay these hourly rates for legal services that I perform in the Oregon market. I am charging Plaintiffs' counsel $950 an hour, and I expect to charge Plaintiffs' counsel a total of approximately $22,000 to $25,000 for my expert work in this case.

9. I have been retained by Plaintiffs' counsel in this case to opine on (1) the reasonableness of their hourly rates; (2) the reasonableness of their effort, work, and time put into prosecuting this federal court case; and (3) the quality of the result obtained by Plaintiffs' counsel in this case.

10. For purposes of this assignment, I performed an investigation sufficient for me to express the opinions contained in this Declaration, including interviewing the principal Plaintiffs' attorneys from each of the four law firms involved in prosecuting this litigation. I also reviewed the court docket, key pleadings, the settlement agreement, and the detailed billing records for the hours and fees sought in this litigation.

11. Also, in forming my opinions, I understand that, on February 5, 2024, Defendants announced in a legislative hearing that they had spent nearly $18,000,000 ($13,990,253 on attorney's fees and roughly $4 million in costs) "to date" in litigating this case. Based on a review of the litigation that has occurred since February 5, 2024, it is my opinion that Defendants most likely have spent an additional $2,000,000 in attorney fees and costs litigating this case. This totals over

Page 3 – DECLARATION OF JAMES T. MCDERMOTT

4875-0791-0350v.1 0201450-000001

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

$20,000,000 in fees and costs paid by Defendants.

12. After completing my investigation and analysis, I have three opinions to offer: (1) the hourly rates sought by Plaintiffs' counsel in this case are reasonable; (2) with the exception of (i) approximately 6% of the fees sought (totaling $458,763.67) by A Better Childhood, and (ii) roughly 3% of the fees sought (totaling $39,060) by the Davis Wright Tremaine law firm, the amount of effort, work, and time that Plaintiffs' counsel devoted to prosecuting this case was reasonable; and (3) Plaintiffs' counsel obtained an excellent result in this hotly-contested case that spanned over five years against a defense team led by David Markowitz and fully staffed by two experienced trial firms (the Markowitz Herbold firm and the Oregon Department of Justice).

### Reasonableness of the hourly rates charged

13. As summarized below, it is my opinion that the hourly rates requested for Plaintiffs' counsel in this case are reasonable.

#### A Better Childhood

14. I understand from my interviews and research that A Better Childhood ("ABC") is a nonprofit organization dedicated to protecting the rights of children in foster care. Its attorneys have specialized experience and familiarity with both the niche law associated with child welfare litigation and the unique facts and circumstances of child welfare work. ABC's offices are based in New York City, but it engages in a national practice.

15. I understand that ABC has requested hourly rates consistent with their practice in New York City. I did not review ABC's rates for reasonableness in New York City, but the rates sought by their attorneys in this case are reasonable in Oregon.

16. I further understand that, in light of the high risks of litigation and, in the context of how lengthy and complex this litigation has been, and the long period of time that attorney fees have gone unpaid, ABC is seeking reimbursement at the *current* market rate for reimbursement for all time between 2018 and 2024. In this case, ABC took on the lion's share of the non-ADA work (especially through 2023), developed the case theories, worked with Plaintiffs' main non-ADA

Page 4 – DECLARATION OF JAMES T. MCDERMOTT

4875-0791-0350v.1 0201450-000001

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

experts, and attended to the substantial discovery. This explains why ABC's total fees are more than the other three firms combined.

17. My understanding is that Marcia Lowry, the lead attorney for ABC, has been litigating child welfare cases since 1970. Ms. Lowry has been counsel in more than 20 class action lawsuits representing hundreds of thousands of children against systems that have failed to provide lawful child welfare services. Ms. Lowry has sought a rate of $800 per hour for her time on this case. This rate is within the range of prevailing litigation market rates according to the 2022 Oregon State Bar Economic Survey for Portland attorneys who have over 30 years of experience (surveying 2021 rates). In 2021, that amount was $798 for the 95th percentile. In 2022, when adjusted for inflation using the Unites States Department of Labor's CPI Calculator (from January, 2021), it increased to $857.69 (in January 2022). In 2023, the 95th percentile for an attorney with over 30 years of experience in Portland was $912.67 when adjusted for inflation. In 2024, the rate is $940.88. In my opinion, Ms. Lowry's rate of $800 is reasonable given her decades of experience, track record of class action prosecution, and that her rate was very near the 95th percentile in 2021, and between the median and 95th percentile in 2022, 2023, and 2024.

