**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Vivek A. Kothari, OSB #182089**
VivekKothari@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WYATT B. and NOAH F. by their next friend Michelle McAllister; KYLIE R. and ALEC R. by their next friend Kathleen Megill Strek; UNIQUE L. by her next friend Annette Smith; SIMON S. by his next friend Paul Aubry; RUTH T. by her next friend Michelle Bartov; BERNARD C. by his next friend Ksen Murry; NAOMI B. by her next friend Kathleen Megill Strek; and NORMAN N. by his next friend Tracy Gregg, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TINA KOTEK, Governor of Oregon in her official capacity; FARIBORZ PAKSERESHT, Director, Oregon Department of Human Services in his official capacity; APRILLE FLINT-GERNER, Director, Child Welfare in her official capacity; and OREGON DEPARTMENT OF HUMAN SERVICES, <br><br> Defendants. | No. 6:19-cv-00556-AA <br><br> **DECLARATION OF LAURA SALERNO OWENS IN SUPPORT OF DEFENDANTS' OBJECTIONS TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** |

**Page 1 -    DECLARATION OF LAURA SALERNO OWENS IN SUPPORT OF DEFENDANTS' OBJECTIONS TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

I, Laura Salerno Owens, declare:

1.    I am an attorney with Markowitz Herbold.  I am serving as a Special Assistant Attorney General for defendants in the above-referenced matter.  I make this declaration of my own personal knowledge.  The following statements are true and correct and, if called upon, I could competently testify to the facts averred herein.

## DEFENDANTS' METHODOLOGY

I.    **Defendants analyzed plaintiffs' declarations and billing entries filed in support of their motion for attorneys' fees and costs.**

2.    Defendants analyzed plaintiffs' declarations and exhibits in support of their motion for attorneys' fees and costs.  (Declarations of James McDermott (Dkt. 515) ("McDermott Decl."), Shenoa Payne ("Payne Decl.") (Dkt. 516), Lynn Walsh (Dkt. 517), Marcia Robinson Lowry ("Lowry Decl.") (Dkt. 518), Emily Cooper ("Cooper Decl.") (Dkt. 519), Thomas Stenson ("Stenson Decl.") (Dkt. 520), Jake Cornett (Dkt. 521), Steven Rizzo ("Rizzo Decl.") (Dkt. 522), and William Miner ("Miner Decl") (Dkt. 523); Under Seal Ex. 2 to Miner Decl. (Dkt. 524).

3.    Defendants observed that plaintiffs' motion and declarations contain inaccuracies and inconsistent totals of fees billed and requested for reimbursement.  As explained below, defendants took numerous steps to attempt to standardize the data submitted by plaintiffs and cure these inaccuracies.  Some examples of these inaccuracies include:

- Mr. Miner's declaration states A Better Childhood ("ABC") fees total $7,527,263.28 but Ms. Lowry requests $7,537,573.04 in her declaration. (*Compare* Dkt. 523 at 2 *with* Dkt. 518 at 4.)

- Mr. Miner's declaration states that Rizzo Bosworth Eraut PC ("Rizzo Bosworth") billed $1,193,907.70–all in 2024.  However, Mr. Rizzo submitted a request for

$1,221,304.20 that also includes billing from as early as August 2023.  (*Compare* Dkt. 523 at 3 *with* Dkt. 522-1 at 66.)

- Mr. Miner's declaration provides a fees-by-year chart in which Davis Wright Tremaine ("DWT") requests $1,394,288.00 <u>and</u> he requests $1,458,322.00 in a subsequent calculation and "total requested" line in the supporting entries. (*Compare* Dkt. 523 at 2 and 5 *with* Dkt. 523-1 at 182.)

- Finally, Mr. Miner's declaration states Disability Rights Oregon ("DRO") fees total $1,164,345.50 but Ms. Cooper requests $1,236,024.50 in Exhibit 4 to her declaration.  (*Compare* Dkt. 523 at 2 *with* Dkt. 519-6 at 21.)

4.    In order to remedy these inaccuracies, and to quantify and analyze fees billed by ABC, Rizzo Bosworth, DWT, and DRO, defendants converted billing entries attached as exhibits to the declarations of Ms. Lowry, Ms. Cooper, Mr. Rizzo, and Mr. Miner from PDF into Excel format and the columns and data were standardized across law firms.  In total, plaintiffs submitted 16,744 billing entries to the Court.

5.    Defendants noted some further inconsistencies within billing entries and calculated new total claimed hours and requested fees.  For example, DRO Legal Director and attorney Tom Stensons's billing entries are noted as "Stenson Subtotal = $639,121.50" but the billing entries total $644,475.00.  (Cooper Decl. Ex. 1 at 8-19 (Dkt. 519-6).)  In addition, some of plaintiffs' billing entries were in a bundled format (one entry or "line" contained more than one task, with each task assigned a specific amount of time).  In order to analyze these entries, defendants separated each entry into multiple lines, each containing one task and the corresponding hours and fees.  However, the total number of hours billed for each entry is inaccurate for some of DWT's entries when the activities are unbundled.

