**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Lauren F. Blaesing, OSB #113305**
LaurenBlaesing@MarkowitzHerbold.com
**Vivek A. Kothari, OSB #182089**
VivekKothari@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WYATT B. and NOAH F. by their next friend Michelle McAllister; KYLIE R. and ALEC R. by their next friend Kathleen Megill Strek; UNIQUE L. by her next friend Annette Smith; SIMON S.; RUTH T.; BERNARD C.; NAOMI B.; and NORMAN N., individually and on behalf of all others similarly situated,<br><br>                                         Plaintiffs,<br><br>       v.<br><br>TINA KOTEK, Governor of Oregon in her official capacity; FARIBORZ PAKSERESHT, Director, Oregon Department of Human Services in his official capacity; APRILLE FLINT-GERNER, Director, Child Welfare in her official capacity; and OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>                                         Defendants. | Case No. 6:19-cv-00556-AA<br><br>**DECLARATION OF LAUREN F. BLAESING** |

Page 1 –     DECLARATION OF LAUREN F. BLAESING

I, Lauren F. Blaesing, declare as follows:

1.  I am a shareholder with Markowitz Herbold PC ("Markowitz Herbold"), attorneys of record for defendants. I am serving as a Special Assistant Attorney General for defendants in the above-referenced matter. I have personal knowledge of the facts set forth herein. I make this declaration in response to the Court's November 7, 2024, Minute Order (Dkt. 555).

2.  I reviewed my firm's billing records and costs related to this matter.

3.  Attached as Exhibit 1 is a true and correct summary of the total attorney fees billed by defendants' counsel, Markowitz Herbold, through July 3, 2024, the number of hours attributed to each billing professional (including but not limited to attorneys), and the billing rate for each professional (including but not limited to attorneys). The total attorney fees billed by Markowitz Herbold through July 3, 2024, in this matter is $18,098,921.50. Taking into account later-applied discounts (applied to bills after they were invoiced) of $4,634.60, the total Markowitz Herbold attorney fees incurred by defendants through July 3, 2024, in this matter is $18,094,286.90. These amounts do not include attorney fees incurred by the Oregon Department of Justice ("ODOJ"). The total attorney fees incurred by ODOJ in this matter through July 3, 2024, is $325,504.57. My office does not have full data on ODOJ's historical hours and rates[1] by billing professional but can obtain and furnish that information if the Court requires it.

4.  Exhibit 1 reflects the rates charged by Markowitz Herbold in this matter but those rates do not reflect Markowitz Herbold's standard rates for commercial litigation. While plaintiffs seek rates at the top of the commercial litigation scale for this case (plaintiffs' counsel's rates are just below the OSB Survey's 95th percentile adjusted for inflation),

---

[1] ODOJ's legislatively-approved rates for legal services for 2023-2025 are published here: https://www.doj.state.or.us/oregon-department-of-justice/client-resources/billing/.

Page 2 –    DECLARATION OF LAUREN F. BLAESING

Markowitz Herbold charged lower rates. (*See* Defs.' Objs. to Pls.' Mot. for Att'y Fees and Costs (Dkt. 531) at 8-9.) For instance, David B. Markowitz billed defendants $495 an hour for the work he performed in 2019, while Marcia Lowry asks that defendants be made to pay $800 per hour for her work in the same year.

5.     Exhibit 1 only includes billable time charged by Markowitz Herbold. It does not include time worked that was not charged, *i.e.* "No Charge." For example, Markowitz Herbold attorneys and paralegals recorded billable time but, in exercising reasonable billing judgment, Markowitz Herbold did not charge defendants for multiple attendees at status conferences, court hearings, meetings, and depositions. In total, Markowitz Herbold billed 2,171.70 hours as "No Charge" ($0.00), for a total value of $819,828.50. That "No Charge" time is excluded from Exhibit 1.

6.     Some Markowitz Herbold attorneys' positions changed during the life of this matter and their rates changed accordingly. For example, R. Kyle Busse and Anit Jindal became partners on January 1, 2022, Vivek Kothari became a partner on January 1, 2023, and Adele Ridenour became a partner on January 1, 2024. Their rates in Exhibit 1 reflect these changes.

7.     Consistent with the exercise of reasonable billing judgment, Markowitz Herbold staffed this case by performing work at the lowest billing rates when possible. For example, only 33% of all hours billed over the life of the case were by partners. In contrast, plaintiffs' counsel performed significantly more work at higher partner billing rates (*e.g.*, 71% of all Davis Wright Tremaine claimed hours were billed at partner rates; 56% of all Rizzo Bosworth Eraut claimed hours were billed at partner rates). (*See* Decl. of Laura Salerno Owens in Supp. of Defs.' Objs. to Pls.' Mot. for Att'y Fees and Costs (Dkt. 532) ¶¶ 21 & 28.)

8.  Exhibit 2 reflects costs incurred by defendants through July 3, 2024, in this litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed November 12, 2024, at Portland, Oregon.

*s/ Lauren F. Blaesing*
Lauren F. Blaesing, OSB # 113305

2225088.4

**Page 4 –**    DECLARATION OF LAUREN F. BLAESING