18. The range of rates requested for the other timekeepers at ABC include:

  a. $250 for the eight paralegals who worked on this case;

  b. $350 for an attorney with three years of practice (Baloche);

  c. $400 for attorneys with 7 to 10 years of practice (Benedetto, Iyer, McClaughlin, Gallagher, Unger, Borle and Gus);

  d. $450 for attorneys with 10 to 13 years of practice (Mahoney, Jaffe, Tebor and Welikson); and

  e. $600 for an attorney with 24 years of practice (Post).

19. Although not addressed in the 2022 Economic Survey, I am familiar with paralegal rates in the Portland market. In my opinion, a rate of $250 for paralegal work in Portland is reasonable.

Page 5 – DECLARATION OF JAMES T. MCDERMOTT

4875-0791-0350v.1 0201450-000001

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

20.     Based on that same survey, the 2021-2024[1] rates for attorneys in downtown Portland in private practice with the experience described above are:

| Years of Experience | 2021 Median (95th Percentile) | 2022 Median (95th Percentile) | 2023 Median (95th Percentile) | 2024 Median (95th Percentile) |
|---|---|---|---|---|
| 0-3 | $300 ($538) | $322.44 ($578.24) | $342.11 ($615.31) | $353.71 ($634.33) |
| 7-9 | $350 ($486) | $376.18 ($522.35) | 400.29 ($555.84) | $412.67 ($573.02) |
| 10-12 | $370 ($567) | $397.68 ($609.41) | $423.17 ($648.48) | $436.25 ($668.52) |
| 13-15 | $400 ($733) | $429.92 ($787.83) | $457.48 ($838.33) | $471.62 ($864.24) |
| 21-30 | $450 ($697) | $483.66 ($749.13) | $514.66 ($797.16) | $530.57 ($821.79) |

21.     Pursuant to the scales stated in paragraph 20 above, it is my opinion that the rates for the attorneys listed in paragraph 18 above are reasonable, as they fall between the median and 95th percentile.

**Disability Rights Oregon**

22.     I understand from my interviews and research that Disability Rights Oregon ("DRO") is a statewide nonprofit organization, designated under federal law as the Protection and Advocacy System for the state of Oregon. As part of its Congressionally mandated role, DRO must advocate for people with disabilities, including through litigation. Children in foster care are a unique and important element of DRO's constituency.

---

[1] Rates obtained by entering January 2021 Rates (from the 2022 Economic Survey) into the CPI Inflation Calculator from the U.S. Bureau of Labor Statistics at https://www.bls.gov/data/inflation_calculator.htm and January, 2022; January 2023; and January, 2024 respectively.

Page 6 – DECLARATION OF JAMES T. MCDERMOTT

23.     The fee rates sought by Plaintiffs for DRO attorney work reflect the current standards in the 2022 Economic Bar Survey. Emily Cooper is an attorney with 22 years of experience, in a variety of complex class action, civil rights, and disability rights contexts. Chris Shank is an attorney with 25 years of experience who has extensive experience in practice with youth with disabilities, in the context of special education, foster care, juvenile justice, and juvenile dependency. Tom Stenson is an attorney with 19 years of experience, participating in numerous successful class actions and civil rights proceedings. Upon my review of the time entries, Mr. Stenson took on a laboring role with many first drafts of various pleadings, especially as trial neared.

24.     Ms. Cooper is seeking rates of $630-$650 from 2019 through 2024. As outlined in paragraph 20 above, between 2021 and 2024, the median rate for attorneys with 21-30 years of experience in Portland ranged from $450 to just over $530 per hour. The 95th percentile rate ranged from $697 to just over $822 per hour. Ms. Cooper's rate was between the median and the 95th percentile, and therefore within the reasonable range.

25.     Plaintiffs are seeking a rate of between $625 (2019) and $645 (2024) for Mr. Stenson. According to the 2022 Economic Survey, the 2021 median rate for attorneys with 16-20 years of experience in Portland is $425 an hour, with a 95th percentile rate of $600. Using the same methodology as in paragraph 20 above, the 2022 median/95th percentile was $457/$645, the 2023 median/95th percentile was $486/$686 and the 2024 median/95th percentile is $501/$707. While Mr. Stenson's 2021 rate is above the 95th percentile, his 2022-2024 rates were between the median and 95th percentiles. Considering Mr. Stenson's role in this multi-year litigation, I find his rate reasonable.