**Page 3 -        DECLARATION OF LAURA SALERNO OWENS IN SUPPORT OF
             DEFENDANTS' OBJECTIONS TO PLAINTIFFS' MOTION FOR
             ATTORNEYS' FEES AND COSTS**

6.    Defendants performed the same formatting and standardization for plaintiffs' requested costs.  Once all fees lines were separated, the lines were reviewed and coded for content and activity; the aggregate was analyzed for purposes of defendants' response to plaintiffs' motion for attorneys' fees and costs.  Exhibit 1 to this declaration is a compilation of all plaintiffs' billing entries with defendants' coding and categorization.  Defendants submit their analysis of plaintiffs' fees in Exhibits 2-12.

7.    The following chart summarizes plaintiffs' attorney fees billing entries, by law firm:

| Law Firm | Dates | Claimed Hours | Requested Hourly Rate(s) | Average Hourly Rate | Requested Fees |
|---|---|---|---|---|---|
| A Better Childhood | 2018-2024 | 16,055.75 | $250-$800 | $469.46 | $7,537,572.98 |
| Davis Wright Tremaine | 2019-2024 | 2,678.30 | $250-$650 | $545.10 | $1,459,934.98 |
| Disability Rights Oregon | 2019-2024 | 2,064.10 | $75-$805 | $601.29 | $1,241,117.50 |
| Rizzo Bosworth Eraut PC | 2023-2024 | 2,293.70 | $250-$798 | $532.25 | $1,220,825.40 |
| **Total** | | **23,091.85** | **$75-$805** | **$496.26** | **$11,459,450.86** |
| **Plaintiffs' Discount to ABC and DWT Fees in Motion** | | | | | **-$497,823.67** |
| **Total Fees Requested by Plaintiffs** | | | | | **$10,961,627.19** |

(Ex. 2, Summary of Pls.' Att'y Fees by Law Firm; *see* Ex. 3, Summary of Pls.' Att'y Fees by Law Firm and Timekeeper.)

8.    Defendants observed that plaintiffs submitted over 23,000 hours by 61 billing timekeepers, including 39 attorneys and 19 paralegals.  The following chart summarizes plaintiffs' attorneys fees billed before and after January 1, 2022 (the date of the 2022 OSB Survey):

| Date Range / Law Firm | Claimed Hours | Requested Hourly Rate(s) | Average Hourly Rate | Requested Fees |
|---|---|---|---|---|
| **Billed July 11, 2018 – Dec. 31, 2021** | **12,105.49** | **$75 - $800** | **$485.88** | **$5,881,787.02** |
| A Better Childhood | 10,050.89 | $250 - $800 | $483.76 | $4,862,188.54 |
| Disability Rights Oregon | 932.30 | $425 - $640 | $629.80 | $587,160.50 |
| Davis Wright Tremaine | 1,122.30 | $75 - $690 | $385.31 | $432,437.98 |
| **Billed Jan. 1, 2022 – July 3, 2024** | **10,986.36** | **$250 - $805** | **$507.69** | **$5,577,663.84** |
| A Better Childhood | 6,004.86 | $250 - $800 | $445.54 | $2,675,384.44 |
| Rizzo Bosworth Eraut PC | 2,293.70 | $250 - $798 | $532.25 | $1,220,825.40 |
| Davis Wright Tremaine | 1,556.00 | $270 - $805 | $660.35 | $1,027,497.00 |
| Disability Rights Oregon | 1,131.80 | $250 - $650 | $577.80 | $653,957.00 |
| **Total** | **23,091.85** | **$75 - $805** | **$496.26** | **$11,459,450.86** |
| **Plaintiffs' Discount to ABC and DWT Fees in Motion** | | | | **-$497,823.67** |
| **Total Fees Requested by Plaintiffs** | | | | **$10,961,627.19** |

(Ex. 4, Summary of Pls.' Att'y Fees by Date Billed.)

9.    Defendants further analyzed the billing entries to determine the activities performed, for how long, and at what hourly rate.

## A BETTER CHILDHOOD

**I.    ABC's hourly rates are unreasonable.**

10.    Marcia Lowry's billing rate of $800/hour is greater than the 2022 OSB Mean rate ($483/hour) and greater than the 75th percentile rate ($620/hour) provided in the 2022 Oregon State Bar 2022 Economic Survey ("2022 OSB Survey").  A true and accurate copy of the 2022 OSB Survey is attached as Exhibit 15.