**Davis Wright Tremaine LLP**

26.     As with ABC and DRO, Davis Wright Tremaine ("DWT") has been involved with the case since the beginning. Unlike ABC and DRO, however, the attorneys at DWT who worked on this case practice (or practiced) exclusively in general commercial litigation.

27.     DWT is a well-established full service firm in Portland with a strong litigation department. I understand DWT handles cases for businesses in every sector of the economy across

Page 7 – DECLARATION OF JAMES T. MCDERMOTT

many jurisdictions. DWT has extensive experience in high-stakes litigation involving antitrust, securities, and consumer class action. Notably, DWT's Portland office has extensive experience successfully suing governments.

28. While ABC and DRO are the subject matter experts when it comes to child welfare and the ADA, the DWT firm was instrumental in going toe to toe with the Markowitz Herbold/Department of Justice juggernaut from a commercial litigation perspective.

29. Upon my review of the time entries involved and interviews, together with a review of the docket and pleadings, it appears DWT provided extensive commercial litigation skill and support throughout the case with two sets of lawyers. From 2019 through 2021, the primary attorneys at DWT working on the matter were Paul Southwick and partner Greg Chaimov – a former Legislative Counsel to the Oregon Legislature. Messrs. Chaimov and Southwick brought extensive knowledge of court practices and procedures, initial case assessment and development, ongoing strategy and support and case development. Upon the departure of Mr. Southwick and the retirement of Mr. Chaimov, DWT partners Andrew McStay and William Miner substituted into the case on behalf of DWT[2]. Mr. McStay, with his federal court experience (including as a clerk for the Ninth Circuit) provided advice and direction. Mr. Miner primarily served in the role of a settlement attorney, along with Ms. Lowry of ABC. My understanding is that, without the involvement of Mr. Miner, this case may not have settled.

30. In addition to the attorneys above, DWT used two paralegals, Jennifer Davis, a 30+ year veteran with extensive trial experience, and David MacKenzie, who has approximately 6 years of experience. Both paralegals seemed instrumental in collecting, organizing, and producing the documents in this case.

31. Plaintiffs are seeking hourly rates for former partner Greg Chaimov of $610 (2019), $650 (2020) and $690 (2021). As with Ms. Lowry from ABC, Mr. Chaimov had a storied career of over 30 years of experience. In my opinion, these rates are reasonable as they fall between the

---

[2] Even though Mr. Southwick continued with the case at his own firm until 2023, only Mr. Southwick's time with DWT is being sought.

Page 8 – DECLARATION OF JAMES T. MCDERMOTT

median and 95th percentile of the 2022 bar survey results. Additionally, Plaintiffs seek hourly rates of former DWT counsel Paul Southwick of $460 (2019) and $510 (2020). While these amounts were outside of the 2017 bar survey, they fall within the 2022 survey. Additionally, Plaintiffs are not seeking any fees for Mr. Southwick from the time he left DWT and the time he withdrew from this case, even though he continued to have a role. For these reasons, it is my opinion that the rates sought for Mr. Southwick are reasonable.

32.     Plaintiffs are also seeking the rates set forth below for DWT partners Andrew McStay and William Miner. Both Messrs. Miner and McStay began their careers at the same time at DWT in 2004; however, Mr. McStay graduated a year before Mr. Miner and clerked for the Ninth Circuit before starting at DWT, which explains the nominal difference in their rates. As described above, most of their work on this case occurred between 2022 and 2024. Based on the following table, in my opinion their rates are reasonable as they fit within the median and 95th percentile of the 2022 Economic Survey for attorneys with 16-20 years of experience as adjusted for inflation.

|                              | 2022  | 2023  | 2024  |
|------------------------------|-------|-------|-------|
| Median as adjusted           | $457  | $486  | $501  |
| 95th Percentile as adjusted  | $734  | $781  | $805  |
| McStay Rate                  | $625  | $700  | $805  |
| Miner Rate                   | $615  | $695  | $800  |

33.     The other rates for other DWT timekeepers are within the range allowed by the 2022 Oregon State Bar survey, as adjusted for inflation, and appropriate for the stature and experience of attorneys and paralegals at DWT.

Page 9 – DECLARATION OF JAMES T. MCDERMOTT

4875-0791-0350v.1 0201450-000001

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

**Rizzo Bosworth Eraut PC**

34.     Rizzo Bosworth Eraut PC ("RBE") is a litigation firm with deep roots in the Pacific Northwest. RBE primarily works on complex civil matters representing individuals, businesses, and insurers in Oregon, Washington, California, and Idaho.