11.    In similar litigation in other states, courts have approved the following rates for Ms. Lowry:

**Page 5 -    DECLARATION OF LAURA SALERNO OWENS IN SUPPORT OF DEFENDANTS' OBJECTIONS TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

| Approved Hourly Rate | Case(s) |
|---|---|
| $495 legal work<br>* $297.50 travel work | *Kenny A. ex rel. Winn v. Perdue*, 454 F. Supp. 2d 1260, 1285 (2006) [Georgia] |
| $460 legal work | *Brian A . v . Bredesen*, No. 3:00-0445, 2011 WL 1522336 (M.D. Tenn. Apr. 20, 2011) |
| $450 legal work<br>* $50 travel work | *D.G. ex rel. Strickland v. Yarbough*, No. 08-cv-074-GKF-FHM, 2013 WL 1343151 (N.D. Okla. Mar. 31, 2013) |
| $425 legal work<br>* $212.50 travel work | *Olivia Y v. Barbour*, No. 3:04-cv-000251-LN, 2016 WL 11609575, at *4 (S.D. Miss. May 6, 2016);<br>*Olivia Y v. Barbour*, No. 3:04-cv-000251-TSL-RHW, 2017 WL 11329889, at *4 (S.D. Miss. July 21, 2017) |
| $550 legal work<br>* $275 travel work | *M.D. bnf Stukenberg v. Abbott*, No 2:11-cv-00084, Order Dkt. 908 at 12 (S.D. Tex. July 14, 2020) |
| $475 legal work<br>* $237.50 travel work | *Olivia Y v. Reeves*, No. 3:04-cv-000251-HSO-FKB, Order & Opinion, Dkt. 945 at 8-10 (S.D. Miss. Mar. 20, 2023) |

12.     Additionally, Mississippi awarded Ms. Lowry $475/hour last year for work performed in 2022.  (Ex. 16, *Olivia. Y. v. Reeves*, No. 3:04cv-251-HSO-FKB, Mem. Op. and Order (S.D. Miss. Mar. 20, 2023).)  The court also awarded Anastasia Benedetto $225/hour and Jonathan Borle received $250/hour.  *(Id.)*

13.     Only three months ago, in April 2024 in West Virginia, ABC applied for attorney fees and expenses related to a motion for sanctions for spoilation in West Virginia requesting $600/hour for Ms. Lowry.  (Ex. 17, *Jonathan R. v. Justice*, No. 3:19-cv-00710, Application for Attorney Fees' and Expenses, with Exhibit A-1 (S.D. W.Va. Apr. 16, 2024); *see* Ex. 18, *Jonathan R. v. Justice*, No. 3:19-cv-00710, Stip. re Att'y Fees (S.D. W. Va. May 7, 2024).)

14.     Finally, ABC billed all paralegal work at $250/hour.  Ms. Lowry notes that "ABC generally employs paralegals for one-year terms before they leave to pursue further education or profession interests."  (Lowry Decl. at 4.)  However, research shows that the majority of these paralegals had little to no work experience or legal experience—and ABC has billed them at lower rates in other states accordingly.  Last year, Mississippi evaluated ABC paralegal hourly rates and awarded $110/hour for work performed in 2022. (Ex. 16, *Olivia Y.,* Order at 17.)

Earlier this year, ABC requested $150/hour for paralegal work in West Virginia. (Ex. 17, *Jonthan R.*, Application Exhibit A-1 at 2.)

**II.    ABC's total hour and fees billed are unreasonable.**

15.    Six timekeepers at ABC billed 1,405.74 hours ($786,888.01 in fees) before they filed their lawsuit on April 16, 2019. Defendants attempted to review these entries for reasonableness, but were unable to determine if the activities or hours billed were appropriately billed.

16.    During the life of the case, four attorneys at ABC were the highest billing timekeepers (at all law firms) by hours and fees billed. They billed more than half of all fees in this case:

| Timekeeper | Title | Claimed Hours | Requested Hourly Rate | Requested Fees |
|---|---|---|---|---|
| Marcia Lowry | Senior Attorney | 2,144.73 | $800 | $1,715,772.21 |
| Anastasia Benedetto | Attorney | 4,280.84 | $400 | $1,712,337.44 |
| Dawn Post | Senior Attorney | 2,836.19 | $600 | $1,701,796.00 |
| Aarti Iyer | Attorney | 2,136.19 | $400 | $854,468.35 |
| **Subtotal** | | **11,397.95** | **$525.04** | **$5,984,374.00** |
| **Other Timekeepers** | | **11,693.90** | **$468.20** | **$5,475,076.86** |
| **Grand Total** | | **23,091.85** | **$496.24** | **$11,459,450.86** |
| **Plaintiffs' Discount to ABC and DWT Fees in Motion** | | | | **-$497,823.67** |
| **Total Fees Requested by Plaintiffs** | | | | **$10,961,627.19** |

(*See* Ex. 3, Summary of Pls.' Att'y Fees by Law Firm and Time Keeper.)