35.     Named partner Steve Rizzo, and his colleague Mary Skjelset, are two attorneys who have become very experienced in suing the State of Oregon for abuse of children in the foster care system. Their involvement with the case was opposed by Defendants, which seems understandable as the RBE firm has represented several of the State's most vulnerable populations.

36.     RBE was brought into the case late in 2023, at first because of its substantial knowledge of how Defendants compiled their case files. My understanding is that Defendants were not producing all of the case files, and RBE was able to assist ABC, DRO, and DWT in understanding what Defendants were withholding, and to compel production of key files. Although RBE was originally brought on for this specific task, RBE contributed in three significant ways in late 2023 through settlement. First, Mr. Rizzo was able to leverage his relationship with a sitting Oregon state Senator who would come to play a significant role in Plaintiffs' trial preparation. Mr. Rizzo spent a significant amount of time developing the Senator's testimony, which included important trial themes. Second, RBE took on Defendants' primary expert report (the PK Report). RBE attorneys and paralegals absorbed, condensed, and synthesized this 104 page report (with another 155 pages of appendices that referenced hundreds of documents), took the deposition of the expert, and worked with rebuttal experts. Third, RBE, with its strong connections with the Oregon child advocacy community (including the network of Court Appointed Special Advocates), obtained and prepared many of the fact witnesses who would have testified at trial.

37.     Mr. Rizzo is a highly respected attorney with 40 years of experience who seeks an hourly rate of $798. Ms. Skjelset is an attorney with 17 years of experience who seeks an hourly rate of $683. As with Ms. Lowry and Mr. Chaimov, Mr. Rizzo is an experienced and seasoned trial lawyer. His $798 hourly rate falls within the 2022 Economic Survey and is reasonable. Likewise, pursuant to the table outlined in paragraph 32 above, Ms. Skjelset's rate falls within the median-95th

Page 10 – DECLARATION OF JAMES T. MCDERMOTT

4875-0791-0350v.1 0201450-000001

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

percentile range of the survey. For these reasons, I find both of their rates reasonable.

### **The effort, work, and time that Plaintiffs' counsel devoted is reasonable**

38. As of the filing of the motion, Plaintiffs' team of four law firms in this lawsuit seek a total recovery of $11,411,763.60[3] of attorneys' fees and $592,346.96 in costs on this case for a total of $12,004,110.60. With the two exceptions outlined below, in my opinion, the hours worked and the total amount sought is reasonable.

39. In providing my opinion on the reasonableness of attorneys' fees and costs in hard-fought cases such as this one, I believe a very useful barometer in evaluating the reasonableness of a prevailing plaintiff's fees is to compare a plaintiff's total fees and costs against a defendant's total fees and costs. In cases such as this one, there should be a rough equivalence. After all, both sides have litigated essentially the same case against each other.

40. In situations where total defense fees exceeded total prevailing plaintiff's fees, it is my opinion that this is powerful evidence of the reasonableness of a plaintiff's fees.

41. Here, Plaintiffs seek attorneys' fees and costs of approximately $12 million. As stated in paragraph 11 above, it seems that Defendants have paid over $20 million in fees and costs.

42. When one compares $12 million against $20 million, the fact that Plaintiffs spent approximately $8 million less in prosecuting the same case that Defendants opposed provides, in my opinion, strong evidence of the reasonableness of Plaintiffs' fees and costs. This conclusion is even more sound when, as here, Defendants have spent well over 50% more than the Plaintiffs in defending the same case.

43. This was a complex, challenging case that raised difficult questions of law and fact, both of which required extensive legal work from a variety of legal organizations with diverse areas of expertise.

44. Given the complexity of the issues litigated in this case, the extensive legal work product produced by Plaintiffs to-date (as demonstrated by the court docket and as-filed pleadings),

---

[3] I understand the fees sought are as follows: $7,537,573.04 by ABC (through June 30), $1,186,205.10 by RBE (through June 30), $1,236,024.50 by DRO (through July 2) and $1,451,961 by DWT (through July 2).