17.    Defendants observed that ABC used vague descriptions in their billing entries, many of which were identical to other repetitive entries. For example, the below table shows the top ten most expensive entries submitted by ABC:

| | Description | # of Entries | Claimed Hours | Requested Fees |
|---|---|---|---|---|
| 1 | Travel from NYC to Oregon. | 53 | 424.00 | $272,400.00 |
| 2 | Travel from Oregon to NYC. | 46 | 368.00 | $232,400.00 |
| 3 | Document review for findings of fact. | 172 | 441.79 | $188,123.87 |
| 4 | Document review and FOF. | 69 | 199.00 | $118,500.00 |
| 5 | Reviewed the documents produced by defendants and organized them for expert review. | 116 | 320.55 | $80,932.50 |
| 6 | TAR document review. | 100 | 207.82 | $75,517.41 |
| 7 | Document review - Oregon. | 43 | 115.00 | $64,300.00 |
| 8 | Interviews with potential sources, regarding prepartion [sic] for case filing. | 39 | 74.50 | $52,350.00 |
| 9 | Call with Anonymous Source re case development and corresponding report. | 44 | 91.55 | $47,580.00 |
| 10 | Meeting with anonymous sources in Oregon re building case. | 41 | 65.25 | $44,450.00 |
| | **Total** | **723** | **2,307.46** | **$1,176,553.78** |

(*See* Ex. 1, Pls.' Att'y Fees Billing Entries.)

18.     Additionally, Ms. Lowry submitted a billing entry for 18 hours ($14,500) in one day for a vague travel entry and no further context connecting it with this case:

| 11/16/22 | 18.00 | (21) Travel | Travel from New Orleans to Salt Lake City to NYC. (Cancelled conference last minute so Marcia had to turn around in SLC). | Marcia Lowry | $ 800.00 | $ 14,400.00 |
|---|---|---|---|---|---|---|

(Lowry Decl. Ex. 1 at 106.)

19.     Due to the vagueness of these billing descriptions, defendants are unable to determine if the hours and fees submitted are reasonable.

20.     In addition, ABC billed fees for seven attorneys who are licensed to practice in New York but did not request or receive pro hac vice admission in Oregon in this case.  The following chart summarizes those hours and fees:

| Timekeeper | Dates | Claimed Hours | Requested Hourly Rate(s) | Average Hourly Rate | Requested Fees |
|---|---|---|---|---|---|
| Tavi Unger | 2020-2021 | 257.46 | $400 | $400.02 | $102,989.32 |
| Sarah Jaffe | 2019-2020 | 223.41 | $450 | $449.99 | $100,532.12 |
| Allison Mahoney | 2018-2021 | 53.25 | $450 | $449.77 | $23,950.50 |
| Valerie McLaughlin | 2019-2020 | 39.92 | $400 | $400.03 | $15,969.33 |
| Julia Tebor | 2022-2023 | 32.87 | $450 | $450.05 | $14,793.00 |
| David Baloche | 2023-2024 | 29.93 | $350 | $349.84 | $10,470.82 |
| Laura Welikson | 2023 | 10.40 | $450 | $450.00 | $4,680.00 |
| | Total | 647.24 | $350 - $450 | $422.30 | $273,385.09 |

(Ex. 8, Summary of Pls.' Fees Billed by Non-Oregon Att'ys Without Pro Hac Vice Admission.)

**RIZZO BOSWORTH ERAUT PC**

**I.    Rizzo Bosworth did not staff this case reasonably.**

21.    Partners Steve Rizzo and Mary Skjelset billed all attorney hours at Rizzo Bosworth at $798/hour and $683/hour, respectively.  Mr. Rizzo and Ms. Skjelset billed 1,284.30 hours ($968,475.40 in fees) at the partner rate and did not have a single associate work on this case. Partner billing represents 56% of all hours and approximately 79% of all fees billed by Rizzo Bosworth.

22.    Mr. Rizzo and Ms. Skjelset started working on this case as early as August 2023, approximately four months before submitting their motion to be appointed as co-counsel. Mr. Rizzo and Ms. Skjelset billed approximately 90 hours totaling approximately $65,000 before the Court approved the firm as class counsel on January 3, 2024.

23.    Likewise, Mr. Rizzo's requested billing rate of $798 per hour is in excess of the 2022 OSB Survey mean rate ($483) or 75th percentile rate ($620).  Likewise, Ms. Skjelset's requested billing rate of $683 per hour is in excess of the 2022 OSB Survey mean rate ($445) or 75th percentile ($550).  This Court previously approved a rate of $600/hour for Mr. Rizzo and

$400/hour for Ms. Skjelset. *A.F. v. Evans*, No. 2:18-cv-010506-SI, 2022 WL 18013416 (Dec. 30, 2022).

**II.    The Rizzo Firm's total hours billed are unreasonable.**

24.    Despite only being appointed as co-counsel four months before trial was set to begin, Mr. Rizzo and Ms. Skeljset billed more hours and seek more in fees than DWT attorneys Mr. McStay, Mr. Miner, and Mr. Southwick billed over the life of the case (five years).  (*See* Ex. 3, Summary of Pls.' Att'y Fees by Law Firm and Time Keeper.)  Similarly, three paralegals at Rizzo Bosworth billed more than six paralegals at DWT billed over five years.  (*Id.*)

25.    Rizzo Bosworth should have exercised billing judgment and offered reductions for particular activities.  For example, Rizzo Bosworth should have reduced nearly 140 hours (nearly $91,000 in fees) for the following:

- Bringing in trial witnesses and 90 trial exhibits from another matter, *J.M. v. Major*, No. 6:18-cv-00739 (D. Or.), which were later excluded by the Court's order on motions in limine (71.40 hours; $46,059 in fees);

- Pursuing plaintiffs' privilege waiver argument regarding Public Knowledge's communications with defendants' attorneys, which the Court also denied (53.45 hours; $34,893.00 in fees); and

- Working on plaintiffs' work on a motion to quash the subpoena on trial witness Sen. Sara Gelser Blouin, which the Court denied due to lack of standing (14.00 hours; $9,911.00 in fees).

26.    In addition, Rizzo Bosworth billed over 530 hours (nearly $307,000 in fees) to analyze the Public Knowledge report and prepare for the deposition of Stacey Moss.  (*See* Ex. 1.)

27.      Finally, Rizzo Bosworth should have reduced billings for onboarding and activities that were intended to bring counsel "up to speed" to a class-action case that had been litigating for five years rather than move the case forward.

## DAVIS WRIGHT TREMAINE

I.      **DWT did not appropriately delegate tasks to timekeepers with a lower rate.**

28.      Partners at DWT billed 1,391.3 hours ($1,016,190.00 in fees) to this case as compared to only 265.3 hours ($113,077.00 in fees) billed by associates.  Put differently, DWT billed approximately 71% of their attorney hours in this case at the partner rate (up to $805/hour).

29.      In particular, Andrew McStay and William Miner are both in the top-ten billing timekeepers by fees billed, together totaling over $875,000 in fees combined.  In addition, Mr. McStay and Mr. Miner billed their time at $560-$805 and $410-$800 respectively, in excess of the 2022 OSB Survey mean ($447/hour for Mr. McStay and $445/hour for Mr. Miner), the 75th percentile ($530/hour for Mr. McStay and $550/hour for Mr. Miner) of downtown Portland attorneys in private practice.

30.      During the life of this case, Mr. McStay, Mr. Miner, and other partners did not delegate tasks to associates, paralegals, and other staff with lower billing rates.  In fact, no DWT associate billed to this case beginning September 23, 2020 until November 17, 2023.  Further, between February and early May 2024, when the parties were preparing for trial and preparing pretrial briefing, there were five entries from associates totaling 11.0 hours ($7,448.50 in fees), compared to 391 entries from Mr. Miner and Mr. McStay totaling 517.90 hours ($416,034.50 in fees).  This means the two partners, who were billing at $800.00 or more per hour, were doing nearly all of DWT's trial preparation work.

31.    Out of the 12 DWT associates who billed on this case, only one billed more than 44 hours (he billed just over 100 hours).  Six of these associates are located in other DWT offices and bill at higher rates.

32.    Five of these attorneys were licensed to practice other states but did not request or receive pro hac vice admission in Oregon in this case.  The following chart summarizes those hours and fees:

| Timekeeper | Location | Claimed Hours | Requested Hourly Rate(s) | Average Hourly Rate | Claimed Fees |
|---|---|---|---|---|---|
| Tahiya Sultan | San Francisco, CA | 36.80 | $470 | $470.00 | $17,296.00 |
| Emma Englund | Seattle, WA | 29.70 | $530 - $625 | $540.24 | $16,045.00 |
| Soraya Mohamed | Washington, DC | 13.60 | $635 - $725 | $671.40 | $9,131.00 |
| William Wu | Seattle, WA | 5.40 | $420 | $420.00 | $2,268.00 |
| Nicholas Traver | Seattle, WA | 3.70 | $525 - $580 | $527.97 | $1,953.50 |
| **Total** | | **89.20** | **$420 - $725** | **$523.47** | **$46,693.50** |

(*See* Ex. 3, Pls.' Att'y Fees by Law Firm and Timekeeper; Ex. 8, Summary of Pls.' Fees Billed by Non-Oregon Att'ys Without Pro Hac Vice Admission.)

## II.    DWT's total hours and rates billed are unreasonable when considering DWT's pro bono status in this case.

33.    In the parties' September 23, 2019 joint letter to the Court, plaintiffs noted that they are "children in the foster care system represented on a pro bono basis."  A true and accurate copy of this letter is attached as Exhibit 19.

34.    Around the same time, plaintiffs responded to defendants' first request for production noting, "Plaintiffs have significantly fewer resources than Defendants, as the Plaintiffs are children in the foster care system represented on a pro bono basis, while Defendants are state executives and a large state agency represented by at least five Markowitz Herbold attorneys . . ."  A true and accurate expert of this document is attached as Exhibit 20.

35.     DWT has repeatedly represented to the community that it "donated" its hours to this case; not that it would seek a contingent fee in excess of one million dollars.  For example, DWT's 2019 Pro Bono & Social Impact Report describes DWT's role in filing the lawsuit with DRO and ABC.  A true and accurate excerpt of this report is attached as Exhibit 21.

36.     In the October 2020 issue of the Oregon State Bar Bulletin, DWT included this case as one of the firm's pro bono "opportunities" and stated that DWT's attorneys "care deeply about giving back to their communities and donating their time and talent to causes and constituencies that otherwise wouldn't be seen or heard."  A true and accurate copy of this letter is attached as Exhibit 22.

37.     In addition, on May 31, 2024, DWT posted on its LinkedIn page discussing the settlement and announcing that it "donated more than 2,500 hours to the case."  A true and accurate copy of this letter is attached as Exhibit 23.

38.     Finally, DWT paralegals charge rates up to $425/hour.  Defendants observe this rate to be the average of the 2022 OSB Survey Rate for attorneys with 7-9 years of practice and 10-12 years of experience.  Plaintiffs did not exercise good billing judgment when submitting those paralegal rates in a civil rights case without applying any reductions.

**DISABILITY RIGHTS OREGON**

39.     Deputy Legal Director and attorney Thomas Stenson explained in his declaration that his practice is "not to 'block bill' . . . [but] to place multiple tasks under a single heading when they relate to the same topic, pleading, or event."  He provides the example of "prep for, appear at hearing, follow up emails."  (Stenson Decl. at 6.)  Due to the collection of multiple activities in one line without further delimitation of time, defendants cannot determine if a reasonable amount of time was spent on each activity.

40.    In addition, many of DRO's billing entries are vague.  For example, DRO has billing entries for "ESI review," "review and code discovery," "attend conference," and "prep witnesses."  (*See* Ex. 1.)  Because many of these entries do not contain the subject matter, it is difficult to determine whether the activity and time spent on those activities was reasonable.

## OBSERVATIONS FOR ALL LAW FIRMS

I.    **Defendants observed multiple instances of duplicative and/or excessive billing across law firms and timekeepers.**

A.    **Team meetings and communications.**

41.    Plaintiffs counsel billed approximately 3,200 hours (nearly $1,764,000 in fees) for activities related to team conferences, emails, telephone calls, and meetings with other plaintiffs' counsel.  Nearly all of these entries are also vague: it is unclear who was involved and what the subject matter was.  For example, many entries read "attend co-counsel meeting," "case team strategy call," "weekly co-counsel call," and "prepare for participate in call with co-counsel."

42.    In addition, some of these billing entries are block-billed so it difficult to tell how long the internal meeting took and how long the other activities lasted.  For example, Mr. Stenson bills to "prepare for, attend, conduct deposition. summarize outcome and email to cocounsel."  (Cooper Decl. Ex. F. at 16.)

43.    Due to inconsistent billing descriptions and hours billed, defendants were unable to determine on average how many people attended these meetings.  Plaintiffs should discount to reflect the duplication of timekeepers in attendance at these internal meetings.

44.    Defendants observed an additional nearly 70 hours (approximately $36,000 in fees) billed for communications with unknown participants.  Some examples include "send emails re settlement," "review counsel emails," and "call re discovery."  Due to the vague nature of these entries, defendants can determine neither reasonableness nor possible duplication.

45.    Finally, defendants noted additional billing entries totaling more than 230 hours (over $123,00.00 in fees) for billing entries related to strategy. These entries were similarly vague and block-billed, such as "review and analyze status and strategy," "strategize regarding upcoming depositions," and "strategize regarding settlement issues and next steps." It is unclear if these entries are also internal communications or they describe different activities. In either case, plaintiffs should have reduced these hours and fees in their motion.

**B.    Court appearances.**

46.    Defendants reviewed court transcripts with plaintiffs' entries to quantify the number of timekeepers who billed to attend these hearings and conferences. Plaintiffs billed for up to seven attorneys and/or paralegals to attend status conferences, motion hearings, and pretrial conference. (Ex. 9, Pls.' Counsel Attendance at Court Hearings.) For example, plaintiffs billed for five attorneys and two paralegals to attend the status conference held September 25, 2023. Plaintiffs should have discounted their fees to reflect the duplication of timekeepers in attendance at court hearings.

**C.    Depositions.**

47.    Defendants reviewed depositions transcripts with plaintiffs' entries to quantify the number of timekeepers who billed to attend depositions. Plaintiffs billed for up to nine attorneys and/or paralegals to attend witness and expert depositions. (Ex. 10, Pls.' Counsel Attendance at Selected Depos.) For example, nine of plaintiffs' attorneys attended and billed for Judge Nan Waller's January 6, 2021 deposition, and eight plaintiffs' attorneys attended and billed for Marilyn Jones's January 14, 2021 deposition. (*Id.* at 1.) Four attorneys and a paralegal billed to attend the deposition of Kim Keller in September 2023. (*Id.* at 2.)

48.     In addition, more than 30 timekeepers billed to analyze and organize materials, prepare for, and review deposition transcripts.  In total, plaintiffs billed more than 4,000.00 hours (over $1,975,000.00 in fees) in activities preparing for, attending, and completing depositions. (*See generally* Ex. 1.)  Plaintiffs should have discounted their fees to reflect the duplication of timekeepers in attendance at depositions.

### D.     Document review and findings of fact.

49.     More than 40 of plaintiffs' attorneys and paralegals billed nearly 4,400 hours (over $1,836,000.00 in fees) for activities related to document review and preparing a "Findings of Fact" document.  The majority of these entries are vague and it is unclear what is being reviewed and for what purpose.  As noted above, three of the highest-billed tasks by plaintiffs counsel were:

- "Document review for findings of fact" (441.79 hours, $188,123.87 in fees).

- "Document review and FOF" (199.00 hours, $118,500.00 in fees).

- "Document review - Oregon." (115.00 hours, $64,300.00 in fees).

50.     Plaintiffs should reduce the hours and fees billed to these tasks to remove redundancy and inefficiency.

### E.     Mediating and filing motion for attorney fees.

51.     Plaintiffs submitted billing entries totaling 169.10 hours—$124,220.43 in fees—for attempting to mediate plaintiffs' fees and costs with defendants in June 2024 and then for filing their motion for fees and costs on July 3, 2024.  While "fees-on-fees" are recoverable in this Court, plaintiffs should have reduced this total for excessive billing.

52.     First, plaintiffs billed over 60 hours (nearly $46,000) to prepare for and attend fees mediation with Judge Beckerman on June 14, 2024.  After mediation was unsuccessful, plaintiffs

billed an additional 106.70 hours ($78,408.60) after mediation before filing their motion on July 3, 2024.

53.    Plaintiffs' time entries reflect significant research about billing entry standards, recoverability, and defense counsel's previous attorney fee petitions—but only one entry indicates that plaintiffs' counsel reviewed any of their billing for potential inclusion or reduction. (On June 19, 2024, Mr. Stenson billed 1.8 hours to "review of hours for filing, removal of atty client materials.")

54.    On the other hand, Mr. Rizzo billed a 32-hour billing entry totaling $25,542.10 with only the description, "ESTIMATE Prepare/finalize RBE Decls + related documents re fee petition."  Due to the vague, block-billed, estimated nature of this entry, defendants cannot analyze reasonableness of time and activities conducted.

55.    For these reasons, as well as the quality issues previously discussed (*supra,* § Defs.' Methodology), plaintiffs should reduce these hours and fees billed to requesting attorneys' fees and costs.

## PLAINTIFFS' REQUESTED COSTS

56.    Defendants analyzed plaintiffs' costs filed in support of their motion for attorney fees and costs.  Exhibit 13 to this declaration is a compilation of all plaintiffs' billing entries with defendants' coding and categorization.  Defendants submit their analysis of plaintiffs costs in Exhibit 14.

57.    The following chart summarizes plaintiffs' costs submitted for reimbursement by law firm:

| Law Firm | Dates | Costs Requested | Discount | Total Costs Requested |
|---|---|---|---|---|
| Davis Wright Tremaine | 2018-2024 | $429,112.45 | $0.00 | $429,112.45 |
| A Better Childhood | 2019-2024 | $150,641.74 | -$4,460.15 | $138,013.91 |
| Disability Rights Oregon | 2019-2024 | $20,730.52 | $0.00 | $20,730.52 |
| Rizzo Bosworth Eraut PC | 2023-2024 | $4,447.26 | $0.00 | $4,447.26 |
| | Total | $604,931.97 | -$4,460.15 | $592,304.14 |

58.     Defendants noted that ABC's costs added up to more than the total in Ms. Lowry's

declaration (Dkt. 518, total fees noted to be $138,013.90).  As a result, defendants' total fees are

noted to be lower than the amount listed in the motion for fees and costs.

**A.     Plaintiffs seek reimbursement of expert fees that are non-recoverable.**

59.     Plaintiffs submitted $297,551.00 in expert costs.  However, only $41,539.70 of

these costs are for Dr. Anne Farina, whose opinion related to plaintiffs' claims under the

American Disabilities Act (ADA).  The other $256,011.30 of these expert witnesses costs are not

recoverable.

**B.     Plaintiffs seek reimbursement of travel-related costs.**

60.     Plaintiffs request reimbursement of their travel costs, totaling $70,934.04.  While

plaintiffs discount some of the airfare for trips that also included other litigation, they did not

exercise billing judgment or discretion reducing these entries more fully.

61.     Plaintiffs also did not reduce any of their hotel or meal costs.  The State requires

that its employees and counsel bill within standard per diem rates when traveling within or

outside the state of Oregon.[1]  However, plaintiffs did not exercise such judgment or reduce their

costs as a courtesy to the Court.

---

[1] See current per diem rates for Oregon travel at
https://www.oregon.gov/wcb/Documents/interpreter/travelrates24a.pdf.

62.    For example, Ms. Lowry and Ms. Benedetto exclusively stayed at five-star luxury hotels in downtown Portland between 2022 and 2024.  The hotel bills often included the meals charged to the room, but ABC also charged these costs as individual meals, duplicating the cost for the same meal.  These costs are not reduced in plaintiffs' motion.

63.    In addition, Ms. Lowry also took black car services, each trip ranging from $200-$300 each time, every time she visited Portland.  On at least one occasion, on May 17, 2023, Ms. Lowry billed for a black car service in Portland despite no billing entries providing context for this trip.  Ms. Lowry and Ms. Post also charged in this case multi-stop flights that include Portland.  For example, on July 8, 2019, Ms. Post charged $1,149.70 for multiple flights including travel to West Virginia where ABC filed a similar suit not too long after.  On July 12, 2019, Ms. Lowry flew to Los Angeles and San Diego as part of a trip to Portland and charged for the entire trip without any explanation.

**C.    Plaintiffs seek reimbursement of lodging for trial.**

64.    Plaintiffs seek $18,510.69 for canceled lodging for trial, attaching receipts from a VRBO rental.  These costs are non-recoverable under 28 U.S.C. § 1920.

65.    In total, defendants recommend that the Court apply a reduction of $345,456.03, leaving $246,848.11 in costs to be reimbursed to plaintiffs.  (See Ex. 14.)

| Category | Costs Requested | Defendants' Proposed Reductions | Authority Supporting Cost Request | Defendants' Proposed Total Costs |
|---|---|---|---|---|
| Travel | $70,934.04 | -$70,934.04 | n/a | $0.00 |
| Trial lodging | $18,510.69 | -$18,510.69 | n/a | $0.00 |
| Experts | $297,551.00 | -$256,011.30 | Partial - Americans with Disabilities Act (ADA) | $41,539.70 |
| Other costs | $205,308.41 | $0.00 | 28 U.S.C. § 1920 | $205,308.41 |
| **Total** | **$592,304.14** | **-$345,456.03** | | **$246,848.11** |

**II.    Exhibits.**

66.    Attached to this declaration are true and correct copies of the following analyses and documents.

| Exhibit No. | Description |
|---|---|
| 1 | Compilation of Plaintiffs' Attorneys' Fees Billing Entries with Defendants' Analysis |
| 2 | Summary of Plaintiffs' Attorneys' Fees by Law Firm |
| 3 | Summary of Plaintiffs' Attorneys' Fees by Law Firm and Timekeeper |
| 4 | Summary of Plaintiffs' Attorneys' Fees by Date Billed (before and after January 1, 2022) |
| 5 | Option 1 Calculation of Fees with 75th Percentile Rate from 2022 OSB Survey |
| 6 | Option 2 Calculation of Fees with 75th Percentile Rate from 2022 OSB Survey |
| 7 | Summary & Comparison of Option 1 and 2 Calculation of Fees with 75th Percentile Rate from 2022 OSB Survey |
| 8 | Summary of Plaintiffs' Fees Billed by Non-Oregon Attorneys Without Pro Hac Vice Admission |
| 9 | Chart of Plaintiffs' Counsel Attendance at Selected Court Hearings |
| 10 | Chart of Plaintiffs' Counsel Attendance at Selected Depositions |
| 11 | Summary of Timekeepers Billing < 100 Hours |
| 12 | Analysis of High-Billing Days (timekeepers billing > 8 hours, > 10 hours per day) |
| 13 | UNDER SEAL Compilation of Plaintiffs' Cost Entries with Defendants' Analysis |
| 14 | Summary of Plaintiffs' Costs by Category and Reduction |
| 15 | 2022 Oregon State Bar 2022 Economic Survey ("2022 OSB Survey") |
| 16 | *Olivia Y. v. Reeves*, No. 3:04cv-251-HSO-FKB, Memorandum Opinion and Order (S.D. Miss. Mar. 20, 2023) (Dkt. 945). |
| 17 | *Jonathan R. v. Justice*, No. 3:19-cv-00710, Application for Attorney Fees' and Expenses, with Exhibit A-1 (S.D. W. Va. Apr. 16, 2024) (Dkts. 493, 493-2) |
| 18 | *Jonathan R. v. Justice*, No. 3:19-cv-00710, Stipulation Regarding Attorney Fees (S.D. W.Va. May 7, 2024) (Dkt. 496) |
| 19 | Joint Letter to the Court Regarding Privilege Issues (Sept. 23, 2019) |
| 20 | Excerpt of Plaintiffs' Response to Defendants' First Request for Production of Documents (Sept. 30, 2019) |
| 21 | Excerpt of Davis Wright Tremaine 2019 Pro Bono Report , available at https://www.dwt.com/-/media/files/publications/2020/03/2019_dwt_pro_bono_report.pdf. |

| Exhibit No. | Description |
|---|---|
| 22 | Excerpt of 2020 Oregon State Bar Bulletin Regarding Davis Wright Tremaine Pro Bono Work, available at https://www.osbar.org/bulletin/issues/2020/2020October/offline/download.pdf. |
| 23 | Davis Wright Tremaine LinkedIn Post (May 31, 2024), retrieved from https://www.linkedin.com/company/davis-wright-tremaine-llp/posts/ on June 5, 2014 |
| 24 | *Levi v. Chapman*, No. 6:22-cv-01813-MK (D. Or.), docket as of July 20, 2024. |

I hereby declare that the above statement is true to the best of my knowledge and belief,

and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

DATED: July 24, 2024.

*s/Laura Salerno Owens*
Laura Salerno Owens, OSB #076230

2164484.3

**Page 21 -    DECLARATION OF LAURA SALERNO OWENS IN SUPPORT OF DEFENDANTS' OBJECTIONS TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**