Page 11 – DECLARATION OF JAMES T. MCDERMOTT

the fact that the parties brought the case to the brink of trial before settling, and the significant settlement achieved by Plaintiffs, I opine that this total amount of time sought by Plaintiffs is reasonable with two exceptions. First, I have reduced the fees sought by ABC by $458,763.67. There are two reasons for this. First, even for litigation that has spanned five years, when 22 timekeepers (14 lawyers and eight paralegals) work on a case, there are inherent inefficiencies. In my opinion, a more reasonable staffing level for ABC would have been 15 timekeepers (nine attorneys and six paralegals). Therefore, to account for inefficiencies related to turnover, I eliminated the hours spent by the seven ABC timekeepers who recorded the fewest hours. Second, certain ABC timekeepers block billed for all of their travel time. Most major US companies only pay for 50% of travel time, so I reduced ABC's travel time entries by 50%. I understand that the sum of my two reductions totals $458,763.67. Second, in my opinion, DWT's fees should be reduced by roughly 3% to account for several inefficient timekeepers in 2020 and 2024 who did not spend a significant time on the case and/or who appeared to not contribute to the case moving forward. The total amount of this reduction is $39,060.[4]

45.     Consequently, in my opinion, approximately 94% of the fees sought by ABC, and approximately 97% of the fees sought by DWT, together with 100% of the fees sought by DRO and 100% of the fees sought by RBE, should be compensable.

**Plaintiffs' Counsel Obtained an Excellent Result Through Settlement**

46.     While I am not a child welfare expert, based upon my review of the pleadings in this case, and the settlement agreement's provisions, it is my opinion that Plaintiffs' counsel obtained an excellent result through the settlement. This important settlement should benefit all children in Oregon's care, including children in each of the subclasses. Every member of the general class and every member of the subclasses should benefit from enforcement of the "Ultimate Outcomes," which involve: maltreatment in care; re-entry into foster care; timely case planning; timely mental and physical health assessments; appropriate and necessary medical and mental health care services

---

[4] DWT timekeepers who spent less than 10 hours in each year were removed: $1,713.50 in 2019, $7,128.50 in 2020, $6,317 in 2021, $2,804 in 2022, $6,981 in 2023, and $14,116 in 2024.

Page 12 – DECLARATION OF JAMES T. MCDERMOTT

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
4875-0791-0350v.1 0201450-000001    Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

and treatment; appropriate and quality placements; notification of maltreatment in care; and up to two more areas of interest determined by a neutral to whom Defendants will be accountable. ECF 481, 3-5.

47. A similar list of "ultimate outcome" items was sought in the prayer contained in Plaintiffs' Complaint. Essentially, Plaintiffs and their counsel were seeking change to a broken system, and the settlement agreement Plaintiffs have obtained seems to have accomplished this outcome.

48. The relief obtained by Plaintiffs' counsel in this case also seems notable for how it will be enforced, not just what will be enforced. A neutral expert – who was recommended by Plaintiffs and appointed by the Court - will assess Defendants' progress on the measurable outcomes for the next ten to twelve years, unless Defendants meet the terms for release before that time. ECF 481, at 10. The neutral will have the power to bring any dispute regarding a failure to meet the measurable outcomes to an arbitrator who can determine any violation and enforce a remedy, with the District Court's assistance. *Id.* at 10-11. Considering how hard Defendants fought third party intervention and continued Court jurisdiction, the settlement agreement should be seen as a success for Plaintiffs.

49. Overall, the settlement achieved substantial benefits for foster children throughout the state, touching on the core elements of the Plaintiffs' original complaint. Both the scope of substantive rights established by settlement and the mechanism of enforcement (i.e., through a neutral expert) represent a real benefit to foster youth.

**Costs**

50. As stated in paragraph 11 above, my understanding is that, as of February 5, 2024, Defendants had expended $4,000,000 in costs on this matter – or likely at least 25% of the total amount Defendants have expended. By contrast, Plaintiffs seek $592,346.96 in costs. In my opinion, the costs sought by Plaintiffs are reasonable.

51. My practice has been to advise clients that, in complex civil litigation, they should expect roughly 10% of the total amount spent on fees to be also spent on costs. Here, Plaintiffs

Page 13 – DECLARATION OF JAMES T. MCDERMOTT

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

4875-0791-0350v.1 0201450-000001

requested costs are roughly 5% of the fee amount sought which, at first blush, is within the range of reasonableness.

### Conclusion

For the reasons stated above, my opinion is that, with the two ABC and DWT exceptions outlined above, the work effort of the Plaintiffs' attorneys was reasonable and the attorney fees requested are likewise reasonable.

**I declare that the above statements are true to the best of my knowledge and belief, and that I understand they are made for use as evidence in court and is subject to penalty for perjury.**

Executed on _3rd_, July, 2024.

s/ *James T. McDermott*
James T. McDermott

Page 14 – DECLARATION OF JAMES T. MCDERMOTT

4875-0791-0350v.1 0201450-000001

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax